IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN GENERAL LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendants. )<br>AMERICAN GENERAL LIFE INSURANCE )<br>COMPANY, )<br>)<br>Third-Party Plaintiff, )<br>v. )<br>)<br>)<br>FIRST MID ILLINOIS BANK & TRUST, )<br>TUSCOLA FURNITURE GROUP, LLC, )<br>and JANKO FINANCIAL GROUP, LLC, )<br>)<br>Third-Party Defendants. ) | No. 05 CV 02160<br><br>Honorable Chief Judge<br>Michael P. McCuskey |

**THIRD PARTY COMPLAINT**

NOW COMES the Defendant/Third-Party Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General"), by its undersigned attorneys, and for its Third Party Complaint against FIRST MID-ILLINOIS BANK & TRUST ("First Mid"), TUSCOLA FURNITURE GROUP, LLC ("TFG"), and JANKO FINANCIAL GROUP, LLC ("Janko" or "JFG"), states as follows:

**PARTIES**

1.     Defendant/Third Party Plaintiff American General is a Texas insurance corporation which maintains its principal place of business in Houston, Texas, and at all times herein relevant was licensed to and which did transact business in the State of Illinois.

302341.1

2. Third Party Defendant, First Mid, is a private subsidiary of First Mid-Illinois Bancshares, Inc., a Delaware corporation, and is a nationally chartered commercial bank which maintains its principal place of business in Mattoon, Illinois, and at all times herein relevant was licensed to and which did transact business in the State of Illinois.

3. Third Party Defendant, TFG, at all times herein relevant was a limited liability company, formed under the laws of Illinois, with its principal place of business in Peru, Illinois, and was licensed to and which did transact business in the State of Illinois.

4. Third Party Defendant, JFG, is a limited liability company, formed under the laws of Illinois, with its principal place of business in Peru, Illinois, and at all times herein relevant was licensed to and which did transact business in the State of Illinois.

## FACTUAL BACKGROUND

5. On October 27, 1998, The Old Line Life Insurance Company of America, a subsidiary of American General, issued Policy No. 2604663 ("the Policy") to James Stilwell with a face amount of $4,000,000. A true and correct copy of the Policy is attached at Ex. 1

6. James E. Stilwell was President of Amishland Country Village, Inc.

7. Margaret Stilwell was the owner and a named beneficiary of the Policy.

8. The Policy allowed the policyholder to make third party assignments of the Policy pursuant to the following provision:

**ASSIGNMENT**

> No assignment of this policy will be binding on us until filed with us in writing and recorded by us. No assignment will affect any payment we made before we recorded the assignment. We will not be responsible for the validity of an assignment.
>
> All rights of the owner and any revocable beneficiary are subject to the rights of any assignee on record with us.

2

302341.1

Ex. 1 at 7.

9. On April 19, 1999, Margaret Stillwell executed an assignment under the Policy in the amount of $500,000 to JFG. A true and correct copy of the assignment is attached at Ex. 2.

10. American General received the $500,000 assignment to JFG on or about May 14, 2000, and it forwarded correspondence to JFG which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records.

11. On September 25, 2000, Margaret Stillwell executed another assignment under the Policy in the amount of $1,500,000 to JFG. A true and correct copy of the assignment is attached at Ex. 3.

12. American General received and the $1,500,000 assignment to JFG on or about October 2, 2000, and it forwarded correspondence to JFG which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records.

13. On November 28, 2000, Lawrence Bianchi, executed a form assignment document on behalf of JFG, evidencing a release of the above assignments "*in favor of Tuscola Furniture Group, LLC*" ("TFG"). A true and correct copy of the assignment release is attached at Ex. 4.

14. American General received and recorded the release of assignments by JFG on December 1, 2000, and it forwarded correspondence to JFG which confirmed the receipt, endorsement, and recording of the release of assignment as part of the policy records.

15. On November 28, 2000, Margaret Stilwell executed a form assignment document to TFG in the amount of $250,000.00. A true and correct copy of the assignment is attached at Ex. 5.

16. American General received the assignment to TFG in the amount of $250,000 on or about December 1, 2000, and it forwarded correspondence to TFG which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records.

17. On January 11, 2001, Margaret Stilwell executed a form assignment document to First Mid in the amount of $1,000,000. A true and correct copy of this assignment is attached at Ex. 6.

18. American General received the assignment to First Mid in the amount of $1,000,000 on or about January 29, 2001, and it forwarded correspondence to JFG which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records.

19. The insured, James E. Stilwell, died on May 2, 2003.

20. Thereafter, American General provided claimant statement forms to those entities with assignments on file and recorded under the Policy, including TFG and First Mid.

21. On May 12, 2003, First Mid submitted to American General a completed claim form on behalf of First Mid, TFG, and JFG, together with the assignment form executed by Margaret Stilwell in favor of First Mid for $1,000,000 on January 11, 2001, and a cover letter which advised American General, in pertinent part that:

> … Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank and Trust ("Bank"), are jointly making application on the collateral assignments they received to secure an obligation under a certain consignment agreement dated November 17, 2000 between TFG and Amish Land Country Village, Inc. As itemized on the attached Exhibit A, the total amount owed by Amish Land Country Village, Inc. and guaranteed by James and Margaret Stilwell is $512,974.50. This amount includes the amounts that TFG owes the Bank. Please issue your draft made payable to Tuscola Furniture Group, LLC and First Mid-Illinois Bank and Trust, and have it delivered to First-Mid Illinois and Trust – 229 South Neil – Champaign Illinois 61820 – attention: Thomas J.

> Chamberlain. The signature of the bank officer below acknowledges and confirms this direction.
>
> Upon receipt of this amount TFG and the Bank will relinquish all assignments against the proceeds on the life insurance policy no. 2604663. Specifically, these are the assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000.
>
> Finally we have enclosed and completed claimants statement on the form you provided for both TFG and Janko Financial Group, LLC.

The letter was signed by Thomas J. Chamberlain for the Bank and Lawrence W. Bianchi on behalf of both TFG and JFG. A true and complete copy of the Bank's May 12, 2003 correspondence and attachments are attached at Ex. 7.

      22.    On that same day, May 12, 2003, Lawrence W. Bianchi, acting as authorized representative of both TFG and JFG, forwarded a separate correspondence to American General along with a completed claim form on behalf of TFG and JFG which confirmed that TFG and First Mid were jointly making an application on the collateral assignments they received to secure an obligation under a certain consignment agreement dated November 17, 2000 between TFG and Amish Land Country Village, Inc.

      23.    Specifically, Mr. Bianchi represented that the total debt owed was $512,974.50, which amount included amounts that TFG owed to First Mid and that the collateral assignments at issue included assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000 and January 11, 2001 for $1,000,000. Attached to this correspondence was documentation evidencing the debt due from the Stillwells to TFG in the amount of $512,974.50.

302341.1

24. The May 12, 2003 TFG/JFG correspondence was also executed by Thomas Chamberlain on behalf of First Mid for the express purpose of acknowledging and confirming the directive expressed by TFG and JFG.

25. A true and correct copy of the May 12, 2003 correspondence and attachments sent to American General by TFG and JFG in support of the claim is attached at Ex. 8.

26. Thereafter, on May 28, 2003, Lawrence W. Bianchi, acting as authorized representative of TFG and JFG, forwarded an amendment to his May 12, 2003 correspondence, which advised American General that his prior letter inadvertently failed to reference another outstanding assignment under the Policy to TFG dated November 21, 2000 in the amount of $250,000. A true and correct copy of this May 28, 2003 correspondence is attached at Ex. 9.

27. On June 10, 2003, American General sent separate correspondence to TFG, JFG, and First Mid, requesting verification of the assignments referenced and confirmation of the debt owed under the assignments.

28. On June 11, 2003, American General received correspondence from Mr. Bianchi on behalf of both TFG and JFG, which enclosed prior correspondence to American General from TFG and First Mid, and stated, in relevant part:

> On 16 April 1999, Janko Financial Group (JFG), LLC entered into a consignment agreement for the retailing of Amish Furniture with Amish Land Country Village, Inc. and guaranteed personally by James and Margaret Stilwell. Section 3.9 of this original consignment agreement required that JFG and their lender, First Mid-Illinois Bank and Trust (FMIB), receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $2,000,000.
>
> On 19 April 1999, JFG received an assignment of life insurance in the amount of $500,000 from Margaret Stilwell, owner of Policy No. 2604663 with James Stilwell as the insured. However, it was not until 25 September 2000, that JFG received a second

assignment of life insurance for the same policy in the amount of $1,500,000 from Margaret Stilwell.

On 16 November 2000, JFG signed an assignment and assumption agreement with the newly formed LLC, Tuscola Furniture Group (TFG), LLC. This new entity is owned 70% by JFG with JFG acting as managing member. This agreement was specifically included and lists any rights to insurance assignments relating to the original consignment agreement.

On 17 November 2000, TFG entered into a new consignment agreement with Amish Land Country Village, Inc. and guaranteed personally by James and Margaret Stilwell. This new agreement modified and replaced the previous agreement. Once again, Section 3.9 of the new consignment agreement required that TFG and their lender FMIB receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $1,250,000.

On 20 November 2000, in support of the assignment and assumption agreement between JFG and TFG, JFG signed a release of assignment on Policy No. 2604663 'in favor of Tuscola Furniture Group, LLC.' This release was a transfer of all rights of insurance assignment for JFG to TFG.

On 21 November 2000, TFG received an assignment of life insurance in the amount of $250,000 from Margaret Stilwell, owner of Policy No. 2604663 with James Stilwell as the insured. Then, on 11 January 2001, FMIB received an assignment of life insurance for the same policy in the amount of $1,000,000 from Margaret Stilwell.

The preceding chronology of events resulted in the following assignments from Margaret Stilwell on Policy No. 2604663:

Tuscola Furniture Group, LLC - $2,000,000 (assignment transfer to Tuscola Furniture Group, LLC via agreement dated 16 November 2000 and release dated 20 November 2000);

Tuscola Furniture Group, LLC - $250,000 (21 November 2000);

First Mid-Illinois Bank and Trust - $1,000,000 (11 January 2001).

Therefore the life insurance assignments received from Margaret Stilwell on Policy No. 2604663 in satisfaction of the requirements of the consignment agreements (dated 16 April 1999 and 17 November 2000) totaled $3,250,000.

7

302341.1

> These events lead us to the claim being made jointly by TFG and FMIB to American General Life as documented in the information submitted by TFG, TFG and FMIB, a joint claim is being made for $512,974.50 in conjunction with the obligations of Amish Land County Village, Inc. and James and Margaret Stilwell per the consignment agreement date [sic] 17 November 2000. The payment of this claim in the amount of $512,974.50 would release all assignments to JFG, TFG and FMIB, which total $3,250,000. Mr. Sawicki, as we discussed I believe that a review of the enclosed letters dated 12 May 2003 and 28 May 2003, provide American General Life with releases for all assignments totaling $3,250,000 upon receipt of the claim amount of $512,974.50.'"

A true and correct copy of this June 11, 2003 correspondence is attached at Ex. 10.

29. Thereafter on June 25, 2003, TFG and JFG forwarded to American General a formal authorization for Lawrence Bianchi to act as signatory for JFG and TFG for the purpose of releasing all assignments pertaining to the Policy under the joint claim no. 03D00890LL. Attached at Ex. 11 is a true and correct copy of this authorization.

30. In addition to the forgoing correspondence and enclosures, to support their joint claim, TFG, JFG and First Mid submitted to American General documentation including but not limited to, an assignment and assumption agreement dated 16 November 2000 between JFG and TFG, a consignment agreement dated November 17, 2000 between TFG and Amish Land Country Village, Inc., and an addendum to JFG's operating agreement dated January 1, 2002.

31. To support their claim, JFG and TFG verified that, via the agreement dated 16 November 2000 between JFG and TFG and the release of assignment dated November 20, 2000, executed by JFG, JFG transferred its assignments, amounting to $2,000,000.00 cumulatively, to TFG.

32. To support their claim, JFG and TFG represented to American General that the outstanding life insurance assignments received from Plaintiff on the Policy in satisfaction of the

8

302341.1

requirements of the parties' consignment agreements (dated 16 April 1999 and 17 November 2000) totaled $3,250,000.

33. On June 26, 2003, in reliance upon these and the other representations made by TFG, JFG and First Mid in support of their joint claim, and in reliance upon the documentation that theses entities submitted to support their claim under the Policy, American General issued a check made payable to Tuscola Furniture Group and First Mid Illinois Bank & Trust in the amount of $512,974.50 in full satisfaction of the outstanding assignments.

34. On June 23, 2005, the Plaintiff, MARGARET STILWELL ("Plaintiff"), filed a Complaint at Law against American General arising out of American General's payment of the joint claim submitted by First Mid and TFG. A copy of Plaintiff's Complaint is attached as Ex. 12.

35. In sum, Plaintiff alleges that JFG released its prior assignments dated April 16, 1999 and September 25, 2000 on or about November 28, 2000 and, although TFG was owed in excess of $250,000.00 as of the date of JAMES E. STILWELL'S death, it held only one assignment dated November 21, 2000 in the amount of $250,000.00. Furthermore, Plaintiff claims that First Mid was only owed $81,000.00 as of the date of JAMES E. STILWELL'S death, and, thus it was owed this amount and nothing more under its January 11, 2001 assignment in the amount of $1,000,000.00. Plaintiff further alleges that because JAMES E. STILWELL never made a joint assignment to TFG and First Mid, TFG and First Mid had no right to pool their assignments or file a joint claim for benefits. *See*, Ex. 12 at ¶¶8, 13-18.

36. American General has filed its Answer and Affirmative Defenses to Plaintiff's Complaint denying all allegations of liability. A copy of American General's responsive pleading is attached as Ex. 13.

## COUNT I
## CONSTRUCTIVE TRUST OR EQUITABLE LIEN (FRAUD)

1-36.    Defendant/Third-Party Plaintiff adopts paragraphs 1 through 36 of this Third Party Complaint as if fully set forth herein.

37.    In their respective proof of claims, TFG, JFG and First Mid represented to American General that (1) JFG released its assignments amounting to $2,000,000 in favor of TFG and, thus, transferred those rights under the Assignment to TFG pursuant to the agreement dated November 16, 2000, between JFG and TFG and the release of assignment dated November 20, 2000 submitted to American General; and (2) the outstanding life insurance assignments they received from Plaintiff on the Policy in satisfaction of the requirements of the parties' consignment agreements dated April 16, 1999 and November 17, 2000 totaled at least $3,000,000.00.

38.    TFG, JFG and First Mid made these and other representations in support of their claim knowing that they were false or, in the alternative, with reckless disregard for the truth or falsity of these statements, for the wrongful purpose of inducing American General to approve and pay their joint claim in the amount of $512,974.50.

39.    American General paid TFG's and First Mid's joint claim in reliance on the assurances and representations that were made with respect to the validity of their respective assignments, their relationship with each other and Plaintiff, and the propriety of the joint claim, including but not limited to the assurances that JFG's assignments totaling $2,000,000.00 were released in favor of and transferred to TFG, rather than released in favor of Plaintiff.

40.    If American General's payment of the joint claim was improper, which American General expressly denies, TFG, JFG, and First Mid came into the possession of the $512,974.50,

a sum to which they were not entitled, as a consequence of their own unauthorized and wrongful conduct.

41.  If American General is found to be liable to Plaintiff in any amount whatsoever, which liability is expressly denied, TFG, JFG, and First Mid have been unjustly enriched by the payment of their joint claim for $512,974.50 and, in equity and good conscience should not be allowed to retain this sum.

42.  By virtue of the foregoing, if American General is found liable to the Plaintiff in any amount whatsoever based on the Plaintiff's Complaint, which liability is expressly denied, then American General should be entitled to the imposition of a constructive trust over the funds wrongfully obtained by TFG, JFG and First Mid.

WHEREFORE, American General, Defendant/Third Party Plaintiff, requests that if a judgment is entered against it and in favor of Plaintiff, that a judgment also be entered in its favor and against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, and a constructive trust or equitable lien be entered in favor of American General over the funds which have come into the possession of against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC by virtue of the unauthorized conduct described above, including an award for prejudgment interest, costs and fees and other relief as this Court deems just and appropriate.

## COUNT II
## CONSTRUCTIVE TRUST OR EQUITABLE LIEN BASED (MISTAKE)

1-36.  Pleading in the alternative to Count I, Defendant/Third-Party Plaintiff adopts paragraphs 1 through 36 of this Third Party Complaint as if fully set forth herein.

11

302341.1

37. In their respective proof of claims, TFG, JFG and First Mid represented to American General that (1) JFG released its assignments amounting to $2,000,000 in favor of TFG and, thus, transferred its rights under the Assignment to TFG pursuant to the agreement dated November 16, 2000, between JFG and TFG and the release of assignment dated November 20, 2000 submitted the American General; (2) the outstanding life insurance assignments they received from Plaintiff on the Policy in satisfaction of the requirements of the parties' consignment agreements dated April 16, 1999 and November 17, 2000 totaled at least $3,000,000.00.

38. TFG, JFG and First Mid made these and other representations in support of their claim based on the mistaken belief that JFG's release of assignments "in favor of TFG" on November 28, 2000 was a valid transfer of rights under the assignments totaling $2,000,000 to TFG, rather than a blanket release of those rights in favor of Plaintiff.

39. American General paid TFG's and First Mid's joint claim in reliance on the assurances and representations that were made with respect to the validity of their respective assignments, their relationship with each other and Plaintiff, and the propriety of the joint claim, including but not limited to the assurances that JFG's assignments totaling $2,000,000.00 were released in favor of and transferred to TFG, rather than released in favor of the Plaintiff.

40. If American General's payment of the joint claim was improper, which American General expressly denies, TFG, JFG, and First Mid came into the possession of the $512,974.50, a sum to which they were not entitled, based on their mistaken belief and representations concerning the validity of the assignments and relationship between the parties, including the mistaken fact that the total amount of TFG's assignments was $2,250,000, and included those assignments that were released by JFG on November 28, 2000.

302341.1

41. If American General is found to be liable to Plaintiff in any amount whatsoever, which liability is expressly denied, TFG, JFG, and First Mid have been unjustly enriched by the payment of their joint claim for $512,974.50 and, in equity and good conscience should not be allowed to retain this sum.

42. By virtue of the foregoing, if American General is found liable to the Plaintiff in any amount whatsoever based on the Plaintiff's Complaint, which liability is expressly denied, then American General should be entitled to the imposition of a constructive trust over the funds mistakenly paid to TFG, JFG and First Mid.

WHEREFORE, American General, Defendant/Third Party Plaintiff, requests that if a judgment is entered against it and in favor of Plaintiff, that a judgment also be entered in its favor and against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, and a constructive trust or equitable lien be entered in favor of American General over the funds which have come into the possession of against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC by virtue of the conduct described above, including an award for prejudgment interest, costs and fees and other relief as this Court deems just and appropriate.

**COUNT III**
**RESTITUTION/UNJUST ENRICHMENT (FRAUD)**

1-42. Defendant/Third-Party Plaintiff adopts paragraphs 1 through 42 of Count I above as if fully set forth herein.

43. If American General is found liable to Plaintiff based on the payment of the claim submitted by TFG and First Mid, then TFG, JFG, and First Mid received benefits under the Policy which exceeded the amount that they were legally entitled.

44.     If American General is found liable to Plaintiff, then TFG, JFG, and First Mid have been unjustly enriched to the detriment of American General, who, in paying the claim relied upon the truth of the false representations made by TFG, JFG and First Mid in the proof of claim, and it would be inequitable for TFG, JFG, and First Mid to retain such funds.

45.     By virtue of the foregoing, if American General is found liable to the Plaintiff in any amount whatsoever based on the Plaintiff's Complaint, which liability is expressly denied, then American General will be entitled to a judgment against TFG, JFG, and First Mid for the unauthorized and fraudulently induced payment of $512,974.50.

WHEREFORE, American General, Defendant/Third Party Plaintiff, requests that if a judgment is entered against it and in favor of Plaintiff, that a judgment also be entered in its favor and against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, for restitution in the amount of all funds described above which have come into the possession of FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC by virtue of the tortious and unauthorized conduct described above, and that this Court provide such further relief as it deems just and equitable.

## COUNT IV
## RESTITUTION/UNJUST ENRICHMENT (MISTAKE)

1-42.   Pleading in the alternative to Count III, Defendant/Third-Party Plaintiff adopts paragraphs 1 through 42 of Count II above as if fully set forth herein.

43.     If American General is found liable to Plaintiff based on its payment of the claim submitted by TFG and First Mid, then TFG, JFG, and First Mid received benefits under the Policy which exceeded the amount that they were legally entitled and they have been unjustly enriched.

14

302341.1

44.     If American General is found liable to Plaintiff, then TFG, JFG, and First Mid have been unjustly enriched to the detriment of American General, who relied upon the truth of the mistaken representations that TFG, JFG and First Mid made to support their joint claim and it would be inequitable for TFG, JFG, and First Mid to retain such funds.

45.     By virtue of the foregoing, if American General is found liable to the Plaintiff in any amount whatsoever based on the Plaintiff's Complaint, which liability is expressly denied, then American General will be entitled to a judgment against TFG, JFG, and First Mid for the unauthorized payment of $512,974.50.

WHEREFORE, American General, Defendant/Third Party Plaintiff, requests that if a judgment is entered against it and in favor of Plaintiff, that a judgment also be entered in its favor and against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, for restitution in the amount of all funds described above which have come into the possession of FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC by virtue of the conduct described above, and that this Court provide such further relief as it deems just and equitable.

## COUNT V – CONTRIBUTION

1-42.   Defendant/Third-Party Plaintiff adopts paragraphs 1 through 42 of Count I of this Third Party Complaint as if fully set forth herein.

43.     If any damages were suffered by Plaintiff, then those damages were the direct and proximate result of the acts and/or omissions of the Third-Party Defendants, TFG, JFG, and First Mid, individually and through their representatives, agents or employees, in connection with their proof of loss.

44. At all times relevant, there was in existence "The Joint Tortfeasor Contribution Act" 740 ILCS 100/0.01. *et seq*., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff according to their respective percentage of fault.

45. If American General is found liable to Plaintiff, then American General is entitled to contribution from TFG, JFG, and First Mid in an amount proportionate to their percentage share of liability.

WHEREFORE, American General, Defendant/Third Party Plaintiff, requests that if a judgment is entered against it and in favor of Plaintiff, then that judgment be entered in favor of American General and against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, Third-Party Defendants, by way of contribution, as would be commensurate with a degree of culpability or misconduct attributable to the Third-Party Defendants in causing Plaintiff's injuries, as well as the costs associated with this action.

### COUNT VI – IMPLIED INDEMNITY

1-42. Defendant/Third-Party Plaintiff adopts paragraphs 1 through 42 of Count I of this Third Party Complaint as if fully set forth herein.

43. Plaintiff's complaint seeks to hold American General liable for the actions and omissions of Plaintiff's Assignees in connection with the payment of the Assignees' claims for proceeds under the Policy. In sum, Plaintiff claims that her Assignees submitted improper and inaccurate claims, which American General should not have paid.

44. By accepting the aforementioned partial assignments under the Policy, a portion of Plaintiff's rights under the Policy and her interest in the Policy issued by Third-Party Plaintiff was transferred to Third-Party Defendants.

45. By accepting various partial assignments under the Policy, in April 1999, September, 2000, November 2000, and January 2001, Third-Party Defendants stepped in the shoes of Plaintiffs vis-à-vis the Policy and they received an interest in and right to the Policy issued by Third Party Plaintiff American General, subject to all of the terms and conditions of the Policy and the regulations of American General, including the sole right to collect from Third-Party Plaintiff the proceeds due under the assignment upon presentment of a claim by death or maturity.

46. Prior to May 2003, Third Party Defendants communicated and corresponded with American General concerning the submission and recording of their respective assignments under the Policy and, upon notification of the death of the insured in May 2003, American General forwarded claimant statements to Third-Party Defendants.

47. Thereafter, Third Party Defendants submitted the required form claimant's statements and provided the explanation and documentation in support of their proof of claim to American General described above.

48. In processing Third-Party Defendants claim for benefits, American General relied upon the executed claimant's form, the assignments on file, and the representations, warranties and assurances contained in the documentation that Third-Party Defendants' submitted to support the payment of their claim.

49. American General did not receive any value or other benefit from the payment of the claims submitted under the Policy and it processed the claims it received in its regular course

of business pursuant to the terms and conditions of the Policy contract and the Assignments on file.

50. Any damages sustained by Plaintiff arising from the payment of the joint claim submitted by Third Party Defendants were caused by the conduct and/or representations made by the Third-Party Defendants in connection with their claim for benefits.

51. In the event that American General is found liable to Plaintiff, which liability American General expressly denies, American General is entitled to indemnity against TFG, JFG, and First Mid for all judgments, attorney's fees, costs and settlements which may be entered in this matter.

WHEREFORE, Defendant/Third Party Plaintiff, American General, prays that in the event that judgment is entered in favor of Plaintiff and against American General, that American General be entitled to indemnification against FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, Third-Party Defendants, for all indemnity, attorneys' fees, costs and settlements incurred as a result of Plaintiff's claims against American General.

Respectfully submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**

By: ___/s/ Cinthia G. Motley___
One of its attorneys

Daniel J. McMahon, Esq.
Rebecca M. Rothmann, Esq.
Cinthia G. Motley, Esq.
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
(312) 704-0550

302341.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2006, I electronically filed the following document:

1. Third Party Complaint

with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Jason Crowder, crowderjason@hotmail.com

/s/ Cinthia G. Motley<br>Cinthia G. Motley

19

302341.1