E-FILED
Friday, 27 January, 2006 04:59:37 PM
Clerk, U.S. District Court, ILCD

# AMERICAN
# GENERAL
FINANCIAL GROUP

*1,000,000*

☐ **All American Life Insurance Company (AAL)**, P.O. Box 35844 Dallas, TX 75235-8683
☐ **The American Franklin Life Insurance Company (AMFLIC)**, P.O. Box 19520, Springfield, IL 62794-9520
☐ **American General Life Insurance Company (AGL)**, P.O. Box 4373, Houston TX 77210-4373
☐ **The Franklin Life Insurance Company (FLIC)**, #1 Franklin Square, Springfield, IL 62713-0001
☒ **The Old Line Life Insurance Company of America (OLL)**, P.O. Box 35844, Dallas TX 75235-8683

Members of American General Financial Group. American General Financial Group is the marketing name for American General Corporation and its subsidiaries.

| | |
|---|---|
| **1. CONTRACT IDENTIFICATION** | You may use this form for multiple contracts that have the same contract owner and require the same signatures. All contracts must be assigned to the same assignee or all contracts released from assignment with same assignee. |
| ☐ Check Here if New Address | CONTRACT No.: __2604663__ |
| | OWNER: __MARGaret Stilwell__   SSN/TIN OR EIN: __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__ |
| | Address: __218 N. IOWA__ |
| | __Atwood, IL. 61913__ |
| | Phone No.: __(217) 578-3132__   __578-3322__ |
| | INSURED/ANNUITANT (if other than Owner): __James E. Stilwell__ |
| **2. ☒ ASSIGNMENT** | For value received, I/we hereby assign and transfer to the named Assignee/Creditor as their interest may appear, the Contract number named above, issued by the Company, upon the life as named above and all moneys now or hereafter payable thereunder, subject to the conditions of said contract, the regulations of the Company and to any lien, charge, or indebtedness thereon now or hereafter existing in favor of the Company. |
| | Assignee/Creditor Name: __1st mid Illinois Bank + Trust  (1,000,000)__ |
| | Assignee/Creditor Address: __POBox 18, 410 S.Main Tuscola, Il. 61953__ |
| **3. ☐ RELEASE OF ASSIGNMENT** | The consideration for which the Assignment was made, having been fully paid and satisfied, all right, title, and interest of the assignee in the above named Contract issued or assumed by the Company on the above named life is hereby relinquished. |
| | Assignee/Creditor Name: _____ |
| | Assignee/Creditor Address: _____ |
| **4. SIGN HERE FOR ABOVE REQUEST** | This request must be dated and all required signatures must be written in ink, using full legal names. |
| | To assign this contract, this request must be signed by the person or persons who have the rights of ownership under the terms of the contract. For Corporate Owned contracts, this form must be signed by one officer followed by the officer's title. The request must be accompanied by a piece of corporate letterhead or paper with the corporate seal that has been signed by that officer. For contracts owned by a Partnership, the full name of the partnership should be written followed by the signatures of any partner, other than the Insured. For contracts owned by or assigned to a Trustee, Trustee signatures are required as instructed by the trust agreement. |
| | Under penalty of perjury, the contract owner(s) certify: (1) that the number(s) shown on this form is my (are our) correct social security (or taxpayer identification) number(s), and (2) that I am (we are) not subject to backup withholding under Section 3406(A)(1)(C) of the Internal Revenue Code. |

ASSIGNMENT

Signature of Owner *Margaret Stilwell*  Date *1/1/01*

Signature of co-owner (or other party interested in contract)  Date

RELEASE OF ASSIGNMENT

To release the assignment of this contract, this request must be signed by the Assignee.

Assignee  Date

AGLC 0205

Received and Recorded on __JAN 2 9 2001__
by The Old Line Life Insurance Company
Registrar

**This assignment is recorded subject to a prior collateral assignment executed by the policyowner.**

EXHIBIT 9

# THE OLD LINE LIFE Insurance Company of America

5/20/0 31:58P
005607 000143

ADMINISTRATIVE OFFICES / PO BOX 35844 / DALLAS TX 75235 0844
214 654 6300 / 800 487 5433 / FAX 214 654 6008

January 30, 2001

1ST MID ILLNOIS BANK & TRUST
PO BOX 18
TUSCOLA IL 61953

Re: Insured, James E Stilwell
    Policy Number 2604663
    Owner, James E Stilwell

```
**********************************
*                                *
*    ASSIGNMENT VERIFICATION     *
*                                *
**********************************
```

The original document submitted to place an assignment on this policy
has been endorsed, recorded and made a part of the policy records.

A copy of this assignment is attached for your records.

If this assignment is released or transferred, please notify us in
writing.

Prepared By:  Title Change Unit
              Policyowner Service Department

Attachment

cc:  W0908 FRAN TONY M CARTER
     W0090 FRAN WILLIAM J LYONS

2303

23/03
        An American General Company



# First Mid-Illinois Bank & Trust

May 12, 2003

Mr. William J. Lyons, LUTCF
District Manager
American General Life Insurance Company
231 N. Main Street
Atwood, IL 61913-0260

Re:    Life Insurance Policy No. 2604663

Dear Mr. Lyons:

Pursuant to your letter of May 6, 2003, Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank & Trust ("Bank"), are jointly making application on the Collateral Assignments they received to secure an obligation under a certain Consignment Agreement dated November 17, 2000 between TFG and Amishland Country Village, Inc.

As itemized on the attached Exhibit A, the total amount owed by Amishland Country Village, Inc. and guaranteed by James and Margaret Stilwell is $*572,974.50*__. This amount includes the amounts that TFG owes the Bank.

Please issue your draft made payable to "Tuscola Furniture Group, LLC and First Mid-Illinois Bank & Trust", and have it delivered to First Mid-Illinois Bank & Trust - 2229 South Neil - Champaign, IL 61820 - ATTN: Thomas J. Chamberlain. The signature of the Bank officer below acknowledges and confirms this direction.

Upon receipt of this amount TFG and the Bank will relinquish all Assignments against the proceeds on the life insurance policy number 2604663. Specifically, these are the Assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000.00, September 25, 2000 for $1,500,000.00, and January 11, 2001 for $1,000,000.00.



EXHIBIT

7



005607 000139

Mr. William J. Lyons
May 12, 2003
Page 2


Finally, we have enclosed a completed Claimant's Statement on the form you provided for both TFG and Janko Financial Group, LLC.

Very truly yours,

First Mid-Illinois Bank & Trust

By: _Thomas J. Chamberlain_
Thomas J. Chamberlain
Community President

Acknowledgment:

The undersigned, on behalf of Tuscola Furniture Group, LLC and Janko Financial Group, LLC, the manager of TFG hereby acknowledges and confirms the directions above.

Tuscola Furniture Group, LLC and
Janko Financial Group, LLC,
the manager of TFG

By: _Lawrence W. Bianchi_
Lawrence W. Bianchi
Their Authorized Representative


Enclosures

5/20/0 31:58P
005607 000141

**EXHIBIT A**

## TUSCOLA FURNITURE GROUP, LLC (TFG)
### Amounts due from Stilwells/ACV
### As of April 30, 2003

|  | Principal | Interest (Prime) + 10 % of Reported Sales | Total |
|---|---|---|---|
| 3/31/03 - 1st Qtr Financials (thru 2/28, transactions consistently 1 month behind) | 404,951.63 | 71,810.39 | 476,762.02 |
| March   (1,359.98 + 1,461.71) |  | 2,821.69 | 2,821.69 |
| April     (4,882.40 + 1,414.56) |  | 6,296.96 | 6,296.96 |
|  | 404,951.63 | 80,929.04 | 485,880.67 |
|  |  |  |  |
| $101,780.32 unlocated inventory at cost Unknown sales price certainly higher, TFG entitled to a minimum of 10% fee. |  |  | 10,178.04 |
|  |  |  |  |
| JFG/TFG credit application guaranty claim from Eagle Industries for unauthorized purchases made by Stilwell outside the system. (4,463.91 + 7,250.88) |  |  | 11,714.79 |
|  |  |  |  |
| Legal |  |  | 5,201.00 |
|  |  |  | 512,974.50 |

Due from Stilwell 4-30-03.xls

MAY 07 '03 15:25 FR AMERICAN GEN LIFE          TO 912174221754          P.02/02

**Proof of Death**
**- Claimant's Statement**

# AIG  AMERICAN GENERAL

**American General Life Insurance Company**
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

**To Be Completed By The Beneficiary**

| | DECEASED FULL NAME | DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|---|---|
| **1 DECEASED** | James E. Stilwell | 10-07-54 | Heart Attack | 5/02/03 |

**POLICIES DECEASED HELD WITH THIS COMPANY:**

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | $4,000,000.00 | | |

I hereby certify that the policy of insurance for the listed policy has been  ☐ ENCLOSED  ☐ LOST  ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| First Mid-Illinois Bank & Trust | | Assignee/Creditor |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| 2229 South Neil | Champaign | IL | 61820 | (217) 359-9889 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim?  ☐ YES  ☒ NO   If yes, what amount? $ _____   (Attach copy of assignment)

How do you want proceeds paid?  ☒ Lump Sum   *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.   Settlement ☐ Option   If Option, give details:_____

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)   ☐ YES  ☐ NO       (An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE   First Mid-Illinois Bank & Trust   BY: _Thomas J. Chamberlain_   Thomas J. Chamberlain, Community President

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

| CLAIMANT'S S.S. NO. | OR | TAX I.D. NO. |
|---|---|---|
| | | 37-0404035 |

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

DATE 5-12-03

PLEASE SIGN HERE   CLAIMANT'S SIGNATURE   First Mid-Illinois Bank & Trust   BY: _Thomas J. Chamberlain_   Thomas J. Chamberlain, Community President

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?   SHOW BELOW

First Mid-Illinois Bank & Trust
ATTN: Thomas J. Chamberlain, Community President
2229 South Neil
Champaign, IL 61820

L 2843 Rev0103

Page 1 of 2

** TOTAL PAGE.02 **



# _Tuscola Furniture Group, LLC_

**Michael M. Janko**, CPA, JD
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
Ph: (630) 964-9902
Fax (630) 964-9903

**Richard F. Janko**
**Lawrence W. Bianchi**
2220 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3380
Fax (815) 223-7160
lfg.Peru@insightbb.com

12 May 2003

VIA OVERNIGHT MAIL DELIVERY

Mr. William J. Lyons, LUTCF
District Manager
American General Life Insurance Company
231 N. Main Street
Atwood, IL 61913-0260

     RE:    Life Insurance Policy No. 2604663

Dear Mr. Lyons:

Pursuant to your letter of May 6, 2003, Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank & Trust Company ("Bank"), are jointly making application on the Collateral Assignments they received to secure an obligation under a certain Consignment Agreement dated November 17, 2000 between TFG and Amishland Country Village, Inc.

As itemized on the attached Exhibit A, the total amount owed by Amishland Country Village, Inc. and guaranteed by James and Margaret Stilwell is $512,974.50. This amount includes the amounts that TFG owes the Bank.

Please issue your draft made payable to "Tuscola Furniture Group, LLC and First Mid-Illinois Bank & Trust," and have it delivered to the Bank at 2229 South Neil, Champaign, Illinois 61820, Attn: Thomas J. Chamberlain, Community President. The signature of the Bank officer below acknowledges and confirms this direction.

Upon receipt of this amount, TFG and the Bank will relinquish all Assignments against the proceeds on the life insurance policy number 2604663. Specifically, these are the Assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000.



Finally, we have also enclosed a completed Claimant's Statement on the form you provided for both TFG and Janko Financial Group, LLC.

Very truly yours,

Tuscola Furniture Group, LLC and
Janko Financial Group, LLC,
the manager of TFG

By: *Lawrence W. Bianchi*
Lawrence W. Bianchi
Their Authorized Representative

Acknowledgment:

The undersigned, on behalf of First Mid-Illinois Bank & Trust hereby acknowledges and confirms the directions above.

First Mid-Illinois Bank
& Trust

By: *Thomas J. Chamberlain*
Thomas Chamberlain
Community President

Enclosures

cc:    First Mid-Illinois Bank & Trust
       Richard L. Broch, Esq.
       Timothy J. Howard, Esq.
       Richard Heavner, Esq.

g:\j-l\janko financial\tuscola furniture grp\cor\insurance ltr

## TUSCOLA FURNITURE GROUP, LLC (TFG)
### Amounts due from Stilwells/ACV
### As of April 30, 2003

| | Principal | Interest (Prime) + 10 % of Reported Sales | Total |
|---|---|---|---|
| 3/31/03 - 1st Qtr Financials (thru 2/28, transactions consistently 1 month behind) | 404,951.63 | 71,810.39 | 476,762.02 |
| March   (1,359.98 + 1,461.71) | | 2,821.69 | 2,821.69 |
| April     (4,882.40 + 1,414.56) | | 6,296.96 | 6,296.96 |
| | 404,951.63 | 80,929.04 | 485,880.67 |
| $101,780.32 unlocated inventory at cost Unknown sales price certainly higher, TFG entitled to a minimum of 10% fee. | | | 10,178.04 |
| JFG/TFG credit application guaranty claim from Eagle Industries for unauthorized purchases made by Stilwell outside the system. (4,463.91 + 7,250.88) | | | 11,714.79 |
| Legal | | | 5,201.00 |
| | | | 512,974.50 |

5/20/0 31:58P
005607 000148

Due from Stilwell 4-30-03

## Tuscola Furniture Group, LLC (TFG)
## STILWELL - Inventory Reconciliation

3/31/03                                                                    404,951.63

COGS deducted from physical count (since sold) but not yet paid for by Stilwell:
    Thru 3/31/03                                               201,896.27
    1st three (3) days of April, 2003                                0.00
                                                        (201,896.27)
                                                       203,055.36

Inventory count @ 4/3/03 by Cherub Financial                                (101,275.04)

Shortage                                                                    101,780.32

RP
5/9/2003

MAY 09 '03 10:45 FR AMERICAN GEN LIFE        TO 918152231173    5709004358P
.005607 000144

# AIG AMERICAN GENERAL

**Proof of Death**
**- Claimant's Statement**

**American General Life Insurance Company**
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

*To Be Completed By The Beneficiary*

| I DECEASED | | | |
|---|---|---|---|

**DECEASED FULL NAME:** James E. Stilwell   **DATE OF BIRTH:** 10/07/54   **CAUSE OF DEATH:** Heart Attack   **DATE OF DEATH:** 5/02/03

**POLICIES DECEASED HELD WITH THIS COMPANY:**

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | $4,000,000 | | |
| | | | |

I hereby certify that the policy of insurance for the listed policy has been  ☐ ENCLOSED   ☐ LOST   ☐ DESTROYED

**II CLAIMANT**

**CLAIMANT'S NAME:** TUSCOLA FURNITURE GROUP, LLC   **DATE OF BIRTH:**   **RELATIONSHIP TO DECEASED:** ASSIGNEE / CREDITOR

**ADDRESS:** 2220 MARQUETTE RD   **CITY:** PERU   **STATE:** IL   **ZIP:** 61354   **PHONE NO.:** (815) 223-3380

Have you given the Funeral Home an Assignment to collect any amount due under this claim?  ☐ YES  ☒ NO   If yes, what amount? $ _____  (Attach copy of assignment)

How do you want proceeds paid?  ☒ Lump Sum   *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.*   ☐ Settlement Option   If Option, give details: _____

**IMPORTANT:** Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)   ☐ YES  ☒ NO   (An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

**PLEASE SIGN HERE:** Tuscola Furniture Group, LLC
By Its Authorized Representative   *Lawrence W. Bianchi*

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.   **CLAIMANT'S S.S. NO.**    OR   **TAX I.D. NO.:** # 36-4391423

**Note:** If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

**CERTIFICATION:** Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

**PLEASE SIGN HERE:**  **CLAIMANT'S SIGNATURE:** Tuscola Furniture Group, LLC
By Its Authorized Representative   *Lawrence W. Bianchi*   **DATE:** 5/09/03

**IV MAILING**

**WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?  SHOW BELOW**

*See Attached Letter*

L 2843 Rev0103       Page 1 of 2



# Tuscola Furniture Group, LLC

Michael M. Janko, CPA, JD
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
Ph: (630) 964-9902
Fax (630) 964-9903

Richard F. Janko
Lawrence W. Bianchi
2220 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3380
Fax (815) 223-7160

28 May 2003

Mr. William J. Lyons, LUTCF
District Manager
American General Life Insurance Company
231 N. Main Street
Atwood, IL 61913-0260

**VIA FAX (217/578-3292)**
**& OVERNIGHT MAIL**

RE:    Life Insurance Policy No. 2604663

Dear Mr. Lyons:

Please accept this letter as an amendment to my letter dated 12 May 2003. When listing "all Assignments" against the proceeds on the life insurance policy number 2604663, I inadvertently left out an assignment to Tuscola Furniture Group, LLC dated November 21, 2000 for $250,000.

Paragraph four of my letter dated 12 May 2003 is hereby amended to read as follows:

"Upon receipt of this amount, TFG and the Bank will relinquish all Assignments against the proceeds on the life insurance policy number 2604663. Specifically, these are the assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, November 21, 2000 for $250,000 and January 11, 2001 for $1,000,000."

Please contact me immediately if any further documentation should be needed. Thank you for your assistance.

Very Truly Yours,

Tuscola Furniture Group, LLC and
Janko Financial Group, LLC, the manager of TFG

By:  *Lawrence W. Bianchi*
Lawrence W. Bianchi
Their Authorized Representative

cc:    First Mid-Illinois Bank & Trust
Richard L. Broch, Esq.
Timothy J. Howard, Esq.
Richard Heavner, Esq.

**EXHIBIT**
**9**

# Janko Financial Group, L.L.C.

*Real Estate Investments and Financial Management*

**Michael M. Janko, CPA, JD**
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
Ph: (630) 964-9902
Fax (630) 964-9903
Rp@jankofinancial.com

*Given Letters Today by Ray 6/18*

**Richard F. Janko**
**Lawrence W. Blanchi**
2220 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3380
Fax (815) 223-7160
Jfg.peru@insightbb.com

11 June 2003

Ray Sawicki, Director of Claims
American General Life
6363 Forrest Park Rd.
Dallas, TX 75235-5460

**VIA FAX (214/654-6047) &
REGULAR MAIL**

RE:     **LIFE INSURANCE POLICY No. 2604663**

Dear Mr. Sawicki:

Thank you for the opportunity to provide a further explanation for a rather complex situation. Enclosed are copies of the following letters that I will reference in this correspondence:

> **12 May 2003** - Letter to William J. Lyons, District Manager for AIG from Lawrence W. Bianchi, Authorized Representative for Tuscola Furniture Group, LLC & Janko Financial Group, LLC (letter acknowledged by Thomas Chamberlain, Community President for First Mid-Illinois Bank & Trust);

> **12 May 2003** - Letter to William J. Lyons, District Manager for AIG from Thomas Chamberlain, Community President for First Mid-Illinois Bank & Trust (letter acknowledged by Lawrence W. Bianchi, Authorized Representative for Tuscola Furniture Group, LLC & Janko Financial Group, LLC);

> **28 May 2003** - Letter to William J. Lyons, District Manager for AIG from Lawrence W. Bianchi, Authorized Representative for Tuscola Furniture Group, LLC & Janko Financial Group, LLC.

**On 16 April 1999**, Janko Financial Group (JFG), LLC entered into a Consignment Agreement for the retailing of Amish Furniture with Amishland Country Village, Inc. and guaranteed personally by James and Margaret Stilwell. Section 3.9 of this original Consignment Agreement required that JFG and their lender, First Mid-Illinois Bank & Trust (FMIB), receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $2,000,000.

**On 19 April 1999**, JFG received an assignment of life insurance in the amount of $500,000 from Margaret Stilwell, owner of policy number 2604663 with James Stilwell as the insured. However, it was not until **25 September 2000** that JFG received a second assignment of life insurance for the same policy in the amount of $1,500,000 from Margaret Stilwell.



EXHIBIT

9/12/0 311:21
006357 001720

On 16 November 2000, JFG signed an Assignment & Assumption Agreement with a newly formed LLC, Tuscola Furniture Group (TFG), LLC. This new entity is owned 70% by JFG with JFG acting as managing member. This agreement specifically included and lists any rights to insurance assignments relating to the original Consignment Agreement.

On 17 November 2000, TFG entered into a new Consignment Agreement with Amishland Country Village, Inc and guaranteed personally by James and Margaret Stilwell. This new agreement modified and replaced the previous agreement. Once again, Section 3.9 of the new Consignment Agreement required that TFG and their lender FMIB receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $1,250,000.

On 20 November 2000, in support of the Assignment & Assumption Agreement between JFG & TFG, JFG signed a release of assignment on policy number 2604663 **"In favor of Tuscola Furniture Group, LLC."** This release was a transfer of all rights of insurance assignment from JFG to TFG.

On 21 November 2000, TFG received an assignment of life insurance in the amount of $250,000 from Margaret Stilwell, owner of policy number 2604663 with James Stilwell as the insured. Then, on 11 January 2001, FMIB received an assignment of life insurance for the same policy in the amount of $1,000,000 from Margaret Stilwell.

The preceeding chronology of events resulted in the following assignments from Margaret Stilwell on policy number 2604663:

> **Tuscola Furniture Group, LLC - $2,000,000** (assignment transferred to Tuscola Furniture Group, LLC via Agreement dated 16 November 2000 and Release dated 20 November 2000);

> **Tuscola Furniture Group, LLC - $250,000** (21 November 2000);

> **First Mid-Illinois Bank & Trust - $1,000,000** (11 January 2001).

Therefore, the life insurance assignments received from Margaret Stilwell on policy number 2604663 in satisfaction of the requirements of the Consignment Agreements (dated 16 April 1999 and 17 November 2000) totaled **$3,250,000.**

These events lead us to the claim being made jointly by TFG and FMIB to American General Life. As documented in the information submitted by JFG, TFG and FMIB, a joint claim is being made for $512,974.50 in conjunction with the obligations of Amishland Country Village, Inc. and James and Margaret Stilwell per the Consignment Agreement date 17 November 2000. The payment of this claim in the amount of $512,974.50 would release all assignments to JFG, TFG and FMIB which total $3,250,000. Mr. Sawicki, as we discussed I believe that a review of the enclosed letters dated 12 May 2003 and 28 May 2003, provide American General Life with releases for all assignments totaling $3,250,000 upon receipt of the claim amount of $512,974.50.

9/12/9311:21
006357 001721

I apologize for the complex nature of this letter. However, I do believe that I have provided a factual summary of the situation. Also, I would be glad to answer any questions that you might have on this matter. In any event please contact me after your legal department has completed their review. As I am sure you can appreciate, all parties concerned are anxiously awaiting payment of our claim.

Thank you for your kind attention.

Sincerely,

Lawrence W. Bianchi/ Authorized Representative
Tuscola Furniture Group, LLC and
Janko Financial Group, LLC, the manager of TFG
:bm

Enclosures

cc:    Dick Janko
       Mike Janko
       Tom Chamberlain, FMIB
       Tim Howard, Attorney at Law

# Janko Financial Group, L.L.C.

*Real Estate Investments and Financial Management*

Michael M. Janko, CPA/JD
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
 Phone (630) 968-6962
Fax (630) 964-9905
Rac@jankofinancial.com

Richard F. Janko
Lawrence W. Bianchi
2226 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3390
Fax (815) 223-7160
jflaw0@adams.net

25 June 2003

American General Life Insurance Company
Individual Claims Department
Box 4373
Houston, TX 77210-4373
Attention: Melinda Boyd

**VIA FAX (713/620-4840) &
US MAIL**

RE:   Contract #2604663
      Insured: James Stilwell
      Claim # 03D008930LL

Dear Sir:

Please accept this letter as a formal authorization for Lawrence W. Bianchi to act as signatory for Janko Financial Group, LLC in release of all assignments pertaining to Contract #2604663, James Stilwell-Insured, Claim # 03D00890LL. Also, please accept this letter as a formal authorization for Lawrence W. Bianchi to act as signatory for Tuscola Furniture Group, LLC on behalf of its manager Janko Financial Group, LLC in release of all assignments pertaining to Contract #2604663, James Stilwell-Insured, Claim #03D00890LL.

Janko Financial Group, LLC, an
Illinois limited liability company

Richard F. Janko, One of Its Members

Michael M. Janko, One of Its Members

Lawrence W. Bianchi, One of Its Members

**EXHIBIT**

**11**

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

MARGARET J. STILWELL,                    )
                                         )
               Plaintiff,                )
                                         )
        -vs-                             )        No. 05-L- 4 7
                                         )
AMERICAN GENERAL LIFE                    )
INSURANCE COMPANY,                       )
                                         )
               Defendant.                )
_____  )
FIRST MID ILLINOIS BANK & TRUST,         )
TUSCOLA FURNITURE GROUP, LLC,            )
and JANKO FINANCIAL GROUP, LLC,          )
                                         )
        Respondents in Discovery.        )

### SUMMONS

To each defendant:    American General Life Insurance Company, c/o Illinois Department of Insurance, 320 W. Washington Street, Springfield, IL 62797

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court Coles County Courthouse building, Charleston, Illinois within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

                                    WITNESS _____ 6/23 _____, 2005.

        (Seal of Court)             _Micki Kirkpatrick_
                                    (Clerk of the Circuit Court)

                                    _____
                                            (Deputy)

_____
(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
Name: Jason M. Crowder
Attorney for Plaintiff
Address: 1101 Broadway, P.O. Box 889
City: Mattoon, IL 61938-0889
Telephone: (217)235-2700
d:americangeneral.summons/kjscd1/06202005



|                        |                                                      |     |
|------------------------|------------------------------------------------------|-----|
| **SHERIFF'S FEES**     | Service and return ................................. | $   |
|                        | Miles _____ ............................        | $   |
|                        | Total ................................................ | $   |

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)—(Individual defendants – personal):

(The officer of other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with the defendant.)

_____
_____
_____
_____

(b)—(Individual defendants – abode):

By leaving a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer of other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.)

_____
_____
_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|-------------------|-----------------|-----------------|
|                   |                 |                 |
|                   |                 |                 |

(c)—(Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation as follows:

| Defendant Corporation | Registered agent, officer or agent | Date of service |
|-----------------------|-----------------------------------|-----------------|
|                       |                                   |                 |
|                       |                                   |                 |

(d)—(Other service):

_____
_____

_____, Sheriff of _____ County

By: _____
(Deputy)

# COPY

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

|  |  |  |
|---|---|---|
| MARGARET J. STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-L- 47 |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |
| FIRST MID ILLINOIS BANK & TRUST, | ) | |
| TUSCOLA FURNITURE GROUP, LLC, | ) | |
| and JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Respondents in Discovery. | ) | |

## FILED

JUN 2 3 2005

*Vicki Kirkpatrick*
Circuit Clerk  COLES COUNTY, ILLINOIS

## COMPLAINT

### COUNT I - BREACH OF CONTRACT

NOW COMES the Plaintiff, MARGARET J. STILWELL, by her attorneys, HELLER,

HOLMES & ASSOCIATES, P.C., and for her Complaint for Breach of Contract against the

Defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY, states as follows:

1. That Plaintiff, MARGARET J. STILWELL, is a resident of the State of Illinois.

2. That Defendant is an insurance company foreign to the State of Illinois, but doing business

in Coles County, Illinois.

3. That JAMES E. STILWELL had a term life insurance policy (Policy No. 2604663) with

the Defendant in the amount of $4,000,000.00. Attached hereto and identified herein as EXHIBIT

1

A is the portion of the policy in Plaintiff's possession.

4. JAMES E. STILWELL passed away on May 2, 2003

5. That the original beneficiary under such policy was MARGARET J. STILWELL, his wife.

6. That during his lifetime, JAMES E. STILWELL, made assignments from his insurance policy to several business creditors. He made an assignment to Citizens First National Bank (CFNB) in the amount of $1,500,000.00, an assignment to Tuscola National Bank (TNB) in the amount of $2,000,000.00, an assignment to Tuscola Furniture Group, LLC (TFG) in the amount of $250,000.00, as assignment to First Mid-Illinois Bank and Trust (First Mid) in the amount of $1,000,000.00, and two assignments to Janko Financial Group (JFG) in the amount of $2,000,000.00 cumulatively.

7. That the Defendant had knowledge of each and every assignment stated in paragraph 4 . and the terms thereof.

8. That JFG released its assignments (amounting to $2,000,000.00 cumulatively) on or about November 28, 2000, and the Defendant had knowledge of such releases.

9. That upon the death of JAMES E. STILWELL, the Defendant was contractually obligated to pay out all amounts properly due on the aforementioned assignments and provide the original beneficiary, MARGARET STILWELL, with the remainder.

10. That upon the death of JAMES E. STILWELL, CFNB and TNB were each owed an amount in excess of their assignments, and the Defendant properly issued each a check for the full amount of their assignments ($2 million to CFNB and $1,5 million to TNB).

11. That upon the death of JAMES E. STILWELL, TFG and First Mid made a joint claim

2

to the Defendant for $512,974.50 of the life insurance monies.

12. That JAMES E. STILWELL never made a joint assignment to TFG and First Mid, and the Defendant had knowledge that no such joint assignment had ever been made.

13. That because JAMES E. STILWELL never made a joint assignment to TFG and First Mid, TFG and First Mid had no right to pool their assignments and bring a joint claim for insurance monies.

14. That First Mid was only owed $81,000.00 as of the date of JAMES E. STILWELL'S death, and the Defendant was contractually obligated to pay First Mid this amount and nothing more.

15. That TFG claims it was owed in excess of $250,000.00 as of the date of JAMES E. STILWELL'S death, and the Defendant was contractually obligated to pay only the amount properly owed TFG up to $250,000.00, and nothing more.

16. That Defendant improperly paid TFG's claim resulting in an overpayment TFG was not due.

17. That Defendant was contractually obligated to pay MARGARET STILWELL that amount which Defendant improperly paid to TFG.

18. That despite its knowledge that TFG and First Mid had never received a joint assignment from JAMES E. STILWELL, the Defendant improperly paid the joint claim ($512,974.50) made by TFG and First Mid, thus breaching its contract with the Plaintiff.

19. That because the Defendant failed to perform its contractual obligation to make proper payments on the aforementioned assignments, MARGARET STILWELL failed to receive monies due her as beneficiary of the life insurance policy.

3

WHEREFORE, Plaintiff, MARGARET STILWELL, respectfully prays this court enter judgment in her favor and against the Defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs and attorney's fees as well as any other relief this court would deem just, fair and equitable.

COUNT II

NOW COMES the Plaintiff, MARGARET J. STILWELL, by her attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and names FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC. as Respondents in Discovery pursuant to 735 ILCS 5/2-402, and further states:

1. Plaintiff believes that the above named entities have information essential to the determination of who should properly be named as additional Defendants in this action.

MARGARET J. STILWELL, Plaintiff

By _____
Of Heller, Holmes & Associates, P.C.
Her Attorneys

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

MARGARET J. STILWELL, Plaintiff

By _____
Of Heller, Holmes & Associates, P.C.
Her Attorneys

4

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

| | | |
|---|---|---|
| MARGARET J. STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-L- |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| FIRST MID ILLINOIS BANK & TRUST, | ) | |
| TUSCOLA FURNITURE GROUP, LLC, | ) | |
| and JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Respondents in Discovery. | ) | |

## RULE 222 AFFIDAVIT

NOW COMES your Affiant, JASON M. CROWDER, and under oath says:

1. That he is testifying to maters of his own personal knowledge and is competent to testify to the same if called upon to do so.

2. That he is a duly authorized agent of MARGARET J. STILWELL for purposes of making this affidavit.

3. That the damages sought do exceed $50,000.00.

4. Further Affiant sayeth not.

By _____
JASON M. CROWDER
Of Heller, Holmes & Associates, P.C.

5

Subscribed and sworn to before me
this ___ day of June, 2005.

*Katherine J. Storm*
Notary Public

OFFICIAL SEAL
KATHERINE J STORM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/30/07

KATHERINE J. STORM
NOTARY PUBLIC - STATE AF  LLOIS
MY COMMISSION EXPIRES 11-30-07

JASON M. CROWDER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
d:stllwellcomplaint/kjscd1/06202005

6

*copy*

persu's in Stilwell P.'lo

# THE OLD LINE LIFE Insurance Company of America

707 North Eleventh Street • PO Box 401 • Milwaukee  WI  53201 0401 • 888 653 5483

THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA, A STOCK COMPANY (REFERRED TO IN THIS POLICY AS WE/US/OUR) WILL PAY THE BENEFITS OF THIS POLICY SUBJECT TO ITS PROVISIONS. THIS PAGE AND THE PAGES THAT FOLLOW ARE PART OF THIS POLICY.

SIGNED AT OUR HOME OFFICE AT 707 NORTH ELEVENTH STREET, P.O. BOX 401, MILWAUKEE, WISCONSIN 53201 0401.

*B. Shelby Baetz*

General Counsel and Secretary

*R A Hollan*

President & CEO

## RIGHT TO RETURN POLICY

THE OWNER MAY RETURN THIS POLICY TO US AT THE ABOVE ADDRESS OR TO THE AGENT FROM WHOM IT WAS PURCHASED WITHIN 30 DAYS AFTER RECEIPT. THIS POLICY WILL THEN BE CANCELLED AS OF ITS DATE OF ISSUE AND ANY PREMIUM PAID WILL BE REFUNDED.

NW

B-7133

B 1101000-1033-0198



# TABLE OF CONTENTS

| PAGE | TITLE OF PROVISION |
|---|---|
| 7 | ASSIGNMENT |
| 7 | BENEFICIARY |
| 7 | CHANGE OF OWNER OR BENEFICIARY |
| 7 | CLAIMS OF CREDITORS |
| 7 | CONTRACT |
| 7 | CORRESPONDENCE |
| 5 | DEFINITIONS |
| 6 | EXCHANGE OPTIONS |
| 5 | GRACE PERIOD |
| 3 | INCONTESTABILITY |
| 7 | MISSTATEMENT OF AGE OR SEX |
| 5 | NONPARTICIPATING |
| 7 | OWNER |
| 3 | PAYMENT OF PROCEEDS |
| 7 | POLICY SETTLEMENT |
| 2 | POLICY SPECIFICATIONS |
| 5 | PREMIUM PAYMENT |
| 5 | REINSTATEMENT |
| 5 | RENEWAL OPTION |
| 5 | RIGHT TO CHANGE PREMIUM |
| COVER | RIGHT TO RETURN POLICY |
| 2 | SCHEDULE OF BENEFITS AND PREMIUMS |
| 3 | SUICIDE |
| LAST | TABLE OF PREMIUMS |

SEE SUPPLEMENTAL BENEFIT PAGES FOR RIDERS, IF ANY

RENEWABLE LEVEL TERM LIFE POLICY -- INDETERMINATE PREMIUM
INSURANCE PAYABLE IN EVENT OF DEATH PRIOR TO EXPIRY DATE
PREMIUMS PAYABLE DURING TERM                    NO DIVIDENDS

80-RCT 97D                    2604663                    PAGE  1

## NOTICE PAGE (Continued)

If any complaints arise regarding the insurance provided by this policy, you may contact us as follows:

The Old Line Life Insurance Company of America
707 North 11th Street
P.O. Box 401
Milwaukee, Wisconsin 52301-0401

Nationwide Toll Free Telephone Number: 1-800-578-7650

If you are unable to obtain the information you need from us, you may write to the Department of Insurance at the following address:

Illinois Department of Insurance
Consumer Division
Springfield, Illinois 62767

POLICY SPECIFICATIONS

| INSURED | JAMES E STILWELL | 2604663 | POLICY NUMBER |
|---------|------------------|---------|---------------|
| FACE AMOUNT | $4,000,000 | 10/27/1998 | DATE OF ISSUE |
| PREMIUM CLASS | NON-TOBACCO<br>RATED CLASS H | 44 | AGE AT ISSUE |

SCHEDULE OF BENEFITS AND PREMIUMS

| BENEFITS | BENEFIT AMOUNTS | ANNUAL<br>PREMIUMS | YEARS<br>PAYABLE |
|----------|-----------------|--------|-------|
| LIFE INSURANCE | $4,000,000 | $6,830.00 | 10 YEARS* |
| INITIAL EXPIRY DATE | 10/27/2008 | | |

SUBSEQUENT EXPIRY DATES WILL OCCUR AT THE END OF EACH ONE YEAR RENEWABLE
TERM PERIOD. THE FINAL EXPIRY DATE IS 10/27/2049.

| PERMANENT EXTRA | 13,520.00 | 10 YEARS |
|-----------------|-----------|----------|

TOTAL FIRST YEAR ANNUAL PREMIUM         $20,350.00

PREMIUMS OTHER THAN ANNUAL ARE A PERCENTAGE OF THE ANNUAL PREMIUM.
PREMIUMS ARE PAYABLE AT 01 MONTH INTERVALS FROM 10/27/1998.  THE FIRST
INTERVAL PREMIUM IS $1,780.63.

* RENEWAL PREMIUMS ARE SHOWN ON THE LAST PAGE.  ON THE  TENTH POLICY
ANNIVERSARY AND ANY LATER POLICY ANNIVERSARY WE HAVE A LIMITED RIGHT
TO CHANGE THE PREMIUM.  SEE THE RIGHT TO CHANGE PREMIUM PROVISION.

THIS POLICY MAY BE EXCHANGED FOR A NEW POLICY.  SEE THE EXCHANGE OPTIONS
PROVISION.  OPTION 1 IS AVAILABLE UNTIL THE EIGHTH POLICY ANNIVERSARY,
PROVIDED THE INSURED IS AGE 65 OR LESS ON THE DATE OF EXCHANGE.  THE
DATE OF EXCHANGE UNDER OPTION 2 IS THE TENTH POLICY ANNIVERSARY,
PROVIDED THE INSURED IS AGE 70 OR LESS.

## PAYMENT OF PROCEEDS

THE FACE AMOUNT WILL BE PAID TO THE BENEFICIARY IMMEDIATELY UPON RECEIPT OF DUE PROOF OF THE DEATH OF THE INSURED IF DEATH OCCURS PRIOR TO THE EXPIRY DATE. IF DEATH OCCURS IN THE GRACE PERIOD OF AN UNPAID PREMIUM AN AMOUNT EQUAL TO THE PREMIUM FOR ONE MONTH WILL BE DEDUCTED FROM THE PROCEEDS.

## SUICIDE EXCLUSION

IN THE EVENT OF THE SUICIDE OF THE INSURED, WHILE SANE OR INSANE, WITHIN 2 YEARS FROM THE DATE OF ISSUE, OUR LIABILITY WILL BE LIMITED TO THE PREMIUMS PAID.

## INCONTESTABILITY

WE WILL NOT CONTEST THIS POLICY AFTER IT HAS BEEN IN FORCE DURING THE LIFETIME OF THE INSURED FOR TWO YEARS FROM THE DATE OF ISSUE. WE WILL NOT CONTEST ANY REINSTATEMENT AFTER THE REINSTATEMENT HAS BEEN IN FORCE DURING THE LIFETIME OF THE INSURED FOR TWO YEARS. IF WE DO CONTEST A REINSTATEMENT, WE WILL CONTEST ONLY STATEMENTS MADE IN THE REINSTATEMENT APPLICATION.

## NOTICE PAGE

## ILLINOIS
## LIFE AND HEALTH INSURANCE GUARANTY
## ASSOCIATION LAW

Note: The terms "policy" and "Policyholder" as used in this Notice shall be read to mean "certificate" and "Certificateholder", respectively, as applicable to persons insured under a group insurance plan.

Residents of Illinois who purchase health insurance, life insurance, and annuities should know that the insurance companies licensed in Illinois to write these types of insurance are members of the Illinois Life and Health Insurance Guaranty Association. The purpose of this Guaranty Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its policy obligations. If this should happen, the Guaranty Association will assess its other member insurance companies for the money to pay the covered claims of policyholders that live in Illinois (and their payees, beneficiaries, and assignees) and, in some cases, to keep coverage in force. The valuable extra protection provided by these insurers through the Guaranty Association is not unlimited, however, as noted on the other side of this page.

### DISCLAIMER

The Illinois Life and Health Insurance Guaranty Association provides coverage of claims under some types of policies if the insurer becomes impaired or insolvent. COVERAGE MAY NOT BE AVAILABLE FOR YOUR POLICY. Even if coverage is provided, there are substantial limitations and exclusions. Coverage is generally conditioned on continued residence in Illinois. Other conditions may also preclude coverage.

You should not rely on availability of coverage under the Life and Health Insurance Guaranty Association Law when selecting an insurer. Your insurer and agent are prohibited by law from using the existence of the Association or its coverage to sell you an insurance policy.

The Illinois Life and Health Insurance Guaranty Association or the Illinois Department of Insurance will respond to any questions you may have which are not answered by this document. Policyholders with additional questions may contact:

Illinois Life and Health Insurance Guaranty Association
8420 West Bryn Mawr Avenue
Chicago, Illinois 60631
(312) 714-8050

Illinois Department of Insurance
320 West Washington Street
4th Floor
Springfield, Illinois 62767
(217) 782-4515

### SUMMARY OF GENERAL PURPOSES AND
### CURRENT LIMITATIONS OF COVERAGE

The Illinois law that provides for this safety-net coverage is called the Illinois Life and Health Insurance Guaranty Association Law ("Law") [215 ILCS 5/531.01, et seq.]. The other side of this page contains a brief summary of the Law's coverages, exclusions and limits. This summary does not cover all provisions, nor does it in any way change anyone's rights or obligations under the Law or the rights or obligations of the Guaranty Association. If you have obtained this document from an agent in connection with the purchase of a policy, you should be aware that its delivery to you does not guarantee that your policy is covered by the Guaranty Association.

(continued on next page)

(THIS PAGE IS INTENTIONALLY LEFT BLANK.)

## DEFINITIONS

**Age or attained age** means the insured's age nearest birthday at the beginning of a policy year.

**Policy months, years and anniversaries.** The first policy year begins on the date of issue. Policy months, years and anniversaries will be measured from that date.

## PREMIUM PAYMENT

The first premium is due on or before delivery of this policy. Later premiums are due and payable at the intervals and for the period shown on page 2, while the insured is alive. With our consent, premiums may be paid at other intervals.

Premiums after the first are payable at our home office or to an authorized agent in exchange for a receipt signed by one of our officers.

Any premium, after the first, not paid on or before its due date will be in default. Such due date will be the date of default.

## GRACE PERIOD

A 31 day grace period, without interest charge, is allowed for the payment of each premium after the first. This policy will stay in force during this period. If the premium is not paid by the end of this period, insurance will cease.

## REINSTATEMENT

This policy may be reinstated within five years of the date of default subject to receipt of evidence of insurability satisfactory to us.

Reinstatement will also be subject to (1) payment of the premium for the grace period with interest at the rate of 6% per year compounded annually plus the premium due for the current policy month, if this policy has a renewable term period of one year, or (2) payment of all overdue premiums with interest at the rate of 6% per year compounded annually, if this policy has a renewable term period other than one year.

## NONPARTICIPATING

This policy does not pay dividends.

## RENEWAL OPTION

This policy may be renewed without evidence of insurability on each expiry date for a further term period. Renewal premiums are shown on the last page.

The first premium for a new term will be due at the end of the previous term. This policy will renew if this premium is paid within the grace period. Premiums for the new term will be due and payable at the intervals show on page 2.

No term period will extend beyond the final expiry date shown on page 2.

## RIGHT TO CHANGE PREMIUM

We reserve the right to change the premium for this policy on the policy anniversary specified on page 2 and on any later policy anniversary, subject to the following terms:

1. The premium will not exceed the applicable maximum premium shown on the last page.

2. Any change in premium will be made on a uniform basis for all insureds with the same benefits and provisions who have the same age at issue, date of issue, sex and premium class. No change in premium will occur due to any change in the insured's health or occupation.

3. Any change in premium will take effect only after 30 days' prior notice to the owner of this policy.

4. Any change in premium will be determined prospectively. We will not distribute past gains or recoup prior losses, if any, by changing the premium.

This provision does not apply to any rider attached to this policy.

## OWNER

The owner is as shown in the application unless changed. The owner has all rights under this policy while the insured is alive. These rights are subject to the consent of any living irrevocable beneficiary.

## BENEFICIARY

The beneficiary or beneficiaries are as shown in the application unless changed. If no beneficiary survives the insured, the owner or the estate of the owner will be the beneficiary. However, if a trust is the owner and no beneficiary survives the insured, the estate of the insured will be the beneficiary.

## CHANGE OF OWNER OR BENEFICIARY

While this policy is in force the owner may change the beneficiary or ownership by written notice to us. When we record the change, it will take effect as of the date the owner signed the notice, subject to any payment we make or other action we take before recording.

## CORRESPONDENCE

Any request, notice or proof shall be filed with our home office.

## ASSIGNMENT

No assignment of this policy will be binding on us until filed with us in writing and recorded by us. No assignment will affect any payment we made before we recorded the assignment. We will not be responsible for the validity of an assignment.

All rights of the owner and any revocable beneficiary are subject to the rights of any assignee on record with us.

## POLICY SETTLEMENT

In any settlement we may require the return of this policy.

## THE CONTRACT

This policy, including any riders and endorsements, the original application and any supplemental applications and declarations, is the entire contract.

All statements in an application are representations and not warranties. No statement will be used to void this policy or to contest a claim unless it appears in an application or declaration which is attached to and made part of this policy.

This policy may not be changed, nor may any of our rights or requirements be waived, except in writing by one of our authorized officers.

## MISSTATEMENT OF AGE OR SEX

If the insured's age or sex has been misstated, any death benefit payable by us will be what the premiums paid would have bought at the insured's correct age and sex.

## CLAIMS OF CREDITORS

All payments under this policy are exempt from the claims of creditors to the extent permitted by law. Payments may not be assigned or withdrawn without our consent before becoming payable.

## ENDORSEMENT

The Payment Options of the policy to which this endorsement is attached will be as follows:

## PAYMENT OPTIONS

The term "annuitant/insured" as used in the following paragraph means the person named in the Policy Specifications as annuitant or insured, as the case may be.

Proceeds of less than $5,000 will be paid in one lump sum. Proceeds of $5,000 or more may be paid under an option. When proceeds are placed under an option the payee will receive a settlement contract. The date of the contract will be the date the proceeds become payable. The owner may choose the option only while the annuitant/insured is living. After the death of the annuitant/insured, the beneficiary may choose the option if proceeds are payable in one sum. Payment options for death proceeds must be chosen within six months after the annuitant's/insured's death. Payment options for other proceeds must be chosen within two months of the date they are payable. All elections must be filed with us in writing. Payments may be requested at 1, 3, 6 or 12 month intervals. Each payment must be at least $50. Each payee must be a living person receiving payments in his own right.

The interest rate for options 1, 2 and 3 will be declared by us each year. This rate will never be less than 3% per year. For options 1 and 3 any interest in excess of 3% will be used to increase payment amounts; for option 2 any excess interest will be used to lengthen the payment period.

For options 4, 5, 6 and 7 the payments will be based on rates declared by us from time to time. These rates will be 3 1/2% less than the published rates in effect for immediate annuities on the date of the settlement contract. Payments under these rates will never be less than the amount according to the tables of minimum monthly income in this endorsement. The rates in the tables are derived from a projection of the 1983 Table "a", and an annual interest rate of 3.00%.

**Option 1. Interest.** We will hold the proceeds on deposit. Interest will be paid while the payee is living. Sums of $500 or more may be withdrawn up to four times a year.

**Option 2. Specified Income.** We will pay a stated income amount until the proceeds, with interest on the unpaid balance, are used up. The income each year may not be less than 10% of the proceeds.

**Option 3. Income for Specified Period.** We will pay an income for a stated period, up to 30 years.

**Option 4. Life Income with Guaranteed Period.** We will pay an income for a guaranteed period and for the rest of the payee's life. The guaranteed period may be 10, 15 or 20 years.

**Option 5. Life Income without Guaranteed Period.** We will pay an income for the payee's lifetime. Payments will end at the death of the payee. However, if the payee dies within one year of the date of the settlement contract, payments will be continued to a contingent payee until 10 years from the date of the settlement contract.

**Option 6. Life Income with Installment Refund.** We will pay an income for a guaranteed period and for the rest of the payee's life. The guaranteed period is the period required for the sum of income payments to equal the proceeds applied.

**Option 7. Joint Life Income with 2/3 to Survivor.** We will pay an income while both payees are living. When one payee dies we will pay 2/3 of the income for the rest of the survivor's life. However, if one payee dies within one year from the date of the settlement contract, income will be paid to the survivor thereafter as if the survivor had chosen option 5 on the date of the settlement contract.

**Additional Option to Buy Single Premium Immediate Life Annuity at Reduced Rate.** If proceeds of at least $5,000 are applied under option 4, 5, 6 or 7, additional money may be used to buy a single premium immediate life annuity. The cost of this annuity will be 3 1/2% less than the then published rate. The monthly income from this annuity together with the monthly income from option 4, 5, 6 or 7 may not exceed 3 times the monthly income which could be bought solely by applying the policy proceeds. Written request must be made within 31 days from the date proceeds are payable.

(Continued on page 2)

## TABLE OF MINIMUM MONTHLY INCOME FOR FEMALE PAYEES
## UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

| OPTION 3 INCOME FOR SPECIFIED PERIOD | | AGE AT FIRST PAYMENT | OPTION 4 LIFE INCOME WITH GUARANTEED PERIOD | | | OPTION 5 LIFE INCOME WITHOUT GUARANTEED PERIOD | OPTION 6 LIFE INCOME WITH INSTALLMENT REFUND |
|---|---|---|---|---|---|---|---|
| Year | Income | | 10 Years | 16 Years | 20 Years | | |
| 1 | $84.47 | 5 and under | $2.72 | $2.72 | $2.72 | $2.72 | $2.79 |
| 2 | 42.86 | 6 | 2.73 | 2.73 | 2.73 | 2.73 | 2.79 |
| 3 | 28.99 | 7 | 2.74 | 2.74 | 2.74 | 2.74 | 2.79 |
| 4 | 22.06 | 8 | 2.76 | 2.75 | 2.75 | 2.75 | 2.79 |
| 5 | 17.91 | 9 | 2.76 | 2.76 | 2.76 | 2.76 | 2.79 |
| 6 | 15.14 | 10 | 2.77 | 2.77 | 2.77 | 2.77 | 2.79 |
| 7 | 13.16 | 11 | 2.78 | 2.78 | 2.78 | 2.78 | 2.79 |
| 8 | 11.68 | 12 | 2.79 | 2.79 | 2.79 | 2.79 | 2.79 |
| 9 | 10.53 | 13 | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 |
| 10 | 9.61 | 14 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| 11 | 8.86 | 15 | 2.82 | 2.82 | 2.82 | 2.82 | 2.82 |
| 12 | 8.24 | 16 | 2.83 | 2.83 | 2.83 | 2.83 | 2.83 |
| 13 | 7.71 | 17 | 2.85 | 2.85 | 2.84 | 2.85 | 2.84 |
| 14 | 7.26 | 18 | 2.86 | 2.86 | 2.86 | 2.86 | 2.86 |
| 15 | 6.87 | 19 | 2.87 | 2.87 | 2.87 | 2.87 | 2.86 |
| 16 | 6.53 | 20 | 2.89 | 2.89 | 2.89 | 2.89 | 2.88 |
| 17 | 6.23 | 21 | 2.90 | 2.90 | 2.90 | 2.90 | 2.80 |
| 18 | 5.96 | 22 | 2.92 | 2.92 | 2.92 | 2.92 | 2.91 |
| 19 | 5.73 | 23 | 2.93 | 2.93 | 2.93 | 2.93 | 2.93 |
| 20 | 5.51 | 24 | 2.96 | 2.95 | 2.95 | 2.95 | 2.95 |
| 21 | 5.32 | 25 | 2.97 | 2.97 | 2.96 | 2.97 | 2.96 |
| 22 | 5.15 | 26 | 2.98 | 2.98 | 2.98 | 2.98 | 2.98 |
| 23 | 4.99 | 27 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| 24 | 4.84 | 28 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 |
| 25 | 4.71 | 29 | 3.04 | 3.04 | 3.04 | 3.04 | 3.04 |
| 26 | 4.59 | 30 | 3.06 | 3.06 | 3.06 | 3.06 | 3.06 |
| 27 | 4.46 | 31 | 3.09 | 3.08 | 3.08 | 3.09 | 3.08 |
| 28 | 4.37 | 32 | 3.11 | 3.11 | 3.11 | 3.11 | 3.10 |
| 29 | 4.27 | 33 | 3.13 | 3.13 | 3.13 | 3.13 | 3.13 |
| 30 | 4.18 | 34 | 3.16 | 3.16 | 3.15 | 3.16 | 3.15 |
| | | 35 | 3.18 | 3.18 | 3.18 | 3.18 | 3.18 |
| | | 36 | 3.21 | 3.21 | 3.21 | 3.21 | 3.20 |
| | | 37 | 3.24 | 3.24 | 3.24 | 3.24 | 3.23 |
| | | 38 | 3.27 | 3.27 | 3.27 | 3.27 | 3.26 |
| | | 39 | 3.30 | 3.30 | 3.30 | 3.30 | 3.29 |
| | | 40 | 3.34 | 3.33 | 3.33 | 3.34 | 3.32 |
| | | 41 | 3.37 | 3.37 | 3.36 | 3.37 | 3.35 |
| | | 42 | 3.41 | 3.40 | 3.40 | 3.41 | 3.39 |
| | | 43 | 3.44 | 3.44 | 3.43 | 3.45 | 3.42 |
| | | 44 | 3.49 | 3.48 | 3.47 | 3.49 | 3.46 |
| | | 45 | 3.53 | 3.52 | 3.51 | 3.53 | 3.50 |
| | | 46 | 3.57 | 3.57 | 3.55 | 3.58 | 3.54 |
| | | 47 | 3.62 | 3.61 | 3.60 | 3.62 | 3.58 |
| | | 48 | 3.67 | 3.66 | 3.64 | 3.67 | 3.63 |
| | | 49 | 3.72 | 3.71 | 3.69 | 3.73 | 3.68 |
| | | 50 | 3.78 | 3.76 | 3.74 | 3.78 | 3.73 |
| | | 51 | 3.83 | 3.82 | 3.79 | 3.84 | 3.78 |
| | | 52 | 3.90 | 3.88 | 3.85 | 3.90 | 3.83 |
| | | 53 | 3.96 | 3.94 | 3.90 | 3.97 | 3.89 |
| | | 54 | 4.03 | 4.00 | 3.96 | 4.04 | 3.95 |
| | | 55 | 4.10 | 4.07 | 4.02 | 4.12 | 4.02 |
| | | 56 | 4.17 | 4.14 | 4.09 | 4.19 | 4.08 |
| | | 57 | 4.25 | 4.22 | 4.15 | 4.28 | 4.15 |
| | | 58 | 4.34 | 4.29 | 4.22 | 4.36 | 4.23 |
| | | 59 | 4.42 | 4.37 | 4.29 | 4.46 | 4.30 |
| | | 60 | 4.52 | 4.46 | 4.36 | 4.56 | 4.39 |
| | | 61 | 4.62 | 4.55 | 4.44 | 4.68 | 4.47 |
| | | 62 | 4.72 | 4.64 | 4.51 | 4.78 | 4.58 |
| | | 63 | 4.84 | 4.74 | 4.59 | 4.90 | 4.66 |
| | | 64 | 4.95 | 4.84 | 4.66 | 5.03 | 4.76 |
| | | 65 | 5.08 | 4.96 | 4.74 | 5.17 | 4.87 |
| | | 66 | 5.21 | 5.06 | 4.81 | 5.31 | 4.98 |
| | | 67 | 5.35 | 5.17 | 4.89 | 5.47 | 5.10 |
| | | 68 | 5.50 | 5.28 | 4.96 | 5.65 | 5.23 |
| | | 69 | 5.66 | 5.40 | 5.03 | 5.83 | 5.36 |
| | | 70 | 5.82 | 5.52 | 5.09 | 6.03 | 5.51 |
| | | 71 | 6.00 | 5.64 | 5.15 | 6.25 | 5.66 |
| | | 72 | 6.18 | 5.76 | 5.21 | 6.48 | 5.82 |
| | | 73 | 6.37 | 5.87 | 5.26 | 6.74 | 5.99 |
| | | 74 | 6.56 | 5.98 | 5.30 | 7.02 | 6.17 |
| | | 75 | 6.76 | 6.09 | 5.34 | 7.33 | 6.37 |
| | | 76 | 6.97 | 6.19 | 5.38 | 7.65 | 6.57 |
| | | 77 | 7.17 | 6.29 | 5.41 | 8.01 | 6.78 |
| | | 78 | 7.39 | 6.38 | 5.43 | 8.40 | 7.02 |
| | | 79 | 7.59 | 6.46 | 5.45 | 8.82 | 7.26 |
| | | 80 | 7.78 | 6.53 | 5.47 | 9.28 | 7.52 |
| | | 81 and over | 7.99 | 6.59 | 5.49 | 9.78 | 7.79 |

MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

## TABLE OF MINIMUM MONTHLY INCOME UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

### OPTION 7 — JOINT LIFE INCOME WITH TWO-THIRDS TO SURVIVOR

| Female | 40 | 45 | 50 | 55 | 60 | 65 | 70 | 75 | 80 |
|--------|------|------|------|------|------|------|------|------|------|
| **Male** | | | | | | | | | |
| 40 | $3.35 | $3.45 | $3.55 | $3.57 | $3.80 | $3.94 | $4.10 | $4.28 | $4.47 |
| 41 | 3.37 | 3.47 | 3.58 | 3.70 | 3.83 | 3.97 | 4.14 | 4.32 | 4.51 |
| 42 | 3.39 | 3.49 | 3.60 | 3.72 | 3.86 | 4.01 | 4.18 | 4.37 | 4.56 |
| 43 | 3.41 | 3.51 | 3.62 | 3.75 | 3.89 | 4.05 | 4.22 | 4.41 | 4.61 |
| 44 | 3.42 | 3.53 | 3.65 | 3.78 | 3.92 | 4.08 | 4.26 | 4.46 | 4.67 |
| 45 | 3.44 | 3.55 | 3.67 | 3.81 | 3.96 | 4.12 | 4.31 | 4.51 | 4.72 |
| 46 | 3.46 | 3.57 | 3.70 | 3.84 | 3.99 | 4.16 | 4.35 | 4.56 | 4.78 |
| 47 | 3.48 | 3.59 | 3.72 | 3.87 | 4.03 | 4.20 | 4.40 | 4.61 | 4.84 |
| 48 | 3.50 | 3.62 | 3.75 | 3.90 | 4.07 | 4.25 | 4.45 | 4.67 | 4.90 |
| 49 | 3.52 | 3.64 | 3.78 | 3.93 | 4.10 | 4.29 | 4.50 | 4.73 | 4.97 |
| 50 | 3.54 | 3.66 | 3.80 | 3.96 | 4.14 | 4.34 | 4.55 | 4.79 | 5.04 |
| 51 | 3.56 | 3.69 | 3.83 | 4.00 | 4.18 | 4.38 | 4.61 | 4.85 | 5.11 |
| 52 | 3.58 | 3.71 | 3.86 | 4.03 | 4.22 | 4.43 | 4.66 | 4.92 | 5.19 |
| 53 | 3.60 | 3.73 | 3.89 | 4.07 | 4.26 | 4.48 | 4.72 | 4.99 | 5.27 |
| 54 | 3.62 | 3.76 | 3.92 | 4.10 | 4.31 | 4.53 | 4.78 | 5.06 | 5.35 |
| 55 | 3.65 | 3.78 | 3.95 | 4.14 | 4.35 | 4.59 | 4.85 | 5.13 | 5.43 |
| 56 | 3.67 | 3.81 | 3.98 | 4.17 | 4.39 | 4.64 | 4.91 | 5.21 | 5.52 |
| 57 | 3.69 | 3.84 | 4.01 | 4.21 | 4.44 | 4.69 | 4.98 | 5.29 | 5.62 |
| 58 | 3.72 | 3.86 | 4.04 | 4.24 | 4.48 | 4.75 | 5.05 | 5.37 | 5.72 |
| 59 | 3.74 | 3.89 | 4.07 | 4.28 | 4.53 | 4.81 | 5.12 | 5.46 | 5.82 |
| 60 | 3.76 | 3.92 | 4.10 | 4.32 | 4.58 | 4.87 | 5.19 | 5.55 | 5.93 |
| 61 | 3.79 | 3.95 | 4.13 | 4.36 | 4.62 | 4.93 | 5.27 | 5.64 | 6.04 |
| 62 | 3.82 | 3.97 | 4.17 | 4.40 | 4.67 | 4.99 | 5.34 | 5.74 | 6.16 |
| 63 | 3.84 | 4.00 | 4.20 | 4.44 | 4.72 | 5.05 | 5.42 | 5.84 | 6.28 |
| 64 | 3.87 | 4.03 | 4.24 | 4.48 | 4.77 | 5.11 | 5.51 | 5.94 | 6.41 |
| 65 | 3.90 | 4.06 | 4.27 | 4.52 | 4.82 | 5.18 | 5.59 | 6.05 | 6.54 |
| 66 | 3.92 | 4.10 | 4.31 | 4.57 | 4.88 | 5.25 | 5.68 | 6.16 | 6.68 |
| 67 | 3.95 | 4.13 | 4.34 | 4.61 | 4.93 | 5.31 | 5.76 | 6.28 | 6.83 |
| 68 | 3.98 | 4.16 | 4.38 | 4.65 | 4.98 | 5.38 | 5.85 | 6.39 | 6.98 |
| 69 | 4.01 | 4.19 | 4.42 | 4.70 | 5.04 | 5.45 | 5.94 | 6.51 | 7.13 |
| 70 | 4.04 | 4.23 | 4.45 | 4.74 | 5.09 | 5.52 | 6.03 | 6.63 | 7.29 |
| 71 | 4.07 | 4.26 | 4.49 | 4.78 | 5.14 | 5.59 | 6.12 | 6.76 | 7.45 |
| 72 | 4.10 | 4.29 | 4.53 | 4.83 | 5.20 | 5.66 | 6.22 | 6.88 | 7.62 |
| 73 | 4.13 | 4.33 | 4.57 | 4.87 | 5.25 | 5.73 | 6.31 | 7.01 | 7.80 |
| 74 | 4.16 | 4.36 | 4.61 | 4.92 | 5.31 | 5.80 | 6.40 | 7.14 | 7.97 |
| 75 | 4.19 | 4.39 | 4.65 | 4.96 | 5.36 | 5.87 | 6.50 | 7.27 | 8.15 |
| 76 | 4.22 | 4.43 | 4.68 | 5.01 | 5.42 | 5.94 | 6.59 | 7.40 | 8.33 |
| 77 | 4.25 | 4.46 | 4.72 | 5.05 | 5.47 | 6.00 | 6.68 | 7.53 | 8.52 |
| 78 | 4.28 | 4.49 | 4.76 | 5.10 | 5.52 | 6.07 | 6.77 | 7.66 | 8.71 |
| 79 | 4.31 | 4.53 | 4.80 | 5.14 | 5.58 | 6.14 | 6.87 | 7.79 | 8.89 |
| 80 | 4.34 | 4.56 | 4.83 | 5.18 | 5.63 | 6.21 | 6.96 | 7.92 | 9.08 |

MINIMUM INCOME AMOUNTS FOR AGES NOT SHOWN AND MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

TABLE OF PREMIUMS AT THE CURRENT AND MAXIMUM RATES FOR THE FACE AMOUNT
AND PREMIUM CLASS OF THIS POLICY.

WE MAY CHANGE THE CURRENT PREMIUM IN ACCORDANCE WITH THE RIGHT TO CHANGE
PREMIUM PROVISION.

| POLICY YEAR | CURRENT ANNUAL LIFE INSURANCE PREMIUM | MAXIMUM ANNUAL LIFE INSURANCE PREMIUM |
|---|---|---|
| 1- 10 | 20,350.00 | 20,350.00 |
| 11 | 127,510.00 | 165,910.00 |
| 12 | 142,990.00 | 185,950.00 |
| 13 | 161,950.00 | 210,550.00 |
| 14 | 183,430.00 | 238,510.00 |
| 15 | 207,430.00 | 269,710.00 |
| 16 | 235,030.00 | 305,470.00 |
| 17 | 266,470.00 | 346,390.00 |
| 18 | 302,470.00 | 393,190.00 |
| 19 | 342,550.00 | 445,270.00 |
| 20 | 385,870.00 | 501,790.00 |
| 21 | 432,190.00 | 561,790.00 |
| 22 | 479,710.00 | 623,710.00 |
| 23 | 524,950.00 | 682,510.00 |
| 24 | 569,350.00 | 740,350.00 |
| 25 | 616,510.00 | 801,430.00 |
| 26 | 670,150.00 | 871,270.00 |
| 27 | 735,910.00 | 956,590.00 |
| 28 | 814,270.00 | 1,064,710.00 |
| 29 | 902,950.00 | 1,189,630.00 |
| 30 | 1,001,350.00 | 1,339,630.00 |
| 31 | 1,108,750.00 | 1,526,710.00 |
| 32 | 1,220,950.00 | 1,759,150.00 |
| 33 | 1,339,390.00 | 2,045,710.00 |
| 34 | 1,465,270.00 | 2,397,910.00 |
| 35 | 1,595,230.00 | 2,832,190.00 |
| 36 | 1,726,990.00 | 3,366,070.00 |
| 37 | 1,860,430.00 | 3,827,830.00 |
| 38 | 1,977,430.00 | 3,827,830.00 |
| 39 | 2,080,030.00 | 3,827,830.00 |
| 40 | 2,198,470.00 | 3,827,830.00 |
| 41 | 2,359,870.00 | 3,827,830.00 |
| 42 | 2,591,470.00 | 3,827,830.00 |
| 43 | 2,892,070.00 | 3,827,830.00 |
| 44 | 3,245,110.00 | 3,827,830.00 |
| 45 | 3,646,990.00 | 3,827,830.00 |

TABLE OF PREMIUMS AT THE CURRENT AND MAXIMUM RATES FOR THE FACE AMOUNT
AND PREMIUM CLASS OF THIS POLICY.   (CONTINUED)

| POLICY YEAR | CURRENT ANNUAL LIFE INSURANCE PREMIUM | MAXIMUM ANNUAL LIFE INSURANCE PREMIUM |
|---|---|---|
| 46 | 3,827,830.00 | 3,827,830.00 |
| 47 | 3,827,830.00 | 3,827,830.00 |
| 48 | 3,827,830.00 | 3,827,830.00 |
| 49 | 3,827,830.00 | 3,827,830.00 |
| 50 | 3,827,830.00 | 3,827,830.00 |
| 51 | 3,827,830.00 | 3,827,830.00 |

RENEWABLE LEVEL TERM LIFE POLICY -- INDETERMINATE PREMIUM
INSURANCE PAYABLE IN EVENT OF DEATH PRIOR TO EXPIRY DATE
PREMIUMS PAYABLE DURING TERM                          NO DIVIDENDS.

80-RCT 79-8                      2604663                    LAST PAGE