...
2:05-cv-02160-MPM-DGB    # 14-4    Page 1 of 12
2:05-cv-02160-MPM-DGB    # ( )   Page 1 of 12

E-FILED
Friday, 27 January, 2006 04:59:52 PM
Clerk, U.S. District Court, ILCD

E-FILED
Thursday, 01 September, 2005 08:35:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 05 CV 02160 |
| ) | |
| AMERICAN GENERAL LIFE INSURANCE ) | Honorable Chief Judge |
| COMPANY, ) | Michael P. McCuskey |
| ) | |
| Defendant. ) | |
| ) | |
| FIRST MID ILLINOIS BANK & TRUST, ) | |
| TUSCOLA FURNITURE GROUP, LLC, ) | |
| and JANKO FINANCIAL GROUP, LLC, ) | |
| ) | |
| Respondents in Discovery. ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COUNT I – BREACH OF CONTRACT

NOW COMES the Defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY, ("American General"), by and through its attorneys, for its answers and affirmative defenses to Plaintiff's Complaint, states as follows:

1. That Plaintiff, MARGARET J. STILWELL, is a resident of the State of Illinois.

**ANSWER:** Defendant admits the allegations in this paragraph upon information and belief.

2. That Defendant is an insurance company foreign to the State of Illinois, but doing business in Coles County, Illinois.

**ANSWER:** Defendant admits the allegations in this paragraph.

3. That JAMES E. STILWELL had a term life insurance policy (Policy No. 2604663) with the Defendant in the amount of $4,000,000.00. Attached hereto and identified herein as EXHIBIT A is the portion of the policy in Plaintiff's possession.

279184.1


EXHIBIT 13

2:05-cv-02160-MPM-DGB    #( )    Page 2 of 12



**ANSWER:** Defendant admits the allegations in this paragraph.

4. JAMES E. STILWELL passed away on May 2, 2003[sic]

**ANSWER:** Defendant admits the allegations in this paragraph upon information and belief.

5. That the original beneficiary under such policy was MARGARET J. STILWELL, his wife.

**ANSWER:** Defendant admits that Policy No. 2604663 (hereinafter "Policy") names Margaret Stilwell as 60% beneficiary, Jamie J. Stilwell as 10% beneficiary, Heidi J. Stilwell as 10% beneficiary, Megan Stilwell as 10% beneficiary, Haley Stilwell as 10% beneficiary.

6. That during his lifetime, JAMES E. STILWELL, made assignments from his insurance policy to several business creditors. He made an assignment to Citizens First National Bank (CFNB) in the amount of $1,500,000.00, an assignment to Tuscola National Bank (TNB) in the amount of $2,000,000.00, an assignment to Tuscola Furniture Group, LLC (TFG) in the amount of $250,000.00, as assignment to First Mid-Illinois Bank and Trust (First Mid) in the amount of $1,000,000.00, and two assignments to Janko Financial Group (JFG) in the amount of $2,000,000.00 cumulatively.

**ANSWER:** Defendant admits the allegations in this paragraph upon information and belief.

7. That the Defendant had knowledge of each and every assignment stated in the paragraph 4 and the terms thereof.

**ANSWER:** Defendant objects to the allegations set forth in paragraph 7 as vague and confusing because paragraph 4 does not reference any assignment. Defendant further objects to the use of the term "had knowledge" without reference to the time of such knowledge. Without waiving said objection, Defendant admits that JAMES E. STILWELL passed away on May 2, 2003 upon information and belief and it admits that it had knowledge of the assignments referenced in paragraph 6 during the time the claims for proceeds were submitted and processed.

8. That JFG released its assignments (amounting to $2,000,000.00 cumulatively) on or about November 28, 2000, and the Defendant had knowledge of such releases.

**ANSWER:** Defendant admits that on November 28, 2000 it received and recorded a form assignment document, executed by Lawrence Bianchi on behalf of JFG which purports to release

JFG's assignment in favor of "Tuscola Furniture Group, LLC." Answering further, the form document merely releases "the Assignment," and does not otherwise specify whether one or both of JFG's assignments were released in favor of Tuscola Furniture Group, LLC.

9. That upon the death of JAMES E. STILWELL, the Defendant was contractually obligated to pay out all amounts properly due on the aforementioned assignments and provide the original beneficiary, MARGARET STILWELL, with the remainder.

**ANSWER:** Defendant admits that, upon the death of the insured, it was contractually obligated to pay out on the Policy all amounts properly due on the assignments received and recorded by Defendant. Defendant further admits that it was contractually obligated to pay the remainder of the proceeds to Margaret Stilwell as 60% beneficiary, Jamie J. Stilwell as 10% beneficiary, Heidi J. Stilwell at 10% beneficiary, Megan Stilwell as 10% beneficiary, Haley Stilwell as 10% beneficiary of the Policy. Answering further, Defendant states that the Policy speaks for itself and it denies any allegation that could be construed contrary to the plain language of the Policy.

10. That upon the death of JAMES E. STILWELL, CFNB and TNB were each owed an amount in excess of their assignments, and the Defendant properly issued each a check for the full amount of their assignments ($2 million of CFNB and $1.5 million to TNB).

**ANSWER:** Defendant denies the allegations in this paragraph. Defendant however admits that it properly issued a check for the full amount of CFNB's assignment in the amount of $1.5 million and a check for the full amount of TNB's assignment of $2 million.

11. That upon the death of JAMES E. STILWELL, TFG and First Mid made a joint claim to the Defendant for $512,974.50 of the life insurance monies.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

12. That JAMES E. STILWELL never made a joint assignment to TFG and First Mid, and the Defendant had knowledge that no such joint assignment had ever been made.

3

279184.1

2:05-cv-02160-MPM-DGB   #    Page 4 of 12

**ANSWER:** Defendant admits that a joint assignment to Tuscola Furniture Group and First Mid-Illinois Bank and Trust was never filed or recorded by Defendant.

13. That because JAMES E. STILWELL never made a joint assignment to TFG and First Mid, TFG and First Mid had not right to pool their assignments and bring a joint claim for insurance monies.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

14. That First Mid was only owed $81,000.00 as of the date of JAMES E. STILWELL'S death, and the Defendant was contractually obligated to pay First Mid this amount and nothing more.

**ANSWER:** Defendant denies the allegations contained in this paragraph. Answering further, Defendant admits that it received verified claim submissions from First Mid and TFG demonstrating that the amount due to First Mid and TFG was, $512,974.50, that TFG had assumed JFG's original assignment of $2 million, and that pursuant to the parties' consignment agreement, the proceeds from the assignment were to benefit both First Mid and TFG. These submissions were executed by officers of First Mid, TFG and JFG. Further answering, Defendant admits that First Mid and TFG purported to have held valid assignments in excess of the claimed amount. Defendant denies any allegations contained in this paragraph contrary to the above.

15. That TFG claims it was owed in excess of $250,000.00 as of the date of JAMES E. STILWELL'S death, and the Defendant was contractually obligated to pay only the amount properly owed TFG up and $250,000.00, and nothing more.

**ANSWER:** Defendant denies the allegations contained in this paragraph. Answering further, Defendant admits that it received verified claim submissions from First Mid and TFG indicating that the amount due to First Mid and TFG was, $512,974.50, that TFG assumed JFG's original assignment of $2 million, and, thus, held a total assignment of $2,250,000 that pursuant to the parties' consignment agreement, the life proceeds were intended to jointly benefit First Mid and

TFG. Defendant admits that these claim submissions were executed by officers of First Mid, TFG and JFG. Further answering, Defendant admits that First Mid and TFG purported to have held valid assignments in excess of the claimed amount. Defendant denies any allegations contained in this paragraph contrary to the above.

16. That defendant improperly paid TFG's claim resulting in an overpayment TFG was not due.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

17. That Defendant was contractually obligated to pay MARGARET STILWELL that amount which Defendant improperly paid to TFG.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

18. That despite its knowledge that TFG and First Mid had never received a joint assignment from JAMES E. STILWELL, the Defendant improperly paid the joint claim ($512,974.50) made by TFG and First Mid, thus breaching its contract with the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

19. That because the Defendant failed to perform its contractual obligation to make proper payments on the aforementioned assignments, MARGARET STILWELL failed to receive monies due her as beneficiary of the life insurance policy.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, American General requests that this Court enter a judgment in favor of American General and against Plaintiff, and that this Court award American General such further relief and other relief as this Court deems just and equitable including but not limited to an award to American General of its reasonable attorneys' fees and costs.

## COUNT II

American General restates and re-alleges its answers to paragraphs 1 through 19 of Plaintiff's Complaint.

1. Plaintiff believes that the above named entities have information essential to the determination of who should properly be named as additional Defendants in this action.

279184.1

5

**ANSWER:** Defendant makes no answer to the allegations contained in Count II of Plaintiff's Complaint as the allegations are not directed to Defendant.

WHEREFORE, American General requests that this Court enter a judgment in favor of American General and against Plaintiff, and that this Court award American General such further relief and other relief as this Court deems just and equitable including but not limited to an award to American General of its reasonable attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

American General restates and realleges its answers to paragraphs 1 through 19 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

1. The Old Line Life Insurance Company of America, a subsidiary of American General, issued Policy No. 2604663 ("the Policy") to James Stilwell, with a face amount of $4,000,000.

2. Margaret Stilwell was the owner of the Policy.

3. The Policy listed as beneficiaries for benefits payable upon death of the insurer: Margaret Stilwell as the primary beneficiary relationship wife for 60%, Jamie J. Stilwell 10%, Heidi J. Stilwell 10%, Megan Stilwell 10% and Haley Stilwell 10%.

4. Margaret and James Stilwell made several assignments to various business creditors.

5. On November 28, 2000, American general received and recorded a form assignment document executed by JFG in favor of TFG.

6. In addition, on November 28, 2000, American General received and recorded two additional form assignment documents executed by Margaret Stilwell. One of these assignment

6

279184.1

documents was for $250,000.00 in favor of TFG and the other was in favor of First Mid for $1,000,000.

7. James Stillwell died on May 2, 2003.

8. Upon the insured's death, American General requested verification from each of the assignees confirming the validity of each assignment and the outstanding balance of each entity's loan.

9. On May 12, 2003, American General received a verification from First Mid indicating that TFG and First Mid were making a joint application on the collateral assignments they had received to secure the insured's obligations under a consignment agreement dated November 17, 2000 between TFG and the insured acting as Amish Land Country Village, Inc.

10. In addition, First Mid verified that the total amount owed by Amish Land Country Village, Inc., guaranteed by the insured, was $512,974.50. The verification was executed by an officer of both entities.

11. American received a second separate letter dated May 12, 2003 from an officer acting on behalf of both TFG and JFG which corroborated the content of First Mid's letter of May 12, 2003 and contained a signed acknowledgment by First-Mid's president.

12. In addition, on May 28, 2003 TFG verified that the total assignments it received under the Policy, which remained valid and outstanding, were $2,250,000 and that the total amount of assignments to TFG and First Mid were $3,250,000 and it identified the assignments as dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, November 21, 2000 for $250,000 and January 11, 2001 for $1,000,000.

13. American general questioned JFG's assignment release and in response JFG provided a detailed chronology, which confirmed that JFG had, in fact, released its $2,000,000

assignment in favor of TFG as part of an assumption agreement between TFG and its parent company JFG.

14. In addition, JFG explained that certain of the assignments were based on a November 17, 2000 consignment agreement between TFG and Amish Land Country Village, Inc., guaranteed personally by James and Margaret Stilwell and that the parties' agreement required that TFG and First Mid be jointly beneficiaries to the life insurance policy in an amount of at least $1,250,000.00. In addition, the consignment agreement required that the life insurance proceeds be used first to pay First Mid for the amount TFG owed TFG, then to TFG for all Amish Furniture owned by TFG, and that any excess life insurance proceeds be paid to the Estate of James Stillwell.

15. Based on these verifications, American General paid TFG and First Mid in the amount of $512,974.50 by check dated June 26, 2003.

16. Included with a letter dated July 10, 2003, American General paid Plaintiff, Margaret Stillwell, her 60% share of the remaining proceeds in the amount of $25,354.98 by check.

17. By four separate checks and included with a letter dated August 4, 2003, American General paid the remaining four named beneficiaries each the amount of $4,225.83.

18. American General fully paid $4,055,232.80, representing the face amount of the Policy and interest.

19. American General undertook a full and fair investigation of the claims and determined that the above amounts were properly payable.

279184.1

## FIRST AFFIRMATIVE DEFENSE

1-19. American General incorporates by reference paragraphs 1 through 19 above as and for paragraghs 1 though 19 of its first affirmative defense.

20. American General's payment to TFG and First Mid in the amount of $512,974.50 was not the proximate cause of any damages to Plaintiff because TFG's assignment was not limited to $250,000.00 but instead totaled $2,250,000.00.

21. Accordingly, the payment made was not in excess of the assignment and Plaintiff suffered no damages by the payment of a joint claim.

WHEREFORE, American General requests that this Court enter a judgment in favor of American General and against Plaintiff, and that this Court award American General such further relief and other relief as this Court deems just and equitable including but not limited to an award to American General of its reasonable attorneys' fees and costs.

## SECOND AFFIRMATIVE DEFENSE

1-19. American General incorporates by reference paragraphs 1 through 19 above as and for paragraghs 1 though 19 of its first affirmative defense.

20. TFG's and First Mid's claim was properly made and considered based on the parties' express intent under the consignment agreement, which required that TFG and First Mid be jointly beneficiaries to the life insurance policy in an amount of at least $1,250,000.00 and that the life insurance proceeds be used first to pay First Mid for the amount TFG owed TFG, then to TFG for all Amish Furniture owned by TFG, and that any excess life insurance proceeds be paid to the Estate of James Stillwell.

21. The insured owed an obligation to TFG and First Mid jointly based on the consignment agreement.

22. Accordingly, American General properly paid the claim based on the intent of the insured and the creditors as expressed in the consignment agreement.

WHEREFORE, American General requests that this Court enter a judgment in favor of American General and against Plaintiff, and that this Court award American General such further relief and other relief as this Court deems just and equitable including but not limited to an award to American General of its reasonable attorneys' fees and costs.

### THIRD AFFIRMATIVE DEFENSE

1-19. American General incorporates by reference paragraphs 1 through 19 above as and for paragraghs 1 though 19 of its first affirmative defense.

20. The Policy provides that American General is not responsible for the validity of an assignment and that the rights of the owner and any revocable beneficiary are subject to the rights of any assignee on record with the American General.

21. American General verified the validity of the assignments prior to payment.

22. Recovery by Plaintiff is barred by the terms, conditions, endorsements and exclusions of the Policy.

WHEREFORE, American General requests that this Court enter a judgment in favor of American General and against Plaintiff, and that this Court award American General such further relief and other relief as this Court deems just and equitable including but not limited to an award to American General of its reasonable attorneys' fees and costs.

THE AMERICAN GENERAL LIFE
INSURANCE COMPANY

By: /s/ Cinthia G. Motley
Cinthia G. Motley

279184.1

Daniel J. McMahon<br>
Rebecca M. Rothmann<br>
WILSON, ELSER, MOSKOWITZ,<br>
EDELMAN & DICKER LLP<br>
120 North LaSalle Street, Suite 2600<br>
Chicago, Illinois 60602<br>
Tel: (312) 704-0550<br>
Fax: (312) 704-1522<br>
motleyc@wemed.com

279184.1

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by U.S. Mail, postage fully paid, this 1st day of September, 2005, to the following:

Jason M. Crowder
Heller, Holmes & Associates, P.C.
1101 Broadway Ave., P.O. Box 889
Mattoon, IL 61938
crowderjason@hotmail.com

/s/ Cinthia G. Motley
Cinthia G. Motley
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER, LLP
120 N. LaSalle Street, Suite 2600
Chicago, Illinois 60602
TEL: 312-704-0550
FAX: 312-0704-1522
motleyc@wemed.com

279184.1