IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> )    05 CV 02160 <br> AMERICAN GENERAL LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants ) <br> _____) <br> AMERICAN GENERAL LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br> Third-Party Plaintiffs ) <br> ) <br> v. ) <br> ) <br> FIRST MID-ILLINOIS BANK & TRUST, ) <br> TUSCOLA FURNITURE GROUP, LLC, ) <br> And JANKO FINANCIAL GROUP, LLC, ) <br> ) <br> Third Party Defendants ) | |

### **OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

NOW COMES the Third Party Defendant First Mid-Illinois Bank & Trust (hereinafter referred to as "First Mid") by its attorneys Heavner, Scott, Beyers, and Mihlar and for its Objection to the Report and Recommendation of the Magistrate on the Motion to Dismiss Third Party Complaint states as follows:

The core allegation of each count of the Third Party Complaint is that the Third Party Defendants made various misrepresentations when they submitted their joint claim for payment under the subject insurance policy. Specifically, AGF's claims center on a

certain assignment of the proceeds of the insurance policy originally made in favor of JFG and which was later released in favor of TFG. AGF claims that in making the joint claim, Third Party Defendants misrepresented that the release of JFG's assignments in favor of TFG properly assigned JFG's interest in the policy proceeds to TFG. Third Party Defendants claim that they disclosed all facts and circumstances upon which their claim was based, and thus, AGF cannot allege any facts that would sustain a cause of action against said Defendants.

Focusing in even further on the real issue at hand, the underlying cause of action revolves around whether the release by JFG "in favor of TFG" as shown in Exhibit #4 to the Third Party Complaint legally assigned JFG's rights in the policy at issue to TFG. The issue at hand with respect to the Third Party Complaint is whether all facts were provided to AGF in order for it to make that determination. There is no question that whether the document attached as Exhibit #4 to the Third Party Complaint constituted a valid assignment of the subject policies to JFG is a question of law.

The record is devoid of any allegation that Third Party Defendants lied or misrepresented the contents of the release of the assignment in favor of TFG as shown on Exhibit #4. AGF had an unaltered copy of the document at the time it made its coverage decision, and it was free to make its own legal determination concerning the effect and validity of same.

The Magistrate, in his Report and Recommendation, rejects the Third Party Defendants' argument that any problem with the payments to the Third Party Defendants was due to AGF's mistaken legal interpretation of the documents submitted, and thus AGF has no cause of action with respect to the payments made. In rejecting the Third

Party Defendants' arguments, particularly with respect to the application of the voluntary payment doctrine, the Courts found that this case is much more analogous to the facts set forth in the ***Hartford Accident & Indemnity Company v. Chicago Housing Authority*** **12 F.3d 92 (7th Cir. 1993)** and ***Illinois Graphics v. Nickum*** **639 N.E.2d 1282 (Ill. 1994).** In both of these cases, the Court found that the insurance companies' payments were made based on mistaken facts, and thus, the voluntary payment doctrine did not preclude the insurance company from recouping monies paid based on those mistaken facts.

In *CHA* the Defendant represented that its claims exceeded certain policy limits and that they were entitled to collect excess insurance. In *Illinois Graphics* a claimant's motion to dismiss an insurer's complaint to recover TTD benefits paid was denied as the Court noted that the employees' claims that her injury was work related were unsubstantiated. In both cases, the claimants' misrepresented the facts upon which their claims were based, (i.e. that claims exceeded certain policy limits and that an injury was work related) not the legal effect of those facts.

In the case at hand, all facts were properly represented, the only question is whether the release "in favor of TFG" is valid. The document at issue was before AGF at the time it made its decision to pay under the policy and thus, AGF had a full opportunity to have its adjustors and in-house counsel review and determine the effect of the document. If the Court's interpretation of the facts in this cause is accepted, it would essentially negate the claims process and would place all liability for a mistaken payment on the claimant, even if all relevant facts and documents have been provided. This is exactly what the voluntary payment doctrine seeks to avoid, and thus, First Mid respectfully objects to the Report and Recommendation.

Additionally First Mid asserts that even if the Court rejects the objections noted above, First Mid must still be dismissed from this cause. The record is clear that all specifics concerning the release of the assignment in favor of TFG were made by Lawrence Bianchi on behalf of TFG and JFG. Thus, at the very least, this Court must reconsider its Memorandum and Decision as to First Mid.

WHEREFORE, First Mid-Illinois Bank & Trust prays that this Court uphold the objections noted herein, and prays that the Court dismiss the Third Party Complaint, with prejudice.

                              FIRST MID-ILLINOIS BANK & TRUST,
                        BY  /s/   Richard L. Heavner
                              RICHARD L. HEAVNER

HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL 62525
(217)-422-1719; (217)-422-1719 (Fascimile)

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system and that service was made electronically to the parties as indicated on that system.

Jason Crowder
Heller Holmes & Associates PC
crowderjason@hotmail.com

Timothy J. Howard
Howard & Howard Attorneys PC
toward@howardandhoward.com

Jason M. Kuzniar
Wilson Elser Moskowitz Edelman & Dicker LLP
Jason.Kuzniar@wilsonelser.com

Daniel J. McMahon
Wilson Elser Moskowitz Edelman & Dicker LLP
Daniel.mcmahon@wilsonelser.com

Cinthia G. Motley
Wilson Elser Moskowitz Edelman & Dicker LLP
cinthia.motley@wilsonelser.com

Rebecca M. Rothmann
Wilson Elser Moskowitz Edelman & Dicker LLP
Rebecca.rothmann@wilsonelser.com


Michael S. Seneca
mseneca@howardandhoward.com
lforney@howardandhoward.com


                                              /s/        Richard L. Heavner
                                                             Richard L. Heavner

HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL 62525
(217)-422-1719
(217) 422-1754 (Facsimile)