**E-FILED**
Tuesday, 01 August, 2006  05:00:01 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 05 CV 02160 |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST MID ILLINOIS BANK & TRUST, | ) | |
| TUSCOLA FURNITURE GROUP, LLC, | ) | |
| And JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Third Party Defendants | ) | |

**ANSWER OF THIRD PARTY DEFENDANT, FIRST MID ILLINOIS BANK &
TRUST, TO THIRD PARTY COMPLAINT**

NOW COMES Third Party Defendant, First Mid-Illinois Bank & Trust,

(hereinafter referred to as First Mid) by its attorneys, Heavner, Scott, Beyers & Mihlar,

and for its Answer to the Third Party Complaint of American General Life Insurance

Company, states as follows:

1.  First Mid is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph one of the Third Party Complaint.

2.  First Mid admits the allegations set forth in paragraph two of the Third Party

Complaint.

3.  First Mid admits the allegations of paragraph 3 of the Third Party Complaint.

4.  First Mid admits the allegations of paragraph 4 of the Third Party Complaint.

## FACTUAL BACKGROUND

5.  First Mid admits that on October 27, 1998, the Old Line Life Insurance Company of America issued Policy No. 2604663 to James Stilwell with a face amount of $4,000,000.00.  First Mid is without knowledge or information sufficient to form a belief as to the truth of whether Old Line Life Insurance Company is a subsidiary of American General and whether a true and correct copy of the Policy is attached at Exhibit 1.

6.  First Mid admits the allegations set forth in paragraph six of the Third Party Complaint.

7.  First Mid admits the allegations set forth in paragraph seven of the Third Party Complaint.

8.  First Mid admits that the policy allowed the policy holder to make third party assignments and states that the language of the policy speaks for itself.

9.  First Mid admits the allegations contained at paragraph nine of the Third Party Complaint.

10.  First Mid is without sufficient knowledge or information sufficient to form a belief as to the truth of whether the assignment was received by American General on or about May 14, 2000.  First Mid admits that American General forwarded correspondence to JFG which confirmed the receipt, endorsement and recording of the assignment as part of the policy records.

11.  First Mid admits the allegations contained at paragraph eleven of the Third

Party Complaint.

12.    First Mid is without knowledge or information sufficient to form a belief as to the truth of whether the assignment to JFG was received on or about October 2, 2000. First Mid admits that American General forwarded correspondence to JFG which confirmed the receipt, endorsement and recording of the assignment as part of the policy records.

13.    First Mid admits that on November 28, 2000, Lawrence Bianchi executed a form assignment document on behalf of JFG, evidencing a evidencing a release of the assignments "in favor of Tuscola Furniture Group" ("TFG.") First Mid admits that a true and correct copy of the assignment release in favor of TFG is attached as Exhibit 4.

14.    First Mid is without sufficient knowledge or information sufficient to form a belief as to the truth of whether American General received and recorded the release of assignments by JFG on December 1, 2000. First Mid admits that American General forwarded correspondence to JFG which confirmed the receipt, endorsement and recording of the release of assignment as part of the policy records.

15. First Mid admits the allegations contained at paragraph fifteen of the Third Party Complaint.

16.    First Mid is without knowledge or information sufficient to form a belief as to the truth of whether American General received the assignment to TFG on or about December 1, 2000. First Mid admits that American General forwarded correspondence to TFG which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records.

17. First Mid admits the allegations set forth at paragraph 17 of the Third Party Complaint.

18.    First Mid is without knowledge or information sufficient to form a belief as to whether American General received the assignment to First Mid in the amount of $1,000,000.00 on or about January 29, 2001. First Mid denies that correspondence was forwarded to JFG which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records, and rather states that American General forwarded correspondence which confirmed the receipt, endorsement, and recording of the assignment as part of the policy records to First Mid.

19. First Mid admits the allegations contained in paragraph 19 of the Third Party Complaint.

20. First Mid admits the allegations contained in paragraph 20 of the Third Party Complaint.

21. First Mid admits that it submitted a completed claim form to American General, but denies that the claim form was submitted on behalf of TFG and JFG. First Mid further admits that with its claim form, it submitted a copy of the assignment form executed on January 11, 2001, by Margaret Stilwell in favor of First Mid for $1,000,000.00. First Mid additionally admits that it sent a cover letter, but states that said letter, attached to the Third Party Complaint as Exhibit 7, speaks for itself and that the paragraphs quoted in the Third Party Complaint are mere excerpts from said correspondence. First Mid admits that the letter was signed by Thomas J. Chamberlain for the Bank and Lawrence Bianchi on behalf of both TFG and JFG. First Mid denies

that Exhibit 7 is a true and complete copy of the Bank's May 12, 2003, correspondence and attachments.

22. First Mid admits that on May 12, 2003, Lawrence Bianchi, acting as authorized representative of both TFG and JFG forwarded separate correspondence to American General along with a completed claim form on behalf of TFG and JFG. First Mid states, with respect to the remaining allegations of paragraph 22, that the documents attached to the Third Party Complaint as Exhibit 8, speak for themselves.

23. First Mid admits the allegations set forth in paragraph 23 of the Third Party Complaint.

24. First Mid admits that Thomas Chamberlain also executed the May 12, 2003, correspondence, and with respect to the remaining allegations of said paragraph, First Mid states that the May 12, 2003 correspondence, attached as Exhibit 8, speaks for itself.

25. First Mid states that it does not have information sufficient to form a belief as to whether a true and correct copy of the May 12, 2003 correspondence and attachments sent to American General by TFG and JFG in support of the claim are attached at Exhibit 8.

26. First Mid admits the allegations of paragraph twenty-six of the Third Party Complaint.

27. First Mid admits the allegations of paragraph twenty-seven of the Third Party Complaint.

28. First Mid admits that Mr. Bianchi, on behalf of both TFG and JFG, sent correspondence dated June 11, 2003, to American General, however, First Mid is without knowledge or information sufficient to form a belief as to the truth of whether said letter

was received by American General on June 11, 2003. First Mid admits that a true and correct copy of the June 11, 2003 correspondence is attached as Exhibit 10.

29.  First Mid admits that on June 25, 2003, TFG and JFG forwarded to American General, a formal authorization for Bianchi to act as signatory for JFG and TFG for the purpose of releasing all assignments pertaining to Claim No. 03D00890LL and that a true and correct copy of said authorization is attached as Exhibit 11.  As to all other allegations of said paragraph, First Mid states that Exhibit 11 speaks for itself.

30.  First Mid admits that the assignment and assumption agreement dated 16 November 2000 between JFG and TFG, the consignment agreement dated November 17, 2000 between TFG and Amish Land Country Village, Inc., and an addendum to JFG's operating agreement dated January 1, 2002,  were submitted to American General, however, First Mid denies that it submitted said documents.  First Mid is without knowledge or information sufficient to form a belief as to the truth of the statement that documentation including but not limited to the documentation specifically listed in said paragraph was submitted to support the joint claim.

31.  First Mid admits the allegations set forth in paragraph thirty-one of the Third Party Complaint.

32.  First Mid admits the allegations set forth in paragraph thirty-two of the Third Party Complaint.

33.  First Mid admits that on June 26, 2003, American General issued a check made payable to Tuscola Furniture Group and First Mid Illinois Bank & Trust in the amount of $512,974.50 in full satisfaction of the outstanding assignments.  First Mid is

6

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph thirty-three, and therefore denies.

34. First Mid admits that on June 26, 2003, Margaret Stilwell filed a Complaint against American General and that a copy of the Complaint is attached as Exhibit 12. With respect to the remaining allegations contained in paragraph thirty-four, First Mid states that Exhibit 12 speaks for itself.

35. With respect to the allegations contained at paragraph thirty-five, First Mid states that Exhibit 12 speaks for itself.

36. First Mid admits the allegations contained at paragraph thirty-six of the Third Party Complaint.

**COUNT I**
**CONSTRUCTIVE TRUST OR EQUITABLE LIEN (FRAUD)**

1-36. First Mid repeats and realleges paragraphs 1-36 of its Answer to the Third Party Complaint as and for paragraphs 1-36 of its Answer to Count I as if fully set forth herein.

37. First Mid denies that in its respective proof of claim, it represented to American General that (1) JFG released its assignments amounting to $2,000,000 in favor of TFG and, thus, transferred those rights under the Assignment to TFG pursuant to the agreement dated November 16, 2000, between JFG and TFG and the release of assignment dated November 20, 2000 submitted to American General; and (2) the outstanding life insurance assignments they received from Plaintiff on the Policy in satisfaction of the requirements of the parties' consignment agreements dated April 16, 1999 and November 17, 2000 totaled at least $3,000,000.00.

38. First Mid denies the allegations of paragraph thirty-eight of Count I of the

Third Party Complaint.

39. First Mid is without knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph thirty-nine of Count I of the Third Party Complaint, and therefore denies.

40. First Mid admits that American General denies that the payment of the joint claim was improper and First Mid denies the remaining allegations of paragraph forty of Count I of the Third Party Complaint.

41. First Mid admits that American General denies liability and First Mid denies the remaining allegations of paragraph forty-one of Count I of the Third Party Complaint.

42. First Mid admits that American General denies liability and First Mid denies the remaining allegations set forth at paragraph forty-two of Count I of the Third Party Complaint.

WHEREFORE, the Third Party Defendant, First Mid-Illinois Bank & Trust, prays that if this Court enters judgment against American General Life Insurance Company and in favor of the Plaintiffs, that the Court additionally enter judgment in favor of First Mid-Illinois Bank and Trust and against the Third Party Plaintiff on Count I of its Third Party Complaint. First Mid additionally requests that this Court grant First Mid such other and further relief as this Court deems just and equitable.

## COUNT II

## CONSTRUCTIVE TRUST OR EQUITABLE LIEN BASED (MISTAKE)

1-36. First Mid repeats and realleges its Answers to paragraphs 1-36 of the Third

Party Complaint as and for its Answer to paragraphs 1-36 of Count II as though fully set forth herein.

37.  First Mid denies that in its respective proof of claim, it represented to American General that (1) JFG released its assignments amounting to $2,000,000 in favor of TFG and, thus, transferred those rights under the Assignment to TFG pursuant to the agreement dated November 16, 2000, between JFG and TFG and the release of assignment dated November 20, 2000 submitted to American General; and (2) the outstanding life insurance assignments they received from Plaintiff on the Policy in satisfaction of the requirements of the parties' consignment agreements dated April 16, 1999 and November 17, 2000 totaled at least $3,000,000.00.

38.  First Mid denies the allegations contained in paragraph thirty-eight of Count II of the Third Party Complaint.

39. First Mid is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph thirty-nine of Count II of the Third Party Complaint and therefore denies.

40. First Mid admits that American General denies that the payment of the joint claim was improper and First Mid denies the remaining allegations of paragraph forty of Count II.

41. First Mid admits that American General denies liability and First Mid denies the remaining allegations of paragraph forty-one of Count II.

42. First Mid admits that American General denies liability and First Mid denies the remaining allegations of paragraph forty-two of Count II the Third Party Complaint.

WHEREFORE, the Third Party Defendant, First Mid-Illinois Bank & Trust prays that if this Court enters judgment against American General Life Insurance Company and in favor of the Plaintiff, that judgment also be entered in favor of First Mid-Illinois Bank & Trust and against the Third Party Plaintiff on Count II of the Third Party Complaint. First Mid additionally requests that this Court grant First Mid such other and further relief as this Court deems just and equitable.

**COUNT III**
**RESTITUTION/UNJUST ENRICHMENT (FRAUD)**

1-42.    First Mid repeats and realleges paragraphs 1-42 of its Answer to Count I as and for paragraphs 1-42 of its Answer to Count III as if fully set forth herein.

43. First Mid denies the allegations set forth in paragraph forty-three of Count III of the Third Party Complaint.

44. First Mid denies the allegations of paragraph forty-four of Count III of the Third Party Complaint.

45. First Mid admits that American General denies liability and First Mid denies the remaining allegations of paragraph forty-five of Count III of the Third Party Complaint.

WHEREFORE, the Third Party Defendant, First Mid-Illinois Bank & Trust prays that if this Court enters judgment against American General and in favor of the Plaintiff, that judgment also be entered in favor of First Mid and against the Third Party Plaintiff on Count III of the Third Party Complaint.  First Mid additionally requests that this Court provide First mid such other and further relief as this Court deems just and equitable.

## COUNT IV
## RESTITUTION /UNJUST ENRICHMENT (MISTAKE)

1-42.   First Mid repeats and realleges paragraphs 1-42 of its Answer to Count II, as and for paragraphs 1-42 of its Answer to Count IV, as if fully set forth herein.

43. First Mid denies the allegations of paragraph forty-three of Count IV of the Third Party Complaint.

44. First Mid denies the allegations of paragraph forty-four of Count IV of the Third Party Complaint.

45.  First Mid admits that American General denies liability and First Mid denies the remaining allegations of paragraph forty-five of Count IV of the Third Party Complaint.

WHEREFORE, the Third Party Defendant, First Mid prays that if this Court enters judgment against American General and in favor of Plaintiffs, that judgment also be entered in favor of First Mid and against the Third Party Plaintiff on Count IV of the Third Party Complaint.  First Mid additionally requests that this Court provide First Mid such other and further relief as this Court deems just and equitable.

## COUNT V
## CONRIBUTION

1-42. First Mid repeats and realleges paragraphs 1-42 of its Answer to Count I as and for its Answer to paragraphs 1-42 of Count V as if fully set forth herein.

43. First Mid denies the allegations set forth at paragraph forty-three of Count V of the Third Party Complaint.

44.  First Mid makes no answer to paragraph forty-four of Count V of the Third

Party Complaint as it states mere legal conclusions.

45. First Mid denies the allegations contained in paragraph forty-five of Count V of the Third Party Complaint.

WHEREFORE, the Third Party Defendant, First Mid-Illinois Bank & Trust prays that if this Court enters judgment against American General Life Insurance Company and in favor of the Plaintiffs, that judgment also be entered in favor of First Mid and against the Third Party Plaintiff on Count V of the Third Party Complaint. First Mid additionally requests that this Court grant such other and further relief as this Court deems just and equitable.

## COUNT VI

## IMPLIED INDEMNITY

1-42. First Mid repeats and realleges its Answer to Paragraphs 1-42 of Count I as and for its Answer to Paragraphs 1-42 of Count VI as if fully set forth herein.

43. First Mid states that the Plaintiff's Complaint speaks for itself and to the extent the Third Party Plaintiff's statement varies from said allegations, First Mid denies.

44. First Mid states that the allegations contained in paragraph 44 of Count VI constitute improper legal conclusions and First Mid denies.

45. First Mid states that the allegations contained in paragraph 45 of Count VI constitute improper legal conclusions and First Mid denies.

46. First Mid admits the allegations set forth at paragraph forty-six of Count VI of the Third Party Complaint.

47. First Mid admits that it submitted the required form claimant's statement, a cover letter, and a copy of its assignment and the verification of said assignment. As to

the remaining allegations set forth at paragraph forty-seven of Count VI of the Third

Party Complaint, First Mid states that it does not have knowledge or information

sufficient to form a belief as to the truth of same and therefore denies.

48.  First Mid is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth at paragraph forty-eight of Count VI of the Third

Party Complaint, and therefore First Mid denies the allegations contained in paragraph

forty-eight of Count VI of the Third Party Complaint.

49.  First Mid states that the allegations set forth at paragraph forty-nine of Count

VI constitute improper legal conclusions and  First Mid denies the allegations contained

at paragraph forty-nine of Count VI of the Third Party Complaint.

50.  First Mid denies the allegations set forth at paragraph fifty of Count VI the

Third Party Complaint.

51.  First Mid admits that American General denies liability, and denies the

remaining allegations contained in paragraph fifty-one of Count VI of the Third Party

Complaint.

WHEREFORE, the Third Party Defendant, First Mid Illinois Bank & Trust, prays

that if this Court enters judgment against American General Life Insurance Company and

in favor of the Plaintiffs, that this Court also enter judgment in favor of First Mid-Illinois

Bank & Trust and against the Third Party Plaintiff on Count VI of the Third Party

Complaint.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CAUSE OF ACTION FOR IMPLIED INDEMNITY

NOW COMES Third Party Defendant, First Mid Illinois Bank and Trust,

and for its First Affirmative Defense to the Third Party Complaint, states as follows:

1.  Count VI of the Third Party Complaint seeks to state a cause of action for Implied Indemnity.

2.  In Count VI, the Third Party Plaintiff seeks indemnity based on allegations that any damages sustained by Plaintiff are the fault of the Third Party Defendants rather than the Third Party Plaintiff.

3.  Illinois no longer recognizes a cause of action for indemnity based on active/passive negligence.

4.  Implied Indemnity no longer exists in Illinois, except with respect to quasi-contractual relationships involving vicarious liability.

5.  The Third Party Plaintiff has failed to allege and cannot allege any facts upon which a claim for implied indemnity based on a quasi-contractual relationship involving vicarious liability can be founded.

6.  Based on the foregoing, Count VI fails to state a cause of action upon which relief can be granted.

WHEREFORE, the Third Party Defendant, First Mid-Illinois Bank and Trust, prays that this Court deny the relief requested in the Third Party Complaint, and prays for such other and further relief as this Court deems just and equitable.

## SECOND AFFIRMATIVE DEFENSE – FIRST MID NOT UNJUSTLY ENRICHED

NOW COMES the Third Party Defendant, First Mid-Illinois Bank & Trust, and for its Second Affirmative Defense to the Third Party Complaint, states as follows:

1.  In Counts III and IV of the Third Party Complaint the Third Party Plaintiff

14

claims that if American General is found liable to Plaintiff based on the payment of the claim submitted by TFG and First Mid-Illinois Bank & Trust, then TFG, JFG and First Mid received benefits under the Policy which exceeded the amount to which they were legally entitled.

2.  On November 20, 2000, TFG entered into a Consignment Agreement with Amishland County Village, Inc.

3.  The November 20, 2000, Consignment Agreement was personally guaranteed by James and Margaret Stilwell.

4.  The November 20, 2000, Consignment Agreement replaced a prior Consignment Agreement between the parties dated April 16, 1999.

5.  Pursuant to paragraph 3.9 of the Consignment Agreement, Amishland Country Village was to maintain life insurance and pay the premiums on the life of James Stilwell, and TFG and First Mid were to be named as beneficiaries.

6.   Pursuant to paragraph 3.9 of the Consignment Agreement, the proceeds from said life insurance policy were to be used first to pay First Mid for the amount TFG owed the Bank in order to release its lien on the Amish furniture.

7.  On January 11, 2001, Margaret Stilwell executed a form assignment document to First Mid on policy number 2604663, referred to in the Third Party Complaint as "the Policy" which granted First Mid an assignment in the amount of $1,000,000.00 on the proceeds of the policy covering the life of James Stilwell.

8.  American General received the assignment to First Mid in the amount of $1,000,000.00, and forwarded correspondence to First Mid which confirmed the receipt, endorsement and recording of the assignment as part of the policy records.

9.  James Stilwell died on or about May 2, 2003.

10. Subsequently, First Mid along with TFG made a joint application for payment under the Policy.

11. At the time the claim was submitted, TFG owed the Bank approximately $81,660.37 with respect to its loan balance secured by the Amish furniture.

12. Out of the proceeds of $512,974.50, First Mid received $81,660.37, the amount owed to it by TFG for Amish furniture, and the remaining proceeds were received by TFG.

13. First Mid received what it was owed, which was less than the amount of its assignment.

14. First Mid was not unjustly enriched by American General's payment of the subject claim.

WHEREFORE, the Third Party Defendant, First Mid Illinois Bank & Trust , prays that this Court enter judgment in its favor and against the Third Party Plaintiff on the Third Party Complaint, and further prays for such other and further relief as this Court deems just and equitable.

### THIRD AFFIRMATIVE DEFENSE – Voluntary Payment

NOW COMES the Third Party Defendant First Mid-Illinois Bank & Trust, herein after referred to as First-Mid by its attorneys, Heavner, Scott, Beyers & Mihlar, and for its Third Affirmative Defense to the Third Party Complaint of American General Life Insurance Company, hereinafter referred to as American General states as follows:

1.  The letters attached to the Third Party Complaint as Exhibits 7, 8, 9 and 10 set

forth the basis for the Third Party Defendants' respective claims to payment under the subject insurance policy.

2.   The letters attached to the Third Party Complaint as Exhibits 7, 8, 9 and 10 were received and reviewed by American General prior to the payment of the Third Party Defendants' claims under the policy;

3.   In his letter of June, 11, 2003, Lawrence Bianchi indicated to American General that JFG had signed a release of its assignments on Policy No. 2604663 "in favor of Tuscola Furniture Group, LLC."

4.   At the time it paid the Third Party Defendants' claims under the policy, American General had in its possession a copy of JFG's release of assignments in favor of TFG, a copy of which is attached to the Third Party Complaint as Exhibit 4.

5.   American General Life Insurance Company reviewed the document attached to the Third Party Complaint as Exhibit 4, prior to paying the Third Party Defendants' claims under the Policy.

6.   A true and correct copy of the document attached as Exhibit 4 to the Third Party Complaint was submitted to American General by TFG and JFG.

7.   In his letter of June 11, 2003, Lawrence Bianchi quoted the language on the face of the document attached as Exhibit 4 to the Third Party Complaint.

8.   The Plaintiff's Complaint and the Third Party Complaint both revolve around whether the release by JFG "in favor of TFG" as shown in Exhibit 4 attached to the Third Party Complaint legally assigned JFG's rights in the proceeds of the policy at issue to TFG.

9.   Whether the document attached as Exhibit 4 to the Third Party Complaint

17

validly assigned JFG's assignments to TFG is a question of law.

10. One of the business functions of American General is to review and process claims made under insurance policies held by it to determine whether or not such claims should be honored and paid.

11. American General does not pay every claim submitted to it for payment.

12. American General undergoes a review process prior to determining whether or not to pay any claim presented to it for payment.

13. First Mid was not in a superior bargaining position to American General at the time its claim was presented to American General.

14. First Mid was not in a superior bargaining position to American General at the time American General paid the claims of the Third Party Defendants.

15. The payment of the Third Party Defendants' claims was made voluntarily by American General.

16. American General's Third Party Complaint against First Mid is barred by the voluntary payment doctrine.

WHEREFORE, First Mid-Illinois Bank & Trust prays that this Court enter judgment in its favor and against American General Life Insurance Company on the Third Party Complaint.

## CROSS-CLAIM FOR CONTRIBUTION AGAINST TFG AND JFG

NOW COMES the Third Party Defendant, First Mid-Illinois Bank & Trust, (herein after referred to as "First-Mid") by its attorneys, Heavner, Scott, Beyers and Mihlar and for its Cross-Claim against Tuscola Furniture Group, LLC (herein after

referred to as "TFG") and Janko Financial Group, LLC (herein after referred to as"JFG"), states as follows:

    1.  On October 27, 1998, The Old Line Life Insurance Company of America issued Policy No. 2604663 (the Policy) on the life of James Stilwell with a face amount of $4,000,000.00.  The Policy was later held by American General Life Insurance Company.

    2.  Margaret Stillwell was the owner of the Policy.

    3.  On April 19, 1999, Margaret Stilwell executed an assignment under the Policy in the amount of $500,000.00 to JFG.

    4.  On September 25, 2000, Margaret Stilwell executed another assignment under the Policy in the amount of $1,500,000.00 to JFG.

    5.  On November 28, 2000, Lawrence Bianchi, on behalf of JFG, released the above assignments to and in favor of Tuscola Furniture Group, LLC (hereinafter referred to as TFG).

    6.  On November 28, 2000, Margaret Stilwell executed a form assignment under the Policy in the amount of $250,000.00 to TFG.

    7.  On January 11, 2001, Margaret Stilwell executed an assignment under the  Policy at issue in this cause in the amount of $1,000,000.00, to First Mid-Illinois Bank & Trust.

    8.  James Stilwell died on or about May 2, 2003.

    9. After the death of James Stilwell, First Mid and TFG made a joint application for payment under the subject insurance Policy.

10. After application for payment was made, the Defendant, Third Party Plaintiff, American General Life Insurance Company requested certain additional information concerning the claims for payment.

11. Thereafter, Lawrence Bianchi, on behalf of both TFG and JFG sent correspondence which explained the chain of events concerning the assignments pursuant to which TFG made its claim for payment.

12. The Plaintiff's Complaint and the Third Party Complaint both revolve around whether the release by JFG "in favor of TFG" as shown in Exhibit 4 attached to the Third Party Complaint legally assigned JFG's rights in the proceeds of the policy at issue to TFG.

13. With respect to the presentation of the joint application for payment to American General Finance, all representations concerning the validity of the assignments under which TFG requested payment, as well as the release of JFG's assignments in favor of TFG, were made by Lawrence Bianchi on behalf of JFG and TFG.

14. If there was any fraud, misrepresentation or mistake made in the joint application for payment, which First Mid expressly denies, any such acts were committed by TFG and JFG, not First Mid.

15. By virtue of the foregoing, if the Third Party Defendants are found liable to the Third Party Plaintiff, in any amount whatsoever, which liability is expressly denied, then First Mid is entitled to contribution from the Third Party Defendants JFG and TFG based on their portion of fault as determined by this Court.

WHEREFORE, the Third Party Defendant, Cross-Claimant, First Mid-Illinois Bank & Trust, prays that if this Court grants judgment in favor of the Third Party

Plaintiff and against First Mid-Illinois Bank & Trust on the Third Party Complaint, that

the Court additionally enter Judgment in favor of First Mid and against JFG and TFG, by

way of Contribution, based on the degree of culpability or misconduct attributable to JFG

and TFG, as determined by this Court.

                                        FIRST MID-ILLINOIS BANK &
                                        TRUST,

                                         /s/ Richard L. Heavner
                                          Richard L. Heavner


HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL 62525
(217) 422-1719
(217) 422-1754

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2006, I electronically filed the foregoing

pleading with the Clerk of the Court using the ECF system and that service was made

electronically to the parties as indicated on that system.

Jason Crowder
Heller Holmes & Associates PC
crowderjason@hotmail.com

Timothy J. Howard
Howard & Howard Attorneys PC
toward@howardandhoward.com

Jason M. Kuzniar
Wilson Elser Moskowitz Edelman & Dicker LLP
Jason.Kuzniar@wilsonelser.com

Daniel J. McMahon
Wilson Elser Moskowitz Edelman & Dicker LLP
Daniel.mcmahon@wilsonelser.com

Cinthia G. Motley
Wilson Elser Moskowitz Edelman & Dicker LLP
cinthia.motley@wilsonelser.com

Rebecca M. Rothmann
Wilson Elser Moskowitz Edelman & Dicker LLP
Rebecca.rothmann@wilsonelser.com


Michael S. Seneca
mseneca@howardandhoward.com
lforney@howardandhoward.com

　　　　　　　　　　　　　　　　　　/s/　　　　　　Richard L. Heavner
　　　　　　　　　　　　　　　　　　　　　　　　Richard L. Heavner

HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL  62525
(217)-422-1719
(217) 422-1754 (Facsimile)