07478.00134

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                Defendant.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                Third-Party Plaintiff,<br><br>v.<br><br>FIRST MID ILLINOIS BANK & TRUST,<br><br>                Third-Party Defendant/<br>                Cross-Claim Plaintiff<br><br>v.<br><br>TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC,<br><br>                Third-Party Defendants/<br>                Cross-Claim Defendants. | No. 05 CV 02160<br><br>Honorable Chief Judge<br>Michael P. McCuskey<br><br>Magistrate Judge<br>David G. Bernthal |

**DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO AMEND**

      Defendant/Third-Party Plaintiff, American General Life Insurance Company ("American General"), by its undersigned attorneys, for its response to Plaintiff's Second Motion to Amend, states as follows:

## INTRODUCTION

Plaintiffs' motion to file a second amend complaint six months after the deadline for amending the pleadings and their last amended complaint should be denied because (1) they have no good cause for the delay in filing the proposed amended pleading and (2) the proposed amendments are futile and will likely be dismissed by way of a dispositive motion because interest under 215 ILCS 5/224(l) is inapplicable and Plaintiffs have not and can never state a claim for conversion based on the fact of this case. Accordingly, this Court should deny Plaintiffs' second tardy request to amend their complaint.

## ARGUMENT

While Plaintiffs fail to state a legal basis for their motion, presumably they seek to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. As such, the grant or denial of Plaintiffs' motion to amend their pleading is within the Court's discretion. *Federal Deposit Ins. Corp. v. Knostman*, 966 F.2d 1133, 1137 (7th Cir. 1992); *Goulding v. Feinglass*, 811 F.2d 1099, 1103 (7th Cir. 1987), *cert. denied*, 482 U.S. 929, 96 L. Ed. 2d 701, 107 S. Ct. 3215 (1987); *Gleason v. Laborers Int'l Union of North America*, No. 00-CV-2341, 2002 U.S. Dist. LEXIS 27297 (C.D. Ill. Mar. 13, 2002). Leave to amend a complaint should be freely granted when justice so requires. Fed. R. Civ. P. 15(a); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). However, this Court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co.*, 241 F.3d at 861. An amendment is futile if the added claim would not survive a dispositive motion. *Id.* Plaintiffs' proposed pleading falls within these above criteria and as such, the request for leave to file should be denied.

I.       **PLAINTIFFS' MOTION SHOULD BE DENIED AS UNTIMELY AND DILATORY**

It is clear from the procedural history of this case that Plaintiffs cannot demonstrate good cause for their undue delay in seeking to amend their complaint. On September 7, 2005, this Court entered a Discovery Order setting a deadline of February 1, 2006 for amendment of pleadings in this matter. On February 15, 2006, this Court granted the original Plaintiff leave to amend her complaint to add Margaret Stilwell's children as named plaintiffs. Plaintiffs have been aware of this Court's February 1, 2006 deadline for almost a year and now seek to amend their complaint for a second time one year after their original complaint was filed, six months after their amended complaint was filed, and six month after the February 2006 deadline set by this Court for filing amending pleadings. On this basis alone Plaintiffs' motion should be denied. *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281 (11th Cir. 2000).

Plaintiffs' proposed amendments are based on exactly the same set of facts that were known to Plaintiffs prior to the filing of the original complaint over a year ago, not anything that has recently been revealed to them through discovery. Plaintiffs' contention that they should be allowed to amend because American General was previously placed on notice of their intent to eventually amend their pleadings serves only to further demonstrate why their motion should be denied. The "notice" that Plaintiffs refer to took place over three months ago, in May 2006, when Plaintiffs threatened to amend their complaint as a negotiation tactic during a settlement conference. At that time, American General advised Plaintiffs that any future request to amend the pleadings was untimely and that American General would object to any request to amend.

Plaintiffs have undeniably known that they want to amend their amended complaint for at least the last three months and they have waited until August 3, 2006 to take any action to do so despite the fact that they have known since this court's order of September 7, 2005 that

343035.1

discovery is set to close on September 1, 2006. Under the circumstances, it is more than reasonable to conclude that Plaintiffs' motion and proposed amended pleadings serve only to unjustly delay the resolution of this matter and create a basis to re-open and extend discovery. This would also unduly prejudice American General where it would be forced to prepare its case for trial on an entirely different theory of liability and may be compelled to conduct more discovery.

This Court should deny Plaintiffs' motion.

## II. PLAINTIFFS PROPOSED AMENDMENTS ARE FUTILE AND LIKELY TO BE DISPOSED OF BY WAY OF A MOTION TO DISMISS

Plaintiffs' proposed amendments are futile as they would not withstand a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See Bethany Pharmacal Co.*, 241 F.3d at 861; *Gleason*, 2002 U.S. Dist. LEXIS 27297.

### a. Plaintiffs cannot state a claim for conversion

Conversion is an unauthorized act that deprives a person of his property permanently or for an indefinite time. *In re Thebus*, 108 Ill. 2d 255, 259, 483 N.E.2d 1258, 91 Ill. Dec. 623 (1985). To prove the intentional tort of conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Liberty Mutual Insurance Co. v. Construction Management Services*, No. 99 C 6906, 2001 U.S. Dist. LEXIS 15739 (N.D. Ill. Sept. 28, 2001); *Roderick Development Investment Co. v. Community Bank of Edgewater*, 282 Ill. App. 3d 1052, 1057, 668 N.E.2d 1129, 1133 (1996). A plaintiff must also show that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use. *In re Thebus*, 108 Ill. 2d at 261.

343035.1

In this case, first, Plaintiffs do not (because they cannot) allege that American General converted the alleged overpayment for its own use. To the contrary, Plaintiffs themselves concede that American General paid the money at issue to the Third-Party Defendants. Proposed Second Amended Complaint at ¶¶ 19-20. Second, Plaintiffs do not (because they cannot) allege, that they made a demand for payment to American General or claimed entitlement to the alleged overpayment to the Third-Party creditors at any time *prior to the filing of this lawsuit.* Indeed, as noted in the pleadings already on file, Plaintiff Margaret Stilwell has never even submitted a completed claim form under the Policy. Third, Plaintiffs do not (because they cannot) allege that American General assumed control, dominion, or ownership of the amount in controversy, or most importantly that it did so intentionally. *See Massachusetts Bay Ins. Co. v. Vic Koenig Leasing*, 136 F.3d 1116, 1124 (7th Cir. 1998) (to be liable for conversion, the defendant need only have an intent to exercise dominion and control over the property that is in fact inconsistent with the plaintiff's rights). As such, Plaintiffs can never allege any set of facts to satisfy all the necessary elements for the intentional tort of conversion.

b.   **Plaintiffs cannot state a claim for interest under 215 ILCS 5/224(1)(l)**

Pursuant to 215 ILCS 5/224(1)(l):

> Interest shall accrue on the proceeds payable because of the death of the insured, from date of death, at the rate of 9% on the total amount payable or the face amount if payments are to be made in installments **until the total payment** or first installment is paid, unless payment is made within fifteen (15) days from the date of receipt by the company of **due proof of loss**. This provision need not appear in the policy, however, the company shall notify the beneficiary at the time of claim of this provision. The payment of interest shall apply to all policies now in force, as well as those written after the effective date of this amendment.

215 ILCS 5/224(1)(l) (emphasis added).

Plaintiffs are not entitled to interest under this statute for two essential reasons. First, none of the Plaintiffs can ever allege that they filed a claim with American General or presented *due proof of loss* for the alleged overpayment of the policy proceeds to Third-Party defendants. As noted above,

- 5 -

343035.1

Plaintiff Margaret Stilwell never even submitted a claim form for any of the Policy proceeds. Second, the clear legislative intent behind the enactment of 5/225(1) is to penalize an insurer who delays payment of a claim once it is reasonably satisfied that the proceeds are owed to the claimant based on the proof of loss documentation submitted. By Plaintiffs' own admission, American General did not delay payment of the proceeds that were payable due to the death of the insured. Instead, it promptly paid all monies owed under the policy at issue based on its investigation of the proof of loss submitted by the claimants. As such, American General has not retained any money owed and it has not gained any benefit by retaining any payment owed. Plaintiffs have no claim that American General did not promptly pay the proceed within 15 days from the date it received due proof of loss, but instead claim that American General paid too much to the wrong claimant. Accordingly, Section 5/224(l) is inapplicable and Plaintiffs have no right to the interest sought.

WHEREFORE, for the reasons set forth herein, Defendant/Third-Party Plaintiff, American General Life Insurance Company, prays that the Court deny Plaintiffs' motion to amend, and award American General any other relief the court deems appropriate.

        Respectfully submitted,

        **AMERICAN GENERAL LIFE
INSURANCE COMPANY**

        By: ____/s/ Cinthia G. Motley_____
            Cinthia G. Motley

        Daniel J. McMahon
        Rebecca M. Rothmann
        Cinthia G. Motley
        WILSON, ELSER, MOSKOWITZ,
           EDELMAN & DICKER LLP
        120 North La Salle Street, Suite 2600
        Chicago, Illinois 60602
        (312) 704-0550

343035.1

## CERTIFICATE OF SERVICE

   I hereby certify that on **August 17, 2006**, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***By CM/ECF Electronic Notification***
Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
HEAVNER SCOTT BEYERS & MIHLAR
111 E Main St , Suite 200
Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
HOWARD & HOWARD ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

   /s/ Cinthia G. Motley
   Cinthia G. Motley

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Tel. (312) 704-0550
Fax (312) 704-1522
Cinthia.Motley@wilsonelser.com

- 7 -

343035.1

## CERTIFICATE OF SERVICE

I hereby certify that on **August 17, 2006**, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***By CM/ECF Electronic Notification***
Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
HEAVNER SCOTT BEYERS & MIHLAR
111 E Main St , Suite 200
Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
HOWARD & HOWARD ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

  /s/ Cinthia G. Motley
  Cinthia G. Motley

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Tel. (312) 704-0550
Fax (312) 704-1522
Cinthia.Motley@wilsonelser.com

343035.1