E-FILED
Wednesday, 23 August, 2006  04:11:30 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 05 CV 02160 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, And JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Third Party Defendants | ) | |

## **MOTION TO QUASH**

NOW COMES Third Party Defendant, First Mid-Illinois Bank & Trust,

(hereinafter referred to as "First Mid") by its attorneys, Heavner, Scott, Beyers & Mihlar,

and for its Motion to Quash, states as follows:

1. On August 7, 2006 American General Life Insurance Company filed eight

deposition notices with the District Court regarding the Plaintiffs and various

representatives of the Third-Party Defendants and a former employee of one of the Third-

Party Defendants.

2. At the time said notices were filed, the undersigned was out of the office for the week and apparently, so too, was counsel for the Plaintiffs. Although undersigned was out of the office, she checked with her staff and no call was received regarding the scheduling of the subject depositions prior to the notices being filed or sent. Based on correspondence between the parties' counsel after the notices were received, it is clear that no phone calls were received from defense counsel prior to the scheduling of the depositions.

3. Apparently, on the same day the notices were filed, defense counsel sent a letter with the notice to counsel which indicated as follows:

> As a starting point, we are noticing these depositions for August 30 and 31, 2006 are [sic] they are the last possible dates for these depositions to take place prior to the closing of discovery. However, in compliance with local rule 30.1, if these dates do not work for your client(s), please provide us with alternate dates prior to September 1, 2006.

> A copy of said letter is attached hereto as Exhibit "A."

4. Immediately after the notices were filed, counsel for the Third-Party Defendants, TFG and JFG, corresponded by e-mail with counsel for the Defendant and indicated that the deposition notices were not proper pursuant to Local Rule 30.1. Counsel indicated that he would check his client's availability and that defense counsel should check with the other attorneys to determine their availability.

5. In response to this e-mail, counsel for the Defendants responded that her August 7, 2006 correspondence satisfied the requirements of Local Rule 30.1

6. On August 17, 2006, undersigned counsel for First Mid sent an e-mail to counsel for the other parties in this cause which indicated that she had been out of the office for the week of August 7, 2006 and returned to find the notices. She further

indicated that she would have to check the availability of her client and that further, Mr. Chamberlain was no longer employed by First Mid.

7.  In response to this e-mail, counsel for TFG and JFG responded that if other counsel were not available for the depositions, then his client's deposition would need to be reset.

8.  Also, on August 17, 2006, Jason Crowder, counsel for Plaintiff, indicated that he had also been out of the office and that his client's were not available on such short notice.

9.  Subsequently, undersigned counsel for First Mid contacted Mr. Crowder to see if he was available on August 31st when the depositions of the Third-Party Defendants were scheduled.  In response, Mr. Crowder indicated that he was not available on August 31st and that the depositions would have to be reset.  He further indicated that he would not object to a request by American General to extend the discovery schedule for a reasonable period so that the depositions could be rescheduled when all parties are available.

10.  In an effort to resolve these issues, undersigned counsel sent an e-mail to defense counsel which suggested that the depositions be cancelled and that she believed a reasonable request by American General to extend the discovery deadlines would not be opposed.  In response, defense counsel seemed to indicate that the other parties had failed to coordinate the depositions and thus, they should remain set.  Additionally, defense counsel indicated that American General would not oppose a reasonable extension of the discovery deadlines if some other party wanted to file for same.

11. Based on the above, it appears that the Defendant is living up to its promise that the discovery process would be difficult and expensive for the Third-Party Defendants. On July 31, defense counsel sent 106 Requests to Admit to the Third-Party Defendants to which responses are due August 30, 2006. Additionally and as noted above, on August 7, 2006, defense counsel mailed eight Notices of Deposition scheduled for August 30, 2006 and August 31, 2006 to counsel for the parties of record without prior consultation.

12. There is no question that defense counsel did not comply with Local Rule 30.1 in scheduling the depositions.

13. However, in the face of the other parties' attempts to cooperate with defense counsel, defense counsel has maintained that she will not move for an extension of the discovery deadline, even though she failed to notice up the depositions properly and in compliance with Local Rule 30.1.

14. Local Rule 30.1 states:

> In scheduling any deposition, counsel must make a good faith effort to coordinate with all opposing counsel the scheduling of a time that is mutually convenient to all opposing counsel and parties. The signing and serving of a Notice of Deposition shall constitute a certification by the attorney signing and serving the Notice of Deposition that the attorney has complied with this rule.

15. In this case, defense counsel noticed eight depositions for August 30 and 31st and then indicated by letter dated August 7, 2006 that the depositions had been set. Defense counsel further indicated in said letter that, pursuant to Local Rule 30.1, if these dates were not convenient, alternate dates had to be provided and those dates had to be prior to September 1, 2006.

4

16.  Neither undersigned counsel for First Mid or anyone in her office was contacted by defense counsel by telephone or otherwise to discuss possible dates for scheduling the deposition of her client.  Rather, the August 7, 2006 correspondence from defense counsel is the first communication she received regarding the scheduling of her client's deposition.

17.  Undersigned also believes that defense counsel failed to discuss with counsel for any of the other parties, the scheduling of their respective client's depositions prior to sending the letter and Notices of Deposition on August 7, 2006.

18.  Despite defense counsel's assertions to the contrary, Local Rule 30.1 does not permit the scheduling of a deposition and simultaneously sending a letter to counsel that states if the date is not convenient, an alternate date that is prior to September 1, 2006, must be provided.

19.  Rather Local Rule 30.1 indicates that counsel must first confer with all opposing counsel **prior** to scheduling a deposition to determine a date that is mutually convenient to all opposing counsel and parties.

20.  As defense counsel has clearly failed to follow Local Rule 30.1 in scheduling the depositions for August 30 and 31, all of said notices should be quashed and counsel should be instructed to comply with Local Rule 30.1 in re-scheduling any further depositions.

WHEREFORE, Third-Party Defendant, First Mid-Illinois Bank & Trust, respectfully requests that its Motion to Quash be granted and for other such relief as the Court deems appropriate in this instance.

FIRST MID-ILLINOIS BANK &
TRUST,

/s/ Julie Beyers_____
        Julie Beyers

HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL 62525
(217) 422-1719
(217) 422-1754

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2006, I electronically filed the foregoing

pleading with the Clerk of the Court using the ECF system and that service was made

electronically to the parties as indicated on that system.

Jason Crowder
Heller Holmes & Associates PC
crowderjason@hotmail.com

Timothy J. Howard
Howard & Howard Attorneys PC
toward@howardandhoward.com

Jason M. Kuzniar
Wilson Elser Moskowitz Edelman & Dicker LLP
Jason.Kuzniar@wilsonelser.com

Daniel J. McMahon
Wilson Elser Moskowitz Edelman & Dicker LLP
Daniel.mcmahon@wilsonelser.com

Cinthia G. Motley
Wilson Elser Moskowitz Edelman & Dicker LLP
cinthia.motley@wilsonelser.com

Rebecca M. Rothmann
Wilson Elser Moskowitz Edelman & Dicker LLP
Rebecca.rothmann@wilsonelser.com


Michael S. Seneca
mseneca@howardandhoward.com
lforney@howardandhoward.com


/s/          Julie Beyers
             Julie Beyers

HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL  62525
(217)-422-1719
(217) 422-1754 (Facsimile)