07478.00134

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL,<br><br>            Plaintiff,<br><br>   v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>            Defendant.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>            Third-Party Plaintiff,<br><br>   v.<br><br>FIRST MID ILLINOIS BANK & TRUST,<br><br>            Third-Party Defendant/<br>            Cross-Claim Plaintiff<br><br>   v.<br><br>TUSCOLA FURNITURE GROUP, LLC,<br>and JANKO FINANCIAL GROUP, LLC,<br><br>            Third-Party Defendants/<br>            Cross-Claim Defendants. | No. 05 CV 02160<br><br>Honorable Chief Judge<br>Michael P. McCuskey<br><br>Magistrate Judge<br>David G. Bernthal |

### DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO FIRST MID-ILLINOIS BANK & TRUST'S MOTION TO QUASH

Defendant/Third-Party Plaintiff, American General Life Insurance Company ("American General"), by its undersigned attorneys, for its response to First Mid-Illinois Bank & Trust's ("First-Mid") Motion to Quash, states as follows:

1.    First Mid's motion to quash should be denied because it mischaracterizes the procedural history of this case and the purpose of Local Rule 30.1.  Moreover, First Mid brings this motion without making any attempt to resolve what has unnecessarily become a discovery "dispute" and, as such, its motion should be denied.

2.    On September 7, 2005, this Court entered a Discovery Order setting September 1, 2006 for all discovery to be completed.

3.    On January 27, 2006, American General filed a Third-Party complaint against Third Party Defendants, First-Mid, Tuscola Furniture Group, LLC ("TFG") and Janko Financial Group, LLC ("Janko").

4.    On July 11, 2006, this Court entered and adopted the Report and Recommendation of Magistrate Judge David G. Bernthal denying Third-Party Defendants' motion to dismiss.  On August 1, 2006, American General received Answers and Affirmative Defenses filed by the Third Party Defendants, at which point the Third-Parties became at issue.

5.    On July 31, 2006, being mindful of the September 1, 2006 discovery closing date, American General propounded written discovery upon all parties in this matter.  Thereafter, American General noticed 8 depositions to take place August 30 and 31, 2006, the last two days prior to the closing of discovery.

6.    As First Mid must acknowledge, American General's notices of depositions were accompanied by a letter from counsel, in compliance with local rule 30.1, indicating that the dates had been arbitrarily selected and that if the dates did not work for the parties, to please provide American General with alternate dates for the deposition as discovery was scheduled to close September 1, 2006.

7.    Contrary to First-Mid's contentions, American General's notices are in compliance with Local Rule 30.1:

- 2 -

> In scheduling any deposition, counsel must make a good faith effort to coordinate with all opposing counsel the scheduling of a time that is mutually convenient to all opposing counsel and parties. The signing and serving of a Notice of Deposition shall constitute a certification by the attorney signing and serving the Notice of Deposition that the attorney has complied with this rule.

8. Contrary to First Mid's contention, there is no language in Local Rule 30.1 that requires American General to consult with counsel **prior** to sending notice of the intent to depose a party. What the rule requires is that the issuing counsel make a good faith effort to coordinate a mutually convenient time for the deposition. American General's effort and intent to accommodate the schedule of counsel and the parties is apparent on the face of the cover letter that accompanied the notice of depositions on August 7, 2006.

9. On August 7, 2006, counsel for Janko and TFG indicated that his clients would be moving to extend the discovery cuff off if the Court did not do so on its own initiative. Thereafter, on August 15, 2006, counsel for Janko and TFG advised that his client was available to be deposed on the noticed date. *See* **Exhibit A** attached**.**

10. On August 17, 2006, ten days after service of American General's request for a response, counsel for Plaintiffs responded that his clients were not available and counsel for First Mid responded: "I have no idea if my client (First Mid) is available on the date proposed…I will have to check and see". That same day, counsel for American General again requested alternate dates for the depositions and noted that if the discovery closing date was moved, the parties could coordinate other dates in the future. *Id.* **Exhibit A.**

11. To date, Janko and TFG are the only parties who have confirmed that they can accommodate the dates noticed. No other party has bothered to provide American General with alternate available dates either prior to or after the close of discovery. To wit, prior to the filing of the present motion, counsel for First Mid never notified American General that she had even

"checked" with her client to see whether or not he or she was available to be deposed on August 31, 2006, or any other date. Furthermore, to date, counsel for First Mid has also failed to respond to American General's request to provide contact information for Thomas Chamberlain so that American General can properly issue a subpoena.

12. First Mid's ten day delay in even communicating with counsel for American General only further supports American General course of action to notice the depositions for the last two days prior to closing of discovery while attempting to coordinate alternate dates, if necessary, with the parties. Had American General waited to coordinate dates and then noticed the depositions, First Mid's objection would likely have been that American General's notice of deposition were served on too short notice. The alternate result would be what First Mid seeks to accomplish in the first instance, to preclude American General from taking the deposition of Thomas Chamberlain and First Mid's designated Rule 30(b)(6) witness.

13. It is apparent that First Mid has not attempted in any way to try to resolve what has now become an unnecessary discovery dispute prior to the filing of this motion and that the present motion could and should have been filed as an unopposed motion to extend discovery. *See* **Exhibit B**.

14. Counsel for American General is mindful of the Court's standing orders and has acted in compliance with such orders and this Court's local rules. American General has timely served all discovery requests, written and oral, from all parties. Nonetheless, American General has indicated that it would not object to any request from another party for an extension of the discovery deadline that was set prior to the filing of the Third Party action.

15. No party has sought such relief from this Court and as such, the parties have not provided American General with any basis to reschedule the noticed depositions, which are in full compliance with Local Rule 30.1.

WHEREFORE, for the reasons set forth herein, Defendant/Third-Party Plaintiff, American General Life Insurance Company, prays that the Court deny Plaintiffs' motion to quash and award American General any other relief the court deems appropriate, including the extension of the discovery deadline for the limited purpose of deposing the deponents American General has noticed for deposition and the deposition of Thomas Chamberlain.

Respectfully submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**

By: \_\_\_\_/s/ Cinthia G. Motley_____
      Cinthia G. Motley

Daniel J. McMahon
Rebecca M. Rothmann
Cinthia G. Motley
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
(312) 704-0550

## CERTIFICATE OF SERVICE

      I hereby certify that on **August 24, 2006**, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***By CM/ECF Electronic Notification***
Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
Julie Beyers
HEAVNER SCOTT BEYERS & MIHLAR
111 E Main St , Suite 200
Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
Michael Seneca
HOWARD & HOWARD ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

  /s/ Cinthia G. Motley
     Cinthia G. Motley

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Tel. (312) 704-0550
Fax (312) 704-1522
Cinthia.Motley@wilsonelser.com

344598.1
344598.1