**E-FILED**
Friday, 16 February, 2007  09:01:58 AM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY, CHARLESTON, ILLINOIS

| | |
|---|---|
| MARGARET J. STILWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 05-L-47 |
| ) | |
| AMERICAN GENERAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ———————————————— ) | |
| ) | |
| FIRST MID ILLINOIS BANK & TRUST, ) | |
| TUSCOLA FURNITURE GROUP, LLC, ) | |
| and JANKO FINANCIAL GROUP, LLC, ) | |
| ) | |
| Respondents in Discovery. ) | |

## REQUEST TO PRODUCE DOCUMENTS

Now comes the Plaintiff, MARGARET STILWELL, by JASON M. CROWDER of

HELLER, HOLMES & ASSOCIATES, P.C., her attorneys, and requests the Respondent in

Discovery, FIRST MID ILLINOIS BANK & TRUST, to produce for inspection and copying on or

before the 28th day after this Request at the offices of Heller, Holmes & Associates, P.C., 1101

Broadway Avenue, P.O. Box 889, Mattoon, Illinois 61938, the following documents or photostatic

copies pursuant to Illinois Supreme Court Rule 214:

## DEFINITIONS

1.  The Stilwell life insurance policy referenced herein is policy number 2604663.  See

Exhibit A attached.

2.  The furniture loan referenced herein shall be the First Mid-Illinois Bank & Trust loan to



EXHIBIT
/

Tuscola Furniture Group loan number 2150095387.

## REQUEST FOR PRODUCTION

1. All documents related to First Mid-Illinois Bank & Trust's loan or loans to Tuscola Furniture Group.

2. All documents related to First Mid-Illinois Bank & Trust's claim on James Stillwell's life insurance policy.

3. All documents in regards to the assignment of a life insurance policy by James Stilwell/ Margaret Stilwell to First Mid Illinois Bank & Trust, Tuscola Furniture Group, and Janko Financial Group.

4. Any and all correspondence, memoranda, notes, or statements regarding the assignment in Interrogatory #4.

5. All documents pertaining to an assignment of Janko Financial Group's rights to proceeds from a life insurance policy of James Stilwell to Tuscola Furniture Group and all memoranda, notes, correspondence, or statements making reference thereto.

6. All correspondence, memoranda, notes or statements from Tuscola Furniture Group to First Mid Illinois Bank regarding James Stilwell and Amishland Country Village.

7. All correspondence, statements, notes, memoranda and any other documents authored in regards to claims, joint or otherwise, filed with American General Life Insurance Company for James Stilwell's life insurance policy.

8. All correspondence, statements, notes, memoranda and any other document authored in regards to payment, joint or otherwise, received from American General Life Insurance Company

2:05-cv-02160-MPM-DGB    # 74-2    Page 3 of 22

for James Stilwell's life insurance policy.

9. All correspondence with American General Life Insurance Company regarding James Stilwell's life insurance policy.

10. All correspondence with Tuscola Furniture Group or Janko Financial Group regarding James Stilwell's life insurance policy.

11. All correspondence or documents between First Mid or its attorney and TFG or JFG or their attorney.

12. All correspondence and other documents between First Mid or its attorneys and American General Life Insurance Company.

13. All documents regarding bank accounts for Tuscola Furniture Group, including but not limited to monthly statements for the last 5 years.

The Respondent in Discovery is further requested to furnish an Affidavit stating whether the production is complete in accordance with the Request. If any item is not in the possession or control of the Respondent or Respondent's counsel, or if the Respondent or Respondent's counsel does not have information calculated to lead to the discovery or the whereabouts, please identify the nature of the document not produced and the reason for its nonproduction.

DATED this _18th_ day of August, 2005.

MARGARET STILWELL, Plaintiff

By _____
Of Heller, Holmes & Associates, P.C.
Her Attorneys

3

JASON M. CROWDER
HELLER, HOLMES & ASSOCIATES
1101 Broadway
P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
c:firstmid14588.requestforproduction/kjs08152005

POLICY SPECIFICATIONS

INSURED         JAMES E. STILWELL           2604663      POLICY NUMBER

FACE AMOUNT     $4,000,000                  10/27/1998   DATE OF ISSUE

PREMIUM CLASS   NON-TOBACCO                 44           AGE AT ISSUE
                RATED CLASS H


SCHEDULE OF BENEFITS AND PREMIUMS

| BENEFITS | BENEFIT AMOUNTS | ANNUAL PREMIUMS | YEARS PAYABLE |
|---|---|---|---|
| LIFE INSURANCE | $4,000,000 | $6,830.00 | 10 YEARS* |
| INITIAL EXPIRY DATE   10/27/2008 | | | |

SUBSEQUENT EXPIRY DATES WILL OCCUR AT THE END OF EACH ONE YEAR RENEWABLE
TERM PERIOD.   THE FINAL EXPIRY DATE IS 10/27/2049.

| PERMANENT EXTRA | 13,520.00 | 10 YEARS |

TOTAL FIRST YEAR ANNUAL PREMIUM        $20,350.00

PREMIUMS OTHER THAN ANNUAL ARE A PERCENTAGE OF THE ANNUAL PREMIUM.
PREMIUMS ARE PAYABLE AT 01 MONTH INTERVALS FROM 10/27/1998.   THE FIRST
INTERVAL PREMIUM IS $1,780.63.

* RENEWAL PREMIUMS ARE SHOWN ON THE LAST PAGE.   ON THE  TENTH POLICY
ANNIVERSARY AND ANY LATER POLICY ANNIVERSARY WE HAVE A LIMITED RIGHT
TO CHANGE THE PREMIUM.   SEE THE RIGHT TO CHANGE PREMIUM PROVISION.

THIS POLICY MAY BE EXCHANGED FOR A NEW POLICY.  SEE THE EXCHANGE OPTIONS
PROVISION.  OPTION 1 IS AVAILABLE UNTIL THE EIGHTH POLICY ANNIVERSARY,
PROVIDED THE INSURED IS AGE 65 OR LESS ON THE DATE OF EXCHANGE.   THE
DATE OF EXCHANGE UNDER OPTION 2 IS THE TENTH POLICY ANNIVERSARY,
PROVIDED THE INSURED IS AGE 70 OR LESS.

07478.00134                    )                    )

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

MARGARET J. STILWELL,                    )
                                         )
     Plaintiff,                  )          No. 05 CV 02160
                                         )
     v.                          )          Honorable Chief Judge
                                         )          Michael P. McCuskey
AMERICAN GENERAL LIFE INSURANCE          )
COMPANY,                                 )
                                         )
     Defendants.                 )
_____  )
FIRST MID ILLINOIS BANK & TRUST,         )
TUSCOLA FURNITURE GROUP, LLC,            )
and JANKO FINANCIAL GROUP, LLC,          )
                                         )
     Respondents in Discovery.   )

## DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant American General Life Insurance Company ("American General"), by its undersigned attorneys, and for its Responses to Plaintiff Margaret J. Stilwell's ("Plaintiff") First Request for Production of Documents, states as follows:

### GENERAL RESPONSE

American General reserves the right to assert additional objections as appropriate and to supplement these Responses and Objections. Furthermore, American General does not waive or intend to waive, by reason of these Responses and Objections to these document requests, their right to assert additional objections as appropriate and to supplement these Responses and Objections.

These responses are made solely for the purpose of and in relation to this lawsuit. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or


EXHIBIT
2

299015.1

inferred.  The fact that any request for documents herein has been responded to should not be taken as an admission of the facts assumed by such request.

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

American General hereby asserts the following General Objections and Reservation of Rights applicable to each response ("General Objections"), which are incorporated in and made a part of each Response set forth herein.

1.    American General objects to each Request for Production to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable rules.

2.    American General objects to each Request for Production to the extent it seeks discovery of matters protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege.  American General objects to each and every Request for Production to the extent that it calls for the disclosure of any document which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product or attorney-client privileged information, which is protected by the insured-insurer privilege, the self-evaluation privilege, the common purpose privilege, applicable state or federal regulation, or other privilege, or which otherwise is immune from discovery.

3.    American General objects to the production of electronic materials to the extent that such material (a) was created by or at the direction of American General's attorneys and contain attorney-client and/or work product privileged information; (b) constitutes duplicative matters; or (c) is unduly burdensome and/or the burdens of production are disproportionate to the benefits.  American General also specifically objects to the production of replicant data, archival

- 2 -

data, backup tapes, and residual data because the burdens of the production of such data would be duplicative, unduly burdensome, and disproportionate to the benefits.

    4.    American General objects to each Request for Production to the extent it calls for a document that already is, or the production of documents that already are, in Plaintiff's possession, custody, or control, or equally available to Plaintiff on the grounds that the Request is unreasonably cumulative and duplicative.

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

    1.    Any and all notes, including computer notes, regarding the processing of claims on Life Insurance Policy #2604663, insuring the life of James E. Stillwell.

**RESPONSE:   Without waiving the general objections above, Defendant has produced the underlying claim file material, documents Bates stamped AIG 1-428.**

    2.    Any and all internal memoranda or notes regarding policy #2604663.

**RESPONSE:   Without waiving the general objections above, Defendant has produced the underlying claim file material, documents Bates stamped AIG 1-428.**

    3.    Any and all policies at American General Life Insurance Company regarding processing of assignments made against life insurance policies issued by American General Life Insurance Company, or any of its subsidiaries.

**RESPONSE:  Defendant objects to this Request to the extent it seeks production of documents containing information that is confidential and proprietary, except pursuant to an appropriate stipulation and protective order.**

    4.    Any and all assignments which existed as of May 2, 2003 on Policy #2604663 in favor of Tuscola Furniture Group, LLC.

**RESPONSE:   Without waiving the general objections above, Defendant has produced the underlying claim file material containing any and all assignments which**

- 3 -

existed as of May 2, 2003 on Policy #2604663 in favor of Tuscola Furniture Group, LLC., documents Bates stamped AIG 1-428.

5.    Any and all assignments which existed as of May 2, 2003 on Policy #2604663 in favor of First Mid Illinois Bank and Trust.

**RESPONSE:    Without waiving the general objections above, Defendant has produced the underlying claim file material containing any and all assignments which existed as of May 2, 2003 on Policy #2604663 in favor of First Mid Illinois Bank and Trust, documents Bates stamped AIG 1-428.**

6.    Any and all assignments which existed and were valid as of May 2, 2003 on Policy #2604663 in favor of Janko Financial Group, LLC.

**RESPONSE:    Without waiving the general objections above, Defendant has produced the underlying claim file material containing any and all assignments which existed as of May 2, 2003 on Policy #2604663 in favor of Janko Financial Group, LLC, documents Bates stamped AIG 1-428.**

7.    Copies of any and all recorded phone conversations regarding Policy #2604663.

**RESPONSE:    None.**

8.    Copies of any and all statements, regarding Policy #2604663 or claims made on Policy #2604663.

**RESPONSE: Defendant objects to the extent this Request is overly broad, vague and ambiguous as to "any and all statements", unlimited in scope, unduly burdensome, and seeks information that is neither relevant nor calculated to lead to relevant information.  Without waiving this objection and the general objections above, Defendant has produced the underlying claim file, documents Bates stamped AIG 1 through 428.**

9.    Copies of the paperwork showing the beneficiaries of Policy #2604663.

299015.1

**RESPONSE**:    Without waiving the general objections above, Defendant has produced the underlying claim file material identifying the beneficiaries of Policy #2604663, documents Bates stamped AIG 1-428.

10.    Any and all notes from telephone conversations regarding Policy #2604663 or claims made on Policy #2604663.

**RESPONSE**:    Without waiving the general objections above, Defendant has produced the underlying claim file material, documents Bates stamped AIG 1-428.11.

11.    A print-out of the complete computer file on Policy #2604663 or the claims made on Policy #2604663.

**RESPONSE**:    Without waiving the general objections above, Defendant has produced the underlying claim file material identifying the beneficiaries of  Policy #2604663, documents Bates stamped AIG 1-428.

Respectfully submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**

By: _____
One of its attorneys

Cinthia G. Motley
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
(312) 704-0550

- 5 -

## <u>VERIFICATION</u>

The undersigned certifies that the Responses to Plaintiff's Request to Produce set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matter the undersigned certifies as aforesaid that he verify believes the same to be true. The undersigned further certifies that the production is complete in accordance with the Request and Federal Rule of Civil Procedure 34.

Executed this _29_ day of December, 2005.

_Diana Fields_

**SUBSCRIBED** and **SWORN** to before me this __ day of December, 2005.

**NOTARY PUBLIC**

ANIL P. ADVANI
Notary Public, State of Texas
My Commission Expires
December 16, 2009

- 6 -

07478.00134

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was mailed by U.S. Mail, postage fully paid, this 30th day of December, 2005, to the following:

Jason M. Crowder
Heller, Holmes & Associates, P.C.
1101 Broadway Ave., P.O. Box 889
Mattoon, IL 61938
crowderjason@hotmail.com

Cinthia G. Motley
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER, LLP
120 N. LaSalle Street, Suite 2600
Chicago, Illinois 60602
TEL: 312-704-0550
FAX: 312-0704-1522
motleyc@wemed.com

299015.1

RECEIVED APR 2 4 2006

14833

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL | ) ) ) ) ) | |
| Plaintiff, | ) | No. 05 CV 02160 |
| v. | ) ) ) | Honorable Chief Judge Michael P. McCuskey |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) ) ) | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) ) | |
| FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## PRIVILEGE LOG

| DATE | AUTHOR | DESCRIPTION | PRIVILEGE |
|---|---|---|---|
| July 7, 2003 | Margaret Singh | AWD History for Work Object – entry by Margaret Singh of American General regarding phone call with Melinda Boyd, Sr. Counsel, Litigation AIG/American General | Attorney-client privilege |
| June 26, 2003 | Margaret Singh | AWD History for Work Object – entry by Margaret Singh of American General regarding claim review from Melinda Boyd, Sr. Counsel, Litigation AIG/American General | Attorney-client privilege |
| June 11, 2003 | Margaret Singh | AWD History for Work Object | Attorney-client privilege |

1

2

3

EXHIBIT

3

tabbies

320779.1

| | | – entry by Margaret Singh of American General regarding claim review by Melinda Boyd, Sr. Counsel, Litigation AIG/American General | |
|---|---|---|---|
| June 10, 2003 | Margaret Singh | AWD History for Work Object – entry by Margaret Singh of American General regarding claim review by legal department | Attorney-client privilege |
| June 26, 2003 | Melinda Boyd | Intra-office e-mail from Melinda Boyd, Sr. Counsel, Litigation AIG/American General to Margaret Singh regarding claim review | Attorney-client privilege |
| June 25, 2003 | Melinda Boyd | Intra-office e-mail from Melinda Boyd, Sr. Counsel, Litigation AIG/American General to Margaret Singh regarding claim review | Attorney-client privilege |
| November 13, 2003 | Leanne Gahr | AWD History for Work Object – entry by Leanne Gahr of American General regarding subpoena review by legal department | Attorney-client privilege |
| November 12, 2003 | Debbie Platt | AWD History for Work Object – entry by Debbie Platt of American General regarding claim review by legal department | Attorney-client privilege |
| January 26, 2004 | Diana Fields | AWD History for Work Object – entries by Diana Fields of American General regarding communications with Melinda Dressler Sr. Counsel, Litigation AIG/American General regarding plaintiff's counsel's pre-litigation letter and response thereto | Attorney-client privilege |
| August 24, 2004 | Melissa Grove | AWD History for Work Object – entry by Melissa Grove of American General regarding information from legal department regarding policy | Attorney-client privilege |

AMERICAN GENERAL LIFE
INSURANCE COMPANY

By _____
One of its attorneys

Daniel J. McMahon
Rebecca M. Rothmann
Cinthia G. Motley
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
(312) 704-0550

320779.1

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was faxed and mailed by U.S. Mail, postage fully paid, this 20th day of April, 2006, to the following:

Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
HEAVNER SCOTT BEYERS &
MIHLAR
111 E Main St , Suite 200
Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
HOWARD & HOWARD
ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

Daniel J. McMahon
Rebecca M. Rothmann
Cinthia G. Motley
        Wilson, Elser, Moskowitz,
EDELMAN & DICKER, LLP
120 N. LaSalle Street, Suite 2600
Chicago, Illinois 60602
TEL: 312-704-0550
FAX: 312-0704-1522
motleyc@wemed.com

320779.1

HARLAN HELLER
BRENT D. HOLMES
H. KENT HELLER
DAVID STEVENS
FRED JOHNSON
JASON M. CROWDER
MARK E. BOVARD
GINA R. VONDERHEIDE

LAW OFFICES OF
**HELLER, HOLMES & ASSOCIATES, P.C.**
A PROFESSIONAL CORPORATION
1101 BROADWAY
P.O. BOX 889
MATTOON, ILLINOIS 61938-0889
(217) 235-2700
FAX NO. (217) 235-0743

November 7, 2006

Ms. Cindy Motley
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle, Suite 2600
Chicago, IL 60602

Re:    Margaret Stilwell v. American General Life Insurance Co.
       Our File No. 14833

Dear Cindy:

Defendant, American General, identified a privilege log for certain documents. In reviewing that privilege log, it appears that much of what American General claims as privilege is not. All of the conversations in June and July of 2003 would be directly related to the handling of the claim which is the subject of this lawsuit. Those entries or documents generated would not be privileged. Furthermore, none of these alleged attorney/client privileges took place with what would be considered control group people with American General. Therefore, any and all conversations and/or documents generated from said conversations would not meet the definition of attorney/client privilege. Finally, anything on the AWD system would not be privileged communication because it would be available for anybody who has access to the system to see. This does not meet the definition of attorney/client privilege. I would ask that you reconsider your privilege log and provide the documents to me. If we cannot come to an agreement on this, then I will have to have the issue addressed by the Court.

Very truly yours,

Jason M. Crowder

JMC/kjs
c:motley514833.ltr/kjs11072006

EXHIBIT
4

14833

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

**120 North LaSalle Street**
**Chicago, Illinois 60602-2412**

Telephone #:   (312) 704-0550
Facsimile  #:   (312) 704-1522

---

The following facsimile has **5** page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise· 132

---

| | | | |
|---|---|---|---|
| Company: | Heller Holmes & Associates | Date: | January 10, 2007 |
| Department: | | From· | Cinthia G  Motley |
| Attention: | Jason M. Crowder | Attorney #: | 7090 |
| Facsimile #: | **217-235-0743** | File #: | 07478.00134 |
| Telephone #: | 217-235-2700 | Re: | *Stilwell v American General* |

---

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service.  Thank you

**Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean**
**Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington DC • White Plains**
**Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris**

324489.1

EXHIBIT
tabbies
5

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

120 North LaSalle Street, Chicago, Illinois 60602-2412
Tel: (312) 704-0550  Fax: (312) 704-1522

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

—

www.wilsonelser.com

*WRITER'S DIRECT EXT. 132*
*WRITER'S SUITE: 2600*
*WRITER'S E-MAIL ADDRESS: CINTHIA.MOTLEY@WILSONELSER.COM*

January 10, 2007

**VIA FACSIMILE (217) 235-0743**

Jason Crowder, Esq.
Heller, Holmes & Assoc., P.C.
1101 Broadway
P.O. Box 889
Matoon, IL 61938-0889

Re:     *Margaret J. Stillwell v American General Life Insurance Company*
        Case No.:          05 CV 2160
        WEMED File No.:    07478.00134

Dear Jason·

This letter is in response to your letter dated November 7, 2006. We have reviewed your letter and request regarding the privilege log produced by American General in response to your document request.  We have also once again reviewed the relevant documents and the privilege asserted protecting those documents.  Upon further review, we have identified three documents that are not privileged.  We are attaching those documents, Bates stamped AIG 429-431, and supplement our document production accordingly.

We stand on the privilege asserted as to the remaining documents.  As noted on the privilege log, these documents pertain to communications with Melinda Boyd, American General's Senior Counsel, acting in her legal capacity for the purpose of securing legal advice or services in the handling of the Creditors claims on the Policy at issue.  Moreover, these communications originated and remained confidential within American General and as such are protected from disclosure.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Cinthia G. Motley/bmc*

Cinthia G. Motley

CGM/bmc
Attachments

372425 2

```
                    26    3 - STILWELL - 2003-05-02-08.45.08    216
'Client ID:                   Policy Number:  2604663
Team:                         PRODUCT ID:
          Printed on Thursday, September 01, 2005 at 3:43:44PM

Oal
```

---

```
  Begin Date:      2003-07-07
  Begin Time:      14:18:15              Flags:
  User Id:         D12CM61               DTM Job Name:
  Workstation Id:                        DTM Return Code:
  Business Area:                         DTM Task Name:
  Type:                                  DTM Next Task:
  Status:                                End Date:      2003-07-07
  Queue:                                 End Time:      14:18:15
  User Name:       **Singh, Margaret
DTM Description:
  Comments:
```

---

```
  Begin Date:      2003-07-07
  Begin Time:      14:17:19              Flags:
  User Id:         D12CM61               DTM Job Name:
  Workstation Id:                        DTM Return Code:
  Business Area:                         DTM Task Name:
  Type:                                  DTM Next Task:
  Status:                                End Date:      2003-07-07
  Queue:                                 End Time:      14:17:19
  User Name:       **Singh, Margaret
DTM Description:
  Comments:
      Mr. Bianchi called. he said that  Citizens First National Bank has not
      received their ck and what about the interest. I told him that the Collateral
      Assignment had an Assigned amount to this bank ($1.5). I told him that I will
      mailed out on 7/1. Advised Barb, (secretary to Mr. Bianchi) of the ate the ck
      was mailed..
```

---

```
  Begin Date:      2003-06-26
  Begin Time:      13:12:18              Flags:          9990N2
  User Id:         D12CM45               DTM Job Name:
  Workstation Id:  AW206072              DTM Return Code:
  Business Area:   CLAIMS                DTM Task Name:
  Type:            REG                   DTM Next Task:
  Status:          DAPPROVED2            End Date:      2003-06-26
  Queue:           END                   End Time:      13:12:54
  User Name:       **Sawicki, Ray
DTM Description:
  Comments:
```

AIG429

                        26(   )3 - STILWELL - 2003-05-02-08.45.08_____/216
          Client ID:                       Policy Number:  2604663
          Team:                            PRODUCT ID:
                        Printed on Thursday, September 01, 2005 at 3:43:44PM
==================================================================================
  Oal

      Begin Date:      2003-06-11              Flags:             0000N0
      Begin Time:      13:38:25                DTM Job Name:
      User Id:         D12CM61                 DTM Return Code:
      Workstation Id:  AW027137                DTM Task Name:
      Business Area:   CLAIMS                  DTM Next Task:
      Type:            REG                     End Date:          2003-06-11
      Status:          DWAIT10E                End Time:          13:38:35
      Queue:           RENDEZ
      User Name:       **Singh, Margaret
  DTM Description:
      Comments:

    ----------------------------------------------------------------------------

      Begin Date:      2003-06-11              Flags:
      Begin Time:      13:38:21                DTM Job Name:
      User Id:         D12CM61                 DTM Return Code:
      Workstation Id:                          DTM Task Name:
      Business Area:                           DTM Next Task:
      Type:                                    End Date:          2003-06-11
      Status:                                  End Time:          13:38:21
      Queue:
      User Name:       **Singh, Margaret
  DTM Description:
      Comments:        NOTE: IF YOU RECEIVE A FAX FROM LARRY BIANKI ADDRESSED TO RAY SAWICKI, PLEASE
                       GIVE ME THE FAXED DOCUMENT. TKS.

    ----------------------------------------------------------------------------

      Begin Date:      2003-06-11              Flags:
      Begin Time:      13:37:49                DTM Job Name:
      User Id:         D12CM61                 DTM Return Code:
      Workstation Id:                          DTM Task Name:
      Business Area:                           DTM Next Task:
      Type:                                    End Date:          2003-06-11
      Status:                                  End Time:          13:37:49
      Queue:
      User Name:       **Singh, Margaret
  DTM Description:
      Comments:        6/10: ohn Lyons rtn call re current fax #217-578-3292. Larry Bianki called
                       from Janko Financial Grp. He said that he wants us to pay the claim as
                       requested in the  letters d/d  May 12,2003. I told him that since we would
                       need individual releases or payoff from each Assignee. He requested to speak
                       with Ray Sawicki.
                       6/11: Ray spoke to Mr. Bianki and advised me that Mr. Bianki will fax us a
                       letter.

A1G430

```
                            26(    )3 - STILWELL - 2003-05-02-08.45.08 (    )216
        Client ID:                      Policy Number:  2604663
        Team:                           PRODUCT ID:
                         Printed on Thursday, September 01, 2005 at 3:43:44PM
Oal
```

---

```
   Begin Date:        2003-06-10
   Begin Time:        13:05:51             Flags:
   User Id:           D12CM61              DTM Job Name:
   Workstation Id:                         DTM Return Code:
   Business Area:                          DTM Task Name:
   Type:                                   DTM Next Task:
   Status:                                 End Date:        2003-06-10
   Queue:                                  End Time:        13:05:51
   User Name:         **Singh, Margaret
DTM Description:
   Comments:          Update Suspend      Suspend Reason     AWAITCALL
                      Activate Date/Time   2003-06-12 00:00:00  Activate Status
```

---

```
   Begin Date:        2003-06-10
   Begin Time:        13:04:13             Flags:
   User Id:           D12CM61              DTM Job Name:
   Workstation Id:                         DTM Return Code:
   Business Area:                          DTM Task Name:
   Type:                                   DTM Next Task:
   Status:                                 End Date:        2003-06-10
   Queue:                                  End Time:        13:04:13
   User Name:         **Singh, Margaret
DTM Description:
   Comments:
```

Our recds show that there are 4 outstanding assignments on this policy. Ray reviewed and requested that letters be sent to all of the assignees. Letters to Janko Financial Group because they sent in a cl form; however, we received a Release of their assignment. Sent them letter re proof of other assignment unknown to us. Letter to Tuscola Furniture Group, LLC, Tuscola National Bank, Citizens First Natinal Bank and First Mid Illinois Bk & Trust. Alicia said that Larry from Janko Financial called. I returned his call (815 223 3380, tx 204) and left a msg. I also spoke with the agent, John Lyons, explained to him the outstanding assignments and that we must have releases or payoff amounts before claim is processed. He understands. Trying to fax agent copies of the assignees' letters. (fax # not working at this time). Left mgs on agt's v-mail to call me with currect fx #.

---

```
Begin Date:        2003-06-05
Begin Time:        16:08:22               Flags:             0000N0
User Id:           D12CM01                DTM Job Name:
Workstation Id:    AW027135               DTM Return Code:
Business Area:     CLAIMS                 DTM Task Name:
Type:              REG                    DTM Next Task:
                                          End Date:          2003-06-05
```

AIG431