IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | No. 05-CV-02160 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | Honorable Chief Judge Michael P. McCuskey |
| Defendant. | ) ) ) | Magistrate Judge David G. Bernthal |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| -vs- | ) ) | |
| FIRST MID ILLINOIS BANK & TRUST, | ) ) | |
| Third Party Defendant/ Cross-Claim Plaintiff, | ) ) ) | |
| -vs- | ) ) | |
| TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, | ) ) ) | |
| Third-Party Defendants/ Cross-Claim Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Now comes the Plaintiffs, MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL, by and through JASON M.

CROWDER of Heller, Holmes & Associates, P.C., her attorneys and in support of her Motion to Compel the Production of Documents states as follows:

In a Request for the Production of Documents, dated August 18, 2005. Plaintiff sought all records pertaining to the handling of claims for life insurance monies on policy #2604663. See Exhibit #1. In its Response to the Request for the Production of Documents, Defendant claimed attorney-client privilege attached to various documents either being sent to or from the company's General Counsel and refused to produce such documents. Exhibits #2 & #3.

In response, attorney for Plaintiff, Jason M. Crowder attempted informal discovery dispute resolution by sending correspondence seeking compliance with the request. See Exhibit #4. The Defendant, through attorney Cinthia G. Motley of Wilson, Elser, Moskowitz, Edleman & Dicker, LLP, again refused to comply with the request and stated:

> We stand on the privilege asserted as to the remaining documents. As noted on the privilege log, these documents pertain to communications with Melinda Boyd, American General's Senior Counsel, acting in her legal capacity for the purpose of securing legal advice or services in the handling of Creditors claims on the Policy at issue. Moreover, these communications originated and remained confidential within American General and as such are protected from disclosure.

See Exhibit #5. To date, Defendant has refused to comply with the request and has based non-compliance on attorney-client privilege. Plaintiffs' counsel has also discussed this issue by phone with Defendant's counsel. No resolution has been reached. The privilege log has been numbered 1-10. At issue in this Motion to Compel are numbers 1, 2, 5, 6 & 9. Defendant has agreed to provide the other documents in the privilege log.

Defendant has incorrectly premised the objection on attorney-client privilege. Fed. R. Civ. Pro 26(b) states a party may seek discovery of that which is "relevant to the subject matter" as long as it is not privileged. In an action in diversity, state law supplies the rules for "determining the

existence and scope of the attorney-client privilege." See *Urban Outfitters, Inc. v. DPIC Companies, Inc.* 203 F.R.D. 376, 378-379 (N.D. Ill. 2001) and Fed. R. Evid. R. 501. Not every communication between an attorney and client is privileged. See *In re Air Crash Disaster at Sioux City, Iowa on July 19, 1989,* 133 F.R.D. 515, 518 (N.D. Ill. 1990)(citing to *Matter of Walsh*, 623 F.2d 489, 494 (7th Cir. 1980)). Protection under attorney-client privilege is available if the party can show: (1) legal advise was sought; (2) from a professional legal advisor in his or her capacity; (3) the communications were related to that purpose; (4) were made in confidence by the client; and (5) are at his insistence permanently protected from disclosure, except when that privilege has been waived. See *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983). The party asserting attorney-client privilege has the burden of establishing each of those elements on a document-by-document basis. *Id*; See also *ConAgra, Inc. v. Arkwright Mut. Ins. Co.*, 32 F.Supp.2d 1015, 1018 (N.D. Ill. 1999)(where party fails to carry burden in showing privilege, documents must not be protected from discovery). In this case, Defendant has only made a broad statement of privilege and has failed to assert information sufficient to find the documents privileged. There are three additional reasons attorney-client privilege does not apply to said documents.

First, where the insurer's actions are called into question with allegations questioning the good faith of the insurance company, that which is in the file of the insured cannot be protected by attorney-client privilege. *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.,* 1996 WL 89225 (N.D. Ill. 1996)(unreported). The only way to prove the company's actions either failed to comport or comported with good faith is in "showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did." *Id* at *1. The insured is entitled to know the "'substance of the investigation, the information available and used to make a decision, and the evaluations and advice relied upon for the decision.'" *Id* (citing to *Pete*

*Rinaldi's Fast Foods, Inc. v. Great American Ins. Companies,* 123 F.R.D. 198, 203 (M.D.N.C. 1988) and *In re Bergeson,* 112 F.R.D. 692 (D.Mont. 1986)). The insurance file is likely to be the only place for this information. *Id.* Thus, where the information relates to the evaluation and the handling of the claim, attorney-client privilege does not protect such documents from discovery, even where the document is filtered through the hands of General Counsel. As in *Prisco,* these documents are discoverable due to the fact that Defendant's actions in handling of these claims has been called into question. See also *Transport Insurance Company, Inc. v. Post Express Company, Inc.*, 1996 WL 32877 (N.D. Ill. 1996) (compelled production of the file as it was the only evidence of whether the insurance company acted in good faith and documents were not entitled to attorney client privilege as asserted). While Plaintiffs' claim against Defendant is based on breach of contract, the fact still remains that the actions of the insurance company in handling the claim are at issue. The breach of contract claim is based on the actions of Defendant in reviewing and investigating claims made against Plaintiffs' life insurance policy. The actions of the Defendant's employees bear directly on Plaintiffs' claim for breach of contract.

Second, a document "prepared for both legal and non-legal review is not privileged." *In re Air Crash Disaster,* 133 F.R.D. at 519. "For the privilege to apply, counsel must be involved in a legal, not business, capacity, and the confidential communications must be primarily legal in nature." *Ziemack v. Centel Corp.,* 1995 WL 31452, *4 (N.D. Ill. 1995)(unreported). In this case, the documents were authored in the ordinary course of business. Such documents were not prepared for the purpose of securing legal advice. In *Prisco*, the documents were deemed to have been prepared in the ordinary course of business evident in that they were prepared several months prior to the advent of litigation. *Id* at *2. As a result, the Northern District held the documents to be discoverable and unprotected by attorney-client privilege. *Id* at *2. To the extent the attorney was

acting as a claims adjustor, supervisor, or monitor, the attorney-client privilege does not apply. See *Country Life Ins. Co. v. St. Paul Surplus Lines Insurance Co.,* 205 WL 3690565 (C.D. Ill. 2005)(unreported). In *Country Life Ins. Co.,* this court held insurance documents asserted as documents from legal counsel can only be privileged where they "reveal the conduct of litigation, the insurer's position and/or plan for that litigation, or if they discuss the issues involved in the litigation." *Id* at 7. In this case, the documents were produced in the ordinary course of business and for the purpose of evaluating and handling claims of creditors. This is evident in the fact that the documents were produced prior to this impending claim. The documents are not protected and are discoverable.

Third, attorney-client privilege only extends to communications between the attorney and those within the control group of the corporation. *Consolidated Coal Co. v. Bucyrus-Erie Co.,* 89 Ill.2d 103, 118, 432 N.E.2d 250 (Ill. S. Ct. 1982). Only those in top management, who have the ability to make final decisions or who are in an advisory role to top management, are considered to be within the control group. *Id* at 120. In this case, Defendant must support its claim of privilege with evidence that the communications from General Counsel were in fact to those members of the corporation within the control group. Without such, the documents are not privileged and are discoverable. The communications being withheld appear to be on Defendant's AWD System or e-mails to people not in the control group. Many employees outside the control group have access to this system. The communication was made to a claims person, who could not be considered within the control group.

In conclusion, Defendant has unreasonably withheld the production of documents that are not privileged under Illinois law. Privilege is to be confined strictly within the most narrow possible limits because it shelters important knowledge and decreases accuracy by allowing litigants to use

secrecy to circumvent the law. *Lawless*, 709 F.2d at 487; and See *In re Matter of Michael Feldberg,* 862 F.2d 622, 627 (7th Cir. 1988). Generally, Defendant has not overcome the burden of setting forth the elements of privilege in regards to each document and must not be permitted to shelter important knowledge under the guise of privilege. First, privilege does not apply to documents within the file of insureds who have called into question the good faith of the insurance company. Second, privilege does not apply to documents executed in the ordinary course of business, evidence of which is found in the date of document execution. Third, privilege only pertains to communications occurring between the control group of the insurance corporation and the attorney. In this case, not only has Defendant failed to sustain their burden in establishing privilege, but privilege does not apply for these three additional reasons. The documents on the privilege log are discoverable.

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Compel the Production of Documents, direct Defendant to produce the items sought in the outstanding request to produce, and for any and other relief this Court deems just and proper.

>MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL, Plaintiffs,
>
>BY:   s/   Jason M. Crowder
>JASON M. CROWDER
>HELLER, HOLMES & ASSOCIATES, P.C.
>1101 Broadway Ave., P.O. Box 889
>Mattoon, IL 61938
>Tel: 217-235-2700
>Fax: 217-235-0743
>ARDC#6236907
>crowderjason@hotmail.com

CERTIFICATE OF SERVICE

    I, the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States Mail at Mattoon, Illinois, first class postage fully prepaid, this 15th day of February, 2007, to the following:

Timothy J. Howard
Cinthia G. Motley
Julie Beyers
Michael S. Seneca

                                               s/ Jason M. Crowder
                                               JASON M. CROWDER
                                               HELLER, HOLMES & ASSOCIATES, P.C.
                                               1101 Broadway, P.O. Box 889
                                               Mattoon, IL 61938
                                               Tel: 217-235-2700
                                               Fax: 217-235-0743
                                               ARDC#6236907
                                               crowderjason@hotmail.com

SUBSCRIBED AND SWORN to before me
this 15th day of February, 2007.


s/ Katherine J. Storm
        Notary Public


c:stilwell14833.memorandumoflaw/kjs02082007