UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MARGARET STILWELL, ) | |
| JAMIE STILWELL, HEIDI STILWELL, ) | |
| MEGAN STILWELL, and ) | |
| HALEY STILWELL, ) | |
|     Plaintiffs, ) | |
|   v. ) | |
| ) | Case No. 05-2160 |
| AMERICAN GENERAL LIFE ) | |
| INSURANCE COMPANY, ) | |
|     Defendant. ) | |

# ORDER

Before the Court is a Motion to Compel Production of Insurance Documents (#74) filed by Plaintiffs. Defendant has refused to produce certain documents identified as Nos. 1, 2, 5, 6, and 9 in a privilege log provided to Plaintiff. The motion seeks an order compelling Defendant to produce the subject documents. Plaintiffs' motion is supported by a memorandum of law. Defendant has filed written opposition. Defendant submitted the disputed documents to the Court for *in camera* inspection which is now complete.

Defendant maintains that the documents in question are protected from disclosure under the attorney/client privilege. As stated in Plaintiff's memoranda:

> Protection under attorney-client privilege is available if the party can show:
> (1) legal advise [sic] was sought; (2) from a professional legal advisor in his or her capacity; (3) the communications were related to that purpose; (4) were made in confidence by the client; and (5) are at his insistence permanently protected from disclosure, except when that privilege has been waived. See *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983).

Plaintiffs' Mem. of Law, p. 3 (#75).

In the Court's opinion, this test has been met with respect to each of the documents. The Court rejects each of the arguments as summarized below.

First, Defendant has provided specific information which has made it easy for the Court to find each of the documents privileged. Plaintiff's suggestion that Defendant has made only "a broad statement" regarding the privilege is simply not accurate. Second, this is a breach of contract claim. There are no allegations of bad faith. So, Defendants' reasons for acting in a particular fashion are not relevant.

The Court rejects the suggestion that the documents do not involve legal advice but somehow are limited to preparation in the ordinary course of business. Clearly, the documents were generated prior to the filing of the suit. The timing of the documents creation can hardly define whether they are legal in nature or merely prepared in the ordinary course of business. The Court's review of the documents has confirmed that they reflect specific legal advice sought and delivered regarding some aspect of the claim involved in this litigation.

Finally, it is clear to the Court that the documents are related to communication between in-house legal counsel and claims analyst. The latter are the company decision makers with respect to claims. The fact that they are not high-ranking management officials does not preclude Defendant's assertion of the attorney-client privilege. The Motion to Compel Production of Insurance Documents **(#74)** is **DENIED**.

ENTER this 23rd day of March, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE