E-FILED
Monday, 02 April, 2007 03:12:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL, <br><br>Plaintiff, <br><br>v. <br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br>Defendant. | No. 05 CV 02160 <br><br>Honorable Chief Judge Michael P. McCaskey <br><br>Magistrate Judge David G. Bertha |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br>Third-Party Plaintiff, <br><br>v. <br><br>FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, <br><br>Third-Party Defendants. | |

### AMERICAN GENERAL'S COMBINED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT ON ITS THIRD-PARTY CLAIMS

### INTRODUCTION

Plaintiff,[1] has brought suit against American General to recover approximately $181,974.50 that was paid on a joint claim submitted by her assignees, Tuscola Furniture Group, LLC ("TFG"), Janko Financial Group, LLC ("Janko") and First Mid-Illinois Bank & Trust ("the Bank")(TFG, Janko and the Bank are referenced collectively herein as the "Creditors").

---

[1] Plaintiffs Haley, Heidi, Jamie and Megan Stillwell were later added as Plaintiff parties based solely on their status as partial beneficiaries in the Policy at issue. For ease of reference and practicality, American General refers to Plaintiffs in the singular as Margaret Stilwell. It should be noted, however, that Margaret Stilwell knows virtually nothing about the substance of her claim and it is the unnamed Trustee of her Bankruptcy Estate and the Trustee's counsel who are actually responsible for pursuing this baseless claim. Ex. B at 61, 63.

389740.1

Plaintiff's claim against American General is based on the theory that the representations made by her assignees in their claim submissions were in inaccurate and untrue. Specifically, Plaintiff claims that rather than holding assignments of $2,250,000 to $3,250,000, TFG only held a single assignment in the amount of $250,000 and, thus, TFG was overpaid by American General's payment of the joint claim.

American General has filed a separate Motion for Summary Judgment on Plaintiff's Claim based on clear evidence that demonstrates that the joint claim was properly paid. However, in the alternative and assuming first that the Court denies American General's Motion for Summary Judgment on Plaintiff's Claim, American General is entitled to summary judgment against TFG, Janko, and the Bank on its claims for a constructive trust and restitution under the theory of unjust enrichment.

American General relied upon the truth of the statements made by the Creditors in their claim submissions when it paid the joint claim. If American General's payment of the joint claim was improper, it necessarily follows that the Creditors were not entitled to the Policy funds that they received. At the expense of stating the obvious, it would be inequitable and unjust to allow the Creditors to retain the funds that were mistakenly paid as a result of their joint claim at the expense of American General, who has now been sued by Plaintiff to recover those funds. Accordingly, American General is entitled to summary judgment on its claimsw for a constructive trust and restitution under a theory of unjust enrichment.

## STATEMENT OF FACTS

1-41. American General incorporates by reference the Statement of Facts set forth in its Motion for Summary Judgment on Plaintiff's claim, filed contemporaneously herewith, as and for paragraphs 1 through 41 of its Statement of Facts[2]

## ARGUMENT

The gravamen of Plaintiff's complaint against American General is that her creditors were wrongfully paid the Policy funds that she was entitled to by misrepresenting the status of their assignments under the Policy in their claims submissions. If Plaintiff is successful in her claim against American General, American General is entitled to restitution from Plaintiff's creditors in the amount of the claim that was paid under the theory of unjust enrichment and a constructive trust should be imposed over the Policy funds that were paid to satisfy the joint claim.

The doctrine of unjust enrichment underlies a number of legal and equitable actions and remedies, including the equitable remedy of constructive trust and the legal action of restitution. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160 545 N.E.2d 672 (Ill. 1989). To state a cause of action based on a theory of unjust enrichment, American General need only show that there was an unjust enrichment of a benefit, by the Creditors, to the detriment of American General against the fundamental principles of justice, equity, and good conscious. *Id., See also, Drury v. County of McLean*, 89 Ill. 2d 417, 425-26 433 N.E.2d 666 (Ill. 1982), *Kenneke v. First National Bank*, 65 Ill.App.3d 10, 12, 382 N.E.2d 309 (1978). An action for unjust enrichment is maintainable in all cases where one person has received money under such circumstances that in equity and good conscience, he ought not retain it. *M. J. McCarthy*

---

[2] Accordingly, all exhibits referenced herein are contained in the separate Appendix of Exhibits filed in support of American General's Motions for Summary Judgment.

3

389740.1

*Motor Sales Co. v. Van C. Argiris & Co.*, 78 Ill. App. 3d 725, 730, 396 N.E.2d 1253 (1st Dist. 1979); *Cohon v. Oscar L. Paris Co.,* 17 Ill. App. 2d 21, 149 N.E.2d 472 (1st Dist. 1958).

Unjust enrichment does not require fault on the part of defendants. *Partipilo v. Hellman*, 166 Ill.App.3d 806, 510 N.E.2d 8 (1st Dist. 1987). Instead, the essence of this cause of action is simply that one party is enriched and it would be unjust for that party to retain the enrichment. *Id.* Where money is paid under mistake of fact and payment would not have been made but for the mistake, it can be recovered, even though the person to whom it was paid acted fairly and in good faith. *M. J. McCarthy Motor Sales,* 78 Ill. App. 3d at 730, 396 N.E.2d at 1253; *Salvati v. Streator Township High School Dist. Number 40,* 51 Ill. App. 2d 1, 200 N.E.2d 122 (3rd Dist. 1964). Consistent with the theory of unjust enrichment, Illinois law recognizes that an insurer is entitled to recover amounts paid in error where the erroneous payment occurs under a mistake of fact, and the payment would not have been made had the facts been known. *Hartford Accident & Indemn. Co. v. Chicago Housing Auth.*, 12 F.3d 92, 96 (7th Cir. 1993); *Insurance Brokers Serv., Inc. v. Marsh & McLennan*, 665 F. Supp. 649, 650 (N.D. Ill. 1987).

In addition to the remedy of restitution, when a person has obtained money to which he is not entitled, under such circumstances that in equity and good conscience he ought not to retain it, the Court can impose a constructive trust over the funds to avoid unjust enrichment. *Smithberg v. The Illinois Municipal Retirement Fund*, 191 Ill.2d 291, 735 N.E.2d 560 (Ill. 2000). A constructive trust may be imposed in the case of mistake, although no wrongdoing is involved. *Id. See also, Martin v. Heinold Commodities, Inc.*, 163 Ill.2d 33, 55, 643 N.E.2d 734 (Ill. 1994); *Scuttles v. Vogel,* 126 Ill.2d 186, 193, 533 N.E.2d 901 (Ill. 1988); *Lauth v. Carlyle Real Estate Limited Partnership*, 129 Ill.App.3d 433, 438, 472 N.E.2d 836 (1st Dist. at 1984)( "Illinois law holds that a constructive trust may be imposed when so required by equity and good conscious;

389740.1

4

the presence of fraud is not controlling and a constructive trust is not restricted to grounds of fraud or breach of a fiduciary relationship.") A constructive trust may be imposed even though the person wrongfully receiving the benefit is innocent of collusion. *Smithberg*, 192 Ill.2d at 299, 735 N.E.2d at 566, *Brennan v. Persselli*, 353 Ill. 630, 636, 187 N.E. 820 (Ill. 1933).

Shortly after Mr. Stilwell's death, TFG and Janko and the Bank each submitted a claim form and identical document submissions to American General to support a claim they made jointly for proceeds under the Policy. Ex. A at Nos. 54-72 and Ex A(1) at Exs. 18, 19, and 22. In identical cover correspondence, TFG/Janko and the Bank represented to American General that they were making a joint claim under the Policy based on the various assignments that they had received to secure a company obligation under a certain consignment agreement that had been guaranteed by Margaret Stilwell. Ex. A(1) at Exs. 18 and 19. In their initial claim submissions, the Creditors represented that they held $3,000,000 in various assignments and they provided documentation that purported to show that the total debt they were owed by ACV and Plaintiff was $512,974.50. *Id.*

American General did not pay the proceeds upon receipt of the joint claim submissions, but instead advised TFG and Janko that its records indicated that TFG only held a single assignment of $250,000 and that Janko had released its assignments. Ex. A(1) at Ex. 21, Ex. C(6). American General also requested additional information from the Creditors to verify the assignment and the debt that they claimed was owed. *Id.* Mr. Bianchi then contacted American General directly to explain the business relationship and agreements between the parties and to clarify that Janko had not actually released its assignments, but instead had transferred those assignments to its company TFG. Ex. C at 60-61, 97. Mr. Bianchi also forwarded a letter dated

June 11, 2003 to American General in further support of the joint claim that had been made. Ex. C(7) and C at 97-98.

The June 11th letter contained a number of additional representations, including the statements that (1) Janko had transferred its assignments to TFG pursuant to an assignment and assumption agreement that pre-dated the assignment form that American General recorded as a "release"; (2) the words "in favor of Tuscola Furniture Group, LLC" on the assignment form "was a transfer of all rights of insurance assignment from JFG to TFG," not a release and, (3) the outstanding life insurance assignments received under consignment agreement totaled $3,250,000. *Id.*

After performing a detailed and thorough investigation, American General paid the joint claim in reliance on the assurances and representations that were made in the claim submissions, including those concerning the validity of the respective assignments that were held by the Creditors. Ex. C at 98, Ex. E at 67; Ex. G(3) at ¶ 4. Plaintiff then filed a claim against American General based on the theory that TFG and Janko did not possess all of the assignments represented in the joint claim submissions because all but the $250,000 assignment had been released and, thus, TFG and Janko were paid more than they had a right to receive.

There can be no question that if Plaintiff prevails on her claim for proceeds against American General, it is only because American General mistakenly paid funds to the Creditors that they were not entitled to receive under the Policy. The mistaken payment was made to the benefit of the Creditors and there can be no reasonable question -- given the status of Plaintiff's lawsuit against American General -- that the payment made to the Creditors' benefit, was to the

detriment of American General.[3] The fact that the Creditors may be innocent and may truly believe that the representations made in their joint claim submissions were truthful and accurate is irrelevant under the law and does not support a finding that their retention of the benefit of the payment is somehow just.

Accordingly and as a matter of law, if this Court denies American General's Motion against Plaintiff and Plaintiff is allowed to proceed on her claim for wrongful payment, American General is entitled to summary judgment against the Creditors on its claims of restitution under a theory of unjust enrichment and this Court should impose a constructive trust over the funds that American General mistakenly paid to TFG and the Bank. Any other finding based on the facts at bar would be unjust and affront the principals of fairness and good conscience.

## CONCLUSION

For all of the foregoing reasons, if this Court denies American General's Motion for Summary Judgment on Plaintiff's claim, American General is entitled to summary judgment against TFG and the Bank on its third party claims of restitution and constructive trust based on the theory of unjust enrichment.

---

[3] It is worth noting that Plaintiff could not bring an unjust enrichment claim directly against her creditors because the payment that was made was not made to her detriment -- but instead to her benefit because the payment had the effect of satisfying a legitimate debt that she personally owed to those same creditors.

Respectfully submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**


By: ____s/ Rebecca M. Rothmann_____
     Rebecca M/ Rothmann
     Attorney Bar Number: 6236791
     Attorney for Defendant/Third Party
      Plaintiff
     WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
     120 North La Salle Street, Suite 2600
     Chicago, Illinois 60602
     Phone: (312) 704-0550
     Fax: (312) 704-1522
     Rebecca.Rothmann@wilsonelser.com

389740.1

## CERTIFICATE OF SERVICE

      I hereby certify that on **April 2, 2007**, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

## SERVICE LIST
*Margaret Stilwell v. American General Life Ins. Co.*

Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
HEAVNER SCOTT BEYERS & MIHLAR
111 E Main St., Suite 200
Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
HOWARD & HOWARD ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

    s/ Rebecca M. Rothmann
    Rebecca M. Rothmann
Attorney Bar Number: 6236791
Attorney for Defendant/Third Party
 Plaintiff
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Phone: (312) 704-0550
Fax: (312) 704-1522
Rebecca.Rothmann@wilsonelser.com

389740.1