**E-FILED**
Monday, 02 April, 2007  03:38:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET STILWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| AMERICAN GENERAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| AMERICAN GENERAL LIFE | ) |
| INSURANCE COMPANY, | )    05 CV 02160 |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) |
| FIRST MID-ILLINOIS BANK & TRUST, | ) |
| TUSCOLA FURNITURE GROUP, LLC, | ) |
| and JANKO FINANCIAL GROUP, LLC., | ) |
| | ) |
| Third Party Defendants. | ) |

**PLAINTIFFS' RESPONSE TO
AMERICAN GENERAL LIFE INSURANCE COMPANY'S
FIRST REQUEST FOR ADMISSIONS OF FACT AND GENUINENESS OF
DOCUMENTS**

Now come the Plaintiffs by HELLER, HOLMES & ASSOCIATES, P.C., and for their

Response to Defendant's First Request for Admission of Fact and Genuineness of Documents, states

as follows:

**REQUEST NO. 1**:    James E. Stilwell was a shareholder, director and the President of

Amishland Country Village, Inc. ("ACV")

**ANSWER:**    Admit.



**REQUEST NO. 2**: Margaret Stilwell was a shareholder, director and the Vice President of ACV.

**ANSWER:**    Admit.

**REQUEST NO. 3:** On or about October 17, 1998, the Old Line Life Insurance Company of America issued Policy No. 2604663 ("the Policy") with a face amount of $4,000,000 to James Stilwell.

**ANSWER:**    Admit.

**REQUEST NO. 4:** Attached to this pleading as Exhibit 1 is a true and correct copy of the Policy.

**ANSWER:**    Plaintiffs cannot truthfully admit or deny the matter.  Plaintiffs were not involved in the procurement of the Old Line Life Insurance Company Policy No. 2604663.  After searching, Plaintiffs have not been able to find the original policy, if it was ever in decedent's possession.

**REQUEST NO. 5**: Margaret Stilwell was the owner and identified as a 60% beneficiary under the Policy.

**ANSWER:**    Plaintiffs have been advised by Defendant that Margaret Stilwell was the owner and a 60% beneficiary under the policy.

**REQUEST NO. 6:** Plaintiffs, Haley Stilwell, Heidi Stilwell, Jamie Stilwell and Megan Stilwell were each named 10% beneficiaries under the Policy.

**ANSWER**:    Plaintiffs have been advised by Defendant that Haley Stilwell, Heidi Stilwell, Jamie Stilwell and Megan Stilwell were each named 10% beneficiaries under the policy.  Furthermore, Defendant made interest payments under the policy which would indicate the accuracy of this statement.

**REQUEST NO. 7**: ACV made premium payments to fund the Policy.

**ANSWER:**    The answering parties cannot truthfully admit or deny this matter as decedent would have been in charge of making the premium payments.

2

**REQUEST NO. 8**: The Policy was purchased to assist in funding business expenses related to ACV.

> **ANSWER:**  The answering parties cannot truthfully admit or deny this matter as decedent would have been the person in charge of procuring the life insurance policy.

**REQUEST NO. 9**: The Policy allowed the policyholder to make third-party assignments of the Policy.

> **ANSWER**:  Objection, matter calls for a legal conclusion as well as interpretation of a written contract.

**REQUEST NO. 10**: The Policy contained the following provision:

Assignment

"No assignment of this policy will be binding on us until filed with us in writing and recorded by us. No assignment will affect any payment we made before we recorded the assignment. We will not be responsible for the validity of an assignment.

All rights of the owner and any revocable beneficiary are subject to the rights of any assignee on record with us.

> **ANSWER:**  Objection, the policy speaks for itself.

**REQUEST NO. 11**: On or about October 27, 1998, the Old Line Life Insurance Company of America General, issued a separate policy, Policy No. 2384339 ("the Personal Policy") with a face amount of $1,000,000 to James Stilwell.

> **ANSWER:**  Admit the factual statements and deny that Plaintiffs referred to the policy as a personal policy.

**REQUEST NO. 12**: Margaret Stilwell was the owner and a named beneficiary under the $1,000,000 Personal Policy.

> **ANSWER:**  Deny.

3

**REQUEST NO. 13**: On April 19, 1999, Margaret Stilwell executed an assignment under the Policy in the amount of $500,000 to Janko Financial Group LLC ("Janko" or "JFG").

    **ANSWER**:    Objection, Defendant's records speak for themselves.

**REQUEST NO. 14**: Attached to this pleading as Exhibit 2 is a true and correct copy of the April 19, 1999 assignment to Janko executed by Margaret Stilwell.

    **ANSWER**:    Admit.

**REQUEST NO. 15**: On or about May 14, 1999, American General forwarded correspondence to Janko, titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

    **ANSWER**:    Plaintiffs can neither admit or deny request number 15 as Plaintiffs were not a party to that transaction.

**REQUEST NO. 16**: A true and correct copy of American General's May 14, 1999 assignment verification is attached to this pleading as Exhibit 3.

    **ANSWER:**    Objection, Plaintiffs can neither admit or deny request number 16 as Plaintiffs were not a party to that transaction.

**REQUEST NO. 17**: On September 25, 2000, Margaret Stilwell executed another assignment under the Policy in the amount of $1,500,00.

    **ANSWER**:    Objection, Defendant's records speak for themselves.

**REQUEST NO. 18**: Attached to this document as Exhibit 4 is a true and correct copy of the assignment executed by Margaret Stilwell on September 25, 2000 in favor of Janko.

    **ANSWER**:    Admit.

**REQUEST NO. 19**: On or about October 3, 2000, American General forwarded

4

correspondence to Janko, titled "Assignment Verificiation," which advised, in part, that "the original

document submitted to place an assignment on this policy has been endorsed, recorded and made

a part of the policy records."

> **ANSWER**:    Objection, Plaintiffs cannot admit or deny as Plaintiffs were not a party to the transaction.

**REQUEST NO. 20**: Attached to this pleading as Exhibit 5 is American General's October

3, 2000 Assignment Verification.

> **ANSWER**:    Objection, Plaintiffs cannot admit or deny as Plaintiffs were not a party to the transaction.

**REQUEST NO. 21**: The Assignments that Margaret Stilwell executed on April 19, 1999 and

September 25, 2000 provide, in part:

> F.    The Insurer is hereby authorized to recognize the Assignee's claims to rights hereunder without investigating the reason for any action taken by the Assignee, or the validity of the amount of the Liabilities or the existence of any default therein, or the filing of any notice under paragraph E92) above or otherwise, or the application to be made by the Assignee of any amounts to be paid to the Assignee. The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Policy assigned hereby and the sole receipt of the Assignee for any sums received shall be a full discharge and release therefore to the Insurer.  Checks for all or any part of the sums payable under the Policy and assigned therein, shall be drawn to the exclusive order of the Assignee if, when, and in such amounts as may be requested by the Assignee.

> **ANSWER**:    Objection, the Assignments speak for themselves.

**REQUEST NO. 22.**  On November 16, 2000, Tuscola Furniture Group, LLC ("TFG") and

Janko executed an Assignment and Assumption Agreement relating to ACV.

> **ANSWER**:    Objection, Plaintiffs cannot admit or deny as Plaintiffs were not a part of that transaction.

**REQUEST NO.23**: A true and correct copy of the Assignment and Assumption Agreement is attached to this pleading as Exhibit 6.

      **ANSWER:**    Objection. Plaintiffs cannot admit or deny as Plaintiffs were not a part of that transaction .

**REQUEST NO. 24**: On November 17, 2000, TFG and Janko executed an Assignment in favor of First Mid-Illinois Bank & Trust.

      **ANSWER**:    Objection, Plaintiffs were not a party to this transaction and therefore cannot admit or deny.

**REQUEST NO. 25**: A true and correct copy of the November 17, 2000 Assignment from TFG/Janko to First Mid-Illinois Bank & Trust is attached to this pleading as Exhibit 7.

      **ANSWER**:    Objection, Plaintiffs were not a party to the transaction and therefore cannot admit whether it is a true and correct copy of the November 17, 2000 Assignment.

**REQUEST NO. 26**: On November 17, 2000, TFG and ACV entered into a consignment agreement.

      **ANSWER:**    Plaintiff, Margaret Stilwell, has no memory of this transaction. Plaintiff, Margaret Stilwell, does know that a consignment agreement was entered into and the parties did business under a consignment agreement.

**REQUEST NO. 27**: Attached to this pleading as Exhibit 8 is a true and correct copy of the November 17, 2000 Consignment Agreement between TFG and ACV.

      **ANSWER:**    Plaintiff, Margaret Stilwell, is not in a position to admit or deny whether the November 17, 2000 assignment agreement between TFG and ACV is true and correct. She has no memory of the transaction nor the agreement.

**REQUEST NO. 28**: The November 17, 2000 Consignment Agreement was executed by James Stilwell in his capacity as the President of ACV.

      **ANSWER:**    Plaintiff, Margaret Stilwell can neither admit or deny request number 28.

6

Plaintiff does not remember the transaction nor does she remember decedent, James Stilwell, signing the document.

**REQUEST NO. 29**: The Consignment Agreement provides, in part:

3.9     Life Insurance: ACV will maintain life insurance and pay the premiums thereon on James Stilwell in the amount of at least $1,250,000 or an amount equal to the inventory cap, if higher, with TFG and Bank named as beneficiary with an insurance company rated A or better by AM Best. The life insurance proceeds shall be used first to pay Bank for the amount TFG owes Bank in order to release its lien on the Amish furniture, then to TFG for all Amish furniture owned by TFG at average wholesale cost, less a credit for the amount paid Bank, and any other amounts owed to TFG under this agreement and any excess life insurance proceeds shall be paid to the Estate of James Stilwell or ACV. Upon payment, TFG will convey title to as much of the Amish furniture free and clear of all liens, as was paid for by the insurance proceeds, to ACV.

**ANSWER:**    Objection, the document speaks for itself.

**REQUEST NO. 30**: Section 1.3 of the Consignment Agreement provides that "BANK" means FIRST MID ILLINOIS BANK and TRUST OF TUSCOLA, ILLINOIS.

**ANSWER**:    Objection, the document speaks for itself.

**REQUEST NO. 31**: On November 17, 2000, James Stilwell and Margaret Stilwell executed a Guaranty related to the Consignment Agreement dated November 17, 2000.

**ANSWER**:    Admit that Margaret Stilwell's signature is on Exhibit Number 9 which is entitled a Guaranty. Plaintiff, Margaret Stilwell has no memory of the transaction. Plaintiff, Margaret Stilwell does not recall James Stilwell signing the document in her presence.

**REQUEST NO. 32**: Attached to this pleading as Exhibit 9 is a true and correct copy of the Guaranty executed by Margaret Stilwell and James Stilwell on November 17, 2000.

**ANSWER**:    Plaintiff, Margaret Stilwell, cannot admit or deny it is a true and correct copy of the Guaranty. She does admit that the document contains what appears to be her signature.

7

**REQUEST NO. 33**: The Guaranty executed by Margaret and James Stilwell provides that "TFG shall have the right to proceed against the Guarantor hereunder following any breach or default by ACV without first proceeding against ACV and without notice to or demand on ACV."

    **ANSWER:**    Objection, the statement calls for a legal conclusion.

**REQUEST NO. 34**: On November 17, 2000, acting as the President of ACV, James Stilwell acknowledged receipt of a Notice from TFG which provides, in part:

    **ANSWER**:    Objection, Plaintiffs cannot admit or deny whether James Stilwell acknowledged receipt of a notice from TFG.

**REQUEST NO. 35**: Attached to this pleading as Exhibit 10 is a true and correct copy of the notice executed by James Stilwell on November 17, 2000.

    **ANSWER:**    Plaintiffs cannot admit or deny request number 35 as they were not a party to the transaction.

**REQUEST NO. 36**: TFG did not purchase insurance coverage at the expense of ACV or at the expense of the Stilwells.

    **ANSWER**:    Plaintiffs have no knowledge and therefore cannot admit or deny.

**REQUEST NO. 37**: On or about November 20, 2000 Lawrence Bianchi executed a release of assignment on behalf of Janko "in favor of [TFG]."

    **ANSWER**:    Plaintiffs acknowledge having received the document entitled Release of Assignment dated November 20, 2000. The document was received by Plaintiffs from Defendant through the discovery process. Plaintiffs cannot admit or deny the document's accuracy or when it was signed.

**REQUEST NO. 38**: Attached to this pleading as Exhibit 11 is a true and correct copy of the release of assignment document executed by Lawrence Bianchi on or about November 20, 2000.

    **ANSWER:**    Exhibit 11 is the document that Plaintiffs have received during discovery. Plaintiffs cannot admit or deny whether it is a true and correct copy of the

release.

**REQUEST NO. 39**: On or about December 4, 2000 American General forwarded correspondence to Janko titled "Release of Assignment Verification," which advised, in part, that "the original document submitted to release the assignment on this policy has been endorsed, recorded and made a part of the policy records."

> **ANSWER**: Plaintiffs do not admit or deny whether Defendant American General forwarded correspondence to Janko. Plaintiffs were not a party to that transaction.

**REQUEST NO. 40**: Attached to this pleading as Exhibit 12 is a true and correct copy of the "Release of Assignment Verification."

> **ANSWER**: Exhibit 12 is a copy of a Release of Assignment Verification that Plaintiffs have seen in discovery. Plaintiffs cannot testify whether it is a true and correct copy.

**REQUEST NO. 41**: On or about November 21, 2000, Margaret Stilwell executed an Assignment under the Policy in the amount of $250,000 in favor of TFG.

> **ANSWER**: Admit.

**REQUEST NO. 42**: Attached to this pleading as Exhibit 13 is a true and correct copy of the November 21, 2000 assignment executed by Margaret Stilwell in favor of TFG.

> **ANSWER**: Admit.

**REQUEST NO. 43**: On or about December 4, 2000 American General forwarded correspondence to TFG titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

> **ANSWER**: Plaintiffs cannot admit or deny as Plaintiffs were not a party to this

9

transaction.

**REQUEST NO. 44**: Attached to this pleading as Exhibit 14 is American General's December 4, 2000 Assignment Verification.

    **ANSWER:**   Plaintiffs cannot admit or deny as Plaintiffs did not receive the Assignment Verification other than through discovery.

**REQUEST NO. 45**: On or about January 11, 2001, Margaret Stilwell executed an Assignment under the Policy to First Mid in the amount of $1,000,000.

    **ANSWER:**   Admit.

**REQUEST NO. 46**: A true and correct copy of the $1,000,000 assignment from Margaret Stilwell to First Mid is attached as Exhibit 15.

    **ANSWER:**   Admit.

**REQUEST NO. 47**: On or about January 30, 2001, American General forwarded correspondence to Janko, titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

    **ANSWER:**   Plaintiffs can neither admit or deny as Plaintiffs were not a party to this transaction or event.

**REQUEST NO. 48**: Attached to this pleading as Exhibit 16 is a true and correct copy of American General's January 30, 2001 Assignment Verification.

    **ANSWER:**   Plaintiffs can neither admit or deny as Plaintiffs did not receive the original Assignment Verification. Plaintiffs have received the Assignment Verification during the discovery process. It is part of Defendant's American General's claim file.

**REQUEST NO. 49**: The insured, James E. Stilwell, died on May 2, 2003.

**ANSWER:**    Admit.

**REQUEST NO. 50**: On or about May 2, 2003, American General forwarded correspondence to Margaret Stilwell which acknowledged the death of James Stilwell.

> **ANSWER:**    Plaintiff, Margaret Stilwell, has no memory of receiving the document nor does the document exist in her records.

**REQUEST NO. 51**: Attached to this pleading as Exhibit 17 is a true and correct copy of American General's May 2, 2003 correspondence to Margaret Stilwell.

> **ANSWER:**    Plaintiff can only admit that the document appears to be directed to her at her address. It is dated May 2, 2003. See response to request number 50.

**REQUEST NO. 52**: On or about May 6, 2003, Margaret Stilwell submitted an executed claim form under the Personal Policy.

> **ANSWER:**    Plaintiff, Margaret Stilwell, does not know the date of the submission of her claim under the $1,000,000 Policy. She can admit that she did submit a claim under the policy.

**REQUEST NO. 53**: At no time did Margaret Stilwell forward an executed claim form under the Policy.

> **ANSWER:**    Deny.

**REQUEST NO. 54**: On May 12, 2003, First Mid submitted to American General a completed claim form on behalf of First Mid, TFG, and Janko.

> **ANSWER:**    Plaintiffs do not have any direct knowledge of the claim submitted by First Mid, TFG and Janko. Plaintiffs' knowledge comes from documents received from Defendant, American General. Therefore, Plaintiffs can neither admit or deny request number 54.

**REQUEST NO. 55**: With the completed claim form, First Mid also submitted correspondence to American General dated May 12, 2003, which states, in part:

11

...Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank and Trust ("Bank"), are jointly making application on the collateral assignments they received to secure an obligation under a certain consignment agreement dated November 17, 2000 between TFG and Amish Land Country Village, Inc. As itemized on the attached Exhibit A, the total amount owed by Amish Land Country Village, Inc. and guaranteed by James and Margaret Stilwell is $512,974.50. This amount includes the amounts that TFG owes the Bank. Please issue your draft made payable to Tuscola Furniture Group, LLC and First Mid-Illinois Bank and Trust, and have it delivered to First-Mid Illinois and Trust – 229 South Neil – Champaign Illinois 61820 – attention: Thomas J. Chamberlain. The signature of the bank officer below acknowledges and confirms this direction.

Upon receipt of this amount TFG and the Bank will relinquish all assignments against the proceeds on the life insurance policy no. 2604663. Specifically, these are the assignments to Janko Financial Gruop, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000.

Finally we have enclosed and completed claimants statement on the form you provided for both TFG and Janko Financial Group, LLC.

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny the statements of request number 55.

**REQUEST NO. 56**: A true and correct copy of the Bank's May 12, 2003 correspondence

and attachments are attached to this pleading as Ex. 18.

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 57**: The May 12, 2003 cover letter was executed on behalf of the Bank by

Thomas J. Chamberlain.

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 58**: The May 12, 2003 cover letter from First Mid to American General was

also signed by Lawrence W. Bianchi on behalf of both TFG and Janko to acknowledge and affirm

the direction expressed by the Bank.

12

**ANSWER**:    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 59:** On or about May 12, 2003, Lawrence W. Bianchi, acting as authorized representative of both TFG and Janko, forwarded a completed claim form and correspondence to American General.

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 60**: A true and correct copy of the May 12, 2003 correspondence and attachments sent to American General by TFG and Janko is attached to this pleading as Exhibit 19.

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 61**: The May 12, 2003 correspondence from TFG and Janko to American General states, in part:

> ...Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank & Trust Company ("Bank"), are jointly making application on the Collateral Assignments they received to secure an obligation under a certain Consignment Agreement dated November 17, 2000 between TFG and Amishland Country Village.

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 62**: The May 12, 2003 correspondence from TFG and Janko to American General stated that "the amount owed by Amishland Country Village, Inc. and guaranteed by James and Margaret Stilwell is $512,974.50. This amount includes the amounts that TFG owes the Bank."

**ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 63**: TFG and Janko submitted documentation with their May 12, 2003 correspondence evidencing the debt due from the Stilwells to TFG in the amount of $512,974.50.

13

**ANSWER**:   Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 64**: The May 12, 2003 TFG/JFG correspondence was also executed by

Thomas Chamberlain on behalf of First Mid to acknowledge and confirm the direction expressed

by TFG and JFG.

**ANSWER:**   Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 65**: On May 28, 2003, Lawrence W. Bianchi, acting as authorized

representative of TFG and JFG, forwarded correspondence to American General for the purpose of

amending his May 12, 2003 correspondence.

**ANSWER**:   Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 66**: Attached to this pleading as Exhibit 20 is a true and correct copy of the

May 28, 2003 correspondence.

**ANSWER**:   Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 67**: The correspondence to American General attached at Exhibit 20 states,

in part:

> Please accept this letter as an amendment to my letter dated 12 May 2003. When listing "all Assignments' against the proceeds on the life insurance policy number 2604663, I inadvertently left out an assignment to Tuscola Furniture Group, LLC dated November 21, 2000 for $250,000.

**ANSWER**:   Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 68**: On or about June 10, 2003, American General sent separate

correspondence to TFG, Janko, and First Mid, requesting verification of the assignments referenced

14

in their claim correspondence and confirmation of the debt owed under those assignments.

> **ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 69**: Attached to this pleading as Exhibit 21 are true and correct copies of

the American General' June 10, 2003 correspondence to TFG, Janko, and First Mid.

> **ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 70**: On or about June 11, 2003, Lawrence Bianchi sent correspondence to

American General on behalf of TFG and Janko, which enclosed prior correspondence to American

General from TFG and First Mid.

> **ANSWER:**    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 71**: Attached at Exhibit 22 is a true and correct copy of Lawrence Bianchi's

June 11, 2003 correspondence to American General on behalf of TFG and Janko.

> **ANSWER**:    Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 72**: Mr. Bianchi's June 11, 2003 correspondence to American General

stated, in part:

> Thank you for the opportunity to provide a further explanation for a rather complex situation...
>
> ***
>
> > On April 16, 1999, Janko Financial Group (JFG), LLC entered into a Consignment Agreement for the retailing of Amish Furniture with Amishland Country Village, Inc. and guaranteed personally by James and Margaret Stilwell.  Section 3.9 of this original consignment agreement required that JFG and their lender, First Mid-Illinois Bank and Trust (FMIB), receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $2,000,000.

On 19 April 1999, JFG received an assignment of life insurance in the amount of $500,000 from Margaret Stilwell, owner of Policy No. 2604663 with James Stilwell as the insured. However, it was not until 25 September 2000, that JFG received a second assignment of life insurance for the same policy in the amount of $1,500,000 from Margaret Stilwell.

On 16 November 2000, JFG signed an assignment and assumption agreement with the newly formed LLC, Tuscola Furniture Group (TFG), LLC. This new entity is owned 70% by JFG with JFG acting as managing member. This agreement was specifically included and lists any rights to insurance assignments relating to the original consignment agreement.

On 17 November 2000, TFG entered into a new consignment agreement with Amish Land Country Village, Inc. and guaranteed personally by James and Margaret Stilwell. This new agreement modified and replaced the previous agreement. Once again, Section 3.9 of the new consignment agreement required that TFG and their lender FMIB receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $1,250,000.

On 20 November 2000, in support of the assignment and assumption agreement between JFG and TFG, JFG signed a release of assignment on Policy No. 2604663 "in favor of Tuscola Furniture Group, LLC.' This release was a transfer of all rights of insurance assignment for JFG to TFG.

On 21 November 2000, TFG received an assignment of life insurance in the amount of $250,000 from Margaret Stilwell, owner of Policy No. 2604663 with James Stilwell as the insured. Then, on 11 January 2001, FMIB received an assignment of life insurance for the same policy in the amount of $1,000,000 from Margaret Stilwell.

The preceding chronology of events resulted in the following assignments from Margaret Stilwell on Policy No. 2604663:

Tuscola Furniture Group, LLC – $2,000,000 (assignment transfer to Tuscola Furniture Group, LLC via agreement dated 16 November 2000 and release dated 20 November 2000);

Tuscola Furniture Group, LLC – $250,000 (21 November 2000);

First Mid-Illinois Bank and Trust – $1,000,000 (11 January 2001).

Therefore the life insurance assignments received from Margaret Stilwell on Policy No. 2604663 in satisfaction of the requirements of the consignment agreements (dated 16 April 1999 and 17 November 2000) totaled $3,250,000.

These events lead us to the claim being made jointly by TFG and FMIB to American General Life as documented in the information submitted by TFG, TFG and FMIB, a joint claim is being made for $512,974.50 in conjunction with the obligations of Amish Land Country Village, Inc. and James and Margaret Stilwell per the consignment agreement date [sic] 17 November 2000. The payment of this claim in the amount of $512,974.50 would release all assignments to JFG, TFG and FMIB, which total $3,250,000. Mr. Saqwicki, as we discussed I believe that a review of the enclosed letters dated 12 May 2003 and 28 May 2003, provide American General Life with releases for all assignments totaling $3,250,000 upon receipt of the claim amount of $512,974.50.

> **ANSWER:**     Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 73**: On June 25, 2003, TFG and JFG forwarded to American General a formal authorization for Lawrence Bianchi to act as signatory for JFG and TFG for the purpose of releasing all assignments pertaining to the Policy under the joint claim no. 03D00890LL.

> **ANSWER:**     Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 74**: Attached to this pleading as Exhibit 23 is a true and correct copy of the authorization submitted by Lawrence Bianchi on behalf of TFG and JFG.

> **ANSWER:**     Objection, Plaintiffs were not involved in this correspondence and therefore cannot either admit or deny.

**REQUEST NO. 75**: To support their joint claim, TFG, JFG and First Mid submitted documentation to American General.

> **ANSWER:**     Objection, calls for a conclusion.

**REQUEST NO. 76**: To support their claim, TFG and JFG verified that, via the agreement

17

dated 16 November 2000 between JFG and TFG and the release of assignment dated November 20,

2000, executed by JFG, JFG transferred its assignments, amounting to $2,000,000 cumulatively, to

TFG.

> **ANSWER**:    Objection, Plaintiffs did not receive the correspondence between the parties
> referenced in request number 76. Plaintiffs can neither admit or deny those
> allegations.

**REQUEST NO. 77**: To support their claim, JFG and TFG represented to American General

that the outstanding life insurance assignments received from Plaintiff on the Policy in satisfaction

of the requirements of the parties' consignment agreements (dated 16 April 1999 and 17 November

2000) totaled $3,250,000.

> **ANSWER**:    Objection, Plaintiffs did not get in on the correspondence between the parties
> referenced in request number 77. Plaintiffs can neither admit or deny those
> allegations

**REQUEST NO. 78**: On or about June 26, 2003, American General forwarded a check for

$512,974.50 to TFG and First Mid.

> **ANSWER**:    Plaintiffs have seen documentation from American General which reflects a
> check issued to TFG and First Mid in the amount of $512,974.50.  Plaintiffs
> would therefore admit that American General did pay $512,974.50 to TFG
> and First Mid.

**REQUEST NO. 79**: As of the date of James Stilwell's death, TFG was owed $431,974.50

by ACV pursuant to November 17, 2000 Consignment Agreement.

> **ANSWER**:    Deny.

**REQUEST NO. 80**: As of the date of James Stilwell's death, TFG was owed in excess of

$250,000.00 by ACV pursuant to the November 17, 2000 Consignment Agreement.

> **ANSWER**:    Deny.

18

**REQUEST NO. 81**: As of the date of James Stilwell's death, First Mid was owed $81,000.000 by ACV.

**ANSWER**:    Deny.

**REQUEST NO. 82**: Attached to this correspondence as Exhibit 24 is a true and correct copy of American General's June 26, 2003 correspondence to First Mid.

**ANSWER:**    Objection, Plaintiffs can neither admit or deny the allegations in request number 82 as Plaintiffs were not part of that correspondence.

**REQUEST NO. 83**: TFG and/or First Mid endorsed and cashed the check issued by American General in the amount of $512,974.50 under the Policy.

**ANSWER:**    Plaintiffs can neither admit or deny whether the check was ever cashed.

**REQUEST NO. 84**: On or about July 10, 2003, American General forwarded correspondence to Margaret Stilwell with a check in the amount of $25,354.98

**ANSWER:**    Admit.

**REQUEST NO. 85**: Attached to this pleading as Exhibit 25 is a true and correct copy of American General's July 10, 2003 correspondence to Margaret Stilwell.

**ANSWER:**    Admit.

**REQUEST NO. 86**: Margaret Stilwell received American General's July 10, 2003 correspondence and check on or about July 8, 2003.

**ANSWER:**    Deny.

**REQUEST NO. 89**: Attached to this pleading as Exhibit 26 is a true and correct copy of a letter from American General to William Lyons which is signed by Margaret Stilwell.

**ANSWER:**    Plaintiff, Margaret Stilwell admits that Exhibit 26 contains a document with her signature.  Plaintiff cannot admit or deny whether it is a true and correct

19

copy of the letter from American General to William Lyons.

**REQUEST NO. 90**: Margaret Stilwell endorsed and cashed the check issued by American General under the Policy.

**ANSWER:**    Admit.

**REQUEST NO. 91**: In addition to enclosing the check to Margaret Stilwell, American General also forwarded four claimants' statements to be completed by the remaining beneficiaries named in the Policy.

**ANSWER:**    Admit.

**REQUEST NO. 92**: On or about July 17, 2003 Jamie Stilwell Bowles executed a claimant's statement relative to the Policy.

**ANSWER:**    Admit.

**REQUEST NO. 93**: On or about July 23, 2003, Megan Stilwell executed a claimant's statement relative to the policy.

**ANSWER**:    Admit.

**REQUEST NO. 94**: On or about July 25, 2003 Haley Stilwell executed a claimant's statement relative to the policy.

**ANSWER**:    Admit.

**REQUEST NO. 95**: Attached as Group Exhibit 27 are true and correct copies of the claimant's statements executed by Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell.

**ANSWER**:    Admit.

**REQUEST NO. 96**: On or about August 4, 2003, American General forwarded checks in

20

the amount of $4,225.83 to Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell.

**ANSWER**:    Admit.

**REQUEST NO. 97**: Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell endorsed and cashed the checks issued by American General under the Policy.

**ANSWER**:    Admit.

**REQUEST NO. 98**: On or about November 25, 2003, Margaret Stilwell filed a Petition for Bankruptcy.

**ANSWER**:    Plaintiff, Margaret Stilwell, admits that she filed Chapter 7 bankruptcy. Plaintiff cannot admit or deny the date of November 25, 2003.

**REQUEST NO. 99**: Janko, TFG and First Mid did not appear as creditors or otherwise in Margaret Stilwell's personal bankruptcy proceedings.

**ANSWER**:    Deny.

**REQUEST N0. 100:** On or about April 27, 2004, Margaret Stilwell was discharged in bankruptcy.

**ANSWER**:    Plaintiff, Margaret Stilwell admits that she received a discharge in bankruptcy. She cannot admit or deny the exact date of April 27, 2004.

> MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL, Plaintiffs,
>
> By _Jason M. Crowder_
> Of Heller, Holmes & Associates, P.C.
> Their Attorneys

21

JASON M. CROWDER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
P. O. Box 889
Mattoon, IL 61938
Phone: (217) 235-2700
Attorneys for Plaintiffs
stilwell 14833 8.28.06 response to request to admit/slr