IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 CV 02160 |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants | ) | |
| ———————————————— | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST MID-ILLINOIS BANK & TRUST, | ) | |
| TUSCOLA FURNITURE GROUP, LLC, | ) | |
| And JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**TUSCOLA FURNITURE GROUP, LLC AND JANKO FINANCIAL GROUP, LLC'S
RESPONSE TO AMERICAN GENERAL LIFE INSURANCE COMPANY'S FIRST
REQUEST FOR ADMISSION OF FACT AND GENUINESS OF DOCUMENTS**

NOW COME TUSCOLA FURNITURE GROUP, LLC ("TFG") and JANKO FINANCIAL

GROUP, LLC ("JFG"), Third-Party Defendants, by Howard & Howard Attorneys, P.C., and for their

Response to Request to Admit from AMERICAN GENERAL LIFE INSURANCE COMPANY's

("American General") state:

1.    TFG and JFG have made a reasonable inquiry and the information known or readily

obtainable is insufficient information to either admit or deny Request 1.

2.    TFG and JFG have made a reasonable inquiry and the information known or readily

obtainable is insufficient information to either admit or deny Request 2.

**Howard & Howard**
law for business™

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568



EXHIBIT
F1

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

3.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 3.

4.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 4.

5.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 5.

6.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 6.

7.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 7.

8.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 8.

9.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 9.

10.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 10.

11.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 11.

12.      TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 12.

13.      TFG and JFG admit the facts of Request 13.

14.      TFG and JFG admit the facts of Request 14.

15.      TFG and JFG object to Request 15 because the document speaks for itself. Without waiving said objection, TFG and JFG admit the facts of Request 15.

16.      TFG and JFG admit the facts of Request 16.

2

Howard ⬛ Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

17.    TFG and JFG admit the facts of Request 17.

18.    TFG and JFG admit the facts of Request 18.

19.    TFG and JFG object to Request 19 because the document speaks for itself. Without waiving said objection, TFG and JFG admit the facts of Request 19.

20.    TFG and JFG admit the facts of Request 20.

21.    TFG and JFG object to Request 21 because each Assignment speaks for itself and the meaning of each Assignment is a question of law and not a statement of fact. Without waiving said objection, TFG and JFG admit that Paragraph F is in each Assignment.

22.    TFG and JFG admit the facts of Request 22.

23.    TFG and JFG admit the facts of Request 23.

24.    TFG and JFG admit the facts of Request 24.

25.    TFG and JFG admit the facts of Request 25.

26.    TFG and JFG admit the facts of Request 26.

27.    TFG and JFG admit the facts of Request 27.

28.    TFG and JFG admit the facts of Request 28.

29.    TFG and JFG object to Request 29 because the Consignment Agreement speaks for itself and its meaning is a question of law and not of fact. Without waiving said objection, TFG and JFG admit that Paragraph 3.9 is in the Consignment Agreement.

30.    TFG and JFG deny the facts of Request 30 and further states that Section 1.4 identifies the Bank.

31.    TFG and JFG admit the facts of Request 31.

32.    TFG and JFG admit the facts of Request 32.

33.    TFG and JFG admit that the Guaranty contains the described statement.

34.    TFG and JFG object to Request 34 because the document speaks for itself. Without waiving said objection, TFG and JFG admit the facts of Request 34.

3

Howard & Howard
law for business®

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

35.     TFG and JFG admit the facts of Request 35.

36.     TFG and JFG admit the facts of Request 36.

37.     TFG and JFG object to Request 37 because the document speaks for itself.  Without waiving said objection, TFG and JFG deny the document was a release of assignment.  Rather, the document, as modified, was an assignment as it transferred JFG's interest to TFG.  TFG and JFG admit the remaining portions of Request 37.

38.     TFG and JFG deny the document was a release of assignment.  Rather, the document, as modified, was an assignment as it transferred JFG's interest to TFG.  TFG and JFG admit the remaining portions of Request 38.

39.     TFG and JFG deny the document was an outright release.  Rather, the document, as modified, was an assignment as it transferred JFG's interest to TFG.  TFG and JFG admit that the document is titled "Release of Assignment Verification."

40.     TFG and JFG deny the document was a release of assignment.  Rather, the document, as modified, was an assignment as it transferred JFG's interest to TFG.  TFG and JFG admit the remaining portions of Request 40.

41.     TFG and JFG admit the facts of Request 41.

42.     TFG and JFG admit the facts of Request 42.

43.     TFG and JFG admit the facts of Request 43.

44.     TFG and JFG admit the facts of Request 44.

45.     TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 45.

46.     TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 46.

47.     TFG and JFG deny the facts of Request 47.

4

Ioward &Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1683
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1683
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1683
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1683
Fax 309.672.1568

48.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 48.

49.    TFG and JFG admit the facts of Request 49.

50.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 50.

51.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 51.

52.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 52.

53.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 53.

54.    TFG and JFG admit the facts of Request 54.

55.    TFG and JFG object that the document speaks for itself.  Without waiving said objection, TFG and JFG admit the facts of Request 55.

56.    TFG and JFG admit the facts of Request 56.

57.    TFG and JFG admit the facts of Request 57.

58.    TFG and JFG admit the facts of Request 58.

59.    TFG and JFG admit the facts of Request 59.

60.    TFG and JFG admit the facts of Request 60.

61.    TFG and JFG object that the document speaks for itself.  Without waiving said objection, TFG and JFG admit the facts of Request 61.

62.    TFG and JFG object that the document speaks for itself.  Without waiving said objection, TFG and JFG admit the facts of Request 62.

63.    TFG and JFG admit the facts of Request 63.

64.    TFG and JFG admit the facts of Request 64.

Howard Howard
law for business®

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

65.    TFG and JFG admit the facts of Request 65.

66.    TFG and JFG admit the facts of Request 66.

67.    TFG and JFG object that the document speaks for itself.  Without waiving said objection, TFG and JFG admit the facts of Request 67.

68.    TFG and JFG admit the facts of Request 68.

69.    TFG and JFG admit the facts of Request 69.

70.    TFG and JFG admit the facts of Request 70.

71.    TFG and JFG admit the facts of Request 71.

72.    TFG and JFG object that the document speaks for itself.  Without waiving said objection, TFG and JFG admit the facts of Request 72.

73.    TFG and JFG admit the facts of Request 73.

74.    TFG and JFG admit the facts of Request 74.

75.    TFG and JFG admit the facts of Request 75.

76.    TFG and JFG admit the facts of Request 76.

77.    TFG and JFG admit the facts of Request 77.

78.    TFG and JFG admit the facts of Request 78.

79.    TFG and JFG admit the facts of Request 79.

80.    TFG and JFG admit the facts of Request 80.

81.    TFG and JFG admit the facts of Request 81.

82.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 82.

83.    TFG JFG and admit the facts of Request 83.

84.    TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 84.

6

Ioward⊠Howard
law for business®

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

85.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 85.

86.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 86.

87.   American General omitted Request 87.

88.   American General omitted Request 88.

89.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 89.

90.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 90.

91.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 91.

92.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 92.

93.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 93.

94.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 94.

95.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 95.

96.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 96.

97.   TFG and JFG have made a reasonable inquiry and the information known or readily obtainable is insufficient information to either admit or deny Request 97.

98.   TFG and JFG admit the facts of Request 98.

7

99.   TFG and JFG admit the facts of Request 99.

100.   TFG and JFG admit the facts of Request 100.

Respectfully submitted,

TUSCOLA FURNITURE GROUP and
JANKO FINANCIAL GROUP

By: _____
Timothy J. Howard
ARDC No. 01271202
Howard & Howard Attorneys, P.C.
211 Fulton Street, Suite 600
Peoria, IL 61602-1350
Telephone:     (309) 672-1483
Facsimile:     (309) 672-1568
Email: THoward@howardandhoward.com

Michael S. Seneca
ARDC No. 06273030
Howard & Howard Attorneys, P.C.
211 Fulton Street, Suite 600
Peoria, IL 61602-1350
Telephone:     (309) 672-1483
Facsimile:     (309) 672-1568
Email: MSeneca@howardandhoward.com

Howard ⊠ Howard
law for business®

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Response to First Request for Admissions of Fact and Genuineness of Documents was served upon the party of record by facsimile and overnight mail as follows:

Cinthia G. Motley
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 N. LaSalle Street, Suite 2600
Chicago, IL 60602
312-704-0550
312-704-1522 (fax)
motleyc@wemed.com

and by facsimile and depositing said envelopes in the United States Mail with first-class postage fully prepaid in Peoria, Illinois, as follows:

Jason M. Crowder
Heller, Holmes & Assoc., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
217-235-2700
217-235-0743 (fax)
crowderjason@hotmail.com

Richard L. Heavner
Heavner, Scott, Beyers & Mihlar
111 E. Main Street, Suite 200
Decatur, IL 62523
217-422-1719
217-422-1754 (fax)
richardheavner@hsbattys.com

on this 29th day of August, 2006.

By: _____
Timothy J. Howard

fvu\G:\J-L\Janko financial\tuscola furniture grp\pldgs\Appeal\Res to Req for Adm of Fact.doc

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARGARET J. STILWELL, HALEY          )
STILWELL, HEIDI STILWELL, JAMIE      )
STILWELL, MEGAN STILWELL,            )
                                     )
             Plaintiffs,             )        No. 05 CV 02160
                                     )
      vs.                            )        Honorable Chief Judge
                                     )        Michael P. McCuskey
AMERICAN GENERAL LIFE                )
INSURANCE COMPANY,                   )        Magistrate Judge
                                     )        David G. Bernthal
             Defendant.              )
                                     )
_____)
                                     )
AMERICAN GENERAL LIFE                )
INSURANCE COMPANY,                   )
                                     )
      Third-Party Plaintiff,         )
                                     )
      vs.                            )
                                     )
FIRST MID ILLINOIS BANK & TRUST,     )
TUSCOLA FURNITURE GROUP, LLC,        )
and JANKO FINANCIAL GROUP, LLC,      )
                                     )
      Third-Party Defendants.        )

### FIRST MID ILLINOIS BANK AND TRUST'S OBJECTIONS AND RESPONSE TO AMERICAN GENERAL LIFE INSURANCE COMPANY'S FIRST REQUEST FOR ADMISSIONS OF FACT AND GENUINESS OF DOCUMENTS UPON THIRD PARTY DEFENDANT CREDITORS, FIRST MID-ILLINOIS BANK AND TRUST, TUSCOLA FURNITURE GROUP LLC, AND JANKO FINANCIAL GROUP, LLC

NOW COMES Third-Party Defendant, First Mid-Illinois Bank & Trust, (hereinafter referred to as "First Mid") by its attorneys, Heavner, Scott, Beyers, & Mihlar, and pursuant to Rule 36 of the Federal Rules of Civil Procedure Objects and Responds to American General Life Insurance Company's Request for Admissions of Fact as follows:

1

**GENERAL OBJECTION:** The Third Party Defendant, First Mid Illinois Bank & Trust objects to the Requests for Admissions of Fact as same appear to be addressed to the Third Party Defendants jointly, rather than to each Third Party Defendant separately. The Third Party Defendants are separate entities, this Third Party Defendant has separate counsel, and thus, First Mid objects to the requests as propounded. Without waiving said objection, First Mid answers these requests individually, and on its own behalf.

**REQUEST NO. 1:** James E. Stilwell was a shareholder, director and the President of Amishland Country Village, Inc. ("ACV")

**ANSWER:** First Mid admits the facts set forth in Request No. 1.

**REQUEST NO 2:** Margaret Stilwell was a shareholder, director and the Vice President of ACV.

**ANSWER:** First Mid admits the facts set forth in Request No. 2.

**REQUEST NO. 3:** On or about October 27, 1998, the Old Line Life Insurance Company of America issued Policy No. 2604663 ("the Policy") with a face amount of $4,000,000 to James Stilwell.

**ANSWER:** First Mid admits the facts set forth in Request Number 3.

**REQUEST NO. 4:** Attached to this pleading as Exhibit 1 is a true and correct copy of the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that attached to this pleading as Exhibit 1 is a true and correct copy of the policy.

**REQUEST NO. 5:** Margaret Stilwell was the owner and identified as a 60% beneficiary under the Policy.

2

**ANSWER:** First Mid admits that Margaret Stilwell was the owner of the Policy. First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that Margaret Stilwell was identified as a 60% beneficiary under the Policy.

**REQUEST NO. 6:** Plaintiffs, Haley Stilwell, Heidi Stilwell, Jamie Stilwell and Megan Stilwell were each named 10% beneficiaries under the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that Plaintiffs, Haley Stilwell, Heidi Stilwell, Jamie Stilwell and Megan Stilwell were each named 10% beneficiaries under the Policy.

**REQUEST NO. 7:** ACV made premium payments to fund the Policy.

**ANSWER:** First Mid admits that the Policy was funded. First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that ACV itself made the premium payments to fund the Policy.

**REQUEST NO. 8:** The Policy was purchased to assist in funding business expenses related to ACV.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that the Policy was purchased to assist in funding business expenses related to ACV.

**REQUEST NO. 9:** The Policy allowed the policyholder to make third-party assignments of the Policy.

**ANSWER:** First Mid admits the facts set forth in Request Number 9.

**REQUEST NO. 10:** The Policy contained the following provision:

3

**Assignment**

> "No assignment of this policy will be binding on us until filed with us in writing and recorded by us. No assignment will affect any payment we made before we recorded the assignment. We will not be responsible for the validity of an assignment.

> All rights of the owner and any revocable beneficiary are subject to the rights of any assignee on record with us.

**ANSWER:** First Mid objects to this Request as the language of the Policy speaks for itself.

**REQUEST NO. 11:** On or about October 27, 1998, the Old Line Life Insurance Company of American General, issued a separate policy, Policy No. 2384339 ("the Personal Policy") with a face amount of $1,000,000 to James Stilwell.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that on or about October 27, 1998, the Old Line Life Insurance Company of American General, issued a separate policy, Policy No. 2384339 ("the Personal Policy") with a face amount of $1,000,000 to James Stilwell.

**REQUEST NO. 12:** Margaret Stilwell was the owner and a named beneficiary under the $1,000,000 Personal Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that Margaret Stilwell was the owner and a named beneficiary under the $1,000,000 Personal Policy.

**REQUEST NO. 13:** On April 19, 1999, Margaret Stilwell executed an assignment under the Policy in the amount of $500,000 to Janko Financial Group LLC ("Janko" or "JFG")

**ANSWER:** First Mid admits the facts set forth in Request No. 13.

4

**REQUEST NO. 14:** Attached to this pleading as Exhibit 2 is a true and correct copy of the April 19, 1999 assignment to Janko executed by Margaret Stilwell.

**ANSWER:** First Mid admits the facts set forth in Request No. 14.

**REQUEST NO. 15:** On or about May 14, 1999, American General forwarded correspondence to Janko, titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that American General forwarded correspondence to Janko on or about May 14, 1999. First Mid admits that American General forwarded correspondence to Janko which confirmed the receipt, endorsement and recording of the assignment in the Policy records. As to the remaining facts set forth in Request Number 15, First Mid objects to same as the Assignment Verification speaks for itself.

**REQUEST NO. 16:** A true and correct copy of American General's May 14, 1999 assignment verification is attached to this pleading as Exhibit 3.

**ANSWER:** First Mid admits the facts set forth in Request No. 16.

**REQUEST NO. 17:** On September 25, 2000, Margaret Stilwell executed another assignment under the Policy in the amount of $1,500,000.

**ANSWER:** First Mid admits the facts set forth in Request No. 17.

**REQUEST NO. 18:** Attached to this document as Exhibit 4 is a true and correct copy of the assignment executed by Margaret Stilwell on September 25, 2000 in favor of Janko.

**ANSWER:** First Mid admits the facts set forth in Request No. 18.

5

**REQUEST NO. 19:** On or about October 3, 2000, American General forwarded correspondence to Janko, titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

**ANSWER:** First Mid is without knowledge or information sufficient to form a belief as to whether American General forwarded correspondence to Janko on or about October 3, 2000. First Mid admits that American General forwarded correspondence to Janko which confirmed the receipt, endorsement and recording of the assignment in the Policy records. As to the remaining facts set forth in Request No. 19, First Mid objects to same as the Assignment Verification speaks for itself.

**REQUEST NO. 20:** Attached to this pleading as Exhibit 5 is American General's October 3, 2000 Assignment Verification.

**ANSWER:** First Mid admits the allegations set forth in Request No. 20.

**REQUEST NO. 21:** The Assignments that Margaret Stilwell executed on April 19, 1999 and September 25, 2000 provide, in part:

> F.     The Insurer is hereby authorized to recognize the Assignee's claims to rights hereunder without investigating the reason for any action taken by the Assignee, or the validity of the amount of the Liabilities or the existence of any default therein, or the filing of any notice under Paragraph E(2) above or otherwise, or the application to be made by the Assignee of any amounts to be paid to the Assignee. The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Policy assigned hereby and the sole receipt of the Assignee for any sums received shall be a full discharge and release therefore to the Insurer. Checks for all or any part of the sums payable under the Policy and assigned therein, shall be drawn to the exclusive order of the Assignee if, when, and in such amounts as may be requested by the Assignee.

6

**ANSWER:** First Mid objects to this request as the language of these Assignments speak for themselves. Without waiving said objection, First Mid denies that the language in the Assignments executed by Margaret Stilwell on April 19, 1999 and September 25, 2000 state exactly as American General has transcribed herein.

**REQUEST NO. 22:** On November 16, 2000, Tuscola Furniture Group, LLC ("TFG") and Janko executed an Assignment and Assumption Agreement relating to ACV.

**ANSWER:** First Mid admits the facts set forth in Request No. 22.

**REQUEST NO. 23:** A true and correct copy of the Assignment and Assumption Agreement is attached to this pleading as Exhibit 6.

**ANSWER:** First Mid admits, however, states that the document attached hereto as Exhibit 6 has a mark, black splotches and other imperfections that are not present on the copy.

**REQUEST NO. 24:** On November 17, 2000, TFG and Janko executed an Assignment in favor of First Mid-Illinois Bank & Trust.

**ANSWER:** First Mid admits that TFG made an assignment to First Mid and that Janko Financial Group, LLC., signed the assignment as the Manager of TFG.

**REQUEST NO. 25:** A true and correct copy of the November 17, 2000 Assignment from TFG/Janko to First Mid-Illinois Bank & Trust is attached to this pleading as Exhibit 7.

**ANSWER:** First Mid admits the facts set forth in Request No. 25.

**REQUEST NO. 26:** On November 17, 2000, TFG and ACV entered into a consignment agreement.

**ANSWER:** First Mid admits the facts set forth in Request No. 26.

**REQUEST NO. 27:** Attached to this pleading as Exhibit 8 is a true and correct copy of the November 17, 2000 Consignment Agreement between TFG and ACV.

7

**ANSWER:** First Mid admits, however states that the document attached as Exhibit 8 contains various lines and black marks that are not present on this party's copy of the document.

**REQUEST NO. 28:** The November 17, 2000 Consignment Agreement was executed by James Stilwell in his capacity as the President of ACV.

**ANSWER:** First Mid admits the facts set forth in Request Number 28.

**REQUEST NO. 29:** The Consignment Agreement provides in part:

> 3.9  Life Insurance: ACV will maintain life insurance and pay the premiums thereon on James Stilwell in the amount of at least $1,250,000 or an amount equal to the inventory cap, if higher, with TFG and Bank named as beneficiary with an insurance company rated A or better by AM Best. The life insurance proceeds shall be used to first pay Bank for the amount TFG owes Bank in order to release its lien on the Amish furniture, then to TFG for all Amish furniture owned by TFG at average wholesale cost, less a credit for the amount paid by Bank, and any other amounts owed to TFG under this agreement and any excess life insurance proceeds shall be paid to the Estate of James Stilwell or ACV. Upon payment, TFG will convey title to as much of the Amish furniture free and clear of all liens, as was paid for by the insurance proceeds, to ACV.

**ANSWER:** First Mid objects to this Request as the Consignment Agreement speaks for itself. Without waiving said objection, First Mid states that the Consignment Agreement at section 3.9 does so provide, however First Mid denies that the paragraph as transcribed herein has been accurately transcribed.

**REQUEST NO. 30:** Section 1.3 of the Consignment Agreement provides that "BANK" means FIRST MID ILLINOIS BANK and TRUST OF TUSCOLA, ILLINOIS.

**ANSWER:** First Mid denies that section 1.3 of the Consignment Agreement provides that "BANK" means FIRST MID ILLINOIS BANK and TRUST OF TUSCOLA, ILLINOIS.

**REQUEST NO. 31:** On November 17, 2000, James Stilwell and Margaret Stilwell executed a Guaranty related to the Consignment Agreement dated November 17, 2000.

8

**ANSWER:** First Mid admits the facts set forth in Request Number 31.

**REQUEST NO. 32:** Attached to this pleading as Exhibit 9 is a true and correct copy of the Guaranty executed by Margaret Stilwell and James Stilwell on November 17, 2000.

**ANSWER:** First Mid admits, however states that the copy of the Guaranty attached as Exhibit 9 contains various lines throughout the document that do not appear on this party's copy.

**REQUEST NO. 33:** The Guaranty executed by Margaret and James Stilwell provides that "TFG shall have the right to proceed against the Guarantor hereunder following any breach or default by ACV without first proceeding against ACV and without notice to or demand on ACV."

**ANSWER:** First Mid denies that the language in the Guaranty signed by Margaret and James Stillwell has been accurately transcribed and therefore First Mid denies that the Guaranty exactly so states.

**REQUEST NO. 34:** On November 17, 2000, acting as the President of ACV, James Stilwell acknowledged receipt of a Notice from TFG which provides, in part:

> Unless you provide us with evidence of the insurance coverage required
> by your agreement with us, we may purchase insurance at your expense to
> protect our interest in your collateral. . . .

**ANSWER:** First Mid admits that on November 17, 2000, James Stilwell, acting as President of ACV acknowledged receipt of a Notice from TFG. First Mid objects to the remainder of the information contained in the request as the Notice speaks for itself.

**REQUEST NO. 35:** Attached to this pleading as Exhibit 10 is a true and correct copy of the notice executed by James Stilwell on November 17, 2000.

**ANSWER:** First Mid denies that Exhibit 10 is a true and correct copy of the notice as some of the words on the copy have been cut off or otherwise omitted.

9

**REQUEST NO. 36:** TFG did not purchase insurance coverage at the expense of ACV or at the expense of the Stilwells.

**ANSWER:** First Mid objects to this request as it is irrelevant to the issues presented in this litigation. Without waiving this objection, First Mid states it has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that TFG did not purchase insurance coverage at the expense of ACV or at the expense of the Stilwells.

**REQUEST NO. 37:** On or about November 20, 2000, Lawrence Bianchi executed a release of assignment on behalf of Janko "in favor of [TFG]."

**ANSWER:** First Mid admits that on or about November 20, 2000, Lawrence Bianchi executed a document which assigned Janko's assignments to TFG. First Mid denies that such document operated as a complete release, but rather was an assignment of Janko's assignments to TFG. First Mid objects to the remainder of the request as the document speaks for itself.

**REQUEST NO. 38:** Attached to this pleading as Exhibit 11 is a true and correct copy of the release of assignment document executed by Lawrence Bianchi on or about November 20, 2000.

**ANSWER:** First Mid admits that attached as Exhibit 11 is a true and correct copy of the document executed by Lawrence Bianchi on or about November 20, 2000, however, First Mid denies that said document constituted a complete release of Janko's assignments, but rather states that said document assigned Janko's assignments to TFG.

**REQUEST NO. 39:** On or about December 4, 2000 American General forwarded correspondence to Janko titled "Release of Assignment Verification," which advised, in part, that

10

"the original document submitted to release the assignment on this policy has been endorsed, recorded and made a part of the policy records."

**ANSWER:** First Mid admits that American General forwarded correspondence to Janko which is titled "Release of Assignment Verification." First Mid denies that the November 20, 2000 document operated as a "release" but was rather an assignment of Janko's assignments to TFG. First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that the "Release of Assignment Verification" was forwarded on or about December 4, 2000. As to the remaining requests made in this paragraph, First Mid objects to same as the language of the correspondence speaks for itself.

**REQUEST NO. 40:**  Attached to this pleading as Exhibit 12 is a true and correct copy of the "Release of Assignment Verification."

**ANSWER:** First Mid admits that attached as Exhibit 12 is a true and correct copy of the document entitled "Release of Assignment Verification."  First Mid denies that the document entitled "Release of Assignment Verification" did anything other than acknowledge JFG's assignment of its assignments to TFG.

**REQUEST NO. 41:**  On or about November 21, 2000, Margaret Stilwell executed an Assignment under the Policy in the amount of $250,000 in favor of TFG.

**ANSWER:** First Mid admits the facts set forth in Request Number 41.

**REQUEST NO. 42:**  Attached to this pleading as Exhibit 13 is a true and correct copy of the November 21, 2000 assignment executed by Margaret Stilwell in favor of TFG.

**ANSWER:** First Mid admits the facts set forth in Request No. 42.

11

**REQUEST NO. 43:**  On or about December 4, 2000 American General forwarded correspondence to TFG titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that the correspondence referenced in Request No. 43 was forwarded on or about December 4, 2000. However First Mid admits that American General forwarded the Assignment Verification to TFG. First Mid objects to the remainder of the request in that it asks First Mid to admit or deny what is set forth in the document, and First Mid states that the Assignment Verification speaks for itself.

**REQUEST NO. 44:**  Attached to this pleading as Exhibit 14 is American General's December 4, 2000 Assignment Verification.

**ANSWER:** First Mid admits the facts set forth in Request No. 44.

**REQUEST NO. 45:**  On or about January 11, 2001, Margaret Stilwell executed an Assignment under the Policy to First Mid in the amount of $1,000,000.

**ANSWER:** First Mid admits the facts set forth in Request No. 45.

**REQUEST NO. 46:**  A true and correct copy of the $1,000,000 assignment from Margaret Stilwell to First Mid is attached as Exhibit 15.

**ANSWER:** First Mid admits that the body of the document is a true and correct copy of the Assignment, but denies that the upper right hand corner of Ex.15 presents a true and accurate copy of the document, as the word "Assignment" is missing from same.

12

**REQUEST NO. 47:** On or about January 30, 2001, American General forwarded correspondence to Janko, titled "Assignment Verification," which advised, in part, that "the original document submitted to place an assignment on this policy has been endorsed, recorded and made a part of the policy records."

**ANSWER:** First Mid denies the facts set forth in Request Number 47.

**REQUEST NO. 48:** Attached to this pleading as Exhibit 16 is a true and correct copy of American General's January 30, 2001 Assignment Verification.

**ANSWER:** First Mid admits the facts set forth in Request Number 48.

**REQUEST NO. 49:** The insured, James Stilwell, died on May 2, 2003.

**ANSWER:** First Mid admits the facts set forth in Request Number 49.

**REQUEST NO. 50:** On or about May 2, 2003, American General forwarded correspondence to Margaret Stilwell which acknowledged the death of James Stilwell.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that on or about May 2, 2003, American General forwarded correspondence to Margaret Stilwell which acknowledged the death of James Stilwell.

**REQUEST NO. 51:** Attached to this pleading as Exhibit 17 is a true and correct copy of American General's May 2, 2003 correspondence to Margaret Stilwell.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that attached to this pleading as Exhibit 17 is a true and correct copy of American General's May 2, 2003 correspondence to Margaret Stilwell.

**REQUEST NO. 52:** On or about May 6, 2003, Margaret Stilwell submitted an executed claim form under the Personal Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that on or about May 6, 2003, Margaret Stilwell submitted an executed claim form under the Personal Policy.

**REQUEST NO. 53:** At no time did Margaret Stilwell forward an executed claim form under the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that at no time did Margaret Stilwell forward an executed claim form under the Policy.

**REQUEST NO. 54:** On May 12, 2003, First Mid submitted to American General a completed claim form on behalf of First Mid, TFG, and Janko.

**ANSWER:** First Mid admits that on or about May 12, 2003, it submitted a completed claim form to American General, but denies that the claim form was submitted on behalf of TFG and Janko.

**REQUEST NO. 55:** With the completed claim form, First Mid also submitted correspondence to American General dated May 12, 2003, which states in part:

> . . . Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank
> and Trust ("Bank") are jointly making application on the collateral
> assignments they received to secure an obligation under a certain
> consignment agreement dated November 17, 2000 between TFG and
> Amish Land Country Village, Inc. As itemized on the attached Exhibit A,
> the total amount owed by Amish Land Country Village, Inc. and
> guaranteed by James and Margaret Stilwell is $512,974.50. This amount
> includes the amounts that TFG owes the Bank. Please issue your draft
> made payable to Tuscola Furniture Group, LLC and First Mid-Illinois
> Bank and Trust, and have it delivered to First-Mid Illinois and Trust – 229

14

South Neil – Champaign Illinois 61820 – attention: Thomas J.
Chamberlain.  The signature of the bank officer below acknowledges and
confirms this direction.

Upon receipt of this amount TFG and the Bank will relinquish all
assignments against the proceeds on the life insurance policy no.
2604663.  Specifically, these are the assignments to Janko Financial
Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000,
September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000.

Finally we have enclosed and completed claimants statement on the form
you provide for both TFG and Janko Financial Group, LLC.

**ANSWER:** First Mid admits that it submitted correspondence to American General dated

May 12, 2003, with its completed claim form. First Mid objects to the remainder of Request No.

55 as it asks First Mid to verify the contents of the May 12, 2003 correspondence and this

documents speaks for itself. Without waiving said objection, First Mid denies that American

General has accurately transcribed the letter and thus Fist Mid denies that the language of the

letter as set forth herein is exactly accurate.

**REQUEST NO. 56:**  A true and correct copy of the Bank's May 12, 2003

correspondence and attachments are attached to this pleading as Ex. 18.

**ANSWER:** First Mid denies that Exhibit 18 is a true and complete copy of the Bank's

May 12, 2003, correspondence and attachments.

**REQUEST NO. 57:**  The May 12, 2003 cover letter was executed on behalf of the Bank

by Thomas J. Chamberlain.

**ANSWER:** First Mid admits the facts set forth in Request Number 57.

**REQUEST NO. 58:**  The May 12, 2003 cover letter from First Mid to American General

was also signed by Lawrence W. Bianchi on behalf of both TFG and Janko to acknowledge and

affirm the direction expressed by the Bank.

15

**ANSWER:** First Mid admits that the May 12, 2003 cover letter from First Mid to American General was also signed by Lawrence W. Bianchi on behalf of both TFG and Janko, however, First Mid objects to the remainder of the Request as the May 12, 2003 cover letter speaks for itself.

**REQUEST NO. 59:** On or about May 12, 2003, Lawrence W. Bianchi, acting as authorized representative of both TFG and Janko, forwarded a completed claim form and correspondence to American General.

**ANSWER:** First Mid admits the facts set forth in Request Number 59.

**REQUEST NO. 60:** A true and correct copy of the May 12, 2003 correspondence and attachments sent to American General by TFG and Janko is attached to this pleading as Exhibit 19.

**ANSWER:** First Mid denies the facts set forth in Request No. 60, as Janko's Claimant's statement appears to be missing from the Exhibit.

**REQUEST NO. 61:** The May 12, 2003 correspondence from TFG and Janko to American General states in part:

> ... Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank & Trust Company ("Bank"), are jointly making application on the Collateral Assignments they received to secure an obligation under a certain Consignment Agreement dated November 17, 2000 between TFG and Amishland Country Village, Inc.

**ANSWER:** First Mid objects to this request as the May 12, 2003 correspondence from TFG and Janko to American General speaks for itself.

**REQUEST NO. 62:** The May 12, 2003 correspondence from TFG and Janko to American General stated that "the amount owed by Amishland Country Village, Inc. and

16

guaranteed by James and Margaret Stilwell is $512,974.50. This amount includes the amounts that TFG owes the Bank."

**ANSWER:** First Mid objects to this request as the correspondence at issue in this request speaks for itself. Without waiving its objection, First Mid denies that the May 12, 2003 correspondence states exactly as American General has transcribed herein.

**REQUEST NO. 63:** TFG and Janko submitted documentation with their May 12, 2003 correspondence evidencing the debt due from the Stilwells to TFG in the amount of $512,974.50.

**ANSWER:** First Mid admits the facts set forth in Request Number 63, however states that the documentation shows the amount due from the Stilwells and ACV.

**REQUEST NO. 64:** The May 12, 2003 TFG/JFG correspondence was also executed by Thomas Chamberlain on behalf of First Mid to acknowledge and confirm the direction expressed by TFG and JFG.

**ANSWER:** First Mid admits that Thomas Chamberlin also executed the May 12, 2003, correspondence, and with respect to the remaining allegations of said paragraph, First Mid objects to same and states that the May 12, 2003, correspondence, speaks for itself.

**REQUEST NO. 65:** On May 28, 2003, Lawrence W. Bianchi, acting as authorized representative of TFG and JFG, forwarded correspondence to American General for the purpose of amending his May 12, 2003 correspondence.

**ANSWER:** First Mid admits the facts set forth in Request No. 65.

**REQUEST NO. 66:** Attached to this pleading as Exhibit 20 is a true and correct copy of the May 28, 2003 correspondence.

**ANSWER:** First Mid admits the facts set forth in Request Number 66.

17

**REQUEST NO. 67:** The correspondence to American General attached at Exhibit 20 states, in part:

> Please accept this letter as an amendment to my letter dated 12 May 2003. When listing "all Assignments" against the proceeds on the life insurance policy number 2604663, I inadvertently left out an assignment to Tuscola Furniture Group, LLC dated November 21, 2000 for $250,000.

**ANSWER:** First Mid objects to this request as the language in Exhibit 20 speaks for itself.

**REQUEST NO. 68:** On or about June 10, 2003, American General sent separate correspondence to TFG, Janko, and First Mid, requesting verification of the assignments referenced in their claim correspondence and confirmation of the debt owed under those assignments.

**ANSWER:** First Mid admits the facts set forth in Request Number 68.

**REQUEST NO. 69:** Attached to this pleading as Exhibit 21 are true and correct copies of the American General's June 10, 2003 correspondence to TFG, Janko and First Mid.

**ANSWER:** First Mid admits that the letter to First Mid is a true and correct copy of American General's June 10, 2003, correspondence to First Mid. As to whether true and correct copies of the correspondence to TFG and Janko are attached, First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that the letters to TFG and Janko attached are true and correct copies of same.

**REQUEST NO. 70:** On or about June 11, 2003, Lawrence Bianchi sent correspondence to American General on behalf of TFG and Janko, which enclosed prior correspondence to American General from TFG and First Mid.

18

**ANSWER:** First Mid admits that Mr. Bianchi on behalf of both TFG and JFG, sent correspondence dated June 11, 2003 to American General, however First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that said correspondence enclosed prior correspondence to American General from TFG and First Mid.

**REQUEST NO. 71:** Attached at Exhibit 22 is a true and correct copy of Lawrence Bianchi's June 11, 2003 correspondence to American General on behalf of TFG and Janko.

**ANSWER:** First Mid admits the facts set forth in Request No. 71.

**REQUEST NO. 72:** Mr. Bianchi's June 11, 2003 correspondence to American General stated in part:

> Thank you for the opportunity to provide a further explanation for a rather complex situation. . . .
>
> On 16 April 1999, Janko Financial Group (JFG), LLC entered into a Consignment Agreement for the retailing of Amish Furniture with Amishland Country Village, Inc. and guaranteed personally by James and Margaret Stilwell. Section 3.9 of this original consignment agreement required that JFG and their lender, First Mid-Illinois Bank and Trust (FMIB), receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $2,000,000.
>
> On 19 April 1999, JFG received an assignment of life insurance in the amount of $500,000 from Margaret Stilwell, owner of Policy No. 2604663 with James Stilwell as the insured. However, it was not until 25 September 2000, that JFG received a second assignment of life insurance for the same policy in the amount of $1,500,000 from Margaret Stilwell.
>
> On 16 November 2000, JFG signed an assignment and assumption agreement with the newly formed LLC, Tuscola Furniture Group (TFG), LLC. This new entity is owned 70% by JFG with JFG acting as managing member. This agreement was specifically included and lists any rights to insurance assignments relating to the original consignment agreement.
>
> On 17 November 2000, TFG entered into a new consignment agreement with Amish Land Country Village, Inc. and guaranteed personally by

19

James and Margaret Stilwell. This new agreement modified and replaced the previous agreement. Once again, Section 3.9 of the new consignment agreement required that TFG and their lender FMIB receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $1,250,000.

On 20 November 2000, in support of the assignment and assumption agreement between JFG and TFG, JFG signed a release of assignment on Policy No. 2604663 'in favor of Tuscola Furniture Group, LLC.' This release was a transfer of all rights of insurance assignment for JFG to TFG.

On 21 November 2000, TFG received an assignment of life insurance in the amount of $250,000 from Margaret Stilwell, owner of Policy No. 2604663 with James Stilwell as the insured. Then on 11 January 2001, FMIB received an assignment of life insurance for the same policy in the amount of $1,000,000 from Margaret Stilwell.

The preceding chronology of events resulted in the following assignments from Margaret Stilwell on Policy No. 2604663:

> Tuscola Furniture Group, LLC - $2,000,000 (assignment transfer to Tuscola Furniture Group, LLC via agreement dated 16 November 2000 and release dated 20 November 2000);

> Tuscola Furniture Group, LLC - $250,000 (21 November 2000);

> First Mid-Illinois Bank and Trust - $1,000,000 (11 January 2001).

Therefore the life insurance assignments received from Margaret Stilwell on Policy No. 2604663 in satisfaction of the requirements of the consignment agreements (dated 16 April 1999 and 17 November 2000) totaled $3,250,000.

These events lead us to the claim being made jointly by TFG and FMIB to American General Life as documented in the information submitted by TFG, TFG and FMIB, a joint claim is being made for $512,974.50 in conjunction with the obligations of Amish Land Country Village, Inc. and James and Margaret Stilwell per the consignment agreement date [sic] 17 November 2000. The payment of this claim in the amount of $512,974.50 would release all assignments to JFG, TFG and FMIB, which total $3,250,000. Mr. Sawicki, as we discussed I believe that a review of the enclosed letters dated 12 May 2003 and 28 May 2003, provide American

20

General Life with releases for all assignments totaling $3,250,000 upon receipt of the claim amount of $512,974.50.

**ANSWER:** First Mid affirmatively states that this letter was not sent by it or on its behalf. First Mid objects to Request Number 72 as the language of the June 11, 2003 correspondence speaks for itself. Without waiving said objection, First Mid denies that the excerpts from the letter as set forth herein have been transcribed accurately and therefore First Mid denies that the letter states exactly as is transcribed and set forth herein.

**REQUEST NO. 73:** On June 25, 2003, TFG and JFG forwarded to American General a formal authorization for Lawrence Bianchi to act as signatory for JFG and TFG for the purpose of releasing all assignments pertaining to the Policy under the joint claim no. 03D00890LL.

**ANSWER:** First Mid admits that on June 25, 2003, TFG and JFG forwarded to American General, a formal authorization for Bianchi to act as signatory for JFG and TFG for the purpose of releasing all assignments pertaining to Claim No. 03D00890LL and that a true and correct copy of said authorization is attached as Exhibit 11. As to all other allegations of said paragraph, First Mid states that the June 25, 2003, correspondence speaks for itself.

**REQUEST NO. 74:** Attached to this pleading as Exhibit 23 is a true and correct copy of the authorization submitted by Lawrence Bianchi on behalf of TFG and JFG.

**ANSWER:** First Mid admits the facts set forth in Request Number 74.

**REQUEST NO. 75:** To support their joint claim, TFG, JFG and First Mid submitted documentation to American General.

**ANSWER:** First Mid objects to Request No. 75 as it fails to set forth with specificity the documentation allegedly submitted by each Third Party Defendant to American General.

**REQUEST NO. 76:** To support their claim, TFG and JFG verified that, via the agreement dated 16 November 2000 between JFG and TFG and the release of assignment dated

21

November 20, 2000, executed by JFG, JFG transferred its assignments, amounting to $2,000,000 cumulatively, to TFG.

**ANSWER:** First Mid objects to this request as the term "verified" as set forth in the request improperly seeks or asks this party to make a legal conclusion or opinion.

**REQUEST NO. 77:** To support their claim, JFG and TFG represented to American General that the outstanding life insurance assignments received from Plaintiff on the Policy in satisfaction of the requirements of the parties' consignment agreements (dated 16 April 1999 and 17 November 2000) totaled $3,250,000.

**ANSWER:** First Mid objects to this request as the term "represented" as set forth in the request improperly seeks or asks this party to make a legal conclusion or opinion.

**REQUEST NO. 78:** On or about June 26, 2003, American General forwarded a check for $512,974.50 to TFG and First Mid.

**ANSWER:** First Mid admits that American General forwarded a check made payable to TFG and First Mid for $512,974.50, however First Mid states that the check was not forwarded to TFG and First Mid, but was rather sent directly to First Mid . As to the remaining allegations of Request No. 78, First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable this party to admit or deny that the check was forwarded on or about June 26, 2003.

**REQUEST NO. 79:** As of the date of James Stilwell's death, TFG was owed $431,974.50 by ACV pursuant to the November 17, 2000 Consignment Agreement.

**ANSWER:** First Mid admits that as of the date of James Stilwell's death, TFG was owed at least $431,974.50 by ACV pursuant to the November 17, 2000 Consignment Agreement. First Mid has made a reasonable inquiry and the information known or readily

22

obtainable by this party is insufficient to enable this party to admit or deny that TFG was owed exactly $431,974.50 by ACV as of the date of James Stilwell's death.

**REQUEST NO. 80:** As of the date of James Stilwell's death, TFG was owed in excess of $250,000 by ACV pursuant to the November 17, 2000 Consignment Agreement.

**ANSWER:** First Mid admits the facts set forth in Request No. 80.

**REQUEST NO. 81:** As of the date of James Stilwell's death, First Mid was owed $81,000.00 by ACV.

**ANSWER:** First Mid denies because as of the date of James Stilwell's death it was owed more than that amount by ACV and the Stilwells pursuant to the Consignment Agreement.

**REQUEST NO. 82:** Attached to this correspondence as Exhibit 24 is a true and correct copy of American General's June 26, 2003 correspondence to First Mid.

**ANSWER:** First Mid admits the facts set forth in Request No. 82.

**REQUEST NO. 83:** TFG and/or First Mid endorsed and cashed the check issued by American General in the amount of $512,974.50, under the Policy.

**ANSWER:** First Mid admits the facts set forth in Request No. 83.

**REQUEST NO. 84:** On or about July 10, 2003, American General forwarded correspondence to Margaret Stilwell with a check in the amount of $25,354.98.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that on or about July 10, 2003, American General forwarded correspondence to Margaret Stilwell with a check in the amount of $25,354.98.

**REQUEST NO. 85:** Attached to this pleading as Exhibit 25 is a true and correct copy of American General's July 10, 2003 correspondence to Margaret Stilwell.

23

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that attached to this pleading as Exhibit 25 is a true and correct copy of American General's July 10, 2003 correspondence to Margaret Stilwell.

**REQUEST NO. 86:** Margaret Stilwell received American General's July 10, 2003 correspondence and check on or about July 8, 2003.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that Margaret Stilwell received American General's July 10, 2003 correspondence and check on or about July 8, 2003.

**REQUEST NO. 89:** Attached to this pleading as Exhibit 26 is a true and correct copy of a letter from American General to William Lyons which is signed by Margaret Stilwell.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that attached to this pleading as Exhibit 26 is a true and correct copy of a letter from American General to William Lyons which is signed by Margaret Stilwell.

**REQUEST NO. 90:** Margaret Stilwell endorsed and cashed the check issued by American General under the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that Margaret Stilwell endorsed and cashed the check issued by American General under the Policy.

**REQUEST NO. 91:** In addition to enclosing the check to Margaret Stilwell, American General also forwarded four claimants' statements to be completed by the remaining beneficiaries named in the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that in addition to enclosing the check to Margaret Stilwell, American General also forwarded four claimants' statements to be completed by the remaining beneficiaries named in the Policy.

**REQUEST NO. 92:** On or about July 17, 2003 Jamie Stilwell Bowles executed a claimant's statement relative to the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that on or about July 17, 2003 Jamie Stilwell Bowles executed a claimant's statement relative to the policy.

**REQUEST NO. 93:** On or about July 23, 2003 Megan Stilwell executed a claimant's statement relative to the policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that on or about July 23, 2003 Megan Stilwell executed a claimant's statement relative to the policy.

**REQUEST NO. 94:** On or about July 25, 2003 Haley Stilwell executed a claimant's statement relative to the policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that on or about July 25, 2003 Haley Stilwell executed a claimant's statement relative to the policy.

25

**REQUEST NO. 95:** Attached as Group Exhibit 27 are true and correct copies of the claimants' statements executed by Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that attached as Group Exhibit 27 are true and correct copies of the claimants' statements executed by Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell.

**REQUEST NO. 96:** On or about August 4, 2003, American General forwarded checks in the amount of $4,225.83 to Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that on or about August 4, 2003, American General forwarded checks in the amount of $4,225.83 to Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell.

**REQUEST NO. 97:** Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell endorsed and cashed the checks issued by American General under the Policy.

**ANSWER:** First Mid has made a reasonable inquiry and the information known or readily obtainable by this party is insufficient to enable the party to admit or deny that Haley Stilwell, Megan Stilwell, Jamie Stilwell Bowles and Heidi Stilwell endorsed and cashed the checks issued by American General under the Policy.

**REQUEST NO. 98:** On or about November 25, 2003, Margaret Stilwell filed a Petition for Bankruptcy.

26

**ANSWER:** First Mid objects that the facts set forth in this request are irrelevant or are not likely to lead to the discovery of relevant or admissible information.

**REQUEST NO. 99:** Janko, TFG and First Mid did not appear as creditors or otherwise in Margaret Stilwell's personal bankruptcy proceedings.

**ANSWER: :** First Mid objects that the facts set forth in this request are irrelevant or are not likely to lead to the discovery of relevant or admissible information.

**REQUEST NO. 100:** On or about April 27, 2004, Margaret Stilwell was discharged in bankruptcy.

**ANSWER:** First Mid objects that the facts set forth in this request are irrelevant or are not likely to lead to the discovery of relevant or admissible information.

FIRST MID ILLINOIS BANK AND TRUST,

By _____

One of its Attorneys

Julie Beyers
ARDC# 6217185
HEAVNER, SCOTT, BEYERS & MIHLAR
111 East Main Street, Suite 250
P.O. Box 740
Decatur, IL 62525
Phone: (217) 422-1719
Fax:    (217) 422-1754

27

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of **First Mid-Illinois Bank and Trust's Objections and Response to American General Life Insurance Company's First Request for Admissions of Fact and Genuiness of Documents Upon Third Party Defendant Creditors, First Mid-Illinois Bank and Trust, Tuscola Furniture Group LLC, and Janko Financial Group, LLC** was mailed overnight mail by placing same in a UPS overnight receptacle located in Decatur, Illinois on this 29th day of August, 2006, addressed to the following:

Daniel J. McMahon
Rebecca M. Rothmann
Cinthia G. Motley
WILSON, ELSEER, MOSKOWITZ,
EDELMAN & DICKER, LLP
120 N. LaSalle Street, Suite 2600
Chicago, Illinois 60602


I, the undersigned, certify that a true and correct copy of **First Mid-Illinois Bank and Trust's Objections and Response to American General Life Insurance Company's First Request for Admissions of Fact and Genuiness of Documents Upon Third Party Defendant Creditors, First Mid-Illinois Bank and Trust, Tuscola Furniture Group LLC, and Janko Financial Group, LLC** was mailed by U.S. Mail, postage fully paid, this 29th day of August, 2006, addressed to the following:

Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938

Timothy J. Howard
HOWARD & HOWARD
ATTORNEYS PC
211 Fulton St., Suite 600
Peoria, IL 61602

Daniel J. McMahon
Rebecca M. Rothmann
Cinthia G. Motley
WILSON, ELSEER, MOSKOWITZ,
EDELMAN & DICKER, LLP
120 N. LaSalle Street, Suite 2600
Chicago, Illinois 60602


HEAVNER, SCOTT, BEYERS & MIHLAR
P.O. Box 740
Decatur, IL 62525
(217) 422-1719
(217) 422-1754 (Facimile)

Julie Beyers