10/4/0011:57  E-FILED
Monday, 02 April, 2007 03:50:58 PM
Clerk, U.S. District Court, ILCD

**THE OLD LINE LIFE** Insurance Company of America

ADMINISTRATIVE OFFICES / PO BOX 35844 / DALLAS TX 75235 0844
214 654 6300 / 800 487 5433 / FAX 214 654 6008

October 3, 2000


JANKO FINANCIAL GROUP LLC
2220 MARQUETTA RD
PERU IL 61354



Re:  Insured, James E Stilwell
     Policy Number   2604663
     Owner, James E Stilwell


```
***********************************
*                                 *
*      ASSIGNMENT VERIFICATION    *
*                                 *
***********************************
```

The original document submitted to place an assignment on this policy
has been endorsed, recorded and made a part of the policy records.

A copy of this assignment is attached for your records.


If this assignment is released or transferred, please notify us in
writing.




Prepared By:  Title Change Unit
              Policyowner Service Department




Attachment


cc:   W0908 FRAN TONY M CARTER
      W0090 FRAN WILLIAM J LYONS


2303
23/03                          ***** TA *****
    An American General Company

EXHIBIT
5

## ASSIGNMENT AND ASSUMPTION AGREEMENT
## (AMISH FURNITURE)

This Assignment and Assumption Agreement made as of this _16_ day of _NOV_____, 2000 by and between JANKO FINANCIAL GROUP, LLC, an Illinois Limited Liability Company, Assignor, and TUSCOLA FURNITURE GROUP, LLC, an Illinois Limited Liability Company, Assignee.

NOW THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt whereof is acknowledged, Assignor hereby assigns and Assignee hereby agrees to assume and to fully and faithfully perform the obligations of Assignor under the following:

1.    Consignment Agreement dated 4/16/99 by and between AMISHLAND COUNTRY VILLAGE, INC., and JANKO FINANCIAL GROUP, L.L.C.

2.    Any and all Contracts and other documents including insurance policies, relating to and incurred in connection with the acquisition and consignment of AMISH FURNITURE pursuant to the Consignment Agreement referred to in paragraph 1.

3.    All inventory of AMISH FURNITURE owned by Assignor and subject to the Consignment Agreement.

IN WITNESS WHEREOF, the Assignor and Assignee have caused this Assignment and Assumption Agreement to be fully executed and delivered this _16_ day of _NOV_____, 2000.

ASSIGNEE:
TUSCOLA FURNITURE GROUP, LLC
by its Manager,
JANKO FINANCIAL GROUP, L.L.C.

BY: _____
RICHARD JANKO, Authorized Member

ASSIGNOR:
JANKO FINANCIAL GROUP, LLC

BY: _____
RICHARD JANKO, Authorized Member



JANKO\TUSCOLA-AMISHLAND.ASNM

000068

# ASSIGNMENT

For value received, the undersigned, secured party under a security agreement dated November _17_, 2000, between the undersigned and Amishland's Country Village, Inc., a corporation referred to as debtor, hereby sells, assigns, and transfers to First Mid-Illinois Bank & Trust, N.A. of 410 S. Main, P.O. Box 18, City of Tuscola, County of Douglas, State of Illinois, its successors and assigns, the foregoing security agreement, hereafter referred to as agreement, and all right, title and interest of the undersigned in and to the collateral described therein, hereby granting full power to the assignee, either in its own name or in the name of the undersigned, to take all legal or other proceedings that the undersigned may have taken but for this agreement.

The undersigned represents and warrants that:

1. The Agreement evidences a bona fide consignment of the collateral to debtor;
2. The description of the collateral set forth in agreement is correct;
3. All statements contained in agreement are in all respects true and correct;
4. The consignment was made in accordance with all laws and regulations affecting such consignment;
5. Agreement is valid and enforceable in accordance with its terms;
6. The names and signatures on agreement are not forged, fictitious or assumed, and are genuine in all respects;
7. At the time of the consignments, title to the collateral was in the undersigned and the collateral was, on delivery to the debtor and is now, free from all liens and encumbrances, except agreement;
8. Agreement is subject to no defenses on the part of debtor;
9. Duly completed copies of agreement were delivered to debtor prior to his execution thereof;
10. The collateral was delivered to debtor on consignment in good condition, without any misrepresentation by the undersigned and has been accepted by debtor; and
11. The undersigned is the owner of agreement free from all liens and encumbrances except agreement, and has full right and power to sell and assign the same.

This assignment is made subject to all the terms, conditions, promises, representations, and warranties contained in any agreement in effect between the undersigned and debtor on the date hereof.

Dated: _____ _NOV. 17_ ____, 2000


TUSCOLA FURNITURE GROUP, L.L.C., an
Illinois Limited Liability Company

By: Its Manager: JANKO FINANCIAL
GROUP, L.L.C., a Limited Liability Company


By: _____
Richard Janko, Authorized Member
220 Marquette Road
Peru, Illinois 61354

**EXHIBIT**

**7**

000054

11/02/00

# CONSIGNMENT AGREEMENT

This Consignment Agreement made this *17th* day of *November* 2000 by and between TUSCOLA FURNITURE GROUP, LLC., an Illinois Limited Liability Company, hereafter "TFG" and AMISHLAND COUNTRY VILLAGE, INC., an Illinois Corporation, hereafter "ACV".

WHEREAS, ACV is in the business of retail sale of Amish made furniture and desires to establish a retail outlet in Tuscola, Illinois but lacks financial resources for acquiring an adequate inventory of Amish furniture, and

WHEREAS, TFG has the financial resources and is willing to purchase an inventory of Amish crafted furniture and consign same with ACV upon the terms and conditions herein, and

WHEREAS, JANKO FINANCIAL GROUP, L.L.C., an Illinois Limited Liability Company, hereafter "JANKO" and ACV are parties to a "Consignment Agreement" dated April 16, 1999, and

WHEREAS, JANKO having the right, without the consent of ACV, to assign its interest in the Cosignment Agreement, has assigned its interest in the Cosignment Agreement dated 4/16/99 to TFG, and

WHEREAS, TFG (as assignee of JANKO) and ACV, desiring to    modify the Cosignment Agreement dated April 16, 1999, by terminating same and entering into this agreement do hereby agree as follows:

## 0.O    THE AGREEMENT:

0.1    The Consignment Agreement dated April 16, 1999 by and between JANKO and ACV is hereby terminated and replaced by this Consignment Agreement, effective as of the date of this agreement.

0.2    ACV shall cooperate with JANKO and TFG in regards to changing the name of the consignor on all documents relating to transactions relating to this agreement.

EXHIBIT

tabbies®

**8**

1

000075

# 1.    DEFINITIONS

1.1    "ACV" means AMISHLAND COUNTRY VILLAGE, INC., an Illinois Corporation the consignee under this Consignment Agreement.

1.2    "AMISH FURNITURE" herein means (i) originally made and crafted Amish furniture, fully finished, (ii) AMISH style furniture made by others and (iii) any "other furniture" purchased and owned by TFG in an amount not to exceed 3% of the average wholesale replacement cost of total inventory, but does not include crafts, lamps, pictures and accessories other than wood products, whether Amish made or not.

1.3    "AVERAGE WHOLESALE COST" means the inventory value of the AMISH FURNITURE as determined by QUICK BOOKS software program on a straight line average

1.4    "BANK" means FIRST MID-ILLINOIS BANK and TRUST OF TUSCOLA, ILLINOIS.

1.5    "INVENTORY CAP" means the maximum total aggregate amount of the average wholesale cost of Amish Furniture consigned by TFG to ACV.

1.6    "JANKO" means JANKO FINANCIAL GROUP, L.L.C., an Illinois Limited Liability Company, the manager of TFG.

1.7    "TFG'S INVESTMENT" means all amounts paid by TFG for AMISH FURNITURE less credits for payments received from sales of AMISH FURNITURE

1.8    "STILWELL" means JAMES and/or MARGARET STILWELL, the sole Shareholders of ACV.

1.9    "TFG" means TUSCOLA FURNITURE GROUP, LLC., an Illinois Limited Liability Company, the consigner under this Agreement.

# 2.    AGREEMENTS OF TFG

2.1    TFG agrees to purchase the existing inventory of Amish furniture now owned by ACV at current wholesale replacement cost and to purchase new Amish furniture selected by ACV, all at wholesale value or cost from time to time during the existence of this Agreement provided that the total amount of purchases shall never exceed $1,250,000.00 except as otherwise allowed herein.

2.2    TFG will be the owner of such Amish furniture free and clear of all liens and encumbrances except a Security Agreement with BANK in an amount not to exceed 80% of the wholesale value.

000076

2

2.3    TFG will consign the Amish furniture with ACV and with no other party or entity unless with the consent of ACV or pursuant to termination of this Agreement by reason of the default of ACV.

2.4    TFG will pay ACV, or at the direction of ACV, the seller of the Amish furniture all items delivered to an ACV store or warehouse within seven (7) days of demand and TFG'S receipt of proper documentation, i.e. Purchase Order Receipts with corresponding copy of vendor invoices and no more frequently than once every two (2) weeks.

2.5    Wholesale value will be determined and supported by receipts or invoices from suppliers, copies to be provided by STILWELL.

2.6    TFG may increase or waive the inventory cap of $1,250,000.00 limit on the purchase of Amish furniture upon the written request of ACV submitted not earlier than one (1) year from the date of this Agreement and conditioned upon evidence that ACV is current and not in default on any of its financial obligations including all current and long term lenders and tax obligations to State and Federal governmental bodies.

3.    AGREEMENTS OF ACV:

3.1    ACV will sell to TFG its existing inventory of Amish furniture at current wholesale replacement cost and purchase on behalf of TFG additional Amish furniture at wholesale cost from time to time during the term of this Agreement which total wholesale value should never exceed $1,250,000.00 unless increased pursuant to paragraph 2.6 above.

3.2    ACV's purchase at wholesale of Amish furniture on behalf of TFG shall be under the supervision and direction of STILWELL who shall exercise reasonable care and diligence in selecting marketable Amish furniture at fair and reasonable cost.

3.3    ACV will keep, preserve, repair and maintain all Amish furniture in good condition at only the following locations:

(1)  1304 Tuscola Blvd., Tuscola, IL. 61953
(2)  East Route 36,  Atwood,  IL.    61913
(3)  123 N. Main St., Atwood,  IL    61913
(4)  601 & 603 S. Main, Tuscola, IL 61953  ( 1 bldg.  occupying 2 lots)

3

and sell and market same in the ordinary course of its business at retail pricing in such amounts as determined by ACV. At all times ownership of the Amish furniture shall be in the name of TFG and ACV will execute, obtain or provide such Bill of Sales, Inventory lists, or other documents as deemed necessary by TFG to evidence its ownership.

3.4    **Principal Payments:** ACV will pay or remit to BANK in an account designated by TFG by the 10th day of the month, an amount equal to the average wholesale cost of the items sold during the previous month. Such reductions in the inventory level of Amish furniture may be replaced up to the inventory cap.

3.5    **Consignment Payments:** For its consignment services, ACV may retain all amounts in excess of average wholesale cost obtained from the sale at retail of the Amish furniture after deducting and paying Bank in an account designated by TFG by the 10th day of the month an amount equal to the previous month's total of:

a)    10% of retail sale price, exclusive of sales tax;

b)    interest (at the rate charged by BANK to TFG) on the amount of TFG'S INVESTMENT; and

c)    all other costs, points, fees, charges by BANK to TFG.

3.6    **Exclusive:** ACV will not accept for consignment, sell or lease furniture of any kind except in accordance with this Consignment Agreement, and ACV will not pledge the Amish Furniture or proceeds therefrom as collateral except as required by paragraph 3.17 of this Agreement.

3.7    **Product Liability Insurance:** ACV will obtain Product Liability Insurance in the minimum amount of One Million Dollars at its cost, naming TFG as an additional insured with fee tail coverage, with an Insurance Company rated by AM Best of a rating of "A" or better.

3.8    **Casualty Insurance:** ACV will insure the Amish furniture against fire, loss, theft, vandalism, damage and other casualty with an insurance company rated by AM Best of a rating A or better at its full insurable value naming TFG and BANK as additional party insured. Said policies will maintain a clause requiring notice to TFG and BANK ten (10 ) days prior to any alteration in terms or cancellation. ACV will furnish evidence of such insurance being in force to TFG and BANK. Any insurance proceeds paid to TFG and BANK in excess of the balance of the obligations owed by ACV to TFG and TFG'S cost for the Amish Furniture shall be the property of ACV and shall be paid over to ACV after the obligations due under this Agreement and Amish furniture costs have been paid in their entirety.

000078

4

3.9 <u>Life Insurance</u>: ACV will maintain life insurance and pay the premiums thereon on JAMES STILWELL in an amount of at least $1,250,000.00 or an amount equal to the Inventory Cap, if higher, with TFG and BANK named as beneficiary with an insurance company rated A or better by AM Best. The life insurance proceeds shall be used first to pay BANK for the amount TFG owes BANK in order to release its lien on the Amish furniture, then to TFG for all Amish furniture owned by TFG at average wholesale cost, less a credit for the amount paid BANK, and any other amounts owed to TFG under this Agreement and any excess life insurance proceeds shall be paid to the Estate of JAMES STILWELL or ACV. Upon payment, TFG will convey title to as much of the Amish furniture free and clear of all liens, as was paid for by the insurance proceeds, to ACV.

3.10 If ACV shall at any time or times hereafter fail to obtain and maintain any of the policies of insurance required above, or fail to pay any premium in whole or in part relating to any such policies, then TFG may, but need not, obtain and cause to be maintained any or all of such policies and pay any part or all of the premiums due thereunder without thereby waiving the said default or any other default by ACV. Any sums so disbursed by TFG shall be additional indebtedness owed by ACV to TFG and shall incur interest at the default rate of 12%.

3.11 ACV shall implement and maintain an inventory and accounting system acceptable to TFG and BANK for the purpose of tracking the purchase and sale and payment of funds pursuant to this Agreement, which shall include, but not be limited to the following:

a) Physical inventory will be taken by ACV once/month and ACV will do such spot inventories as directed by TFG. TFG may also conduct its own spot, random or complete inventories.

b) ACV will maintain on a daily basis, a running book inventory.

c) Whenever inventory records over a quarterly period indicate "inventory shrinkage" has occurred, ACV will pay TFG within five (5) days the amount of SHRINKAGE at average wholesale cost, plus 10% of the sale price of the missing inventory and inventory records will be adjusted in accordance therewith.

d) ACV will establish and implement a physical coding system of inventory items acceptable to TFG, and every item will be backed by a Bill of Sale, purchase order or paid receipt in connection with its acquisition and a sales receipt in connection with its disposition.

5

000079

3.12   ACV shall pay and be responsible for all expenses for the storage, transportation, handling, sales and distribution of said Amish furniture, as well as all costs incurred by TFG in connection with BANK financing of TFG'S purchase of Amish furniture, including, but not limited to interest, points, fees and other BANK charges incurred to maintain inventory financing by BANK.

3.13   ACV will keep account books and records giving complete information covering all transactions in connection with the purchase, sale, returns and distribution of Amish furniture and payment of the amounts due hereunder, and such books and records shall be open during normal business hours to the inspection of any duly authorized representative of TFG or BANK.

3.14   Inspections: TFG, BANK or their agents shall have the right, at any time and from time to time hereunder, to inspect and examine the Amish furniture and to copy any records relating thereto, provided that such inspection, examination or copying does not unreasonably interfere with ACV's Business.

3.15   ACV will use its best efforts to sell and merchandise Amish furniture promptly and in a profitable manner.

3.16   ACV shall not have any store wide sale of Amish furniture for less than average wholesale cost plus 10% without the consent of TFG except in the case of Amish furniture deemed unmarketable, obsolete or damaged in the opinion of ACV.

3.17   Security Agreement: ACV will execute any and all security agreements and UCC financing statements required by Article 9 of the Uniform Commercial Code, Section 9-114 in order for TFG to perfect a security interest in the Amish Furniture with priority over the creditors of ACV.

4.   **TERM**

4.1   This Agreement shall remain in effect for ten (10) years from the date of April 16, 1999.

4.2   Not until after April 15, 2004, shall ACV have the right to terminate this Agreement and then only upon thirty (30) days advance written notice to TFG and payment within said 30 days to TFG for the Amish furniture at current wholesale replacement cost or average wholesale cost, whichever is higher and all accrued and delinquent obligations owed by ACV to TFG. In addition, ACV will pay TFG a "residual payment" equal to two times 2% of the average annual gross retail sales of Amish furniture by ACV during the previous five

6

years.    1/8 of said amount shall be paid for the next eight quarters thereafter or until April 15, 2009, which ever occurs first.

4.3    TFG shall have the right to terminate this Agreement any month after January 1, 2001. Written notice of termination shall be given to ACV 120 days in advance of the date of termination. In the event of termination by TFG, TFG will be paid within said 120 days the same amounts as in the event of termination by ACV except TFG shall not be entitled to the residual payment.

5.    <u>WARRANTIES AND COVENANTS OF ACV:</u>

5.1    ACV expressly warrants, covenants and agrees, so long as any indebtedness as hereinbefore described remains unpaid to TFG, as follows:

5.2    ACV is (or at time of conveyance will be) the sole owner of the Amish furniture in its existing inventory free from any lien, security interest or encumbrance in favor of any person or entity, has the right to convey its existing inventory of Amish furniture to TFG and will defend the collateral against the claims and demands of all persons.

5.3    Except for sales in the ordinary course of business, ACV shall not sell, assign, transfer, encumber or hypothecate in any manner the Amish furniture.

5.4    ACV is a Corporation duly organized, validly existing and in good standing under the laws of the State of Illinois. ACV has the power and authority to carry on its business, to enter into this Consignment Agreement and to carry out the provisions hereof.

5.5    ACV is not in violation of, and the execution, delivery and performance of and compliance with this Consignment Agreement, will not result in ACV being in violation of, or in conflict with, or constitute a default under any term or provisions of any mortgage, indenture, contract, agreement, instrument, judgement, decree, order, statute, rule or regulation applicable thereto.

5.6    There are no actions, suits or proceedings pending or to the knowledge of ACV threatened against or affecting ACV at law or in equity or before or by any federal, state, municipal or other governmental department, commissions, board, bureau, agency or instrumentality, domestic or foreign, which involve the possibility of any judgement or liability not fully covered by insurance and which may result in any material adverse change in ACV's business or the operations, properties or assets or in the condition (financial or otherwise) of ACV.

7

6.  **CONTINGENCIES AND CONDITIONS:**

6.1    TFG'S obligations under this Agreement are contingent upon:

6.2    TFG obtaining a line of credit in the minimum of 1.0 million dollars from BANK for the purchase of Amish furniture on terms acceptable to TFG and ACV.

6.3    Personal guarantee to TFG by JAMES and MARGARET STILWELL of all funds owed by ACV to TFG and for the obligations of ACV under this Agreement whether to TFG or BANK. In addition, STILWELL, will co-sign and will cause ATWOOD MEAT SERVICE, INC. to co-sign the Security Agreements and UCC Financing Statements referred to in paragraph 3.17.

6.4    Life Insurance on JAMES STILWELL in the amount of at least 1.25 Million Dollars or an amount equal to the Inventory Cap, if higher, with TFG and BANK as beneficiaries to the extent of the amounts owed to them, with an Insurance Company rated "A" or better by AM Best.

6.5    Casualty insurance coverage equal to average wholesale cost on all furniture inventory with TFG and BANK named as an additional insured party with an Insurance Company rated "A" or better by AM Best.

6.6    Product Liability Insurance in an amount of at least One Million Dollars with TFG named as an additional insured party, with an Insurance Company rated "A" or better by AM Best.

6.7    An inventory and accounting system acceptable to TFG and BANK for the purpose of tracking the Amish furniture business and payments due under this Agreement.

**PERFORMANCE:**

7.1    If ACV (1) defaults by failing to pay when due any single installment or payment required to be made to TFG or BANK under the terms of this Consignment Agreement and such default is not cured within ten (10) days of written notice to ACV; or (2) defaults in the performance of any other covenant or agreement hereof and such default is not cured by ACV within thirty (30) days after written notice to ACV (unless the default involves a dangerous condition which shall be cured forthwith); TFG may treat such a default as a breach of this Agreement and TFG shall have any one or more of the following remedies in addition to all other rights and remedies provided at law or in equity: (i) maintain an action for any unpaid amounts; (ii) declare the entire

8

balance due and maintain an action for such amount; (iii) forfeit the ACV's interest this Agreement, retain all sums paid; and with or without notice and without process of law, take possession of said furniture, or any part thereof that remains unsold or in the custody of ACV, and for that purpose may enter any of the premises of ACV to search for or obtain said furniture, and consignee hereby waives any trespass or any rights of action for damages that it might or could have against consignor or its agents by reason of consignor, or its agents, procuring or attempt to procure possession of Amish furniture after forfeiture as aforesaid; or (iv) upon ACV's failure to surrender possession of the Amish furniture to TFG, maintain an action for possession of the Amish furniture under the Illinois Replevin Act.

7.2     If default is based upon the failure to pay sales taxes, insurance, liens or other charges relating to the Amish furniture as provided in this Agreement, TFG may elect to make such payments, which amounts shall become immediately due and payable by ACV to TFG, and if not paid within ten (10) days of demand shall then be payable together with 12% interest per annum.

## 8.    DEFAULT, FEES:

8.1     ACV shall pay all reasonable attorney's fees and costs incurred by TFG in enforcing the terms and provisions of this Consignment Agreement, or in defending any proceeding to which TFG is made a party defendant as a result of the acts or omissions of ACV.

8.2     All rights and remedies given to TFG, shall be distinct, separate, and cumulative, and the use of one or more thereof shall not exclude or waive any other right or remedy allowed by law, unless specifically waived in this Agreement.  No waiver of any breach or default of either party hereunder shall be implied from any omission by the other party to take any action on account of any similar or different breach or default.  The payment or acceptance of money after it falls due after knowledge of any breach of this agreement by TFG, or after the termination of ACV's right of possession of the Amish Furniture hereunder, or after the service of any notice, or after commencement of any suit, or after final judgment for replevin shall not reinstate, continue, or extend this Agreement nor affect any such notice, demand or suit or any right hereunder not herein expressly waived.

## 9.    DELINQUENT MONTHLY PAYMENTS:

9.1     ACV acknowledges that late payments by ACV to TFG of the amounts or other charges due hereunder will cause TFG to incur costs not contemplated by this Agreement, the exact amount of which will be extremely difficult to ascertain.

000083

Such costs include, but are not limited to, processing and accounting charges and late charges which may be imposed upon BANK by the terms of any note, and/or security agreement covering the Amish Furniture. Accordingly, if any installment or any sum due from ACV shall not be received by TFG or TFG'S designee within ten (10) days after said amount is due, then ACV shall pay to TFG a late charge equal to the greater of (i) five percent (5%) per month of such overdue amount, plus any attorney's fees incurred by TFG by reason of ACV's failure to pay and/or other charges due hereunder; or (ii) One Hundred Dollars ($100.00). The parties hereby agree that such late charges represent a fair and reasonable estimate of the cost that TFG will incur by reason of the late payment by ACV. Acceptance of such late charges by TFG shall in no event constitute a waiver of ACV's default with respect to such overdue amount, nor prevent TFG from exercising any of the other rights or remedies granted hereunder.

10. **SEVERABILITY:**

   10.1   Any provisions of this Consignment Agreement which shall prove to be invalid, void or illegal shall in no way affect, impair or invalidate any other provision hereof, and such other provisions shall remain in full force and effect.

11. **WAIVER:**

   11.1   The waiver by TFG of any term, covenant or condition herein contained shall not be deemed to be a waiver of such term, covenant or condition of any subsequent breach of the same or any other term, covenant or condition herein contained. The subsequent acceptance of payment hereunder by TFG shall not be deemed to be a waiver of any preceding breach by ACV of any term, covenant or condition of this Agreement, other than the failure of ACV to pay the particular delinquency so accepted, regardless of the TFG'S knowledge of such preceding breach at the time of acceptance of such delinquent payment.

12. **NOTICES:**

   12.1   All notices and demands which may, or are required to be given by either party to the other hereunder, shall be in writing. All notices and demands by the TFG to the ACV shall be sent by United States Certified or Registered mail, postage prepaid, addressed to ACV at the business address, or to such other places as the ACV may from time to time designate in writing to the TFG or may be personally served upon ACV. All notices and demands by ACV to TFG shall be sent by United States Certified or Registered Mail, postage prepaid, addressed to TFG, 2220 Marquette Road, Peru, IL or to such other person or place or persons or places as the TFG may from time to time designate in writing to the ACV. All notices shall be effective as of the date of receipt or certification. Delivery may also be made by an established national overnight delivery service (such as Federal Express).

000084

13. **MARGINAL HEADINGS:**

13.1    The marginal headings and titles to the Paragraphs of this Agreement are not a part of the Agreement and shall have no effect upon the construction or interpretation of any part hereof.

14. **TIME:**

14.1    Time is of the essence in this Consignment Agreement and each and all of its provisions.

15. **SUCCESSORS AND ASSIGNS; BINDING EFFECT:**

15.1    The covenants and conditions herein contained shall, subject to the provisions as to assignment, apply to and bind the heirs, successors, executors, administrators and assigns of the parties hereto.

15.2    ACV may not assign its interest, rights or obligations herein without the consent of TFG.

16. **SUBORDINATION:**

16.1    Upon the request of TFG, ACV herewith subordinates or will subordinate its rights hereunder to any lien of any Security Agreement by TFG to any bank, or other lending institution now or hereafter placed against the Amish furniture. ACV shall execute upon request a document indicating said subordination. The provisions of this paragraph shall be self-operative and no further instrument of subordination shall be required.

17. **SURVIVAL OF REPRESENTATIONS, WARRANTIES, COVENANTS AND AGREEMENTS:**

17.1    TFG and ACV each hereby agree that their respective representations, warranties, covenants and agreements set forth herein shall survive the closing and shall thereafter be fully effective and enforceable.

18. **AGENTS:**

18.1    TFG'S agent for all matters under this agreement is DICK JANKO, until ACV is notified of a different agent pursuant to paragraph 12.1.

18.2    ACV's agent for all matters under this Agreement is JAMES STILWELL, until TFG is notified of a different agent pursuant to paragraph 12.1.

000085

19.  **ENTIRE AGREEMENT:**

19.1  This Consignment Agreement contains the entire agreement of the parties hereto with respect to the matters covered hereby, and no other agreement, statement or promise made by any party hereto, or to any employee, officer or agent of any party hereto, which is not contained herein, shall be binding or valid.

This Agreement is made _____17_____ day, of _____November_____, 2000.

ACV:                               TFG:

AMISHLAND COUNTRY          TUSCOLA FURNITURE GROUP, LLC.,
VILLAGE, INC.,                    An Illinois Limited Liability Company,
an Illinois Corporation          By its manager:   JANKO FINANCIAL
                                   GROUP, L.L.C., An Limited Liability
                                   Company,

BY: _____         BY: _____
Printed: JAMES STILLWELL          RICHARD JANKO, Authorized Member
Its: _____President_____          2220 Marquette Road
                                   Peru, IL  61354

JANKO\AMISHLND-TFG.AGR3SA

000086

12

# GUARANTY

WHEREAS, TUSCOLA FURNITURE GROUP, LLC., an Illinois Limited Liability Company, hereinafter referred to as "TFG" and AMISHLAND COUNTRY VILLAGE, INC., an Illinois Corporation, hereinafter referred to as "ACV" are about to execute a document entitled "CONSIGNMENT AGREEMENT" dated ___Nov 17___, 2000, wherein TFG will consign Amish furniture to ACV; and

WHEREAS, JAMES STILWELL and MARGARET STILWELL, hereinafter referred to as "Guarantor", have a financial interest in ACV; and

WHEREAS, TFG would not execute the Consignment Agreement if Guarantor did not execute and deliver to TFG this Guarantee.

NOW, THEREFORE, for and in consideration of the execution of the foregoing Consignment Agreement by TFG and as a material inducement to TFG to execute said Consignment Agreement, Guarantor hereby unconditionally and irrevocably guarantees the prompt payment by ACV of all sums payable by ACV under said Consignment Agreement and the faithful and prompt performance by ACV of each and every one of the terms, conditions and covenants of said Consignment Agreement to be kept and performed by ACV.

It is specifically agreed and understood that the terms of the foregoing Consignment Agreement may be altered, affected, modified or changed by agreement between TFG and ACV, or by a course of conduct, and said Consignment Agreement may be assigned by TFG, or any assignee of TFG, without consent or notice to Guarantor and that this Guaranty shall thereupon and thereafter guarantee the performance of said Consignment Agreement as so changed, modified, altered or assigned.

This Guaranty shall not be released, modified or affected by failure or delay on the part of TFG to enforce any of the rights or remedies of TFG under said Consignment Agreement, whether pursuant to the terms thereof or at law or in equity.

Ten (10) days' notice of default shall be given to Guarantor, it being specifically agreed and understood that the guarantee of the undersigned is a continuing guarantee under which TFG may proceed forthwith and immediately against ACV or against Guarantor following any breach or default by ACV or for the enforcement of any rights which TFG may have as against ACV pursuant to or under the terms of the within Consignment Agreement at law or in equity.



EXHIBIT
9

000087

1

TFG shall have the right to proceed against the Guarantor hereunder following any breach or default by ACV without first proceeding against ACV and without previous notice to or demand upon ACV.

Guarantor hereby waives (a) notice of acceptance of this Guaranty; (b) demand of payment, presentation and protest; (c) all right to assert or plead any statute of limitations as to or relating to this Guaranty and the Consignment Agreement; (d) any right to require TFG to proceed against the ACV or any other Guarantor or any other person or entity liable to TFG; (e) any right to require TFG to proceed under any other remedy TFG may have before proceeding against Guarantor; and (f) any right of subrogation.

Guarantor does hereby subrogate all existing or future indebtedness of ACV to Guarantor to the obligations owed to TFG under this Consignment Agreement and this Guaranty.

In the event any action be brought by said TFG against Guarantor hereunder to enforce the obligation of Guarantor hereunder, the unsuccessful party in such action shall pay to the prevailing party therein a reasonable attorney's fee which shall be fixed by the Court.

IN WITNESS WHEREOF, the undersigned have set their hands and seals this _17_ day of _Nov_, 2000, at _Tuscol_ Illinois.

GUARANTOR:

_____
JAMES STILWELL

_____
MARGARET STILWELL

ADDRESS: _218 n Iowa_
_Atwood Ill 61913_

JANKO\GUARANTY.STL-TFG

2

000088

# NOTICE

Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the premiums for that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The premiums may be added to your total outstanding balance or obligation. The premiums may be more than the premiums for insurance you may be able to obtain on your own.

You acknowledge receipt of a copy of this notice.

AMISHLAND'S COUNTRY VILLAGE, INC.                    TUSCOLA FURNITURE GROUP, LLC BY ITS
                                                     MANAGER; JANKO FINANCIAL GROUP, LLC
Signature BY: JAMES E STILWELL:                      Signature BY: RICHARD JANKO:

Date __11/17/00__ _James E Stilwell_                 Date __11/17/00__ _Richard Janko_

Bankers Systems, Inc., St. Cloud, MN  Form CPIN-IL 11/7/96

---

**EXHIBIT**

10

000069

NOV 20 2000 11:14 FR AG-DALLAS SERV CTR    2146546022 TO 912175783560

# POOR ORIGINAL

**AMERICAN GENERAL** FINANCIAL GROUP

**Assignment**

- [ ] **All American Life Insurance Company (AALI,** P.O. Box 35844 Dallas, TX 75235-8883
- [ ] **The American Franklin Life Insurance Company (AM/FLIC),** P.O. Box 19520, Springfield, IL 62794-9520
- [ ] **American General Life Insurance Company (AGLI,** P.O. Box 4373, Houston TX 77210-4373
- [ ] **The Franklin Life Insurance Company (FLIC),** #1 Franklin Square, Springfield, IL 62713-0001
- [X] **The Old Line Life Insurance Company of America (OLL),** P.O. Box 35844, Dallas TX 75235-8883

Member of American General Financial Group. American General Financial Group is the marketing name for American General Corporation and its subsidiaries.

| | |
|---|---|
| **1.** **CONTRACT IDENTIFICATION**<br><br>[ ] Check Here if New Address | You may use this form for multiple contracts that have the same contract owner and require the same signatures. All contracts must be assigned to the same assignee or all contracts released from assignment with same assignee.<br><br>CONTRACT No.: _2604663_<br><br>OWNER: _Margaret Stilwell_      SSN/TIN OR EIN: _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_<br><br>Address: _218 N. Iowa_<br>_Atwood, IL 61913_<br><br>Phone No.: _(217) 578-3132_<br>INSURED/ANNUITANT (if other than Owner): _James E. Stilwell_ |
| **2.** [ ] **ASSIGNMENT** | For value received, I/we hereby assign and transfer to the named Assignee/Creditor as their interest may appear, the Contract number named above, issued by the Company, upon the life as named above and all moneys now or hereafter payable thereunder, subject to the conditions of said contract, the regulations of the Company and to any lien, charge, or indebtedness thereon now or hereafter existing in favor of the Company.<br><br>Assignee/Creditor Name: _____<br><br>Assignee/Creditor Address: _____ |
| **3.** [X] **RELEASE OF ASSIGNMENT** | The consideration for which the Assignment was made, having been fully paid and satisfied, all right, title, and interest of the assignee in the above named Contract issued or assumed by the Company on the above named life is hereby relinquished.<br><br>Assignee/Creditor Name: _Janko Financial Group LLC._<br><br>Assignee/Creditor Address: _2220 Marquetta Rd Peru, IL 61354_ |
| **4.** **SIGN HERE FOR ABOVE REQUEST** | This request must be dated and all required signatures must be written in ink, using full legal names.<br><br>To assign this contract this request must be signed by the person or persons who have the rights of ownership under the terms of the contract. For Corporate Owned contracts, this form must be signed by one officer followed by the officer's title. The request must be accompanied by a piece of corporate letterhead or paper with the corporate seal that has been signed by that officer. For contracts owned by a Partnership, the full name of the partnership should be written followed by the signatures of any partner, other than the Insured. For contracts owned by a Trust assigned to a Trustee, Trustee signatures are required as instructed by the trust agreement.<br><br>OVERLAP<br><br>Under penalty of perjury, the contract owner(s) certify: (1) that the number(s) shown on this form is my (are our) correct social security (or taxpayer identification) number(s); and (2) that I am (we are) not subject to backup withholding under Section 3406(A)(1)(C) of the Internal Revenue Code.<br><br>_____ Signature of Owner _____ Date _____    Signature of co-owner _____ Date<br>(or other party interested in contract)<br><br>To release the assignment of this contract, this request must be signed by the Assignee.<br><br>X _Lawrence W. Bianchi / Authorized Member_    _In favor of Tuscola Furniture Group, LLC_ |

*(left margin, vertical text)* Received and Recorded on The Old Line Life Insurance Company of ASSIGNMENT RELEASE OF ASSIGNMENT

DEC 10 2000

EXHIBIT



# THE OLD LINE LIFE Insurance Company of America

ADMINISTRATIVE OFFICES / PO BOX 35844 / DALLAS TX 75235 0844
214 654 6300 / 800 487 5433 / FAX 214 654 6008

December 4, 2000

JANKO FINANCIAL GROUP LLC
2220 MARQUETTA RD
PERU IL  61354

Policy Number    2604663          Insured, Margaret Stilwell

Owner, James E Stilwell

```
********************************************
**                                        **
**  RELEASE OF ASSIGNMENT VERIFICATION  **
**                                        **
********************************************
```

The original document submitted to release the assignment on this
policy has been endorsed, recorded and made a part of the policy
records.

A copy of this release of assignment is attached for your records.

Sincerely,

Title Change Unit
Policyowner Service Department

Attachment

cc:    W0908 FRAN TONY M CARTER
       W0090 FRAN WILLIAM J LYONS

23/03
        An American General Company



NOV 20 2000 11:14 FR AG-DALLAS SERU CTR    2146546022 TO 912175783560

**POOR ORIGINAL**

AMERICAN **GENERAL** FINANCIAL GROUP    250,000

**Assignment**

☐ All American Life Insurance Company (AAL), P.O. Box 35844 Dallas, TX 75235-8583
☐ The American Franklin Life Insurance Company (AMFLIC), P.O. Box 19520, Springfield, IL 62794-9520
☐ American General Life Insurance Company (AGL), P.O. Box 4373, Houston TX 77210-4373
☐ The Franklin Life Insurance Company (FLIC), #1 Franklin Square, Springfield, IL 62713-0001
☒ The Old Line Life Insurance Company of America (OLL), P.O. Box 35844, Dallas TX 75235-8583

Members of American General Financial Group. American General Financial Group is the marketing name for American General Corporation and its subsidiaries.

| | |
|---|---|
| **1. CONTRACT IDENTIFICATION** | You may use this form for multiple contracts that have the same contract owner and require the same signatures. All contracts must be assigned to the same assignee or all contracts released from assignment with same assignee. |
| ☐ Check Here if New Address | CONTRACT No.: 2L04663    SSN/TIN OR EIN: 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 |
| | OWNER: Margaret Stilwell |
| | Address: 218 N. Town |
| | Atwood, IL 61913 |
| | Phone No.: (217) 578-3733    578-3333 |
| | INSURED/ANNUITANT (if other than Owner): James E. Stilwell |
| **2. ☒ ASSIGNMENT** | For value received, I/we hereby assign and transfer to the named Assignee/Creditor as their interest may appear, the Contract number named above, issued by the Company, upon the life as named above and all moneys now or hereafter payable thereunder, subject to the conditions of said contract, the regulations of the Company and to any lien, charge, or indebtedness thereon now or hereafter existing in favor of the Company. |
| | Assignee/Creditor Name: Tuscola Furniture Group L.L.C. (250,000) |
| | Assignee/Creditor Address: 220 Marquette Rd Peru, IL 61354 |
| **3. ☐ RELEASE OF ASSIGNMENT** | The consideration for which the Assignment was made, having been fully paid and satisfied, all right, title, and interest of the assignee in the above named Contract issued or assumed by the Company on the above named life is hereby relinquished. |
| | Assignee/Creditor Name: |
| | Assignee/Creditor Address: |
| **4. SIGN HERE FOR ABOVE REQUEST** | This request must be dated and all required signatures must be written in ink, using full legal names. |
| | To assign this contract, this request must be signed by the person or persons who have the rights of ownership under the terms of the contract. For Corporate Owned contracts, this form must be signed by one officer followed by the officer's title. The request must be accompanied by a piece of corporate letterhead or paper with the corporate seal that has been signed by that officer. For contracts owned by a Partnership, the full name of the partnership should be written followed by the signatures of any partner, other than the Insured. For contracts owned by or assigned to a Trustee, Trustee signatures are required as instructed by the trust agreement. |
| | Under penalty of perjury, the contract owner(s) certify (1) that the number(s) shown on this form is (are my (our) correct social security (or taxpayer identification) number(s); and (2) that I am (we are) not subject to backup withholding under Section 3406(A)(1)(C) of the Internal Revenue Code. |
| **ASSIGNMENT** | Margaret Stilwell 11/21/2000    Signature of co-owner    Date |
| **RELEASE OF ASSIGNMENT** | To release the assignment of this contract, this request must be signed by the Assignee. |

NOT AN OVERLAP

DEC 0 1 2000
Received and Recorded on
by The Old Line Life Insurance Company
Registrar

EXHIBIT 13



# THE OLD LINE LIFE Insurance Company of America

ADMINISTRATIVE OFFICES / PO BOX 35844 / DALLAS TX 75235 0844
214 654 6300 / 800 487 5433 / FAX 214 654 6008

December 4, 2000

TUSCOLA FURNITURE GROUP LLC
2220 MARQUETTA RD
PERU IL  61354

Re:  Insured, James E Stilwell
     Policy Number   2604663
     Owner, Margaret Stilwell

```
********************************
*                              *
*    ASSIGNMENT VERIFICATION   *
*                              *
********************************
```

The original document submitted to place an assignment on this policy
has been endorsed, recorded and made a part of the policy records.

A copy of this assignment is attached for your records.

If this assignment is released or transferred, please notify us in
writing.

Prepared By:  Title Change Unit
              Policyowner Service Department

Attachment

cc:  W0908 FRAN TONY M CARTER
     W0090 FRAN WILLIAM J LYONS

2303
23/03
          An American General Company



EXHIBIT
14

# AMERICAN
# GENERAL
## FINANCIAL GROUP

$1,000,000

- ☐ All American Life Insurance Company (AAL), P.O. Box 35844 Dallas, TX 75235-8683
- ☐ The American Franklin Life Insurance Company (AMFLIC), P.O. Box 19520, Springfield, IL 62794-9520
- ☐ American General Life Insurance Company (AGL), P.O. Box 4373, Houston TX 77210-4373
- ☐ The Franklin Life Insurance Company (FLIC), #1 Franklin Square, Springfield, IL 62713-0001
- ☒ The Old Line Life Insurance Company of America (OLL), P.O. Box 35844, Dallas TX 75235-8683

Members of American General Financial Group. American General Financial Group is the marketing name for American General Corporation and its subsidiaries.

| 1. | CONTRACT IDENTIFICATION | You may use this form for multiple contracts that have the same contract owner and require the same signatures. All contracts must be assigned to the same assignee or all contracts released from assignment with same assignee. |
|---|---|---|

☐ Check Here if New Address

CONTRACT No.: 2604663

OWNER: MARGARET Stilwell          SSN/TIN OR EIN: 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

Address: 218 N. IOWA

Atwood, IL 61913

Phone No.: (217) 578-3132          578-3322

INSURED/ANNUITANT (if other than Owner): JAMES E. Stilwell

| 2. ☒ ASSIGNMENT | For value received, I/we hereby assign and transfer to the named Assignee/Creditor as their interest may appear, the Contract number named above, issued by the Company, upon the life as named above and all moneys now or hereafter payable thereunder, subject to the conditions of said contract, the regulations of the Company and to any lien, charge, or indebtedness thereon now or hereafter existing in favor of the Company. |
|---|---|

Assignee/Creditor Name: 1st mid-Illinois BANK + TRUST  ($1,000,000)

Assignee/Creditor Address: PoBox 18, 410 S.main Tuscola, IL 61953

| 3. ☐ RELEASE OF ASSIGNMENT | The consideration for which the Assignment was made, having been fully paid and satisfied, all right, title, and interest of the assignee in the above named Contract issued or assumed by the Company on the above named life is hereby relinquished. |
|---|---|

Assignee/Creditor Name: _____

Assignee/Creditor Address: _____

| 4. | SIGN HERE FOR ABOVE REQUEST | This request must be dated and all required signatures must be written in ink, using full legal names. |
|---|---|---|

To assign this contract, this request must be signed by the person or persons who have the rights of ownership under the terms of the contract. For Corporate Owned contracts, this form must be signed by one officer followed by the officer's title. The request must be accompanied by a piece of corporate letterhead or paper with the corporate seal that has been signed by that officer. For contracts owned by a Partnership, the full name of the partnership should be written followed by the signatures of any partner, other than the insured. For contracts owned by or assigned to a Trustee, Trustee signatures are required as instructed by the trust agreement.

Under penalty of perjury, the contract owner(s) certify: (1) that the number(s) shown on this form is my (are our) correct social security (or taxpayer identification) number(s); and (2) that I am (we are) not subject to backup withholding under Section 3406(A)(1)(C) of the Internal Revenue Code.

ASSIGNMENT

_(signature)_ Margaret Stilwell   1/11/01

| Signature of Owner | Date | Signature of co-owner (or other party interested in contract) | Data |
|---|---|---|---|

RELEASE OF ASSIGNMENT

To release the assignment of this contract, this request must be signed by the Assignee.

AGLC 0206

| Assignee | Date |
|---|---|

JAN 29 2001

Received and Recorded on _____
by The Old Line Life Insurance Company
Registrar _(signature)_

EXHIBIT 15
tabbies.

This assignment is recorded subject to a prior collateral assignment executed by the policyowner.



# THE OLD LINE LIFE Insurance Company of America

ADMINISTRATIVE OFFICES / PO BOX 35844 / DALLAS TX 75235 0844
214 654 6300 / 800 487 5433 / FAX 214 654 6008

January 30, 2001

1ST MID ILLNOIS BANK & TRUST
PO BOX 18
TUSCOLA IL  61953

Re:  Insured, James E Stilwell
     Policy Number   2604663
     Owner, James E Stilwell

```
***********************************
*                                 *
*    ASSIGNMENT VERIFICATION      *
*                                 *
***********************************
```

The original document submitted to place an assignment on this policy
has been endorsed, recorded and made a part of the policy records.

A copy of this assignment is attached for your records.

If this assignment is released or transferred, please notify us in
writing.

Prepared By:  Title Change Unit
              Policyowner Service Department

Attachment

cc:  WO908 FRAN TONY M CARTER
     WO090 FRAN WILLIAM J LYONS

2303

23/03
    An American General Company



EXHIBIT

16



**AMERICAN GENERAL**

*Insurance Service Center for:*

**American General Life
Insurance Company**

05/02/2003

MARGARET STILWELL
PO BOX 538
ATWOOD IL 61913-0538

Contract Number:    2604663
Insured:            JAMES E STILWELL
Claim Number:       03D00893OLL

Dear MRS STILWELL:

We are sorry to learn of the loss of JAMES E STILWELL.  Please extend our sincere sympathy to all the members of the family.

The Illinois Department of Insurance requires that our Company notify you that interest shall accrue on the proceeds payable because of the death of the insured from the date of death, at the rate of 9 percent on the total amount payable or the face amount, if payments are to be made in installments until the total payment or first installment is paid, unless payment is made within fifteen (15) days from the date of receipt by the Company of due proof of loss.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

cc:    W0908
       W0090

EXHIBIT
tabbies
17

3096

0131



**First Mid-Illinois Bank & Trust**

May 12, 2003

Mr. William J. Lyons, LUTCF
District Manager
American General Life Insurance Company
231 N. Main Street
Atwood, IL 61913-0260

**Re:    Life Insurance Policy No. 2604663**

Dear Mr. Lyons:

Pursuant to your letter of May 6, 2003, Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank & Trust ("Bank"), are jointly making application on the Collateral Assignments they received to secure an obligation under a certain Consignment Agreement dated November 17, 2000 between TFG and Amishland Country Village, Inc.

As itemized on the attached Exhibit A, the total amount owed by Amishland Country Village, Inc. and guaranteed by James and Margaret Stilwell is $_512,974.50_. This amount includes the amounts that TFG owes the Bank.

Please issue your draft made payable to "Tuscola Furniture Group, LLC and First Mid-Illinois Bank & Trust", and have it delivered to First Mid-Illinois Bank & Trust - 2229 South Neil - Champaign, IL 61820 - ATTN: Thomas J. Chamberlain. The signature of the Bank officer below acknowledges and confirms this direction.

Upon receipt of this amount TFG and the Bank will relinquish all Assignments against the proceeds on the life insurance policy number 2604663. Specifically, these are the Assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000.00, September 25, 2000 for $1,500,000.00, and January 11, 2001 for $1,000,000.00.



**EXHIBIT**

tabbies

18



Mr. William J. Lyons
May 12, 2003
Page 2

Finally, we have enclosed a completed Claimant's Statement on the form you provided for both TFG and Janko Financial Group, LLC.

Very truly yours,

First Mid-Illinois Bank & Trust

By: _____

Thomas J. Chamberlain
Community President

Acknowledgment:

The undersigned, on behalf of Tuscola Furniture Group, LLC and Janko Financial Group, LLC, the manager of TFG hereby acknowledges and confirms the directions above.

Tuscola Furniture Group, LLC and
Janko Financial Group, LLC,
the manager of TFG

By: _____

Lawrence W. Bianchi
Their Authorized Representative

Enclosures

5/20/0 31:58P
005807 000141

**EXHIBIT A**

## TUSCOLA FURNITURE GROUP, LLC (TFG)
### Amounts due from Stilwells/ACV
### As of April 30, 2003

| | Principal | Interest (Prime) +10 % of Reported Sales | Total |
|---|---|---|---|
| 3/31/03 - 1st Qtr Financials (thru 2/28, transactions consistently 1 month behind) | | | |
| March  (1,359.98 + 1,461.71) | 404,951.63 | 71,810.39 | 476,762.02 |
| April   (4,882.40 + 1,414.56) | | 2,821.69 | 2,821.69 |
| | | 6,296.96 | 6,296.96 |
| | 404,951.63 | 80,929.04 | 485,880.67 |
| | | | |
| $101,780.32 unlocated inventory at cost Unknown sales price certainly higher, TFG entitled to a minimum of 10% fee. | | | 10,178.04 |
| | | | |
| JFG/TFG credit application guaranty claim from Eagle Industries for unauthorized purchases made by Stilwell outside the system. (4,463.91 + 7,250.88) | | | 11,714.79 |
| | | | |
| Legal | | | 5,201.00 |
| | | | 512,974.50 |

Due from Stilwell 4-30-03.xls

MAY 07 '03 15:25 FR AMERICAN LIFE        TO 9121          P

**AIG    AMERICAN GENERAL**

**Proof of Death - Claimant's Statement**

**American General Life Insurance Company**
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

To Be Completed By The Beneficiary

| | | |
|---|---|---|
| **I DECEASED** | | |

DECEASED FULL NAME: James E. Stilwell
DATE OF BIRTH: 10-07-54
CAUSE OF DEATH: Heart Attack
DATE OF DEATH: 5/02/03

**POLICIES DECEASED HELD WITH THIS COMPANY:**

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | $4,000,000.00 | | |

I hereby certify that the policy of insurance for the listed policy has been   ☐ ENCLOSED   ☐ LOST   ☐ DESTROYED

**II CLAIMANT**

CLAIMANT'S NAME: First Mid-Illinois Bank & Trust
DATE OF BIRTH:
RELATIONSHIP TO DECEASED: Assignee/Creditor

ADDRESS: 2229 South Neil
CITY: Champaign
STATE: IL
ZIP: 61820
PHONE NO.: (217) 359-9889

Have you given the Funeral Home an Assignment to collect any amount due under this claim?   ☐ YES   ☒ NO    If yes, what amount? $_____   (Attach copy of assignment)

How do you want proceeds paid?   ☐ Lump Sum   ☒ Sum    "If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.

Settlement Option   ☐    If Option, give details:_____

(An IRS Form 712 is to be filed with United States tax return, Form 706.)

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)   ☐ YES   ☐ NO

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE:  First Mid-Illinois Bank & Trust
BY: _Thomas J. Chamberlain_    Thomas J. Chamberlain, Community President

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

CLAIMANT'S S.S. NO.:    OR    TAX I.D. NO.: 37-0404035

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

DATE 5-12-03

CLAIMANT'S SIGNATURE: First Mid-Illinois Bank & Trust
PLEASE SIGN HERE: BY: _Thomas J. Chamberlain_    Thomas J. Chamberlain, Community President

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?   SHOW BELOW

First Mid-Illinois Bank & Trust
ATTN:  Thomas J. Chamberlain, Community President
2229 South Neil
Champaign, IL 61820

L 2843 Rev0103

Page 1 of 2

** TOTAL PAGE.02 **



# *Tuscola Furniture Group, LLC*

**Michael M. Janko, CPA, JD**
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
Ph: (630) 964-9902
Fax (630) 964-9903

**Richard F. Janko**
**Lawrence W. Bianchi**
2220 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3380
Fax (815) 223-7160
tfg.Peru@insightbb.com

12 May 2003

VIA OVERNIGHT MAIL DELIVERY

Mr. William J. Lyons, LUTCF
District Manager
American General Life Insurance Company
231 N. Main Street
Atwood, IL 61913-0260

     RE:    Life Insurance Policy No. 2604663

Dear Mr. Lyons:

     Pursuant to your letter of May 6, 2003, Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank & Trust Company ("Bank"), are jointly making application on the Collateral Assignments they received to secure an obligation under a certain Consignment Agreement dated November 17, 2000 between TFG and Amishland Country Village, Inc.

     As itemized on the attached Exhibit A, the total amount owed by Amishland Country Village, Inc. and guaranteed by James and Margaret Stilwell is $512,974.50. This amount includes the amounts that TFG owes the Bank.

     Please issue your draft made payable to "Tuscola Furniture Group, LLC and First Mid-Illinois Bank & Trust," and have it delivered to the Bank at 2229 South Neil, Champaign, Illinois 61820, Attn: Thomas J. Chamberlain, Community President. The signature of the Bank officer below acknowledges and confirms this direction.

     Upon receipt of this amount, TFG and the Bank will relinquish all Assignments against the proceeds on the life insurance policy number 2604663. Specifically, these are the Assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000.



EXHIBIT
19



Finally, we have also enclosed a completed Claimant's Statement on the form you provided for both TFG and Janko Financial Group, LLC.

Very truly yours,

Tuscola Furniture Group, LLC and
Janko Financial Group, LLC,
the manager of TFG

By: _Lawrence W. Bianchi_
Lawrence W. Bianchi
Their Authorized Representative

Acknowledgment:

The undersigned, on behalf of First Mid-Illinois Bank & Trust hereby acknowledges and confirms the directions above.

First Mid-Illinois Bank
& Trust

By: _Thomas J. Chamberlain_
Thomas Chamberlain
Community President

Enclosures

cc:    First Mid-Illinois Bank & Trust
       Richard L. Broch, Esq.
       Timothy J. Howard, Esq.
       Richard Heavner, Esq.

g:\j-l\janko financial\tuscola furniture grp\cor\insurance ltr

5/20/0 31:58P
.005807 000148

## TUSCOLA FURNITURE GROUP, LLC (TFG)
### Amounts due from Stilwells/ACV
### As of April 30, 2003

| | Principal | Interest (Prime) + 10 % of Reported Sales | Total |
|---|---|---|---|
| 3/31/03 - 1st Qtr Financials (thru 2/28, transactions consistently 1 month behind) | 404,951.63 | 71,810.39 | 476,762.02 |
| March   (1,359.98 + 1,461.71) | | 2,821.69 | 2,821.69 |
| April   (4,882.40 + 1,414.56) | | 6,296.96 | 6,296.96 |
| | 404,951.63 | 80,929.04 | 485,880.67 |
| | | | |
| $101,780.32 unlocated inventory at cost Unknown sales price certainly higher, TFG entitled to a minimum of 10% fee. | | | 10,178.04 |
| | | | |
| JFG/TFG credit application guaranty claim from Eagle Industries for unauthorized purchases made by Stilwell outside the system. (4,463.91 + 7,250.88) | | | 11,714.79 |
| | | | |
| Legal | | | 5,201.00 |
| | | | 512,974.50 |

Due from Stilwell 4-30-03

05/09/03  FRI 16:11 FAX 630 ... ...03     JANKO FINANCIAL GROUP     ...++ DJ     5/20/0 31:58P     @ 003
.005007 000149

## Tuscola Furniture Group, LLC  (TFG)
### STILWELL - Inventory Reconciliation

3/31/03

404,951.63

COGS deducted from physical count (since sold) but not yet paid for by Stilwell:
   Thru 3/31/03                                              201,896.27
   1st three (3) days of April, 2003                              0.00

(201,896.27)
203,055.36

Inventory count @ 4/3/03 by Cherub Financial

(101,275.04)

Shortage

101,780.32

RP
5/9/2003

# AIG  AMERICAN GENERAL

**Proof of Death**
**- Claimant's Statement**

## American General Life Insurance Company
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

To Be Completed By The Beneficiary

**I DECEASED**

| DECEASED FULL NAME | DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|---|
| James E. Stilwell | 10/07/54 | Heart Attack | 5/02/03 |

POLICIES DECEASED HELD WITH THIS COMPANY:

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | $4,000,000 | | |

I hereby certify that the policy of insurance for the listed policy has been  ☐ ENCLOSED  ☐ LOST  ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| TUSCOLA FURNITURE GROUP, LLC | | ASSIGNEE / CREDITOR |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| 2220 MARQUETTE RD | PERU | IL | 61354 | (815) 223-3380 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim?  ☐ YES  ☒ NO   If yes, what amount? $ _____   (Attach copy of assignment)

How do you want proceeds paid?  ☒ Lump Sum   *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.   Settlement Option ☐   If Option, give details: _____

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)?  ☐ YES  ☒ NO   (An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE   Tuscola Furniture Group, LLC
By Its Authorized Representative   Lawrence W. Bianchi

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.   CLAIMANT'S S.S. NO.   OR   TAX I.D. NO.  # 36-4391423

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

PLEASE SIGN HERE   CLAIMANT'S SIGNATURE   Tuscola Furniture Group, LLC
By Its Authorized Representative   Lawrence W. Bianchi   DATE  5/09/03

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?   SHOW BELOW

See Attached Letter

L 2843 Rev0103          Page 1 of 2



# Tuscola Furniture Group, LLC

**Michael M. Janko, CPA, JD**
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
Ph: (630) 964-9902
Fax (630) 964-9903

**Richard F. Janko**
**Lawrence W. Bianchi**
2220 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3380
Fax (815) 223-7160

28 May 2003

Mr. William J. Lyons, LUTCF
District Manager
American General Life Insurance Company
231 N. Main Street
Atwood, IL 61913-0260

         **VIA FAX (217/578-3292)**
          **& OVERNIGHT MAIL**

      RE:    Life Insurance Policy No. 2604663

Dear Mr. Lyons:

Please accept this letter as an amendment to my letter dated 12 May 2003. When listing "all Assignments" against the proceeds on the life insurance policy number 2604663, I inadvertently left out an assignment to Tuscola Furniture Group, LLC dated November 21, 2000 for $250,000.

Paragraph four of my letter dated 12 May 2003 is hereby amended to read as follows:

> "Upon receipt of this amount, TFG and the Bank will relinquish all Assignments against the proceeds on the life insurance policy number 2604663. Specifically, these are the assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, November 21, 2000 for $250,000 and January 11, 2001 for $1,000,000."

Please contact me immediately if any further documentation should be needed. Thank you for your assistance.

        Very Truly Yours,

        Tuscola Furniture Group, LLC and
        Janko Financial Group, LLC, the manager of TFG

        By: *Lawrence W. Bianchi*
           Lawrence W. Bianchi
           Their Authorized Representative

cc:    First Mid-Illinois Bank & Trust
       Richard L. Broch, Esq.
       Timothy J. Howard, Esq.
       Richard Heavner, Esq.

**EXHIBIT**
20



**AIG** **AMERICAN GENERAL**

*Insurance Service Center for:*

**American General Life Insurance**

Company

June 10, 2003

TUSCOLA FURNITURE GROUP LLC
ATTN: LAWRENCE BIANCHI
2220 MARQUETTE RD
PERU IL 61354-1538



| Contract Number: | 2604663 |
| Insured: | JAMES STILWELL |
| Claim Number: | 03D00893OLL |

Dear Mr. Mr. Bianchi:

We are in receipt of the certified death certificate for the above-referenced insured under Policy Number 2604633.

Our records indicate in December 2000, a Collateral Assignment was made under Policy Number 2604663 to Tuscola Furniture Group, LLC for the amount of $250,000.00. Our records do not reflect a release of this assignment.

Therefore, in order to continue processing this claim, please review your records and determine if the Collateral Assignment is still in effect, or, if it has been released. We will need a letter from this business signed by an Officer of the Company, giving the amount of debt still owed, or, a release of the assignment.

The Rules and Regulations of the Illinois Department of Insurance requires that our Company advise you that if you wish to take this matter with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 West Randolph Street, Chicago, Illinois 60601 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767.

If you should have any questions regarding this information or forms, please do not hesitate to contact our office at 1.800.487.5433.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

cc:     W0908
        W0090

**EXHIBIT**

tabbies‘

21

3009

**American General Life Insurance Company**
*Member of American International Group, Inc.*
Service Center • P.O. Box 4373 • Houston, TX 77210-4373 • 1.800.487.5433 • Fax 214.654.6008



**AMERICAN GENERAL**

Company

*Insurance Service Center for:*

**American General Life Insurance**

June 10, 2003

JANKO FINANCIAL GROUP, LLC
ATTN: LAWRENCE BIANCHI
2220 MARQUETTE RD
PERU IL 61354-1538

Contract Number:    2604663
Insured:    JAMES STILWELL
Claim Number:    03D00893OLL

Dear Mr. Bianchi:

We are in receipt of a claimant's statement signed by you for the benefit of Janko Financial Group LLC under Policy Number 2604633.

Our records show that In April 2000 and in October 2000, there were Collateral Assignments against the above policy to Janko Financial Group, LLC. In December 2000, we received a release of the Collateral Assignment to Janko Financial Group, LLC. Our records do not reflect a Collateral Assignment to Janko Financial Group, LLC after December 2000. According to our records, there is no debt owing to Janko Financial Group, under Policy 2604633. If you have proof that there is debt owing to this company against this policy, please send us the proof, within fifteen days from the date of this letter.

The Rules and Regulations of the Illinois Department of Insurance requires that our Company advise you that if you wish to take this matter with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 West Randolph Street, Chicago, Illinois 60601 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767.

If you should have any questions regarding this information or forms, please do not hesitate to contact our office at 1.800.487.5433.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

cc:    W0908
       W0090

3009

0131

6/11/031:36P
005755005165

 **AMERICAN GENERAL**

Company

*Insurance Service Center for:*

**American General Life Insurance**

June 10, 2003

FIRST MID-ILLINOIS BANK & TRUST
ATTN: THOMAS J CHAMBERLAIN, COMMUITY PRESIDENT
2229 SOUTH NEIL ST
CHAMPAIGN, IL 61820-2001



| | |
|---|---|
| Contract Number: | 2604663 |
| Insured: | JAMES STILWELL |
| Claim Number: | 03D00893OLL |

Dear Mr. Chamberlain:

We are in receipt of the certified death certificate for the above-referenced insured under Policy Number 2604633.

Our records indicate in January 2001, a Collateral Assignment was made under Policy Number 2604663 to First Mid Illinois Bank and Trust. Our records do not reflect a release of this assignment.

Therefore, in order to continue processing this claim, please review your records and determine if the Collateral Assignment is still in effect, or, if it has been released. We will need a letter from this business signed by an Officer of the Company, giving the amount of debt still owed, or, a release of the assignment.

The Rules and Regulations of the Illinois Department of Insurance requires that our Company advise you that if you wish to take this matter with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 West Randolph Street, Chicago, Illinois 60601 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767.

If you should have any questions regarding this information or forms, please do not hesitate to contact our office at 1.800.487.5433.

Sincerely,
INDIVIDUAL CLAIMS DEPARTMENT

cc:    W0908
       W0090

3009

9/12/9 311:21
i006357001719

# Janko Financial Group, L.L.C.

*Real Estate Investments and Financial Management*

**Michael M. Janko, CPA, JD**
3030 Finley Road
Suite 110
Downers Grove, Illinois 60515
Ph: (630) 964-9902
Fax (630) 964-9903
Rp@jankofinancial.com

*Quein Letters
Today By Ray
6/18*

*Richard F. Janko
Lawrence W. Bianchi*
2220 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3380
Fax (815) 223-7160
Jfg.peru@insightbb.com

11 June 2003

Ray Sawicki, Director of Claims
American General Life
6363 Forrest Park Rd.
Dallas, TX 75235-5460

**VIA FAX (214/654-6047) &
REGULAR MAIL**

RE:    **LIFE INSURANCE POLICY No. 2604663**

Dear Mr. Sawicki:

Thank you for the opportunity to provide a further explanation for a rather complex situation. Enclosed are copies of the following letters that I will reference in this correspondence:

> **12 May 2003** - Letter to William J. Lyons, District Manager for AIG from Lawrence W. Bianchi, Authorized Representative for Tuscola Furniture Group, LLC & Janko Financial Group, LLC (letter acknowledged by Thomas Chamberlain, Community President for First Mid-Illinois Bank & Trust);

> **12 May 2003** - Letter to William J. Lyons, District Manager for AIG from Thomas Chamberlain, Community President for First Mid-Illinois Bank & Trust (letter acknowledged by Lawrence W. Bianchi, Authorized Representative for Tuscola Furniture Group, LLC & Janko Financial Group, LLC);

> **28 May 2003** - Letter to William J. Lyons, District Manager for AIG from Lawrence W. Bianchi, Authorized Representative for Tuscola Furniture Group, LLC & Janko Financial Group, LLC.

**On 16 April 1999**, Janko Financial Group (JFG), LLC entered into a Consignment Agreement for the retailing of Amish Furniture with Amishland Country Village, Inc. and guaranteed personally by James and Margaret Stilwell. Section 3.9 of this original Consignment Agreement required that JFG and their lender, First Mid-Illinois Bank & Trust (FMIB), receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $2,000,000.

**On 19 April 1999**, JFG received an assignment of life insurance in the amount of $500,000 from Margaret Stilwell, owner of policy number 2604663 with James Stilwell as the insured. However, it was not until **25 September 2000** that JFG received a second assignment of life insurance for the same policy in the amount of $1,500,000 from Margaret Stilwell.

EXHIBIT
88

9/12/9311:21
006357001720

On 16 November 2000, JFG signed an Assignment & Assumption Agreement with a newly formed LLC, Tuscola Furniture Group (TFG), LLC. This new entity is owned 70% by JFG with JFG acting as managing member. This agreement specifically included and lists any rights to insurance assignments relating to the original Consignment Agreement.

On 17 November 2000, TFG entered into a new Consignment Agreement with Amishland Country Village, Inc and guaranteed personally by James and Margaret Stilwell. This new agreement modified and replaced the previous agreement. Once again, Section 3.9 of the new Consignment Agreement required that TFG and their lender FMIB receive an assignment of beneficial interest for life insurance on James Stilwell in the amount of $1,250,000.

On 20 November 2000, in support of the Assignment & Assumption Agreement between JFG & TFG, JFG signed a release of assignment on policy number 2604663 **"In favor of Tuscola Furniture Group, LLC."** This release was a transfer of all rights of insurance assignment from JFG to TFG.

On 21 November 2000, TFG received an assignment of life insurance in the amount of $250,000 from Margaret Stilwell, owner of policy number 2604663 with James Stilwell as the insured. Then, on 11 January 2001, FMIB received an assignment of life insurance for the same policy in the amount of $1,000,000 from Margaret Stilwell.

The preceeding chronology of events resulted in the following assignments from Margaret Stilwell on policy number 2604663:

> **Tuscola Furniture Group, LLC - $2,000,000** (assignment transferred to Tuscola Furniture Group, LLC via Agreement dated 16 November 2000 and Release dated 20 November 2000);

> **Tuscola Furniture Group, LLC - $250,000** (21 November 2000);

> **First Mid-Illinois Bank & Trust - $1,000,000** (11 January 2001).

Therefore, the life insurance assignments received from Margaret Stilwell on policy number 2604663 in satisfaction of the requirements of the Consignment Agreements (dated 16 April 1999 and 17 November 2000) totaled **$3,250,000.**

These events lead us to the claim being made jointly by TFG and FMIB to American General Life. As documented in the information submitted by JFG, TFG and FMIB, a joint claim is being made for $512,974.50 in conjunction with the obligations of Amishland Country Village, Inc. and James and Margaret Stilwell per the Consignment Agreement date 17 November 2000. The payment of this claim in the amount of $512,974.50 would release all assignments to JFG, TFG and FMIB which total $3,250,000. Mr. Sawicki, as we discussed I believe that a review of the enclosed letters dated 12 May 2003 and 28 May 2003, provide American General Life with releases for all assignments totaling $3,250,000 upon receipt of the claim amount of $512,974.50.

I apologize for the complex nature of this letter. However, I do believe that I have provided a factual summary of the situation. Also, I would be glad to answer any questions that you might have on this matter. In any event please contact me after your legal department has completed their review. As I am sure you can appreciate, all parties concerned are anxiously awaiting payment of our claim.

Thank you for your kind attention.

Sincerely,

*Lawrence W. Bianchi*

Lawrence W. Bianchi/ Authorized Representative
Tuscola Furniture Group, LLC and
Janko Financial Group, LLC, the manager of TFG
:bm

Enclosures

cc:    Dick Janko
       Mike Janko
       Tom Chamberlain, FMIB
       Tim Howard, Attorney at Law

JUN 26 2003 09:15 FR AMERICAN GEN LEGAL    713 831 1266 TO 912149025874



# Janko Financial Group, L.L.C.
*Real Estate Investments and Financial Management*

Michael M. Janko, CPA, JD
3009 Fields Road
Suite 116
Downers Grove, Illinois 60515
Ph: (630) 964-6922
Fax (630) 964-6900
jankofinancial@hotmail.com

Richard F. Janko
Lawrence W. Bianchi
2228 Marquette Road
Peru, Illinois 61354
Ph: (815) 223-3390
Fax (815) 223-3160
jankgroup@hotmail.com

25 June 2003

American General Life Insurance Company
Individual Claims Department
Box 4373
Houston, TX 77210-4373
Attention: Melinda Boyd

VIA FAX (713/620-4840) &
US MAIL

RE:    Contract #2604663
       Insured: James Stilwell
       Claim # 03D008930LL

Dear Sirs:

Please accept this letter as a formal authorization for Lawrence W. Bianchi to act as signatory for Janko Financial Group, LLC in release of all assignments pertaining to Contract #2604663, James Stilwell-Insured, Claim # 03D008930LL. Also, please accept this letter as a formal authorization for Lawrence W. Bianchi to act as signatory for Tuscola Furniture Group, LLC on behalf of its manager Janko Financial Group, LLC in release of all assignments pertaining to Contract #2604663, James Stilwell-Insured, Claim #03D008930LL.

Janko Financial Group, LLC, an
Illinois limited liability company

Richard F. Janko, One of Its Members

Michael M. Janko, One of Its Members

Lawrence W. Bianchi, One of Its Members

EXHIBIT
tablet 23



**AMERICAN GENERAL**

*Insurance Service Center for:*

**American General Life
Insurance Company**

June 26, 2003

FIRST MID-ILLINOIS BANK & TRUST
ATTN: THOMAS CHAMBERLAIN
2229 SOUTH NEIL
CHAMPAIGN IL 61820-2001

| | |
|---|---|
| Contract Number: | 2604663 |
| Insured: | JAMES STILWELL |
| Claim Number: | 03D00893OLL |

DEAR MR. CHAMBERLAIN:

Enclosed is our check for $512,974.50 representing payment of benefits payable to Tuscola Furniture Group, LLC and First Mid-Illinois Bank and Trust..

  TOTAL PAYABLE            $512,974.50

We appreciate the opportunity to be of service to you during this time.  If we may be of further assistance, please contact our office.

Thank You.
INDIVIDUAL CLAIMS DEPARTMENT

Enclosure -  Check

cc:  W0908
   W0090



EXHIBIT
24

3009

**American General Life Insurance Company**
*Member of American International Group, Inc.*
Service Center • P.O. Box 4373 • Houston, TX  77210-4373 • 1.800.487.5433 • Fax 214.654.6008



Insurance Service Center for:

**American General Life
Insurance Company**

July 10, 2003

MARGARET STILWELL
P O  BOX 538
ATWOOD IL 61913-0538

| | |
|---|---|
| Contract Number: | 2604663 |
| Insured: | JAMES STILWELL |
| Claim Number: | 03D00893OLL |

Dear Ms. Stilwell:

Please accept our sincere sympathy in the loss of your husband.  Enclosed is our check for $25,354.98 representing your share of the above policy benefits due to you.

Family members should review the beneficiary designation in their policies.  If there is an active policy with our Company and a beneficiary change needs to be made, please contact our Customer Services Representatives.

We are enclosing four claim forms for the remaining beneficiaries to complete and return to our office.

We appreciate the opportunity to be of service to you during this time.  If we may be of further assistance, please contact our office.

Thank You.
INDIVIDUAL CLAIMS DEPARTMENT

Enclosure -   Check & claim forms

cc:       W0908
          W0090



3009

0131



7/23/03 31:21P
006017004551



**AMERICAN GENERAL**
Company

Insurance Service Center for:

American General Life Insurance

**DATE:**       July 10, 2003

**TO:**        WILLIAM J LYONS, AGENT

**FROM:**      Margaret Singh, - Individual Claims Department

**SUBJECT:**   Contract Number 2604663
               Insured - JAMES STILWELL
               Claim Number 03D00893OLL

Enclosed is the letter and check, which you will need to deliver to MARGARET STILWELL.  The telephone number we have for them is 217-578-3132.  We are also enclosing four claimant statements for the remaining beneficiaries to complete.  We would like to thank you very much for all your assistance with this claim.

Please complete the bottom of this form and return it to our office so we can document our files.

If you have any questions, please let us know.

Thank You

Enclosure - Check

_____          07/18/2003
AGENT                                      DATE DELIVERED/MAILED


_Margaret Stilwell_

EXHIBIT
26

3009



8/1/03 10:19A
0091:90:001909

**Proof of Death
- Claimant's Statement**

## American General Life Insurance Company
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4433

To Be Completed By The Beneficiary

**I DECEASED**

| DECEASED FULL NAME | | DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|---|---|
| James E. Stilwell | | 10-07-54 | myocardial Infarction | 05/03/03 |

POLICIES DECEASED HELD WITH THIS COMPANY:

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | 4,00,000 | | |
| | | | |

I hereby certify that the policy of insurance for the listed policy has been ☐ ENCLOSED ☐ LOST ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| Haley Elizabeth Stilwell | 09/03/86 | Daughter |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| Po Box 538   218 N. Iowa | Atwood | IL | 61913 | (217)578-3132 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim?   ☐ YES   ☒ NO
If yes, what amount? $ _____   (Attach copy of assignment)

How do you want proceeds paid?   ☒ Lump Sum   *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.
☐ Settlement Option   If Option, give details: _____

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)   ☒ YES   ☐ NO   (An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE   x   Haley Elizabeth Stilwell

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

| CLAIMANT'S S.S.N. | OR | TAX I.D. NO. |
|---|---|---|
| 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 | | |

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which person to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

PLEASE SIGN HERE   CLAIMANT'S SIGNATURE   x   Haley Elizabeth Stilwell     DATE   7/25/03

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?   SHOW BELOW.

Please send check to agent for Delivery

EXHIBIT
27

## GENERAL INSTRUCTIONS

1.  **Claimant's Statement.** This statement must be completed by the beneficiary. If there is more than one beneficiary, each must complete a separate statement.

2.  **Death Certificate.** A certified copy of the death certificate is to be furnished with this form.

3.  **Newspaper Account.** When available, a newspaper account of the death should be submitted.

4.  **Policy.** The policy should be sent with this Statement. Explain if not enclosed.

## SPECIAL INSTRUCTIONS

**Estate Beneficiary.** The Statement must be completed by the Executor or Administrator, and a certified copy of appointment must be furnished.

**Minor Beneficiary.** The Statement is to be completed by the legally appointed guardian of the Estate of the minor and an official certificate of the guardian's appointment must be furnished.

**Predeceased Beneficiary.** When a beneficiary has predeceased the insured, a certified copy of the death certificate is to be furnished.

**Class Beneficiaries.** An affidavit showing the names and dates of birth of each must be submitted.

**Assignee.** The Statement is to be completed by the assignee. If the assignment is no longer effective, a release of assignment from the assignee should be submitted. If collaterally assigned, the statement should be completed by both the beneficiary and assignee and the amount claimed by the assignee indicated on the statement.

Guidelines for Determining the Proper Identification Number to Give the Payer. – Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help you determine the number to give the payer.

| For this type of account: | Give the SOCIAL SECURITY number of – | | For this type of Account | Give the TAX IDENTIFICATION number of – |
|---|---|---|---|---|
| 1. An individual's account | The individual | | 9. A valid trust, estate, or pension trust | Legal entity (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.) |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, any one of the individuals | | | |
| 3. Husband and wife (joint account) | The actual owner of the account or, if joint funds, either person | | 10. Corporate account | The corporation |
| 4. Custodian account of a minor (Uniform Gift to Minors Act) | The Minor | | 11. Religious, charitable, or educational organization account | The organization |
| 5. Adult and minor (joint account) | The adult or, if the minor is the only contributor, the minor | | 12. Partnership account held in the name of the business | The partnership |
| 6. Account in the name of guardian or committee for a designated ward, minor, or incompentent person | The ward, minor, or incompetent person | | 13. Association, club or other tax-exempt organization | The organization |
| | | | 14. A broker or registered nominee | The broker or nominee |
| 7. a. The usual revocable savings trust account (grantor is also trustee) | The grantor-trustee | | 15. Account in the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| b. So-called trust account that is not legal or valid trust under State law | The actual owner | | | |
| 8. Sole proprietorship account | The owner | | | |



8/11/03 10:19A
009190001908

**Proof of Death**
**- Claimant's Statement**

## American General Life Insurance Company
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

**To Be Completed By The Beneficiary**

**I DECEASED**

| DECEASED FULL NAME | DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|---|
| James E. Stilwell | 8-07-54 | Mycardial Infarction | 05/02/03 |

POLICIES DECEASED HELD WITH THIS COMPANY:

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2 604663 | 4,000,000 | | |

I hereby certify that the policy of insurance for the listed policy has been ☐ ENCLOSED ☐ LOST ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| Megan Suzanne Stilwell | 07/30/84 | Daughter |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| Box 538 218 N. Iowa | Atwood | IL | 61913 | (217)578-2816 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim?  ☑ YES  ☐ NO
If yes, what amount? $ _____  ( Attach copy of assignment )

How do you want proceeds paid?  Lump Sum ☑ Lump Sum — *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.*

Settlement Option ☐  If Option, give details: _____

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)?  ☑ YES  ☐ NO    (An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE  ⊗ Megan Suzanne Stilwell

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

| CLAIMANT'S S.S. NO. | OR | TAX I.D. NO. |
|---|---|---|
| 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 | | |

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

PLEASE SIGN HERE  X Megan Suzanne Stilwell    DATE 07/23/2003

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?  SHOW BELOW

Please Send Check for Delivery By Agent

## GENERAL INSTRUCTIONS

1. **Claimant's Statement.** This statement must be completed by the beneficiary. If there is more than one beneficiary, each must complete a separate statement.

2. **Death Certificate.** A certified copy of the death certificate is to be furnished with this form.

3. **Newspaper Account.** When available, a newspaper account of the death should be submitted.

4. **Policy.** The policy should be sent with this Statement. Explain if not enclosed.

## SPECIAL INSTRUCTIONS

**Estate Beneficiary.** The Statement must be completed by the Executor or Administrator, and a certified copy of appointment must be furnished.

**Minor Beneficiary.** The Statement is to be completed by the legally appointed guardian of the Estate of the minor and an official certificate of the guardian's appointment must be furnished.

**Predeceased Beneficiary.** When a beneficiary has predeceased the insured, a certified copy of the death certificate is to be furnished.

**Class Beneficiaries.** An affidavit showing the names and dates of birth of each must be submitted.

**Assignee.** The Statement is to be completed by the assignee. If the assignment is no longer effective, a release of assignment from the assignee should be submitted. If collaterally assigned, the statement should be completed by both the beneficiary and assignee and the amount claimed by the assignee indicated on the statement.

Guidelines for Determining the Proper Identification Number to Give the Payer. – Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help you determine the number to give the payer.

| For this type of account: | Give the SOCIAL SECURITY number of – | For this type of Account | Give the TAX IDENTIFICATION number of – |
|---|---|---|---|
| 1. An individual's account | The individual | 9. A valid trust, estate, or pension trust | Legal entity (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.) |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, any one of the individuals | | |
| 3. Husband and wife (joint account) | The actual owner of the account or, if joint funds, either person | 10. Corporate account | The corporation |
| 4. Custodian account of a minor (Uniform Gift to Minors Act) | The Minor | 11. Religious, charitable, or educational organization account | The organization |
| 5. Adult and minor (joint account) | The adult or, if the minor is the only contributor, the minor | 12. Partnership account held in the name of the business | The partnership |
| 6. Account in the name of guardian or committee for a designated ward, minor, or incompentent person | The ward, minor, or incompetent person | 13. Association, club or other tax-exempt organization | The organization |
| | | 14. A broker or registered nominee | The broker or nominee |
| 7. a. The usual revocable, savings trust account (granter is also trustee) | The grantor-trustee | 15. Account in the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| b. So-called trust account that is not legal or valid trust under State law | The actual owner | | |
| 8. Sole proprietorship account | The owner | | |



**Proof of Death**
**- Claimant's Statement**

## AMERICAN GENERAL

**American General Life Insurance Company**
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

To Be Completed By The Beneficiary

**I DECEASED**

| DECEASED FULL NAME | DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|---|
| James C. Stilwell | 10-07-56 | Myocardial Infarction | 05/02/03 |

POLICIES DECEASED HELD WITH THIS COMPANY:

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | 4,000,000 | | |

I hereby certify that the policy of insurance for the listed policy has been ☐ ENCLOSED  ☐ LOST  ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| Jami Joline Stilwell Bowles | 11/07/76 | Daughter |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| P.O. Box 844 | Atwood | IL | 61913 | (217)578-2816 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim?  ☐ YES  ☒ NO
If yes, what amount? $ _____ ( Attach copy of assignment )

How do you want proceeds paid?  ☒ Lump Sum
If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account will be opened. If the beneficiary wants an account with check-writing privileges will be opened. If the beneficiary wants a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.
☐ Settlement Option  If Option, give details: _____

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)  ☒ YES  ☐ NO
(An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE ☒ *Jami Joline Stilwell Bowles*

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

| CLAIMANT'S S.S. NO. | OR | TAX I.D. NO. |
|---|---|---|
| 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 | | |

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

PLEASE SIGN HERE  CLAIMANT'S SIGNATURE
X *Jami Bowles*    *Jami Joline Stilwell Bowles*    DATE 7/16/03

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?   SHOW BELOW

Please send Check to Agent for Delivery

## GENERAL INSTRUCTIONS

1. **Claimant's Statement.** This statement must be completed by the beneficiary. If there is more than one beneficiary, each must complete a separate statement.

2. **Death Certificate.** A certified copy of the death certificate is to be furnished with this form.

3. **Newspaper Account.** When available, a newspaper account of the death should be submitted.

4. **Policy.** The policy should be sent with this Statement. Explain if not enclosed.

## SPECIAL INSTRUCTIONS

**Estate Beneficiary.** The Statement must be completed by the Executor or Administrator, and a certified copy of appointment must be furnished.

**Minor Beneficiary.** The Statement is to be completed by the legally appointed guardian of the Estate of the minor and an official certificate of the guardian's appointment must be furnished.

**Predeceased Beneficiary.** When a beneficiary has predeceased the insured, a certified copy of the death certificate is to be furnished.

**Class Beneficiaries.** An affidavit showing the names and dates of birth of each must be submitted.

**Assignee.** The Statement is to be completed by the assignee. If the assignment is no longer effective, a release of assignment from the assignee should be submitted. If collaterally assigned, the statement should be completed by both the beneficiary and assignee and the amount claimed by the assignee indicated on the statement.

Guidelines for Determining the Proper Identification Number to Give the Payer. – Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help you determine the number to give the payer.

| For this type of account: | Give the SOCIAL SECURITY number of – | For this type of Account | Give the TAX IDENTIFICATION number of – |
|---|---|---|---|
| 1. An individual's account | The individual | 9. A valid trust, estate, or pension trust | Legal entity (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.) |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, any one of the individuals | | |
| 3. Husband and wife (joint account) | The actual owner of the account or, if joint funds, either person | 10. Corporate account | The corporation |
| 4. Custodian account of a minor (Uniform Gift to Minors Act) | The Minor | 11. Religious, charitable, or educational organization account | The organization |
| 5. Adult and minor (joint account) | The adult or, if the minor is the only contributor, the minor | 12. Partnership account held in the name of the business | The partnership |
| 6. Account in the name of guardian or committee for a designated ward, minor, or incompetent person | The ward, minor, or incompetent person | 13. Association, club or other tax-exempt organization | The organization |
| | | 14. A broker or registered nominee | The broker or nominee |
| 7. a. The usual revocable savings trust account (grantor is also trustee) | The grantor-trustee | 15. Account in the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| b. So-called trust account that is not legal or valid trust under State law | The actual owner | | |
| 8. Sole proprietorship account | The owner | | |

L 2843 Rev0103                     Page 1 of 2

 **AMERICAN GENERAL**

8/1/03 10:19A
0091906001906



**Proof of Death**
**- Claimant's Statement**

## American General Life Insurance Company
Member of American International Group, Inc.
Service Center: P.O. Box 4443 • Houston, TX 77210-4443

To Be Completed By The Beneficiary

**I DECEASED**

| DECEASED FULL NAME | DATE OF BIRTH | CAUSE OF DEATH | DATE OF DEATH |
|---|---|---|---|
| James E. Stilwell | 10-07-54 | Myocardial Infarction | 08/02/03 |

POLICIES DECEASED HELD WITH THIS COMPANY:

| POLICY NUMBER | AMOUNT OF INSURANCE | POLICY NUMBER | AMOUNT OF INSURANCE |
|---|---|---|---|
| 2604663 | 4,000,000 | | |

I hereby certify that the policy of insurance for the listed policy has been  ☐ ENCLOSED  ☐ LOST  ☐ DESTROYED

**II CLAIMANT**

| CLAIMANT'S NAME | DATE OF BIRTH | RELATIONSHIP TO DECEASED |
|---|---|---|
| Heidi Jo Stilwell | 09-29-82 | Daughter |

| ADDRESS | CITY | STATE | ZIP | PHONE NO. |
|---|---|---|---|---|
| P.O. Box 704 | Atwood | IL | 61913 | (217) 578-2846 |

Have you given the Funeral Home an Assignment to collect any amount due under this claim?  ☐ YES  ☒ NO   If yes, what amount? $ _____   ( Attach copy of assignment )

How do you want proceeds paid?  ☒ Lump Sum  *If a lump sum option is elected and the proceeds are $10,000 or more, then an interest earning money-market type account with check-writing privileges will be opened. If the beneficiary wants all proceeds, a check may be written as soon as the account starter kit is received. If the proceeds are less than $10,000, the beneficiary will receive a lump sum check unless an optional payment plan was, or is elected.    ☐ Settlement Option   If Option, give details: _____

IMPORTANT: Do you wish to receive a completed IRS Form No. 712 (Stmt. of Ins.)?  ☒ YES  ☐ NO   (An IRS Form 712 is to be filed with United States tax return, Form 706.)

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

PLEASE SIGN HERE  X Heidi J Stilwell

**III TAXPAYER I.D. NO.**

Enter the claimant's taxpayer identification number in the appropriate box. For most individuals this is your social security number.

| CLAIMANT'S S.S. NO. | OR | TAX I.D. NO. |
|---|---|---|
| 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 | | |

Note: If the account is in more than one name, see the chart on reverse side for guidelines on which number to give the payer. If the Social Security number or Tax I.D. number is not provided, and backup withholding is applicable, taxes will be withheld from the proceeds.

CERTIFICATION: Under penalties of perjury, I certify: (1) that the number shown on this claim form is my correct social security (or taxpayer identification) number and (2) that I am not subject to backup withholding under Section 3406(a)(1)(C) of the Internal Revenue Code. The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

| PLEASE SIGN HERE | CLAIMANT'S SIGNATURE  X Heidi Jo Stilwell | DATE  07/28/03 |
|---|---|---|

**IV MAILING**

WHERE SHOULD ANY CHECK OR CORRESPONDENCE BE MAILED?  SHOW BELOW

Please mail directly to Agent

L 2843 Rev0103                    Page 1 of 2

## GENERAL INSTRUCTIONS

1. **Claimant's Statement.** This statement must be completed by the beneficiary. If there is more than one beneficiary, each must complete a separate statement.

2. **Death Certificate.** A certified copy of the death certificate is to be furnished with this form.

3. **Newspaper Account.** When available, a newspaper account of the death should be submitted.

4. **Policy.** The policy should be sent with this Statement. Explain if not enclosed.

## SPECIAL INSTRUCTIONS

**Estate Beneficiary.** The Statement must be completed by the Executor or Administrator, and a certified copy of appointment must be furnished.

**Minor Beneficiary.** The Statement is to be completed by the legally appointed guardian of the Estate of the minor and an official certificate of the guardian's appointment must be furnished.

**Predeceased Beneficiary.** When a beneficiary has predeceased the insured, a certified copy of the death certificate is to be furnished.

**Class Beneficiaries.** An affidavit showing the names and dates of birth of each must be submitted.

**Assignee.** The Statement is to be completed by the assignee. If the assignment is no longer effective, a release of assignment from the assignee should be submitted. If collaterally assigned, the statement should be completed by both the beneficiary and assignee and the amount claimed by the assignee indicated on the statement.

---

Guidelines for Determining the Proper Identification Number to Give the Payer. – Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help you determine the number to give the payer.

| For this type of account: | Give the SOCIAL SECURITY number of – | For this type of Account | Give the TAX IDENTIFICATION number of – |
|---|---|---|---|
| 1. An individual's account | The individual | 9. A valid trust, estate, or pension trust | Legal entity (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.) |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, any one of the individuals | | |
| 3. Husband and wife (joint account) | The actual owner of the account or, if joint funds, either person | 10. Corporate account | The corporation |
| 4. Custodian account of a minor (Uniform Gift to Minors Act) | The Minor | 11. Religious, charitable, or educational organization account | The organization |
| 5. Adult and minor (joint account) | The adult or, if the minor is the only contributor, the minor | 12. Partnership account held in the name of the business | The partnership |
| 6. Account in the name of guardian or committee for a designated ward, minor, or incompetent person | The ward, minor, or incompetent person | 13. Association, club or other tax-exempt organization | The organization |
| | | 14. A broker or registered nominee | The broker or nominee |
| 7. a. The usual revocable savings trust account (grantor is also trustee) | The grantor-trustee | 15. Account in the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| b. So-called trust account that is not legal or valid trust under State law | The actual owner | | |
| 8. Sole proprietorship account | The owner | | |