## GUARANTY

WHEREAS, TUSCOLA FURNITURE GROUP, LLC., an Illinois Limited Liability Company, hereinafter referred to as "TFG" and AMISHLAND COUNTRY VILLAGE, INC., an Illinois Corporation, hereinafter referred to as "ACV" are about to execute a document entitled "CONSIGNMENT AGREEMENT" dated ___Nov  17___, 2000, wherein TFG will consign Amish furniture to ACV; and

WHEREAS, JAMES STILWELL and MARGARET STILWELL, hereinafter referred to as "Guarantor", have a financial interest in ACV; and

WHEREAS, TFG would not execute the Consignment Agreement if Guarantor did not execute and deliver to TFG this Guarantee.

NOW, THEREFORE, for and in consideration of the execution of the foregoing Consignment Agreement by TFG and as a material inducement to TFG to execute said Consignment Agreement, Guarantor hereby unconditionally and irrevocably guarantees the prompt payment by ACV of all sums payable by ACV under said Consignment Agreement and the faithful and prompt performance by ACV of each and every one of the terms, conditions and covenants of said Consignment Agreement to be kept and performed by ACV.

It is specifically agreed and understood that the terms of the foregoing Consignment Agreement may be altered, affected, modified or changed by agreement between TFG and ACV, or by a course of conduct, and said Consignment Agreement may be assigned by TFG, or any assignee of TFG, without consent or notice to Guarantor and that this Guaranty shall thereupon and thereafter guarantee the performance of said Consignment Agreement as so changed, modified, altered or assigned.

This Guaranty shall not be released, modified or affected by failure or delay on the part of TFG to enforce any of the rights or remedies of TFG under said Consignment Agreement, whether pursuant to the terms thereof or at law or in equity.

Ten (10) days' notice of default shall be given to Guarantor, it being specifically agreed and understood that the guarantee of the undersigned is a continuing guarantee under which TFG may proceed forthwith and immediately against ACV or against Guarantor following any breach or default by ACV or for the enforcement of any rights which TFG may have as against ACV pursuant to or under the terms of the within Consignment Agreement at law or in equity.



EXHIBIT
F

0667

TFG shall have the right to proceed against the Guarantor hereunder following any breach or default by ACV without first proceeding against ACV and without previous notice to or demand upon ACV.

Guarantor hereby waives (a) notice of acceptance of this Guaranty; (b) demand of payment, presentation and protest; (c) all right to assert or plead any statute of limitations as to or relating to this Guaranty and the Consignment Agreement; (d) any right to require TFG to proceed against the ACV or any other Guarantor or any other person or entity liable to TFG; (e) any right to require TFG to proceed under any other remedy TFG may have before proceeding against Guarantor; and (f) any right of subrogation.

Guarantor does hereby subrogate all existing or future indebtedness of ACV to Guarantor to the obligations owed to TFG under this Consignment Agreement and this Guaranty.

In the event any action be brought by said TFG against Guarantor hereunder to enforce the obligation of Guarantor hereunder, the unsuccessful party in such action shall pay to the prevailing party therein a reasonable attorney's fee which shall be fixed by the Court.

IN WITNESS WHEREOF, the undersigned have set their hands and seals this __17__ day of __Nov__, 2000, at __Tuscola__, Illinois.

GUARANTOR:

_____
JAMES STILWELL

_____
MARGARET STILWELL

ADDRESS: __218 n Iowa__
__Tuscola ILL 61913__

JANKO\GUARANTY.STL-TFG

2

0668