IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05-CV-02160 |
| v. | ) | |
| | ) | Honorable Michael P. McCuskey |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) | |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |
| _____ | ) | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, | ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## RESPONSE OF THIRD-PARTY DEFENDANTS TO AMERICAN GENERAL'S MOTION FOR SUMMARY JUDGMENT ON ITS THIRD-PARTY COMPLAINT

NOW COME Third-Party Defendants, TUSCOLA FURNITURE GROUP, LLC ("TFG") and JANKO FINANCIAL GROUP, LLC ("JFG"), by HOWARD & HOWARD ATTORNEYS, P.C., and respectfully submit their Response to the Motion for Summary Judgment filed by Defendant/Third-Party Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY ("AGLIC"), on its Third-Party Complaint pursuant to Federal Rule of Civil Procedure 56(b) and Central District Local 7.1(D).

#258334-v1

# I. INTRODUCTION

Based upon the undisputed facts and the admissions made by AGLIC in its Motion for Summary Judgment on the Complaint filed by Margaret J. Stilwell and her children (the "Plaintiffs"), the Court should deny the Motion for Summary Judgment filed by AGLIC on its Third-Party Complaint and grant the corresponding Motions for Summary Judgment filed by TFG, JFG and First Mid Illinois Bank & Trust (the "Bank") on their respective Motions for Summary Judgment on the Third-Party Complaint.

# II. UNDISPUTED MATERIAL FACTS

Most of the facts are derived from documents, the authenticity and accuracy of which are undisputed. Pursuant to Local Rule 7.1(D)(2)(b)(1), TFG and JFG state:

1.-41. TFG and JFG concede as undisputed and material paragraphs 1 through 41 of AGLIC's Statement of Facts which were incorporated by reference from its Motion for Summary Judgment on the Complaint (hereinafter AGLIC Facts, ¶ ____).

TFG and JFG specifically agree with the statement contained in Paragraph 38:

> The content of the May 12, 2003 submissions by TFG, Janko and the Bank were truthful and accurate.

# III. ARGUMENT

TFG and JFG filed their Motion for Summary Judgment on the Third-Party Complaint on April 2, 2007. Rather than repeat the argument contained therein, TFG and JFG incorporate by reference that argument. The purpose of this argument is to respond to specific points raised in the Motion for Summary Judgment filed by AGLIC.

In AGLIC's Motion for Summary Judgment on its Third-Party Complaint, it abandons some of its third party claims. AGLIC initially alleged that TFG, JFG and the Bank were liable under the following theories: constructive trust or equitable lien (fraud) in Count I, constructive

trust or equitable lien (mistake) in Count II, restitution/unjust enrichment (fraud) in Count III, restitution/unjust enrichment (mistake) in Count IV, contribution in Count V, and implied indemnity in Count VI. In its Motion, AGLIC now only seeks judgment on "its claims for a constructive trust and restitution under the theory of unjust enrichment." (AGLIC's Motion and Memorandum for Summary Judgment on its Third-Party Claims (hereinafter referred to as "AGLIC's Motion"), p. 2).

AGLIC's claims are unavailing because there was no misrepresentation or fraud by TFG or JFG. AGLIC admits that "[t]he content of the May 12, 2003 submissions by TFG, Janko and the Bank were truthful and accurate." (AGLIC Facts, ¶ 38.) In addition, since the voluntary payments doctrine applies absent fraud, AGLIC's unjust enrichment claims must fail as a matter of law.

### A. TFG and JFG are entitled to judgment because AGLIC admits there was no misrepresentation and the record reveals no misleading statements.

In paragraph 38 of its Undisputed Material Facts, AGLIC made a judicial admission that the relevant statements made by TFG and JFG regarding their claims to the insurance policy were "truthful and accurate." As a result, TFG, JFG and the Bank are entitled to judgment on all of AGLIC's claims based on purported misrepresentations. *See Taylor v. Monsanto Co.*, 150 F.3d 481, 483 (7th Cir. 1998) (a judicially admitted fact is withdrawn from contention); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) (a party is bound by what it states in its pleadings). Judgment should be entered as a matter of law on Counts I and III for fraud because, as AGLIC admits, there were no misrepresentations regarding the claims submitted by TFG and JFG.

If the admission alone is insufficient to compel entry of judgment in favor of the Third-Party Defendants, the Court may turn to AGLIC's failure to allege and establish a fraudulent

misrepresentation. To state a cause of action for fraudulent misrepresentation, a plaintiff must allege that the defendant made a representation of material fact, the defendant knew or believed the representation was untrue, the plaintiff had a right to and did rely on the representation, the representation was made for the purpose of inducing the plaintiff to act or refrain from acting, and the representation led to the plaintiff's injury. *Miner v. Fashion Enter., Inc.* 342 Ill. App. 3d 405, 794 N.E.2d 902, 916 (1st Dist. 2003). A misrepresentation is "material" and therefore actionable if it is such that had the other party been aware of it, he would have acted differently. *Mack v. Plaza Dewitt Ltd. P'ship*, 137 Ill. App. 3d 343, 484 N.E.2d 900, 906 (1st Dist. 1985).

The allegation set forth in the Third-Party Complaint does not constitute a misrepresentation. AGLIC alleges that "JFG released its assignments amounting to $2,000,000 in favor of TFG and, thus, transferred those rights under the Assignment to TFG pursuant to the agreement dated November 16, 2000, between JFG and TFG and the release of assignment dated November 20, 2000, submitted to American General." (Third-Party Complaint, Counts I and II, ¶ 37.) This statement is, in fact, consistent with AGLIC's undisputed material facts and clearly does not suffice to survive summary judgment. (See AGLIC Facts, ¶¶ 11-15, 24.)

The viability of all of the remaining claims depends on AGLIC's ability to produce evidence of a misrepresentation on the part of TFG and JFG. (See Count III [incorporates by reference Count I, ¶¶ 37-38], Count IV [incorporates by reference Count II, ¶¶ 37-38], Count V [incorporates by reference Count I, ¶¶ 37-38], Count VI [incorporates by reference Count I, ¶¶ 37-38]). Since AGLIC admits the information it received was true and accurate and because the evidence fails to show any other omission or improper act by TFG and JFG, judgment should be entered on all counts of the Third-Party Complaint in favor of TFG, JFG and the Bank, and against AGLIC.

B.  **The voluntary payments doctrine is dispositive of all claims in favor of TFG and JFG.**

AGLIC's admission also triggers the applicability of the voluntary payments doctrine and bars any recovery it would otherwise have on the unjust enrichment claim. Payments voluntarily made with full knowledge of the underlying facts cannot be recovered absent coercion, fraud or a superior bargaining position by the transferee. *Cohn v. Anthem Life & Health Ins. Co.*, 965 F. Supp. 1119, 1121-22 (N.D. Ill. 1997) (citing *Illinois Graphics Co. v. Nickum,* 159 Ill. 2d 469, 639 N.E.2d 1282, 1292 (1994)). Money paid under a mistake of law is not recoverable. *Id.* TFG and JFG incorporate by reference their argument on the voluntary payments doctrine at pages 16-20 of their Motion for Summary Judgment on the Third-Party Complaint.

Based on the facts and controlling law, AGLIC properly paid the claims made in this case. AGLIC concedes, and the evidence in the record supports, that JFG and TFG made no misrepresentations and, therefore, did not commit fraud. Further, AGLIC claims handler sought the advice of their own in-house legal counsel regarding how to proceed in this matter. (AGLIC Facts, ¶ 25.) This fact coupled with AGLIC's exhibits clearly demonstrate that its counsel made an independent determination to pay the claim. Therefore, even if, *arguendo*, AGLIC improperly paid the claims, the undisputed evidence demonstrates that its legal department made that decision based on the relevant facts regarding whether the Third-Party Defendants had a legal right to payment. Hence, no argument can be made regarding coercion or superior bargaining power. The only remaining exception to the voluntary payments doctrine is a mistake of fact.

AGLIC's Motion cites several cases in support of its argument that it need only show an unjust enrichment of a benefit to third party defendants and to its detriment. While that is a general statement of law, it is only half correct. What AGLIC fails to bring to the Court's

attention is that the analysis applied in the *Cohn* case controls and defeats the unjust enrichment claim.

In *Cohn*, the insurance company brought an unjust enrichment claim against two if its insureds. The insurance company had initially denied the insureds' medical claim, but by virtue of a clerical error, paid the medical expenses. In support of its unjust enrichment action, the insurance company argued that it was entitled to avoid the force of the voluntary payments doctrine by mistake of fact. The court rejected the argument, finding that the insurer was fully informed. The court dismissed the action for failure to state a claim because the insurer failed to allege that "payment would not have been made had the facts been known to [it]." *Cohn*, 965 F. Supp. at 1122.

Like in *Cohn*, the record in this case demonstrates that AGLIC cannot claim a mistake of fact. Like the insurer in *Cohn*, AGLIC had all the relevant documents and information available. In fact, AGLIC sought out records and facts when its employees felt they had insufficient documents to make an informed decision. (See AGLIC Facts, ¶ 23.) Moreover, unlike *Cohn*, the record reveals that the claim was also sent to AGLIC's inside legal counsel for review. (AGLIC Facts, ¶ 25.) AGLIC has not argued, or identified, any facts, which if made known to it, would have resulted in a denial of the claim submitted by JFG and TFG. Hence, under the logic and holding in *Cohn*, the unjust enrichment claim fails.

AGLIC properly paid the claim. Moreover, the record establishes that AGLIC's in-house counsel reached a conclusion regarding the legal effect of the documents executed in this case. Under the controlling Illinois law on voluntary payments, TFG, JFG and the Bank are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, Tuscola Furniture Group, LLC and Janko Financial Group, LLC request that the Court deny the Motion for Summary Judgment on the Third-Party Complaint filed by American General Life Insurance Company and grant their Motion for Summary Judgment on the Third-Party Complaint.

Dated: April 19, 2007

TUSCOLA FURNITURE GROUP, LLC
and JANKO FINANCIAL GROUP, LLC


By:  /s/  Timothy J. Howard
    Timothy J. Howard, ARDC No.01271202
    Michael S. Seneca, ARDC No. 06273030
    Attorneys for Defendant
    Howard & Howard Attorneys, P.C.
    211 Fulton Street, Suite 600
    Peoria, Illinois 61602
    Telephone:   (309) 672-1483
    Facsimile:    (309) 672-1568 (fax)
    Email:  THoward@howardandhoward.com
    Email:  MSeneca@howardandhoward.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system and that service was made electronically to the parties as indicated on that system.

Jason M. Crowder
Heller, Holmes & Associates, P.C.
PO Box 889
Mattoon, Illinois 61938

Richard L. Heavner
Julie Beyers
Heavner, Scott & Byers
111 East Main Street, Suite 200
Decatur, Illinois 62523

Cinthia G. Motley
Rebbecca M. Rothman
Wilson Elser Moskowitz
Edelman & Dicker LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602

      By:  /s/  Timothy J. Howard
           Timothy J. Howard, ARDC No.01271202
           Michael S. Seneca, ARDC No. 06273030
           Attorneys for Defendant
           Howard & Howard Attorneys, P.C.
           211 Fulton Street, Suite 600
           Peoria, Illinois 61602
           Telephone:  (309) 672-1483
           Facsimile:  (309) 672-1568 (fax)
           Email: THoward@howardandhoward.com
           Email: MSeneca@howardandhoward.com