E-FILED
Wednesday, 25 April, 2007   04:32:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, HALEY ) <br> STILWELL, HEIDI STILWELL, JAMIE ) <br> STILWELL, and MEGAN STILWELL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> AMERICAN GENERAL LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant/Third Party Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> FIRST MID-ILLINOIS BANK & TRUST; ) <br> TUSCOLA FURNITURE GROUP, L.L.C.; ) <br> and JANKO FINANCIAL GROUP, L.L.C., ) <br> ) <br> Third Party Defendants. ) | Case No. 05-CV-02160 <br><br> The Honorable <br> Michael P. McCuskey <br><br> Magistrate Judge <br> David G. Bernthal |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now come Plaintiffs MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL, by Jason M. Crowder and David Stevens of Heller, Holmes & Associates, P.C., their attorneys, and for their Response to Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) state as follows:

**I. INTRODUCTION**

Plaintiffs agree with Defendant that there is no genuine issue of material fact in this matter, but assert that Plaintiffs, and not Defendant, are entitled to judgment as a matter of law on their claim for breach of contract. Their reasons were included in their previously filed Motion for Summary

1

Judgment (Doc. 80), which is incorporated herein by reference. They are not attempting "to reap a windfall" (Doc. 81 at 1) and their contention is not "frivolous" (*id.* at 2). Their suit is based on established elements of a cause of action for breach of contract. Defendant is simply wrong when it states that "[t]he face of the undisputed claim documentation clearly and unambiguously demonstrates that TFG held assignments totaling $2,250,000 under the Policy." (Doc. 81 at 2) In point of fact, TFG held one assignment for only $250,000, according to Defendant itself. Besides, Defendant did not pay TFG under a claim of assignments totaling $2,250,000; it paid under a joint claim submitted by First Mid-Illinois Bank & Trust and TFG, when there was no joint assignment and Defendant knew there was no joint assignment. This payment was a breach of contract. Plaintiffs ask this Court to deny Defendant's Motion for Summary Judgment (Doc. 81) and to grant their Motion for Summary Judgment (Doc. 80).

## II. RESPONSE TO DEFENDANT'S UNDISPUTED MATERIAL FACTS

### A. Proper Undisputed Material Facts

Plaintiffs first assert that the Undisputed Material Facts listed in their Motion for Summary Judgment (Doc. 80), incorporated herein by reference, are the proper undisputed material facts. Insofar as Defendant's proposed Undisputed Material Facts differ from those listed by Plaintiff, they are disputed or immaterial.

### B. Immaterial Facts

Plaintiffs assert that the following proposed facts from Defendant's list of "Undisputed Material Facts" are in fact not material: 4, 26, 27 (whether there was another insurance policy is not relevant to the policy at issue); 9, 11, 12, 13, 14, (what different parties may or may not have done in response to another contract is not relevant to what was done by Defendant in this contract); 27, 28 (there is no claim that these amounts were not paid); 29, 30, 32, 33, 34 (the existence or non-

existence of other lawsuits is not relevant to what was done by Defendant in this contract); 31 (a meeting with counsel and an insurance agent is not relevant to what was done by Defendant in this contract); and 35, 36, 37 (a bankruptcy petition by one of five Plaintiffs is not relevant to what was done by Defendant in this contract).

### C. Disputed Material Facts

Plaintiffs further assert that many of the "Undisputed Material Facts" submitted by Defendant are in fact disputed, due in large part to the assertion of opinions and conclusions as facts. These include the following: 2, 3, 4 (the purpose of Decedent seeking life insurance is speculation); 7 (the purpose of provisions in the Consignment Agreement is speculation); 9 (the reasons the assignments may have been executed is speculation); 11 (the reasons Janko may have created TFG is conclusory and speculative); 13 (what TFG may or may not have felt is conclusory and speculative); 14 (what Bianchi may or may not have understood is speculation); 15 (what Bianchi may or may not have been concerned about is speculation and conclusion); 24 (while the correspondence is accurately quoted, the truth of the matter contained therein is disputed; it contains argument, speculation, and conclusions, not mere fact); 38 (whether the submissions were truthful and accurate is a conclusion, not a fact); 39 (whether the claims analyst relies upon the truth of representations made in the face of obvious misstatements is doubtful); 40 (the purpose of a contractual term is speculative and conclusory, and in addition Defendant has admitted that it sent all Plaintiffs checks for the amounts it believed they were owed); 41 (whether the claim was paid after a detailed and thorough investigation is a conclusion, not a fact); and 9, 16, 17 (what Janko or Bianchi may or may not have told Decedent is barred by the Dead Man's Act).

### III. ARGUMENT

While using such loaded terms as "windfall", "baseless", "frivolous", "no basis in fact or

3

law", "concedes", "no question", "no damage to Plaintiff", "laches, estoppel, waiver, and unjust enrichment", "affronts the principals of fairness, justice and good conscience", and "unreasonable" (Doc. 81, *passim*), Defendant cannot get past two important points. First, there was never any joint assignment, so a joint claim on its face is improper. Second, Janko's purported assignment of its assignment to TFG was never accepted by Defendant, and unauthorized by the contract. Even if the assignment had been valid, however, Janko could only assign what it was due, which was nothing. The bottom line remains unchanged: Defendant breached its contract by paying more than was due under the assignment, and Plaintiffs were damaged thereby.

If TFG had a valid assignment for more than the amount it was owed, as Defendant claims, why did it make a joint claim with First Mid-Illinois Bank & Trust? The only possible reason is that it believed it did **not** have a valid assignment for more than the amount it was owed. That belief was correct, and was compelled by Defendant's letter indicating that there was only one assignment to TFG in the amount of $250,000.00. (Plaintiffs' Exhibit 17) Defendant carefully ignores this letter in its argument, because it is the "smoking gun" that puts a bullet in the heart of its position.

Further, Defendant affirmed in a letter to counsel for Plaintiffs on March 5, 2004 (Plaintiffs' Exhibit 22) that "it was AGL's position that the assignments to JFG dated April, 2000 and October, 2000 had been released by the release of assignment received by AGL in December 2000." The letter referenced the June 10, 2003, letter to Larry Bianchi of TFG and Janko (Plaintiffs' Exhibit 17). So it is undisputed that in Defendant's mind the assignments had been released, and the record is absolutely clear that there was no joint assignment. Under these circumstances, payment under the joint claim was a breach of contract.

Defendant attempts to rely upon the contract language which provides that it "will not be responsible for the validity of an assignment." (Plaintiffs' Exhibit 1) Since it had already determined

4

that the assignment of the assignment was not valid, however, this argument must fail. Recall that Defendant did not pay TFG an amount in excess of the valid $250,000 assignment it held, relying upon the validity of the purported assignment of the assignment; instead, Defendant paid on the joint claim, when there was demonstrably and conclusively no joint assignment.

Pursuant to Section 12-1001(f) and (h) of the Illinois Code of Civil Procedure, 735 ILCS 5/12-1001(f) and (h) (West 2004), proceeds from life insurance policies to dependants, to the extent reasonably necessary for the support of the dependants, are exempt from collection proceedings for debts of a decedent. Obviously, such proceeds are assignable, and were in fact assigned in this case, but proceeds beyond valid assignments, such as the amount at issue in this matter, are exempt. In fact, this Court specifically found that the proceeds in Mrs. Stilwell's bankruptcy were exempt regardless of whether they were reasonably necessary for her support or not. (See *In re: Stilwell*, 317 B.R. 471 (C.D. Ill 2005); see also *In re: Ashley*, 317 B.R. 352 (C.D. Ill. 2004); *In re: McKinney*, 317 B.R. 344 (C.D. Ill. 2004); *In re: Bird*, 288 B.R. 546 (C.D. Ill. 2002).) TFG was not prejudiced by not being able to file a claim in Plaintiff Margaret Stilwell's bankruptcy; it could not have recovered anything that Defendant properly paid out on the policy of insurance anyway.

Even if Defendant is correct in its assertion that Plaintiff Margaret Stilwell was obligated in some manner to make payments to creditors from the insurance policy, which is not admitted, and that Defendant did her a favor by "satisfy[ing] a valid business debt that she would have otherwise personally owed" (Doc. 81 at 1), no such argument can be made with regard to the other Plaintiffs in this matter. Each is entitled to 10% of the amount that Defendant paid in excess of the valid assignments, plus interest. While Defendant attempts to divert the Court's attention from the fact that there are five Plaintiffs in this case and not just one (Doc. 80 at 1, fn. 1), the fact remains that Haley, Heidi, Jamie, and Megan Stilwell are parties Plaintiff who were harmed by Defendant's

5

breach of contract. At the very minimum, summary judgment in favor of Defendant against the children must be denied. But Defendant is not correct in that assertion; its actions are dictated by the clear and unambiguous language of the contract, which it breached when it paid more that the valid assignments required. No extrinsic evidence need be, or may be, considered.

What Third-Party Defendants First Mid-Illinois Bank & Trust and Tuscola Furniture Group should have done was file separate claims on their valid assignments, which is what the other assignees did. What Defendant should have done then was pay First Mid-Illinois Bank & Trust the full amount it was owed, since its valid assignment exceeded the amount it was owed, and pay TFG the full amount of its valid assignment, or $250,000. There is no genuine issue of material fact regarding the outstanding valid assignments; no genuine issue of material fact regarding the non-existence of a joint assignment; and no genuine issue of material fact as to the amounts owed to Third-Party Defendants. Defendant's payment of an amount in excess of the valid assignment to TFG was a breach of contract, and Plaintiffs are entitled to judgment as a matter of law.

Whether, as Defendant argues, "Janko and TFG intended to Transfer, Not Release, the Prior Policy Assignments" (Doc. 81, at 23), is entirely irrelevant. If any intentions at all are relevant to this matter, they are the intentions of the parties. As Defendant properly argues, a court's primary goal in construing a contract, as it is asked to do in this case, is to give effect to the intent of the parties. (*Omnitrus Merging Corp. v. Illinois Tool Works, Inc.*, 256 Ill. App. 3d 31, 34, 628 N.E.2d 1165 (1st Dist. 1993).) Neither Janko nor TFG is a party, and their intentions are therefore not relevant. It is important to remember that the contract that this Court is asked to construe is the contract of life insurance between the parties, and not the release form executed by Janko. That form has already been conclusively construed by Defendant, with the complete concurrence of Plaintiffs, to release all of Janko's assignments, and not to assign the assignments to another third party.

Defendant's argument that the release form "was intended to give the insurer, American General, notice that Janko had transferred its $2 million Policy assignment to TFG" (Doc. 81 at 25) was earlier rejected by Defendant itself.

Whether Margaret Stilwell may or may not have relevant knowledge of the release form is irrelevant. Whether she has any knowledge of the total amount of valid policy assignments that existed at the time of her husband's death is similarly irrelevant. Even whether it was always the parties' intent to protect TFG's investment in ACV in an amount no less that the total agreed upon financing under the Consignment is irrelevant. Whether Margaret Stilwell is bound by some other contract is irrelevant. Whether TFG felt it was protected by some other contract is irrelevant. All that is relevant in this matter is whether Defendant properly paid under the joint claim that was filed by First Mid-Illinois Bank & Trust and TFG. It is absolutely clear that Defendant paid more than it should have under the existing valid assignments, and that Plaintiffs were harmed thereby. A breach of contract is established and undeniable. Summary judgment in favor of Defendant must be denied, and summary judgment in favor of Plaintiffs must be entered.

Defendant's assertions that Plaintiffs' claims are barred under the policy or under theories of unjust enrichment, waiver, estoppel, and laches are not persuasive. Plaintiffs made their claims within the appropriate statute of limitations; they were under no obligation, legally, morally, or ethically, to make them any sooner. There was no "secretly contested" claim by TFG; Defendant knew that there was no joint assignment and that the only valid assignment to TFG amounted to $250,000, and yet it still paid more than that amount on an improper joint claim. It thus breached its contract with Plaintiffs, who were then entitled to do exactly what they did: file suit against Defendant alleging the breach and praying for damages flowing from the breach. Plaintiffs, as opposed to Defendant, have never done anything wrong in this case.

For the reasons outlined above and in their Motion for Summary Judgment, Plaintiffs MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL pray this Court to deny Defendant's Motion for Summary Judgment, and to enter Summary Judgment in their favor and against Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY, in an amount to be determined; for costs; and for such other and further relief to which they may be entitled and which this Court deems just and fair.

>MARGARET J. STILWELL, HALEY STILWELL,
>HEIDI STILWELL, JAMIE STILWELL, and
>MEGAN STILWELL, Plaintiffs
>
>By: \_\_\_\_\_s/Jason M. Crowder\_\_\_\_\_
>Of Heller, Holmes & Associates, P.C.
>Their Attorneys

JASON M. CROWDER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889
Telephone: (217) 235-2700
Fax: (217) 235-0743
E-Mail: CrowderJason@Hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy J. Howard; Cinthia G. Motley; Julie Beyers; Michael S. Seneca; Daniel J. McMahon; and Rebecca M. Rothmann.

>s/Jason M. Crowder
>Heller, Holmes & Associates, P.C.
>1101 Broadway, P.O. Box 889
>Mattoon, IL 61938-0889
>Telephone: (217) 235-2700
>Fax: (217) 235-0743
>E-Mail: CrowderJason@Hotmail.com
>Attorneys for Plaintiffs