IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 05 CV 02160 |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | Honorable Chief Judge |
| | ) | Michael P. McCuskey |
| Defendants | ) | |
| _____ | ) | Magistrate Judge |
| AMERICAN GENERAL LIFE | ) | David G. Bernthal |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST MID ILLINOIS BANK & TRUST, | ) | |
| TUSCOLA FURNITURE GROUP, LLC, | ) | |
| And JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Third Party Defendants | ) | |

### RESPONSE OF THIRD PARTY DEENDANT, FIRST MID-ILLINOIS BANK & TRUST TO AMERICAN GENERAL'S MOTION FOR SUMMARY JUDGMENT ON ITS THIRD PARTY CLAIMS

NOW COMES the Third Party Defendant, First Mid-Illinois Bank & Trust (hereinafter "First Mid") by its attorneys, Heavner, Scott, Beyers & Mihlar, and respectfully submits its Response to the Combined Motion and Memorandum for Summary Judgment on its Third Party Claims filed by Third Party Plaintiff American General Life Insurance Company (hereinafter "American General") pursuant to Federal Rule of Civil Procedure 56(b) and Central District Local Rule 7.1(D).

1

## I. INTRODUCTION:

American General's Motion seeks judgment in its favor and against the Third Party Defendants solely on its constructive trust and unjust enrichment counts based on mistake. By American General's own admission, the information submitted by each of the Third Party Defendants, including First Mid, in support of their respective claims for payment under a $4,000,000.00 Life Insurance Policy on the life of James Stilwell was truthful and accurate.

However, American General's Motion must fail as the facts in this cause do not warrant the imposition of a constructive trust on the funds received by the Third Party Defendants. The cases are clear that a constructive trust generally cannot be imposed absent wrongdoing on the part of the party receiving the subject funds. Although a constructive trust may, in certain circumstances, be imposed in the case of mistake, there was no mistake here. American General's admission that the information provided to it by Third Party Defendants was truthful and accurate removes any question concerning this issue.

Further, American General's claims for unjust enrichment as to First Mid must fail. First Mid had an assignment for $1,000,000.00 and it received $81,660.37 of the subject funds, which is the amount it was owed by TFG pursuant to its agreement to fund ACV's inventory of Amish-made furniture. This amount, $81,660.37, is less than the amount of First Mid's valid assignment. No party in this cause contests the validity of First Mid's assignment or the testimony of Thomas Chamberlain. In addition, the loan documents attached to First Mid's own Motion for Summary Judgment leave no question that First Mid was paid what it was owed from the subject funds.

Thus, the Court must deny the Motion for Summary Judgment filed by American General, and must grant the Motion for Summary Judgment on the Third Party Complaint filed in this cause by First Mid-Illinois Bank & Trust.

II.   **RESPONSE TO UNDISPUTED MATERIAL FACTS:**

   A.  **UNDISPUTED MATERIAL FACTS:**

First Mid does not dispute the facts contained in the following paragraphs of American General's Undisputed Material Facts, which were incorporated by reference from American General's Motion for Summary Judgment on the Complaint:

   1. As to paragraph 1, First Mid admits, except for the last sentence of said paragraph, as set forth in Section B., below.

   2-20.

   21. As to paragraph 21, First Mid admits the facts contained in paragraph 21, except for the statement in the first sentence that the Bank and TFG/JFG submitted identical submissions to American General. Specifically, see paragraph B. below.

   22-23.

   24. First Mid admits the facts set forth in paragraph 24, and admits that American General has provided a true and correct copy of the correspondence from TFG to American General, however, First Mid denies that the correspondence is absolutely, accurately transcribed as set forth in paragraph B., below.

   25. As to paragraph 25, First Mid admits the facts contained in paragraph 25, except for those facts set forth in paragraph B. below.

   26-36.

   37. As to paragraph 37, First Mid admits the facts contained in

paragraph 37, except for those facts as set forth in paragraph B. below.

38-41.

### B. DISPUTED MATERIAL FACTS.

1. First Mid disputes that ACV operated its business from a location owned and leased by ACV, but rather, ACV operated its business from a location owned and leased by Amishland Development LLC. (Exhibit C to American General's Appendix, Deposition of Lawrence Bianchi at 11.)

21. First Mid disputes the facts contained in Paragraph 21 to the extent that the May 12, 2003, submissions to American General were not identical in that First Mid's submission included its completed claim form, and the submission of TFG/JFG included its completed claim form. (See Exhibit B13 and C4, found in American General's Appendix of Exhibits in Support of its Motion for Summary Judgment.)

24. First Mid denies that American General has accurately and exactly transcribed the contents of the correspondence forwarded by TFG to American General and states that the letter speaks for itself.

25. First Mid disputes paragraph 25 of the undisputed facts only to the extent that it alleges that the parties submitted a "joint claim," as the parties submitted separate claim forms. (See Exhibits B13 and C4 of American General's Appendix)

37. First Mid disputes the accuracy of American General's statement of Stilwell's claims, as set forth in the second sentence of paragraph 37, as said statement appears to be missing some words, and First Mid states that the pleading filed by Stilwells speaks for itself.

### C. ADDITIONAL MATERIAL FACTS:

1. Out of the funds paid by American General to the Third Party Defendants,

First Mid received $81,660.37 of the funds, which is the amount it was owed at the time the funds were received, and which was less than the amount of its assignment. (Exhibit 16 to First Mid's Motion for Summary Judgment on Third Party Complaint, Chamberlain dep., pg. 64, lines 11-24, pg. 65, lines 1-4. Exhibit 6 to First Mid's Motion for Summary Judgment on Third Party Complaint, Bianchi deposition, pg. 117, Lines 4-6. Also See Exhibits 28 and 29 to First Mid's Motion for Summary Judgment.)

2. TFG received the remaining funds. (See Exhibit 6 to First Mid's Motion for Summary Judgment, Bianchi dep., pg. 117, lines 1-5)

3. The Third Party Defendants believed that American General would review their various claim submissions, ask questions if they needed to, and then make their own determination as to whether or not the claim should be paid. (Exhibit A attached hereto, Chamberlain deposition, page 103.)

### III. ARGUMENT:

For the same reasons set forth in First Mid's own Motion for Summary Judgment on the Third Party Complaint, American General's Motion for Summary Judgment on the Third Party Complaint must be denied. However, First Mid additionally responds to American General's Combined Motion and Memorandum for Summary Judgment on Plaintiff's Claim as follows:

First, it must be noted that American General has apparently abandoned all of the claims of its Third Party Complaint except for Count II for Constructive Trust or Equitable Lien Based (mistake) and Count IV Restitution/Unjust Enrichment (mistake). (See page 2, American General's Motion and Memorandum for Summary Judgment on its Third Party Complaint.) In fact, as noted above, American General admits in its Motion that "[t]he contents of the May 12, 2003 submissions by TFG, Janko and the Bank were truthful and accurate." (American

General's Statement of Facts, paragraph 38.) This statement in and of itself leaves no question that First Mid's own Motion for Summary Judgment on all counts of the Third Party Complaint must be granted. For the reasons set forth below, this statement, as well as the very cases cited by American General in its Motion for Summary Judgment demonstrate that American General's Motion for Summary Judgment must be denied.

### A. American General's Motion for Summary Judgment on its Claims for Constructive Trust Must be Denied.

In its motion, American General suggests that even though it has admitted that First Mid and the other Third Party Defendants did nothing wrong, it is still entitled to the imposition of a constructive trust. In support of this proposition, American General argues that such a trust may be imposed, "even though the person wrongfully receiving the benefit is innocent of collusion." *citing*, **Smithberg v. The Illinois Municipal Retirement Fund, 192 Ill. 2d 291 (Ill. 2000)** (See American General's Motion for Summary Judgment on its Third Party Claims, page 5)

However, at the outset, it should be noted that constructive trust is a remedy and does not amount to a claim nor can it stand as a separate cause of action. See **3COM Corp. v. Electronic Recovery Specialists, Inc., 104 F. Supp.2d 932, 942 (N.D. Ill. 2000)**. Therefore, to the extent that American General is attempting to plead a cause of action for constructive trust, that count fails. **Id**.

Moreover, American General has provided the narrowest of interpretations concerning the law in Illinois with respect to the imposition of a constructive trust.
Specifically, in the **Smithberg** case cited by American General, the Court additionally noted that some form of wrongdoing is generally required before a constructive trust is imposed, and a constructive trust *may* be imposed in cases of mistake. **Smithberg 192 Ill. 2d 291 at 299 (Ill.**

6

**2000).** In analyzing whether a constructive trust should be imposed in the case before it, the <u>Smithberg</u> Court noted:

> A constructive trust is created when a court declares the party in possession of wrongfully acquired property the constructive trustee of that property because it would be inequitable for that party to retain possession of it. The sole duty of the constructive trustee is to transfer title and possession of the wrongfully acquired property to the beneficiary. **Smithberg, at 299,** *citing* <u>**Suttles v. Vogel**</u>**, 126 Ill. 2d 186, 193, 127 Ill. Dec. 819, 533 N.E.2d 901 (1988) and** <u>**Frederickson v. Blumenthal**</u>**, 271 Ill. App. 3d 738, 741, 208 Ill. Dec. 138, 648 N.E.2d 1060 (1995).**

Further, in another case cited by American General, <u>**Martin v. Heinold Commodities, Inc.**</u>**, 163 Ill. 2d 33, 643 N.E.2d 734, 205 Ill. Dec. 443 (Ill. 1994),** the Court cited to Section 9 of the Restatement of Restitution for the proposition that the imposition of a constructive trust based on mistake will be imposed only if the mistake, "caused the conferring of the benefit." <u>**Martin**</u>**, 163 Ill. 2d at 55,** *citing* **Section 9 of the Restatement of Restitution.** The Court in <u>**Martin**</u> went on to note that the purpose of imposing a constructive trust is to preclude unjust enrichment, and the person receiving the benefit has a duty to convey the property back to the person from which it was received. <u>**Id.**</u> **at 56.**

Applying the holdings from these cases to the matter before this court, there is no question that there was no mistake concerning the payment of any of the Third Party Defendants' claims under the subject policy. However, if this Court determines that there was a mistake and that it was a result of information provided by Third Party Defendants, the record is clear that the mistake was not made based on any information provided by First Mid to American General, and First Mid's claim was properly paid. The assignment at the core of the dispute in this cause is not an assignment held by First Mid, but rather is the assignment that was assigned by JFG to TFG. All statements made concerning the validity of that assignment were made by JFG and TFG.

7

Additionally, as noted above, a constructive trust is imposed to prevent unjust enrichment. There is no question in this cause that First Mid had a valid assignment for $1,000,000.00, and it received $ 81,660.37, the amount it was owed by TFG for the financing of the Amish-made furniture provided to ACV. American General does not and cannot dispute this fact. As First Mid received what it was owed, which was less than its assignment, as a matter of law, First Mid was not unjustly enriched by the subject payment.

Further, and even more compelling, the funds in dispute, the funds which the Stilwells seek to recover, and those that are at issue in American General's Third Party Complaint, are those funds which were received and retained by TFG and JFG. (See page 1, American General's Combined Motion and Memorandum for Summary Judgment on Plaintiff's Claim. *Also see,* page 2 of American General's Combined Motion and Memorandum for Summary Judgment on its Third-Party Claims, "Specifically, Plaintiff claims that rather than holding assignments of $2,250,000 to $3,250,000, TFG only held a single assignment in the amount of $250,000 and, thus, TFG was overpaid by American General's payment of the joint claim.") As the record is clear that First Mid does not have possession of those funds upon which American General now seeks to impose a constructive trust, American General's claims for constructive trust as to First Mid fail as a matter of law.

**B. American General's Motion for Summary Judgment on the Issue of Unjust Enrichment Also Fails as a Matter of Law.**

**i. American General Cannot State a Cause of Action for Unjust Enrichment Against First-Mid.**

As noted above, the remedy of constructive trust is imposed to prevent unjust enrichment. **Martin**, 163 Ill. 2d at 55. Thus, it appears that American General's request for judgment on its count for constructive trust based on mistake is duplicative of the relief

requested with respect to the request for unjust enrichment based on mistake. On this basis alone, American General's Motion for Summary Judgment must be denied as to its unjust enrichment claims.

Additionally, in **M.J. McCarthy Motor Sales Co. v. Van C. Argiris & Co., et. al**, **78 Ill. App. 3d 725, 730, 396 N.E.2d 1253 (1st Dist., 1979),** the Court stated, ("An action for unjust enrichment is maintainable in all cases where one person has received money under such circumstances that in equity and good conscience, he ought not retain it.") As argued above, First Mid was paid what it was owed, which was less than its valid assignment. As a matter of law, First Mid cannot be said to have been unjustly enriched.

First Mid specifically denies that any of the Third Party Defendants made any misstatements or provided any inaccurate or mistaken information to American General. Additionally, American General admits that all statements made by the Third Party Defendants in their claim submissions of May 12, 2003, were true and accurate. However, in the event the Court rules in favor of the Plaintiff, finding that there was a mistake made or caused by the Third Party Defendants, any such mistake would necessarily be as a result of information provided by JFG and TFG, not First Mid. Any and all additional information provided to American General after the claims submissions of May 12, 2003, was provided by JFG and TFG, not First Mid. Thus, as a matter of law, equity and good conscience would require that this Court deny American General's Motion for Summary Judgment in its favor on its claims of unjust enrichment as to First Mid. First Mid should be allowed, under any and all circumstances, to retain the funds it received, which were the amounts it was owed and which sum is less than the amount of its valid assignment.

Finally, as noted above with respect to the claims for constructive trust, in an action for unjust enrichment, such a claim necessarily involves the retention of a benefit by one party to the detriment of another. **Kenneke v. The First National Bank of Chicago, 65 Ill. App. 3d 10 at 12, 382 N.E.2d 309 (1st Dist., 1978)** As noted with respect to American General's constructive trust claims, First Mid is not in possession of the funds that constitute the alleged overpayment, and thus, American General's Motion for Summary Judgment must be denied, and First Mid's Motion for Summary Judgment on the Third Party Complaint must be granted.

### ii. The Voluntary Payments Doctrine is Dispositive of all Claims in Favor of First Mid.

First Mid, adopting the argument contained in JFG/TFG's Response to American General's Motion for Summary Judgment states as follows: American General's admission that the May 12, 2003 submissions were true and accurate also triggers the applicability of the voluntary payments doctrine and bars any recovery it might otherwise have on the unjust enrichment claim. Payments voluntarily made with full knowledge of the underlying facts cannot be recovered absent coercion, fraud or a superior bargaining position by the transferee. **Cohn v. Anthem Life & Health Ins. Co., 965 F. Supp. 1119, 1121-22 (N.D. Ill. 1997) (citing Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 639 N.E. 2d 1282, 1292 (1994)**. Money paid under a mistake of law is not recoverable. **Id**. First Mid incorporates by reference its argument on the voluntary payments doctrine at pages 25-29 of its Motion for Summary Judgment on the Third-Party Complaint.

Based on the facts and controlling law, American General properly paid the claims made by the Third Party Defendants in this case. American General concedes, and the evidence in the record supports, that JFG, TFG and First Mid made no misrepresentations and,

therefore, did not commit fraud. Further, American General's claims handler sought the advice of their own in-house legal counsel regarding how to proceed in this matter. (American General's Statement of Facts, ¶ 25.) This fact coupled with American General's exhibits clearly demostrate that its counsel made an independent determination to pay the claim. Therefore, even if, *arguendo,* American General improperly paid the claims, the undisputed evidence demonstrates that its legal department made that decision based on the relevant facts regarding whether the Third-Party Defendants had a legal right to payment. Hence, no argument can be made regarding coercion or superior bargaining power. Therefore, the only remaining exception to the voluntary payments doctrine is a mistake of fact.

American General's Motion cites several cases in support of its argument that it need only show an unjust enrichment of a benefit to Third Party Defendants and to its detriment. While this may constitute a general statement of law, it does not provide a full statement of the law. What American General fails to bring to the Court's attention is that the analysis applied in the **Cohn** case controls and defeats the unjust enrichment claim.

In **Cohn**, the insurance company brought an unjust enrichment claim against two of its insureds. The insurance company had initially denied the insured's medical claim, but by virtue of a clerical error, paid the medical expenses. In support of its unjust enrichment action, the insurance company argued that it was entitled to avoid the force of the voluntary payments doctrine by mistake of fact. The court rejected the argument, finding that the insurer was fully informed. The court dismissed the action for failure to state a claim because the insurer failed to allege that "payment would not have been made had the facts been known to [it]." **Cohn**, **965 F. Supp. At 1122.**

Like in **Cohn**, the record in this case demonstrates that American General cannot claim a mistake of fact. Like the insurer in **Cohn**, American General had all the relevant documents and information available. In fact, American General sought out records and facts when its employees felt they had insufficient documentation to make an informed decision. (See American General's Statement of Facts, ¶ 23.) Moreover, unlike **Cohn**, the record reveals that the claim was also sent to American General's inside legal counsel for review. (American General's Statement of Facts, ¶ 25.) American General has not argued, or identified, any facts, which if made known to it, would have resulted in a denial of the claims submitted by JFG, TFG and First Mid. Hence, under the logic and holding in **Cohn**, the unjust enrichment claim fails.

American General properly paid the claims of each of the Third Party Defendants. Moreover, the record establishes that American General's in-house counsel reached a conclusion regarding the legal effect of the documents executed in this case. Under the controlling Illinois law on voluntary payments, TFG, JFG and First Mid are entitled to judgment as a matter of law.

**C. First Mid is Entitled to Judgment Because American General Admits There Was No Misrepresentation and the Record Reveals no Misleading Statements.**

In addition to its arguments as set forth in its own Motion for Summary Judgment and based on the facts alleged in American General's Motion for Summary Judgment, First Mid additionally states as follows:

In paragraph 38 of its Undisputed Material Facts, American General made a judicial admission that the relevant statements made by TFG, JFG and First Mid regarding their claims to the insurance policy were "truthful and accurate." As a result, TFG, JFG and First Mid are entitled to judgment on all of American General's claims based on purported misrepresentations. **See Taylor v. Monstato Co., 150 F.3d 481, 483 (7th Cir. 1998) (a judicially admitted fact is withdrawn from contention); Soo Line R.R. Co. v. St. Louis S.W. Ry. Co., 125 F.3d 481,**

483 (7**th** Cir. 1997) (**a party is bound by what it states in pleadings**). Judgment should be entered as a matter of law on Counts I and II for fraud because, as American General admits, there were no misrepresentations regarding the claims submitted by TFG, JFG and First Mid.

If the admission alone is insufficient to compel entry of judgment in favor of the Third-Party Defendants, the Court may turn to American General's failure to allege and establish a fraudulent misrepresentation. To state a cause of action for fraudulent misrepresentation, a plaintiff must allege that the defendant made a representation of material fact, the defendant knew or believed the representation was untrue, the plaintiff had a right to and did rely on the representation, the representation was made for the purpose of inducing the plaintiff to act or refrain from acting, and the representation led to the plaintiff's injury. **Miner v. Fashion Enter., Inc. 342 Ill. App. 3d 405, 794 N.E.2d 902, 916 (1st Dist. 2003)**. A misrepresentation is "material" and therefore actionable if it is such that had the other party been aware of it, he would have acted differently. **Mack v. Plaza Dewitt Ltd. P'ship**, 137 Ill. App. 3d 343, 484 N.E.2d 900, 906 (1st Dist. 1985).

The allegation set forth in the Third-Party Complaint does not constitute a misrepresentation. American General alleges that "JFG released its assignments amounting to $2,000,000 in favor of TFG and, thus, transferred those rights under the Assignment to TFG pursuant to the agreement dated November 16, 2000, between JFG and TFG and the release of assignment dated November 20, 2000, submitted to American General." (Third-Party Complaint, Counts I and II, ¶ 37.) This statement is, in fact, consistent with American General's undisputed material facts and clearly does not suffice to survive summary judgment. (See American General's Facts, ¶¶ 11-15, 24.) Further, this allegation has nothing to do with First Mid and absolutely fails to state a cause of action against it.

The viability of all of the remaining claims depends on American General's ability to produce evidence of a misrepresentation on the part of TFG, JFG and First Mid. (See Count III [incorporates by reference Count I, ¶¶ 37-38], Count IV [incorporates by reference Count II, ¶¶ 37-38], Count V [incorporates by reference Count I, ¶¶ 37-38], Count VI [incorporates by reference Count I, ¶¶ 37-38]). Since American General admits the information it received was true and accurate and because the evidence fails to show any omission or improper act by TFG, JFG and First Mid, judgment should be entered on all counts of the Third-Party Complaint in favor of TFG, JFG and the Bank, and against American General.

**CONCLUSION:**

For the reasons set forth above, First Mid-Illinois Bank & Trust requests that this Court deny American General's Motion for Summary Judgment on its Third Party Claims and further prays that this Court grant First Mid's Motion for Summary Judgment on the Third Party Complaint.

                FIRST MID-ILLINOIS BANK
                AND TRUST,

                By:   /s/ Julie Beyers
                        One of its Attorneys

Julie Beyers
ARDC# 6217185
HEAVNER, SCOTT, BEYERS & MIHLAR
111 East Main Street, Suite 250
P.O. Box 740
Decatur, IL 62525
Phone: (217) 422-1719
Fax:   (217) 422-1754
juliebeyers@hsbattys.com

14

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that its Response of Third Party Defendant, First Mid Illinois Bank & Trust to American General's Motion for Summary Judgment on its Third Party Claims complies with the type volume limitation of Local Rule 7.1(B)(4)(A) in that its Argument does not exceed fifteen pages in length.


/s/     Julie Beyers
        Julie Beyers


## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system and that service was made electronically to the parties as indicated on that system.

Jason Crowder
Heller Holmes & Associates PC
crowderjason@hotmail.com

Timothy J. Howard
Howard & Howard Attorneys PC
toward@howardandhoward.com

Jason M. Kuzniar
Wilson Elser Moskowitz Edelman & Dicker LLP
Jason.Kuzniar@wilsonelser.com

Daniel J. McMahon
Wilson Elser Moskowitz Edelman & Dicker LLP
Daniel.mcmahon@wilsonelser.com

Cinthia G. Motley
Wilson Elser Moskowitz Edelman & Dicker LLP
cinthia.motley@wilsonelser.com

Rebecca M. Rothmann
Wilson Elser Moskowitz Edelman & Dicker LLP
Rebecca.rothmann@wilsonelser.com

Michael S. Seneca
mseneca@howardandhoward.com
lforney@howardandhoward.com

                                                /s/       Julie Beyers
                                                            Julie Beyers

Julie Beyers
ARDC# 6217185
HEAVNER, SCOTT, BEYERS & MIHLAR
111 East Main Street, Suite 250
P.O. Box 740
Decatur, IL 62525
Phone: (217) 422-1719
Fax:   (217) 422-1754
juliebeyers@hsbattys.com