IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05-CV-02160 |
| v. | ) | |
| | ) | Honorable Michael P. McCuskey |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FIRST MID ILLINOIS BANK & TRUST, | ) | |
| TUSCOLA FURNITURE GROUP, LLC, | ) | |
| and JANKO FINANCIAL GROUP, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## REPLY TO AMERICAN GENERAL'S COMBINED RESPONSE TO THIRD PARTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON THIRD-PARTY COMPLAINT

NOW COME Third-Party Defendants, TUSCOLA FURNITURE GROUP, LLC ("TFG") and JANKO FINANCIAL GROUP, LLC ("JFG"), by HOWARD & HOWARD ATTORNEYS, P.C., and respectfully submit their Reply to American General's Combined Response to Third Party Defendants' Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and Central District Local 7.1(D)(3).

#265074-v1

# I. INTRODUCTION

American General Life Insurance Company ("AGLIC") fundamentally misperceives the logical underpinning of its claims against TFG and JFG. That AGLIC takes this unsound position is no surprise, its goal in this litigation is to avoid liability. Its approach, however, reveals the elemental flaw in its claims against TFG and JFG. AGLIC argues that "[i]f American General is liable to Plaintiff, it is liable to Plaintiff only because it relied on the representations that were made by the Third Party Creditors in their verified claim submissions." (Response, p. 2.) AGLIC concludes that if it "improperly paid the Creditor's claim, there can be no question that the Creditors misrepresented the status of the assignments that they held . . . ." (*Id.*)

The point at which this circular logic fails is Federal Rule of Civil Procedure 56, which requires that AGLIC present undisputed material facts demonstrating that its claims warrant a trial on the merits. AGLIC has not presented a shred of evidence demonstrating that TFG or JFG misrepresented facts in the presentation of their claims.

In AGLIC's Response, it asserts only two arguments that require reply by JFG and TFG. AGLIC suggests, contrary to controlling Seventh Circuit authority, that the law of the case doctrine requires the Court deny the Third Party Defendants' Motion for Summary Judgment. AGLIC also argues that if it is liable to Plaintiff, the Third Party Defendants necessarily made misrepresentations of fact. Neither argument survives scrutiny.

# II. ADDITIONAL MATERIAL FACTS

In its Response, AGLIC incorporates by reference sixteen pages of undisputed facts it set forth in its Combined Motion and Memorandum for Summary Judgment on Plaintiff's Claims [Doc. 81]. (Response, p. 6.) These are not "additional" facts as they are the same forty-one numbered paragraphs AGLIC set forth by reference in its Combined Motion and Memorandum

for Summary Judgment on its Third-Party Claims [Doc. 82] at page 3. TFG and JFG admitted each of these facts in its Response [Doc. 88]. No further response is necessary.

## III. ARGUMENT

### A. A Ruling on a Motion to Dismiss Does Not Constitute Law of the Case When the Non-Moving Party Fails to Bear its Burden at Summary Judgment

A motion to dismiss pursuant to Rule 12(b)(6) attacks only the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Such motions are evaluated under a generous standard: dismissal of an action is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (internal quotation marks omitted). Summary judgment, however, requires a non-moving plaintiff to bear an evidentiary burden by producing facts which demonstrate that liability may attach. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In this case, the denial of a motion to dismiss has exactly no impact on resolution of a motion for summary judgment. *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899 (7th Cir. 2007). In *Muzikowski*, the plaintiff sued the defendant under a defamation theory. The district court granted the defendant's Rule 12(b)(6) motion to dismiss, which decision was appealed and reversed in 2003. In reversing the dismissal, the Seventh Circuit noted that although the complaint contained sufficient facts to survive a Rule 12(b)(6), on remand the facts produced in discovery might permit the defendant to take advantage of the "innocent construction rule," which in Illinois forecloses liability for a defamation claim.

On remand, the parties engaged in discovery, and the defendants filed a motion for summary judgment, which the district court granted relying on the innocent construction rule. On appeal from the entry of judgment, the plaintiff argued that the Seventh Circuit's decision

reversing the dismissal of the complaint was "law of the case." *Muzikowski*, 477 F.3d at 905. The Seventh Circuit disagreed and affirmed entry of judgment in favor of the defendant. *Id.* at 907. As the court pointed out, the question at summary judgment is entirely different, and in *Muzikowski*, required the plaintiff to overcome the innocent construction rule, which plaintiff failed to do. *Id.* at 907-08; *see also Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 109-110 (7th Cir. 1986) (holding that the law of the case doctrine does not preclude the entry of summary judgment because earlier motions to dismiss were denied).

In the present case, all of the facts recited by the Magistrate Judge were "taken from the Third Party Complaint." (R&R, p. 1.) The Magistrate indicated that he accepted "all well-plead factual allegations in the claim as true." (*Id.* at 4.) Those allegations included AGLIC's claims that it relied on the "mistaken belief" and/or the "mistaken representations" of TFG and JFG. (Doc. 14, ¶¶ 38, 40, 44.) The Third Party Complaint does not reveal what those alleged mistakes were and was not required to under the notice pleading standard applicable in federal court.

The Magistrate Judge analogized the allegations in the Third Party Complaint to the facts developed in *Hartford Accident & Indemnity Co. v. Chicago Housing Authority*, 12 F.3d 92 (7th Cir. 1993) ("*CHA*"), and alleged in *Illinois Graphics Co. v. Nickum*, 159 Ill.2d 469, 639 N.E.2d 1282 (1994) ("*Illinois Graphics*"), in order to find that the allegations in the Third Party Complaint sufficiently stated a claim for mistake. The Magistrate Judge's reliance on those cases was appropriate based on the allegations recited above. But that was then, and this is now.

The record evidence before the Court demonstrates that the holding in *CHA* requires the entry of judgment in favor of the Third Party Defendants. The ruling in *Illinois Graphics* is of no assistance because the Illinois Supreme Court only addressed the voluntary payment analysis

under a motion to dismiss standard, thus limited its ruling to the sufficiency of the complaint and the absence of affirmative matter barring the claim. 639 N.E.2d at 1291-93.

In *CHA*, the court noted that "there is no bright line test between mistakes of law and mistakes of fact." 12 F.3d at 97. Based on the evidence presented at summary judgment, however, the court found that CHA made inaccurate representations of fact to Hartford when it stated the CHA had "exceeded the limits of the underlying policy." 12 F.3d at 97. This inaccurate statement (CHA had not in fact paid out the threshold one million dollars on a single claim) caused Hartford to conclude that its duty to provide excess insurance was triggered, a mistake of fact. Summary judgment was affirmed in Hartford's favor. Unlike in *CHA*, AGLIC has failed to identify a single inaccurate representation of fact made by JFG or TFG.

The decision in *CHA* provides one other important analytical detail. AGLIC does not dispute that it was provided all of the underlying documents supporting the Third Party Defendants' claims. What AGLIC identifies as the "mistaken belief" and/or the "mistaken representation" is the conclusion of non-lawyer, Lawrence Bianchi, in his June 11, 2003 cover letter regarding the legal efficacy of JFG's assignment to TFG. (Doc. 92, p. 12.) While AGLIC may be entitled to rely on the documents provided by a claimant, it is not entitled to rely on the legal conclusions of a layperson in determining the legal import of an assignment. AGLIC knew this and referred the matter to its counsel for review and approval. Given the admitted accuracy of the documents submitted with the claim, any mistake made was a mistake of law made by AGLIC and cannot be attributed to the Third Party Defendants. It is noteworthy that AGLIC does not respond to the arguments of TFG and JFG demonstrating that the assignments were legally valid. (Doc. 85, pp. 11-15.)

AGLIC cites three inapposite cases in support of its law of the case argument. In *Rekhi v. Wildwood Industries, Inc.*, 61 F.3d 1313 (7th Cir. 1995), the court rejected application of the law of the case because the plaintiff had instituted a new action in federal court; hence the law established in the parallel state court proceeding was not binding because the federal and state litigation was not the "*same lawsuit.*" 61 F.3d at 1317 (emphasis in original). Likewise, in *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027 (7th Cir. 1997), the Seventh Circuit declined to apply the law of the case doctrine because it held that the issue, a set-off from a jury damage award and subsequent remittiturs, had not been previously decided by either the trial or appellate courts. 121 F.3d at 1031-32. Clearly, neither of these decisions support AGLIC's law of the case argument.

The third and final case AGLIC cites defeats its argument. *Curran v. Kwon*, 153 F.3d 481 (7th Cir. 1998). In that case, the plaintiff sued the defendant alleging fraudulent misrepresentation, negligence and false arrest. The defendant moved for summary judgment, arguing that the plaintiff had previously signed a release discharging defendant from any and all liability regarding the alleged tortious conduct. In response, the plaintiff argued that she had signed the release under duress. In April 1985, the district court denied the motion for summary judgment, relying on the plaintiff's claim of duress. 153 F.3d. at 486. Subsequently, additional discovery was undertaken and the defendant again moved for summary judgment, which the district court granted, finding that the plaintiff failed to establish duress. *Id.*

On appeal, the plaintiff argued that the 1985 denial of summary judgment should have been treated as law of the case. *Curran*, 153 F.3d at 486-87. The Seventh Circuit flatly rejected this contention and, citing to Justice Holmes, reiterated that the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit

on their power." *Id.* at 487 (citation omitted). The court held that denial of a summary judgment motion does not bind a trial court for purposes of future dispositive motions. *Id.*

Like the plaintiff in *Curran*, AGLIC has failed to present sufficient evidence to survive summary judgment. AGLIC has failed to identify a single misrepresentation of fact made by TFG or JFG that would foreclose application of the voluntary payment doctrine. Unlike the generally pleaded claims evaluated under a Rule 12(b)(6) standard, at summary judgment, AGLIC has a duty to demonstrate that admissible evidence in the record warrants a trial. It has utterly failed to bear this burden, and summary judgment should be entered in favor of TFG and JFG.

**B.     AGLIC's Potential Liability to Plaintiff Does Not Implicate Liability on Behalf of TFG and JFG**

AGLIC's final argument regarding TFG and JFG appears to be an attempt to invoke a modified version of the *res ipsa loquitur* doctrine. AGLIC suggests that if it is liable to Plaintiff, then the Third Party Defendants made a misrepresentation of material fact. AGLIC overlooks the more reasonable explanation: when presented with all of the assignment documentation, it either erred in determining the legal import of the assignment, or it relied on a layperson's opinion regarding such legal import. Neither error is attributable to JFG or TFG.

Although TFG and JFG believe the assignments were legally valid, that decision is up to the Court. As set forth at length in their Motion for Summary Judgment and incorporated herein by reference, there is no evidence in the record reflecting a misrepresentation of fact made by TFG or JFG. (Doc. 85, pp. 16-19.) AGLIC's failure to identify any evidence of purposeful inducement or knowingly false statement dooms its claims for fraud. *See Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 794 N.E.2d 902 (1st Dist. 2003) (reciting the element of a fraud claim).

## IV. CONCLUSION

For the reasons stated above, Tuscola Furniture Group, LLC and Janko Financial Group, LLC request that the Court deny the Motion for Summary Judgment on the Third-Party Complaint filed by American General Life Insurance Company and grant their Motion for Summary Judgment on the Third-Party Complaint.

Dated: May 4, 2007

TUSCOLA FURNITURE GROUP, LLC
and JANKO FINANCIAL GROUP, LLC


By: /s/ Timothy J. Howard
    Timothy J. Howard, ARDC No.01271202
    Michael S. Seneca, ARDC No. 06273030
    Attorneys for Defendant
    Howard & Howard Attorneys, P.C.
    211 Fulton Street, Suite 600
    Peoria, Illinois 61602
    Telephone:  (309) 672-1483
    Facsimile:   (309) 672-1568 (fax)
    Email:  THoward@howardandhoward.com
    Email:  MSeneca@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system and that service was made electronically to the parties as indicated on that system.

Jason M. Crowder
Heller, Holmes & Associates, P.C.
PO Box 889
Mattoon, Illinois 61938

Richard L. Heavner
Julie Beyers
Heavner, Scott & Byers
111 East Main Street, Suite 200
Decatur, Illinois 62523

Cinthia G. Motley
Rebbecca M. Rothman
Wilson Elser Moskowitz
Edelman & Dicker LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602

By:  /s/  Timothy J. Howard
    Timothy J. Howard, ARDC No.01271202
    Michael S. Seneca, ARDC No. 06273030
    Attorneys for Defendant
    Howard & Howard Attorneys, P.C.
    211 Fulton Street, Suite 600
    Peoria, Illinois 61602
    Telephone:   (309) 672-1483
    Facsimile:   (309) 672-1568 (fax)
    Email:  THoward@howardandhoward.com
    Email:  MSeneca@howardandhoward.com