IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendant. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, <br><br> Third-Party Defendants. | No. 05 CV 02160 <br><br> Honorable Chief Judge Michael P. McCuskey <br><br> Magistrate Judge David G. Bernthal |

## AMERICAN GENERAL'S COMBINED REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS THIRD-PARTY CLAIMS

Defendant/Third-Party Plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General"), by its undersigned attorneys, filed a combined Motion for Summary Judgment on certain of its Third Party Claims against Tuscola Furniture Group ("TFG") and First Mid Illinois Bank & Trust ("the Bank") (TFG and the Bank are referenced collectively herein as "Third Party Creditors" or "the Creditors") at court docket #82. TFG and the Bank filed separate Responses in Opposition to American General's Motion, found at court docket # 88 and # 92, respectively. American General now files a Combined Reply in answer to

398662.1

the Creditors' separately filed responses and in support of its Combined Motion and states as follows:[1]

### INTRODUCTION

It must be noted again at the outset that if American General properly paid the joint claim -- which American General and Third Party Creditors all agree that it did -- then American General's third party claims and the dispositive motions filed on those claims are moot. Third Party Creditors response to American General's Motion for Summary Judgment on its Third Party Claims purposely ignores the fact that American General's claim is a contingent one and it is essentially premised on the same faulty arguments and logic expressed in their respective Motions for Summary Judgment. Accordingly, American General incorporates herein the arguments made in its Combined Response to those Motions, filed at court docket # 93 herein.

While the Creditors have filed separate responses to American General's Motion for Summary Judgment, their arguments are substantially similar and, at times identical. They both claim that American General is judicially bound by its "admission" in the pleadings that the statements made in the claim submissions were true and accurate, both claim that if these statements are not binding, **they** are entitled to summary judgment because American General has failed to show any evidence of fraudulent misrepresentation, and both re-hash the same voluntary payment arguments that this Court has already considered and rejected.

---

[1] American General notes that its Motion for Summary Judgment on its Third Party Complaint against TFG/Janko and the Bank was filed as a combined Motion under docket #82. Third Party Creditors filed separate Responses. Because many of the arguments are similar, if not identical, American General has also combined its Reply memoranda into one brief. In doing so, its argument section is more than 5 pages as provided under Local Rule, but less than the page limitation allowed if American General were to file a separate reply to each response.

The Bank goes a step further and argues that if a misrepresentation was made, it had nothing to do with it and because it could have asserted its own independent claim under the single $1,000,000 assignment, it should be entitled to keep the payment that was made.

All of these arguments must be rejected.

The Creditors' argue that American General has admitted in its proposed findings of fact that the content of the claim submissions were truthful and accurate and this should be considered a binding "judicial admission" to defeat summary judgment. This position – like the majority of their other contentions -- purposely overlooks the undeniable fact that American General's third party claim and motion for summary judgment is clearly <u>plead</u> <u>in</u> <u>the</u> <u>alternative.</u>

Equally baseless is the Creditors' summary suggestion that there is no evidence that they made any "misrepresentations" in the information and documents they submitted to support their claim. While American General has taken the position that it properly paid the joint claim based on the information contained in the claim submissions, **if** American General is found liable to Plaintiff for paying the joint claim, then it must necessarily follow that TFG did not hold the Policy assignments that the Creditors warranted it held in their claim submissions. Thus, despite the Creditors' (and American General's) good faith belief to the contrary, the statements concerning TFG's policy assignments and the collective assignment made under the consignment agreement were inaccurate, wrong and properly characterized as "misrepresentations."

The Creditors' claims that American General's motion should be denied because it has produced no evidence of fraudulent misrepresentation is a mystery. American General has not moved for summary judgment on its fraud based claims. Its motion is based on its claims that sound in unjust enrichment, which do not require American General to show any of the elements

that Third Party Defendants claim are missing. Thus, this is clearly a straw man argument that is made to avoid addressing the unjust enrichment theory that is pleaded.

The Creditors' argument that the voluntary payment doctrine applies to bar American General's recovery of any mistaken payment has already been addressed and rejected by this Court. This Court has found that if a mistake was made, it was a mistake of fact, not law. Third Party Creditors' only new contention this time around is that American General should bear the burden of any mistake because its in-house counsel independently reviewed and analyzed facts alleged in the claim submissions and approved the payment with full knowledge of the circumstances. The Creditors provide no legal or factual support for this argument because there is none.

To the contrary, the only evidence that exists demonstrates that American General had no duty or obligation to independently verify the statements the Creditors made in the verified claim submissions and that it properly relied upon the truth of the statements that were made in those submissions when it paid the joint claim -- particularly the statements that the Creditors held the assignments that they claimed they held. Accordingly, if the Court is willing to entertain these arguments a second time, there is no new evidence and it should affirm its prior ruling.

Finally, the Bank's independent argument that even if a misrepresentation was made, it was made by TFG/Janko, not First Mid, and its claim that it should be absolved of liability to American General because it held an individual assignment in excess of what it was paid should also be rejected. The Bank submitted a joint claim, not an individual claim. Accordingly, it cannot now distance itself from the verified submissions that were admittedly made to induce American General to pay its "joint claim."

For all of the reasons herein, all of the reasons set forth in American General's opening memorandum in support of its motion, filed at court docket # 82, and all the reasons set forth in American General's Combined Response in Opposition to Third Party Creditors' Motions for Summary Judgment found at court docket #93, if American General improperly paid the Creditors' claim, there can be no question that (1) the Creditors misrepresented the status of the assignments that they held in their verified claim submissions, (2) American General relied on those statements, and (3) if the Creditors are allowed to retain the payment that was made, they will be unjustly enriched at the expense of American General. Accordingly, American General is entitled to summary judgment on its claim of unjust enrichment and this court should award imposition of a constructive trust and/or restitution.

## REPLY TO ADDITIONAL MATERIAL FACTS FILED BY TFG/JANKO

TFG/Janko conceded all material facts proposed by American General and did not cite any additional material facts in its Response.

## REPLY TO ADDITIONAL MATERIAL UNDISPUTED FACTS FILED BY THE BANK

**A.     Undisputed Material Facts**

N/A

**B.     Disputed Material Facts[2]**

1.     Out of the funds paid by American General to Third Party Defendants, First Mid received $81,660.37 of the funds, which is the amount it was owed at the time the funds were received, and which was less than its assignment. (Ex. 16 to First Mid's motion for Summary Judgment on Third Party Complaint, Chamberlain, dep. pg. 64 lines 11-24, pg 65, lines 1-4.

Exhibit 6 to First Mid's Motion for Summary Judgment on Third Party Complaint, Bianchi deposition, pg. 117, Lines 4-6. *Also see*, Exhibits 28 and 29 to First Mid's Motion for Summary Judgment.)

**RESPONSE**: American General denies that Plaintiff owed any funds to First Mid and denies that $81,660.37 was the amount that First Mid was owed at the time the funds were received because First Mid included in that amount the attorneys' fees it incurred in submitting its joint claim. American General's Appendix of Exhibits (A.G. App. at Ex. E at 74-75.)

3. The Third Party Defendants believed that American General would review their various claim submissions, ask question if they needed to, and then make their own determination as to whether or not the claim should be paid. (Exhibit A attached to First Mid's Response)

RESPONSE: American General had no independent obligation under the Policy to verify the validity of the assignments that Third Party Creditors claimed they had. (A.G. App. at B(1) at p. 7.) Third Party Creditors knew that American General would be relying on the information and the statements that were contained in the claim submissions. (A.G. App. at Ex. E, Chamberlain dep., at p. 67.)

C. **Immaterial Facts**

1. Out of the funds paid by American General to Third Party Defendants, First Mid received $81,660.37 of the funds, which is the amount it was owned at the time the funds were received, and which was less than its assignment. (Ex. 16 to First Mid's motion for Summary Judgment on Third Party Complaint, Chamberlain, dep. pg. 64 lines 11-24, pg 65, lines 1-4.

---

( . . . continued)
[2] American General contends that these facts are immaterial to the arguments raised in its motion for summary judgment. However, to the extent that the court finds that these statements are material, American General
(continued . . . )

Exhibit 6 to First Mid's Motion for Summary Judgment on Third Party Complaint, Bianchi deposition, pg. 117, Lines 4-6.  Also See, Exhibits 28 and 29 to First Mid's Motion for Summary Judgment.)

RESPONSE:  How the Third Party Creditors divided up the payment that was made by American General is irrelevant to the legal arguments raised by American General in its Third-Party Complaint and are immaterial to the validity of the assignments received and the statements made by the Creditors under the Policy at issue.  *Altman v. Benigno*, No. 04-3074, 2005 U.S. Dist. LEXIS 35540 at *3-4 (C.D. Ill., December 8, 2005).

2. TFG received the remaining funds.  (See Exhibit 6 to First Mid's Motion for Summary Judgment, Bianchi dep., pg. 117, lines 1-5).

RESPONSE:  How the Third Party Creditors divided up the payment made by American General is irrelevant to the legal arguments raised by American General in its Third-Party Complaint and are immaterial to the validity of the assignments received and the statements made by the Creditors under the Policy at issue.  *Altman v. Benigno*, No. 04-3074, 2005 U.S. Dist. LEXIS 35540 at *3-4 (C.D. Ill., December 8, 2005).

3. The Third Party Defendants believed that American General would review their various claim submissions, ask question if they needed to, and then make their own determination as to whether or not the claim should be paid.  (Exhibit A attached to First Mid's Response)

RESPONSE: Third Party Defendants' beliefs as to how American General would process their joint claim is irrelevant to the legal arguments raised by American General in its Third-Party Complaint and are immaterial to the validity of the assignments received and the

---

( . . . continued)
disputes them for the reasons stated.

398662.1

statements made by the Creditors under the Policy at issue. *Altman v. Benigno*, No. 04-3074, 2005 U.S. Dist. LEXIS 35540 at *3-4 (C.D. Ill., December 8, 2005). American General had no independent obligation under the Policy to verify the validity of the assignments that Third Party Creditors claimed they had. (A.G. App. at B(1) at p. 7.) Moreover, Third Party Creditors knew that American General would be relying on the information and the statements that were contained in the claim submissions. (A.G. App. at Ex. E, Chamberlain dep., at p. 67.)

## ARGUMENT

I.   **THE CREDITORS' "JUDICIAL ADMISSION" ARGUMENT IS LEGALLY MERITLESS**

The Creditors' argue that American General has conceded that the content of their claims submissions was truthful and accurate by incorporating its the proposed findings of fact from its Motion for Summary Judgment on Plaintiffs' claim, and, thus, they can never be found to have made any "misrepresentations" to American General. (*See,* Bank's Response (#92) at p. 12-14, TFG/Janko Response (#88) at p. 3-4)

Of course, the case law that they cite for this proposition has nothing at all to do with a third party complaint that is specifically pleaded *in the alternative* -- like the one at bar. That is because Federal and Illinois courts have noted that the general proposition of law that "a party is bound by what it states in its pleadings" is untenable in the context of a contingent third party claim and to hold otherwise would impair and undermine a party's right and ability to plead in the alternative under applicable rules of procedure. *See,* Federal Rule of Civil Procedure 8(e)(2); *Enquip, Inc. v Smith-McDonald Corp.*, 655 F.2d 115 (7th Cir. 1981); *Douglas Equipment v. Mack Trucks*, 471 F.2d 222 (7th Cir 1972)(finding that when party pleads in the alternative, courts properly decline to treat pleadings as judicial admissions); *Continental Insurance Co. v. Sherman*, 439 F.2d 1294 (5th Cir. 1971)(holding that to allow third party cross-claim to be used

- 8 -

398662.1

as admission in the same suit was prejudicial error); *United States of America v. Pitt-Des Moines, Inc.,* 1997 U.S Dist. LEXIS 10847(N.D. Ill. 1997)(finding that facts alleged in counterclaim were not admissions because it was an alternative pleading); *Slate Printing Company v. Metro Envelope Company,* 532 F.Supp 431 (N.D. Ill 1982)(rejecting "judicial admissions" argument in context of third party claim as matter of law); *See also, McCormick v. Kopmann,* 23 Ill.App.2d 189, 203, 161 N.E.2d 720, 729 (1959).

This Court should follow the applicable law cited above and reject the Creditors' claim the proposed findings of fact incorporated from American General's motion for summary judgment on Plaintiff's claim defeat its Motion for Summary Judgment on its contingent third party claim. To find that American General has somehow "pleaded itself out of court" simply by failing to carve out of its incorporated facts testimony from Third Party Creditors that their submissions were truthful and accurate does not further the rule of law that the Creditors rely upon.

There is no magic in a party having to label its claim or allegations as "alternative" or "hypothetical." *Slate,* 532 F.Supp at 436. Despite the fact that this particular statement is part of the overall proposed findings of fact incorporated in its motion, it could not be more clear in the pleadings before this Court that American General's third party claim is brought in the alternative and only becomes "at issue" if this Court first finds that American General is liable on Plaintiff's claim that it overpaid TFG. This is the position that American General has consistently taken throughout this case.

While American General has taken the position that it properly paid the joint claim based on the information contained in the claim submissions, if this Court finds that American General wrongfully paid the joint claim, there can be no question that the statements made in the claim

398662.1

submissions -- particularly those statements concerning the fact that TFG was the holder assignments from Janko and "the assignments [the Creditors] received to secure an obligation under a certain consignment agreement dated November 17, 2000" -- were not "truthful and accurate." If they were, American General would not be liable to Plaintiff in the first instance.

II. **AMERICAN GENERAL'S "FAILURE" TO ESTABLISH FRAUDULENT MISREPRESENTATION IS IRRELEVANT TO ITS MOTION FOR SUMMARY JUDGMENT**

Oddly, both Creditors argued in their responses that "**they**" are entitled to summary judgment because American General has failed "to allege and establish a fraudulent misrepresentation." (# 88 at 3-4, #92 at 13-14) This is a strange and irrelevant argument because (1) this is American General's motion for summary judgment, not "theirs" and (2) American General has not moved for summary judgment on the fraud based claims alleged in its Third Party Complaint -- its summary judgment motion is based solely on its claims for unjust enrichment.[3]

American General's argument on summary judgment is simple: if this Court finds that American General improperly paid the joint claim that was submitted by the Creditors, it did so in reliance on the truth of the statements that were made by the Creditors in their claim submissions and, thus, it would be unjust to allow them to retain the benefit of that payment while at the same time making American General reimburse Plaintiff for the "overpayment."

Contrary to Third Party Defendants' arguments, American General does not have to produce evidence of the Creditors' intent to deceive, or knowledge of the falsity of the

---

[3] Along this same line, both Creditors claim in their opening arguments that American General has "abandoned" all of the other claims that it has pleaded. This is not the case. Contrary to the Creditor's belief, the fact that American General has not seen fit to move for summary judgment on each of its claims (including its fraud based claims), does not mean that it has "abandoned" these claims, it simply means that American General has strategically decided not to move for summary judgment on those claims.

398662.1

statements they made, or even that the statements were material in order to succeed on its claim for unjust enrichment. *See*, *M. J. McCarthy Motor Sales Co. v. Van C. Argiris & Co.*, 78 Ill. App. 3d 725, 730, 396 N.E.2d 1253 (1st Dist. 1979); *Cohon v. Oscar L. Paris Co.,* 17 Ill. App. 2d 21, 149 N.E.2d 472 (1st Dist. 1958)(An action for unjust enrichment is maintainable in all cases where one person has received money under such circumstances that in equity and good conscience, he ought not retain it).

Indeed, American General's claim for unjust enrichment does not require it to show any fault at all on the part of the Creditors. *Partipilo v. Hellman*, 166 Ill.App.3d 806, 510 N.E.2d 8 (1st Dist. 1987). Instead, it is sufficient for American General to show that the Creditors were enriched by the payment that was made and it would be unjust for them to retain that enrichment, in light of American General's liability to Plaintiff for paying their claim. *Id*. Accordingly, the Creditors' contentions concerning the failure to make a showing of fraudulent misrepresentation are "straw man" arguments that should be rejected by this Court.

It can not go unnoticed that other than simply reasserting the previously rejected argument that the voluntary payment doctrine bars American General's claim, TFG essentially ignores the arguments in American General's Opening Motion for Summary Judgment that compel judgment under the theory of unjust enrichment.[4]

The Bank, on the other hand, summarily addresses the case law that allows American General to recover from the Creditors under the theory of unjust enrichment, but argues that the Bank was not unjustly enriched because it was paid what it was owed, which was less than its own undisputed assignment and also argues that if a misrepresentation was made, it was made by

---

[4] For the reasons set out below, this Court should affirm its finding that the voluntary payment doctrine does not apply to this case.

398662.1

TFG/Janko. These arguments are meritless. As noted more fully in Section IV below, the Bank submitted a joint claim, not an independent claim, and American General paid the Bank's "joint claim" based on the representations that were made in the claim submissions provided. Accordingly, the Bank was enriched by the payment and its retention is unjust. Furthermore, as noted above, whether the Bank actually made a misrepresentations or whether it is an innocent party that was duped into filing a joint claim is irrelevant. *See*, *M. J. McCarthy Motor Sales,* 78 Ill. App. 3d at 730, 396 N.E.2d at 1253; *Salvati v. Streator Township High School Dist. Number 40*, 51 Ill. App. 2d 1, 200 N.E.2d 122 (3rd Dist. 1964)(holding that where money is paid under mistake of fact and payment would not have been made but for the mistake, it can be recovered, even though the person to whom it was paid acted fairly and in good faith).

### III     THE CREDITORS' VOLUNTARY PAYMENT ARGUMENT IS BARRED BY THE LAW OF THE CASE DOCTRINE AND IS OTHERWISE INAPPLICABLE

Consistent with the theory of unjust enrichment, Illinois law recognizes that an insurer is entitled to recover amounts paid in error where the erroneous payment occurs under a mistake of fact, and the payment would not have been made had the facts been known. *Hartford Accident & Indemn. Co. v. Chicago Housing Auth.*, 12 F.3d 92, 96 (7th Cir. 1993); *Insurance Brokers Serv., Inc. v. Marsh & McLennan*, 665 F. Supp. 649, 650 (N.D. Ill. 1987).

Both Creditors attempt to avoid summary judgment in American General's favor by claiming that if a mistake was make, it was a mistake of law and so the voluntary payment doctrine bars American General's claims because it drew its own conclusions concerning the validity of the assignments from the claim submissions provided. (#92 at p. 10-12, #88 at p. 5-6) The Creditors raised these same exact arguments in their own Motions to Dismiss (#31 and #32) and this Court has already considered, ruled on, and rejected all of the arguments now raised again on this issue. (42)

Specifically, Judge Bernthal has found that American General did not make a mistake of law and if an error occurred, it was as a result of American General's reliance on Third Party Defendants' factual representations:

> The circumstances in this case are similar to CHA and Illinois Graphics because here AGL paid Third Party Defendants' claim based on information Third Party Defendants provided. It did not make a mistake of law as Third Party Defendants contend because it did not make the mistake due to an inadvertent error of an error that was inconsistent with its own policy. The error occurred as a result of AGL's reliance on Third Party Defendants' representations.
>
> Third Party Defendants further note that AGL paid based on its own volition. They contend that AGL only brought suit after Margaret Stilwell raised her claim. Although this is true, it only strengthens the argument that AGL made a mistake of fact. AGL believed that the claim was proper based on the factual information provided, so it had no reason to believe it wrongly paid the claim until the error was brought to its attention. This is unlike an inadvertent mistake of law where AGL would have found out it paid a joint claim inconsistent with its own policies and practices.

#42 at p 11.

The Creditors also raise the same voluntary payment arguments in their own Motions for Summary Judgment (#84 and #85). For all of the reasons set forth at pages 6-8 of American General's Combined Response to Third Party Defendants' Motion for Summary Judgment filed at docket # 93, which is incorporated herein by reference, the Creditors' arguments that American General should have to bear the brunt of any mistake in payment because it voluntarily made the payment with full knowledge of all the facts is barred by the law of the case doctrine.

Even if this Court finds reason to revisit its prior decision, Third Party Creditors still offer no legal or factual basis for this Court to change its mind. Because the arguments the Creditors offer in Response to American General's Motion are identical to the arguments they raised in support of their own Motions for Summary Judgment (#84 and #85), and American General has

398662.1

already responded to those arguments in its Response to those motions (found at court docket #93), American General specifically incorporates by reference the arguments, case law, and evidence cited at pages 8 though 12 of its Response found at docket # 93. For all of the reasons contained therein, this Court should affirm its prior ruling and again reject the Creditors' arguments on this issue.

## VI.    THE BANK'S INDEPENDENT ARGUMENTS ARE MISPLACED

The Bank makes several "independent" or additional arguments that are not adopted by TFG/Janko.

First, the Bank contends in its opening argument that American General's motion should be denied because constructive trust is a remedy, not a stand alone claim. Contrary to the Bank's suggestion, nowhere in American General's motion does it state or suggest that American General is entitled to summary judgment on a stand alone claim for "constructive trust." In fact, the opening paragraph of American General's Argument Section states:

> "*If Plaintiff is successful in her claim against American General, American General is entitled to restitution from Plaintiff's creditors in the amount of the claim that was paid **under the theory of unjust enrichment** and a constructive trust should be imposed over the Policy funds that were paid to satisfy the joint claim.*"

(#82 at p.3)

The Bank then suggests that American General's interpretation of the law on constructive trusts is too narrow and according to its take on the law, (1) "some form of wrongdoing is generally required before a constructive trust is imposed, and a constructive trust *may* be imposed in cases of mistake," (2) "the purpose of imposing a constructive trust is to preclude unjust enrichment," and (3) "the imposition of a constructive trust based on mistake will be

imposed only if the mistake 'caused the conferring of the benefit.'" *See*, First-Mid's Response # 92 at p. 6-7.

How this does anything but support American General's position is unclear. What is clear, however, is that American General's request for imposition of a constructive trust is proper in form and substance and the Bank's arguments to the contrary are misplaced.

Next, the Bank contends that it would be improper to impose a constructive trust against it because "the record is clear that it does not have possession of those funds." This argument should be rejected because the record shows no such thing. To the contrary, the record demonstrates that the Bank took for itself a portion of the funds paid by American General, and then deposited the remainder in TFG's account held by the Bank. A.G. App. at Ex. E at 64-66

The Bank also spends a substantial portion of its response attempting to distance itself from its filing of a joint claim with TFG/Janko. The Bank even goes so far as to actually dispute American General's characterization that the parties submitted a "joint claim" in paragraph 25 of its proposed findings of fact, based on the contention that "the parties submitted separate claim forms." While this may be technically true, the May 12, 2003 cover letter that the Bank executed and submitted with its "separate claim form" is identical to TFG/Janko's claim letter, and specifically states:

> ... Tuscola Furniture Group, LLC ("TFG") and First Mid-Illinois Bank and Trust ("Bank"), are ***jointly making application on the collateral assignments they received*** to secure an obligation under a certain consignment agreement dated November 17, 2000
> ***
> Specifically, these are the assignments to Janko Financial Group, LLC, TFG and the Bank dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000.

A.G. App. at Ex. C at 50, Ex. B(13); Ex. F at No. 56 and Ex. F(2)(18).

- 15 -
398662.1

Despite the Bank's suggestion that it had nothing to do with the furtherance of the "joint" claim submissions, Mr. Chamberlain, the Bank's representative at the time, executed TFG/Janko's identical cover correspondence because he understood that the Bank would be filing a "joint claim for proceeds" with TFG/Janko. *Id.* at Ex. E at 50. Mr. Chamberlain also personally hand delivered the packet of identical May 12, 2003 claim submissions on behalf of the Bank and TFG/Janko to the Stilwells' insurance agent, John Lyons. *Id.* at Ex. E at p. 54-55. Clearly, the Bank cannot credibly distance itself from the submission of the joint claim.

Nor can the Bank credibly point the finger at TFG/Janko by claiming that any "mistake that was made was not a mistake made based on any information provided by First Mid to American General." While it did not specifically author the claim submissions that were provided to American General after the original May 12th claim packet, as a party to the joint claim, these submissions were certainly made on its behalf. The Bank received copies of all of the subsequent submissions authored by TFG/Janko and knew that TFG was responding because American General had questions concerning the joint claim that was submitted (*Id*. at 56-57).

In any event, review of the May 12th letter authored by the Bank and cited above readily belies its claim that "if a misrepresentation was made, it was not made by the Bank." The Bank (together with TFG/Janko) specifically represented in this letter that they were "***jointly making application on the collateral assignments they received***" and they identified the assignments as "the assignments to Janko Financial Group, LLC, TFG **and the Bank** dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000." A.G. App. at Ex. C at 50, Ex. B(13); Ex. F at No. 56 and Ex. F(2)(18). By its own admission, the Bank held only a single assignment for $1,000,000.

- 16 -

Finally, the Banks argument that it is entitled to the funds it received because it <u>could have</u> submitted an individual claim based on its own $1,000,000 Policy assignment and it <u>would have been</u> entitled to exactly the same amount of policy funds (Response at 7) is nothing but wishful thinking in hindsight. The bottom line is that the Bank did not submit an individual claim under its single assignment for $1,000,000. Instead, it submitted a joint claim under "the assignments to Janko Financial Group, LLC, TFG **and the Bank** dated April 19, 1999 for $500,000, September 25, 2000 for $1,500,000, and January 11, 2001 for $1,000,000." A.G. App. at Ex. C at 50, Ex. B(13); Ex. F at No. 56 and Ex. F(2)(18).

If American General improperly paid the joint claim, these representations concerning the validity of the assignments the Bank purported to hold were "mistaken." The Bank knew that American General would be relying on the information and statements submitted to support the Bank's joint claim (A.G. App. at Ex. E, Chamberlain Dep. at 67), and "its intent in writing the letter and submitting the claim form was to get American General to pay the claim." (*Id.* at 68.)

For these reasons and for the additional reasons set forth in American General's Response to the Bank's Motion for Summary Judgment (#93), this Court should summarily reject the Bank's argument that it should be allowed to keep the funds that were mistakenly paid because it was in innocent party.

## CONCLUSION

As noted above, American General does not dispute that the third-party Creditors were properly paid because Janko assigned all of the rights it held to TFG including the collateral assignments of the policy on the life of James Stillwell. However, if judgment could be entered against American General in favor of Plaintiff, American General is entitled to relief against the

Creditors who convinced it to pay their joint claim based on the assertions that they made in their claim submissions.

For the reasons set forth below as well as the reasons set out in American General's Response to the Creditors' motions to dismiss filed at docket #38, American General's Combined Motion and Memorandum for Summary Judgment on its Plaintiff's Claim filed at #81, and American General's Combined Motion and Memorandum for Summary Judgment on its Third-Party Claims filed at #82, all of which American General incorporates as if fully set forth herein, if this Court denies American General's Motion for Summary Judgment on Plaintiff's claim, American General is entitled to summary judgment against the Creditors on its third party claims of restitution and constructive trust based on the theory of unjust enrichment.

Respectfully submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**

By: ____/s/ Rebecca M. Rothmann____
Rebecca M. Rothmann
Daniel J. McMahon
Rebecca M. Rothmann
Cinthia G. Motley
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
(312) 704-0550

398662.1

# CERTIFICATE OF SERVICE

      I hereby certify that on **May 4, 2007**, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*By CM/ECF Electronic Notification*
Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
Julie Beyers
HEAVNER SCOTT BEYERS & MIHLAR
111 E Main St , Suite 200
Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
Michael Seneca
HOWARD & HOWARD ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

  /s/ Rebecca M. Rothmann
    Rebecca M. Rothmann

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Tel. (312) 704-0550
Fax (312) 704-1522
Rebecca.Rothmann@wilsonelser.com

398662.1