IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. 05-CV-02160 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | The Honorable Michael P. McCuskey |
| Defendant/Third Party Plaintiff, | ) ) | Magistrate Judge David G. Bernthal |
| -vs- | ) ) | |
| FIRST MID-ILLINOIS BANK & TRUST; TUSCOLA FURNITURE GROUP, L.L.C.; and JANKO FINANCIAL GROUP, L.L.C., | ) ) ) ) | |
| Third Party Defendants. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Now come Plaintiffs MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL, by Jason M. Crowder and David Stevens of Heller, Holmes & Associates, P.C., their attorneys, and for their Reply to Defendant's Response to Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) state as follows:

**I. REPLY TO ADDITIONAL MATERIAL FACTS**

Defendant, in its Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 91), raises no additional material facts, but instead incorporates by reference its listing of alleged undisputed material facts set forth in its Motion for Summary Judgment (Doc. 83). Plaintiffs have

1

responded fully to these facts in their Response to Defendant's Motion for Summary Judgment (Doc. 90), and will not repeat those responses here.

## II. ARGUMENT

In its Response in Opposition to Plaintiffs' Motion for Summary Judgment (Doc. 91), Defendant once again attempts to distract this Court from the primary issue between the parties by using derogatory language characterizing Plaintiffs' position as "intentional ignorance" and "misapprehension". In so doing it ignores the fact that it did not pay on a claim on the alleged valid assignment of $2.25 million to Tuscola Furniture Group; instead it paid on an obviously invalid joint claim. The joint claim was invalid because there had been no joint assignment, and Defendant knew it. Everything else is just smoke and mirrors.

Further, Defendant's attempt to run away from its own assessment of what it characterizes as the "Disputed Assignment Form" as a release by Janko is transparent. It must argue that it was wrong when it properly evaluated Janko's attempt to assign its assignment to TFG as invalid or it has no case. Even after the fact of payment on the joint claim, however, counsel for Defendant assured counsel for Plaintiffs that TFG had been assigned only $250,000, and that the assignments to Janko had been released. Its position now is diametrically opposed to its position then.

Defendant also fails to demonstrate how a contract between the Stilwells and Janko impacts in any way the contract between Plaintiffs and Defendant. It is undisputed that the Stilwells agreed to protect Janko and TFG with life insurance coverage, but it is also undisputed that when they failed to do so Janko and TFG went ahead and closed the consignment transaction anyway. Defendant decided for whatever reason to breach its contract of insurance and pay more than the valid assignments on the policy. It should not have done so.

Incidentally, if there was any doubt about the issue, Defendant admits repeatedly in its Combined Response to Third-Party Defendants' Motions for Summary Judgment on Third Party Complaint (Doc. 93) that it paid on a joint claim. (Doc. 93 at 2, 3, 5, 8, 9, 11, 12, 14, 15) It had previously admitted that it paid on a joint claim in its Combined Motion and Memorandum for Summary Judgment on Its Third Party Claims. (Doc. 82 at 5, 6, 7) It could hardly deny the fact, having made its check out to First Mid-Illinois Bank & Trust and TFG jointly. (See Motion for Summary Judgment, Doc. 80, Ex. 20) In the original Motion for Summary Judgment, Plaintiffs had asserted that it was an undisputed material fact that a joint claim was made (no. 6), and that a joint assignment had not been made (no. 7). (Doc. 80 at 3) These facts had been admitted by Defendant in its Answer, and were not disputed in Defendant's Response (Doc. 91 at 4) Of course, Defendant also admitted that it paid on a joint claim in its Response. (Doc. 91 at 11, 12)

Defendant states in a footnote on page 4 of its Response (Doc. 82 at 4) that while it agrees that No. 7 of Plaintiffs' listing of Undisputed Material Facts is in fact both material and undisputed, it does so because it assumes Plaintiffs meant that the owner of the policy never made a joint assignment, rather than, as stated, "Decedent" never made a joint assignment. Defendant is, of course, correct, and Plaintiffs are obliged to Defendant for pointing out the misnomer. Counsel for Plaintiffs apologizes to the Court and counsel for the error.

Nowhere, however, does Defendant address the issue of the other Plaintiffs in the case (Haley Stilwell, Heidi Stilwell, Jamie Stilwell, and Megan Stilwell), each of whom is entitled to 10% of the proceeds of the policy after all valid assignments are paid. Even if Defendant is correct in its assertion that it did Plaintiff Margaret Stilwell a favor and paid a debt that she legitimately owed, Defendant was still obligated to pay the remaining beneficiaries the amounts they were due. Its

failure to do so was a breach of contract, and at the very least the four Stilwell children are entitled to summary judgment.

For the reasons outlined above and in their Motion for Summary Judgment, Plaintiffs MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, and MEGAN STILWELL pray this Court to deny Defendant's Motion for Summary Judgment, and to enter Summary Judgment in their favor and against Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY, in an amount to be determined; for costs; and for such other and further relief to which they may be entitled and which this Court deems just and fair.

        MARGARET J. STILWELL, HALEY STILWELL,
        HEIDI STILWELL, JAMIE STILWELL, and
        MEGAN STILWELL, Plaintiffs


By:     s/Jason M, Crowder
       Of Heller, Holmes & Associates, P.C.
       Their Attorneys

JASON M. CROWDER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889
Telephone: (217) 235-2700
Fax: (217) 235-0743
E-Mail: CrowderJason@Hotmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy J. Howard; Cinthia G. Motley; Julie Beyers; Michael S. Seneca; Daniel J. McMahon; and Rebecca M. Rothmann.

                                                                 s/Jason M. Crowder
                                                        Heller, Holmes & Associates, P.C.
                                                        1101 Broadway, P.O. Box 889
                                                        Mattoon, IL 61938-0889
                                                        Telephone: (217) 235-2700
                                                        Fax: (217) 235-0743
                                                        E-Mail: CrowderJason@Hotmail.com
                                                        Attorneys for Plaintiffs