IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant.<br>──────────────────────────────<br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　Third-Party Plaintiff,<br><br>　v.<br><br>FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC,<br><br>　　　　　Third-Party Defendants. | No. 05 CV 02160<br><br>Honorable Chief Judge<br>Michael P. McCaskey<br><br>Magistrate Judge<br>David G. Bertha |

### AMERICAN GENERAL'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT

### INTRODUCTION

Plaintiff strategically avoids all of the undisputed evidence and just about every legal argument that American General has raised in its opening motion. Instead, she offers the simplistic claim that the payment of the joint claim was improper because there was no joint assignment, without providing any further analysis, and the claim that American General is somehow bound to its pre-claim analysis of the Disputed Assignment Form. Both of these arguments are meritless and both were addressed by American General in responding to Plaintiff's Motion for Summary Judgment

398968.1

(#80). Accordingly, American General incorporates by reference herein its Response to Plaintiff's Motion for Summary Judgment found at docket # 91.

As in her own motion for judgment, Plaintiff's response selectively cherry picks the evidence from the record and fixates on the snap shot in time when American General characterized the Disputed Assignment Form as a "release" in its records. She then purposely ignores the clear intent of the parties expressed in the relevant agreements (including the one on which her claim is based), and argues that this Court should find that American General is bound by its initial pre-claim recording of Janko's policy rights as having been "released."

There is no factual, legal, or logical support for this claim. Furthermore, contrary to Plaintiff's purported belief, the intent of the parties is critical, not irrelevant to this Court's determination. Without question, the undisputed evidence demonstrates that American General properly paid the joint claim to give effect to the express intent of the parties.

Finally, Plaintiff offers nothing to rebut American General's argument that her claim is otherwise barred by the policy and under the affirmative theories of unjust enrichment, waiver, estoppel and laches due to her own uncontested knowledge of the claim submissions and conduct during the claims process.

Plaintiff does not and can not deny the fact that she had knowledge of the joint claim submissions and positions taken by her creditors concerning their rights to the policy proceeds, but failed to object, or even submit a claim under the Policy, and waited until her creditors were paid off by American General, waited until her creditors had dismissed a separate legal action to recover funds against her as a result of American General's payment, and waited until she had received a discharge of all of her personal debts in bankruptcy before she disputed the payment of the claim by

filing the present lawsuit. Accordingly, even if American General improperly paid the joint claim, it is entitled to summary judgment based on the undisputed record.

For all of these reasons and all of the reasons set forth in its opening brief (#81) and the reasons set out in American General's Response to Plaintiff's Motion for Summary Judgment found at docket # 91, this Court should enter judgment in favor of American General and against Plaintiff as a matter of law.

## RESPONSE TO ADDITIONAL MATERIAL UNDISPUTED FACTS

Plaintiff incorporates the proposed findings of fact set forth in her own Motion for Summary Judgment. Accordingly, American General incorporates by reference its Response to Plaintiff's Material Undisputed Facts found in its Response to Plaintiff's Motion for Summary Judgment at court docket # 91.

398968.1

**ARGUMENT**

I. **THE UNDISPUTED RECORD THAT PLAINTIFF INGORES DEMANDS JUDGMENT IN FAVOR OF AMERICAN GENERAL**

To avoid having to engage in any sort of contract analysis, Plaintiff maintains the simplistic position that the payment of the joint claim was improper simply because there was never a joint assignment. This position ignores the applicable law as well as the undisputed evidence in the record, which demonstrates that (1) Janko intended to transfer its policy rights to TFG, (2) Plaintiff intended to provide TFG and its lender with joint protection under the Policy, and (3) the Disputed Assignment Form that Plaintiff contends is a "release" has no such legal effect because Janko's Policy rights were assigned to TFG prior to its execution of this document.

Contrary to Plaintiff's belief, the intent of the parties as derived from the surrounding circumstances and appurtenant documents is far from "irrelevant" – it's critical to this court's analysis. Response at 7. *Rivan Die Mold Corp. v. Stewart Warner Corp.,* 26 Ill. App. 3d 637, 642, 325 N.E.2d 357 (1st Dist. 1975)(like every other contract, the creation and existence of an assignment is determined according to the intent of the parties, and that intent is derived not only from the instruments executed, but also from the surrounding circumstances).

Plaintiff does not and cannot possibly contradict Janko's express intent to transfer its policy rights to TFG in connection with the Consignment Agreement. Accordingly, she tries to ignore it. There can be no question in light of the undisputed intent of the parties (including Plaintiff) expressed in the assignments and related Consignment Agreements that American General properly paid the joint claim. Plaintiff simply has no credible argument to the contrary.

The Disputed Assignment Form that serves as the sole basis for Plaintiff's claim purposely includes the handwritten language *"released in favor of [TFG]"* -- thus, demonstrating that Janko's intent was to transfer its rights to TFG, not release those rights. (Ex. B 20) The undisputed

Consignment Agreements from which the Policy assignments were generated contain multiple contractual provisions which explicitly required the Stilwells to provide joint protection to both TFG/Janko **and** its lender -- thus, demonstrating that *Plaintiff's* own intent was consistent with the filing of the joint claim by TFG and the Bank and the payment of that claim by American General. (Ex. B(5) at 662) The Assignment and Assumption Agreement executed by Janko specifically "transfer[ed] and assign[ed]" to TFG "all contracts and other documents including insurance policies, relating to and incurred in connection with the acquisition and consignment of Amish Furniture..." five days before Janko executed the Disputed Assignment Form -- thus, demonstrating that the document Plaintiff relies upon is moot and of no legal effect. (Ex. B(5) at 707)

Standing alone, each of these documents compel the conclusion that Janko transferred its Policy assignments to TFG, that the parties intended to provide joint protection to TFG and it lender under the Policy assignments that flowed from the Consignment Agreements, and that American General properly paid the joint claim. The record as a whole can support no other conclusion -- which is probably why Plaintiff strategically ignores it.

II.   **THE CLAIM THAT THE INTENT OF THE PARTIES TO THE LIFE INSURANCE POLICY CONTROLS DOES NOT SAVE PLAINTIFF'S CLAIM**

Recognizing that the Court is apt to reject her contention that the intent of the parties is "irrelevant," Plaintiff claims that it is the intent of the parties to the life insurance contract, not the assignment documents that is controlling. (Response at 6) Plaintiff offers no further analysis to support this summary claim and noticeably fails to point out the Policy provisions that she contends are controlling to this Court's analysis of whether American General properly paid the joint claim.

Similarly, Plaintiff makes the blanket assertion throughout her "response" that Janko's assignment to TFG was "unauthorized by the contract" (*Id.* at p. 4) and that American General "breached the clear and unambiguous language of the contract" by paying the joint claim (*Id.* at p.

5

6). In making these argument, Plaintiff carefully avoids the fact that the Policy itself states that American General *"will not be responsible for the validity of an assignment."* She also offers no further analysis or any insight at all as to what Policy language she claims is controlling or how it applies to the undisputed facts in the record so as to save her claim. Clearly, these summary contentions do nothing but highlight the fact that Plaintiff has no credible argument to avoid the express intent of the parties and, thus, can offer nothing to defeat summary judgment.

However, even assuming that it is the intent of the parties to the insurance contract that controls, American General is still entitled to summary judgment because it is clear that ***Plaintiff's own*** intent was to provide TFG and the Bank with joint protection under the Policy. *See*, Ex. B(2) at § 3.9, Bates stamp 311. Plaintiff noticeably avoids any mention at all of her own intent and, instead offers the creative, but untenable, position that this Court should look to American General's intent in its pre-claim recording of the Disputed Assignment Form as a policy "release." For the reasons set out below, this argument is unfounded and meritless.

### III.   AMERICAN GENERAL IS NOT BOUND BY ITS PRE-CLAIM ANALYSIS

Plaintiff does not address the problematic fact that the document on which her claim is founded (the Disputed Assignment Form) contains specific language which undermines her claim. Nor does she address the fact that she signed off on a document that contains clear and unambiguous language which defeats her claim. *See*, Ex. B(2). Instead, Plaintiff's "response" centers around her claim that American General's pre-claim recording of the Disputed Assignment Form as a "release" and its initial letter to Janko/TFG in that regard is the "smoking gun that puts a bullet in the heart of its position." This argument is meritless.

Plaintiff's position that American General is bound to its initial analysis -- regardless of the undisputed claim submissions that demonstrates this initial position was wrong -- is unfounded.

Unsurprisingly, Plaintiff cites no case law, logic, or even anything from the record to support the theory that this Court should freeze its analysis to the pre-claim snap shot in time that Plaintiff claims is critical.

There is no disputing that after American General recorded the Disputed Assignment as a release in its own records and that, thereafter, the parties to this document submitted a claim which disputed American General's analysis that Janko's assignments had been released. Thereafter, the claimants submitted additional information in the form of verified proof of loss statements and related documentation, all of which conclusively demonstrated not only that the Disputed Assignment form **<u>was not intended to be a release</u>**, but also that it **<u>could not possibly be a release</u>** because these Policy rights had already been transferred to TFG five days before the form release document was executed.

It is worth noting here that one of the critical points that Plaintiff ignores is the legal impact of the undisputed Assignment and Assumption which demonstrates that Janko had actually assigned and transferred the Policy assignments to TFG on November 16th -- at least five days before it ever signed off on the Disputed Assignment Form. Accordingly, even if one could construe the face of this document as a "release," there was nothing left for Janko to "release" and, thus, this document really has no legal import.

In making the argument that American General is bound by its pre-claim analysis, Plaintiff also ignores the fact that American General had a duty under the policy to consider the Creditors' claim submissions and she ignores the fact that the rule she is asking this court to adopt would have the absurd legal effect of never allowing an insurer to change its mind during the claims process.[1]

---

[1] Plaintiff's unsupported conjecture that TFG filed a joint claim with the Bank because it believed it did not have a valid assignment for more that the amount it was owed also ignores the undisputed record ,which demonstrates that claim was filed jointly because that's what the Creditors believed was required under the Consignment Agreement. *Id.* at Ex. E at p. 48, 50, Ex. C at 51.

7

398968.1

There is no logical reason to hold American General to its pre-claim analysis in this case. Contrary to Plaintiff's suggestion, not only did Plaintiff not rely upon American General's initial recording of the Disputed Assignment Form as a "release," she knew absolutely nothing about the release and had no recollection or knowledge of the amount of assignments that existed under the Policy at the time of her husband's death. App. at Ex. B at 23-25, 28-30, 65, 44. On the other hand, Plaintiff cannot dispute that she had full knowledge of the Creditors' claim documentation and their position that the joint claim should be paid. Despite this knowledge, she never contested the Creditors' position, the documentation they submitted, or American General's payment of the claim until years after the Policy funds had been distributed and she had been discharged from her debts.

Finally, and for all the other reasons already discussed at pages 10-11 in American General's Response to Plaintiff's Motion for Summary Judgment (docket # 91), American General's post-payment correspondence to Plaintiffs' counsel offers absolutely nothing to support her claim and it was entirely proper for it to alter its position based on the subsequent **and uncontested** claim documentation submitted. Plaintiffs' arguments on these points are nonsensical and are made only to divert attention from the fact that her claim flies in the face of the controlling intent of the parties.

IV.  **EVEN IF THE PAYMENT OF THE JOINT CLAIM WAS IMPROPER, PLAINTIFF'S CLAIMS ARE OTHERWISE BARRED**

Plaintiff's only response to American General's argument that her claim is barred by the Policy provisions and by virtue of her own undisputed conduct is to point to the fact that her claim was filed within the 10 year statute of limitation for written contracts. Plaintiff's compliance with the statute of limitations has no bearing whatsoever on whether her claim is barred under the Policy and under the theories of unjust enrichment, waiver, estoppel and laches. Accordingly, even if American General improperly paid the joint claim (which American General denies), Plaintiff's claim for breach of contract is otherwise barred by each one of the affirmative defenses cited.

## CONCLUSION

For all of the reasons set forth in Defendant's opening memorandum for summary judgment found at court docket # 81, all of the reasons set forth in Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment filed at court docket # 91 and all of the foregoing reasons, American General is entitled to Summary Judgment on Plaintiffs' complaint.

Respectfully submitted,

**AMERICAN GENERAL LIFE INSURANCE COMPANY**

By: ____s/ Rebecca M. Rothmann_____
      Rebecca M/ Rothmann

Attorney Bar Number: 6236791
Attorney for Defendant/Third Party
 Plaintiff
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Phone: (312) 704-0550
Fax: (312) 704-1522
Rebecca.Rothmann@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 9, 2007**, I electronically filed the above pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

### SERVICE LIST
*Margaret Stilwell v. American General Life Ins. Co.*

Jason M. Crowder
HELLER, HOLMES & ASSOC., P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938
(217) 235-2700
(217) 235-0743 (Fax#)
crowderjason@hotmail.com.

Richard L Heavner
HEAVNER SCOTT BEYERS & MIHLAR
111 E Main St., Suite 200 Decatur, IL 62523
217-422-1719
Fax: 217-422-1754
richardheavner@hsbattys.com

Timothy J Howard
HOWARD & HOWARD ATTORNEYS PC
211 Fulton St, Ste 600
Peoria, IL 61602-1350
309-672-1483
Fax: 309-672-1568
thoward@howardandhoward.com

    s/ Rebecca M. Rothmann
    Rebecca M. Rothmann
Attorney Bar Number: 6236791
Attorney for Defendant/Third Party
 Plaintiff
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
120 North La Salle Street, Suite 2600
Chicago, Illinois 60602
Phone: (312) 704-0550
Fax: (312) 704-1522
Rebecca.Rothmann@wilsonelser.com

398968.1