IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARGARET J. STILWELL, HALEY STILWELL, HEIDI STILWELL, JAMIE STILWELL, MEGAN STILWELL, | ) ) ) | No. 05 CV 02160 |
| Plaintiff, | ) ) ) | Honorable Chief Judge Michael P. McCuskey |
| v. | ) ) | Magistrate Judge David G. Bernthal |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) ) | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| FIRST MID ILLINOIS BANK & TRUST, TUSCOLA FURNITURE GROUP, LLC, and JANKO FINANCIAL GROUP, LLC, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

**REPLY OF FIRST MID-ILLINIOS BANK & TRUST TO AMERICAN GENREAL'S COMBINED RESPONSE TO THIRD PARTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

NOW COMES Third-Party Defendant, First Mid-Illinois Bank & Trust, (hereinafter referred to as "First Mid") by its attorneys, Heavner, Scott, Beyers, & Mihlar, and respectfully submit their Reply to American General Life Insurance Company's (hereinafter referred to as "American General") Response to Third Party Defendants' Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and Central District Local 7.1 (D)(3).

1

## I. INTRODUCTION

All parties to this action have filed summary judgment motions, and the parties against whom those motions are directed have filed responses thereto. First Mid filed its own Motion for Summary Judgment on the Third-Party Complaint filed by American General, [Doc. No. 84] as did TFG and JFG [Doc. No. 85]. American General filed a combined Response to the separate motions for summary judgment filed by the Third Party Defendants. [Doc. No. 93] On May 4, 2007, TFG and JFG filed its Reply to American General's combined response [Doc. 94]. As many of the arguments in the Third Party Defendants' respective motions for summary judgment were identical, as American General filed a combined Response to the Third Party Defendants' separate summary judgment motions, and as TFG/JFG has already filed its Reply, First Mid, for the sake of simplicity, adopts and sets forth fully herein much, if not all, of the TFG/JFG Reply:

American General fundamentally misperceives the logical underpinning of its claims against TFG, JFG and First Mid. That American General takes this unsound position is no surprise, its goal in this litigation is to avoid liability. Its approach, however, reveals the elemental flaw in its claims against the Third Party Defendants, including First Mid-Illinois Bank & Trust. American General argues that "[I]f American General is liable to Plaintiff, it is liable to Plaintiff only because it relied on the representations that were made by the Third Party Creditors in their verified claim submissions." (Response, p.2.) American General concludes that if it "improperly paid the Creditor's claim, there can be no question that the Creditors misrepresented the status of the assignments that they held ...." (*Id.*)

The point at which this circular logic fails is Federal Rule of Civil Procedure 56, which requires that American General present undisputed material facts demonstrating that its claims

warrant a trial on the merits. American General has not presented a shred of evidence demonstrating that TFG, JFG or First Mid misrepresented facts in the presentation of their respective claims.

American General's Response asserts only a few arguments that require reply by First Mid. American General suggests, contrary to controlling Seventh Circuit authority, that the law of the case doctrine requires the Court deny the Third Party Defendants' Motions for Summary Judgment. American General also argues that if it is liable to Plaintiff, the Third Party Defendants necessarily made misrepresentations of fact. Finally, American General argues that First Mid cannot "distance itself from the Joint Claim" and thus must remain a Third Party Defendant in this cause. None of these arguments survive scrutiny. For the reasons set forth herein below, as well as for those reasons set forth in First Mid's Response to American General's Motion for Summary Judgment on its Third Party Claims [Doc. 92] which First Mid incorporates as if fully set forth herein, First Mid is entitled to summary judgment in its favor, and American General's own Motion for Summary Judgment on its Third Party Claims must be denied.

## II.   REPLY TO ADDITIONAL MATERIAL FACTS

In its Response, American General incorporates by reference sixteen pages of undisputed facts it set forth in its Combined Motion and Memorandum for Summary Judgment on Plaintiff's Claims [Doc.81]. (Response, p.6.) These are not "additional" facts as they are the same forty-one numbered paragraphs American General set forth by reference in its Combined Motions and Memorandum for Summary Judgment on its Third-Party Claims [Doc. 82] at page 3. First Mid addressed each one of these facts at pages 3 – 4 of its Response [Doc. 92 ] to American General's Motion for Summary Judgment. Thus, First Mid incorporates, as if fully set

3

forth herein, its Answers and Responses to American General's undisputed facts as set forth at pages 3 and 4 of its "Response of the Third Party Defendant, First Mid-Illinois Bank & Trust to American General's Motion for Summary Judgment on its Third Party Claims" [Doc. 92 ] as if fully set forth herein.

### III. ARGUMENT:

**A.   A Ruling on a Motion to Dismiss Does Not Constitute Law of the Case When the Non-Moving Party Fails to Bear its Burden at Summary Judgment**

A motion to dismiss pursuant to Rule 12(b)(6) attacks only the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); **Gibson v. City of Chicago**, 910 F.2d 1510, 1520 (7th Cir. 1990). Such motions are evaluated under a generous standard: dismissal of an action is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." **DeWalt v. Carter**, 224 F.3d. 607, 612 (7th Cir. 2000) (internal quotation marks omitted). Summary judgment, however, requires a non-moving plaintiff to bear an evidentiary burden by producing facts which demonstrate that liability may attach. Fed. R. Civ. P. 56; **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986).

In this case, the denial of a motion to dismiss has exactly no impact on resolution of a motion for summary judgment. **Muzikowski v. Paramount Pictures Corp.**, 477 F. 3d 899 (7th Cir. 2007). In **Muzikowski**, the Plaintiff sued the defendant under a defamation theory. The district court granted the defendant's Rule 12 (b)(6) motion to dismiss, which decision was appealed and reversed in 2003. In reversing the dismissal, the Seventh Circuit noted that although the complaint contained sufficient facts to survive a Rule 12(b)(6), on remand the facts produced in discovery might permit the defendant to take advantage of the "innocent construction rule," which in Illinois foreclosures liability for a defamation claim.

4

On remand, the parties engaged in discovery, and the defendants filed a motion for summary judgment, which the district court granted relying on the innocent construction rule. On appeal from the entry of judgment, the plaintiff argued that the Seventh Circuit's decision reversing the dismissal of the complaint was "law of the case." **Muzikowski, 477 F. 3d. at 905**. The Seventh Circuit disagreed and affirmed entry of judgment in favor of the defendant. **Id. at 907**. As the court pointed out, the question at summary judgment is entirely different, and in **Muzikowski**, required the plaintiff to overcome the innocent construction rule, which plaintiff failed to do. **Id. at 07-08.**

In the present case, all of the facts recited by the Magistrate Judge were "taken from the Third Party Complaint." (R&R, p.1) The Magistrate indicated that he accepted "all well-plead factual allegations in the claim as true." (**Id.** at 4.) Those allegations included American General's claims that it relied on the "mistaken belief" and/or the "mistaken representations" of TFG and JFG. (Doc. 14 ¶¶ 38, 40, 44.) The Third Party Complaint does not reveal what those alleged mistakes were and was not required to under the notice pleading standard applicable in federal court.

The Magistrate Judge analogized the allegations in the Third Party Complaint to the facts developed in **Hartford Accident & Idemnity Co. v. Chicago Housing Authority, 12 F. 3d 92 (7th Cir. 1993) ("CHA")**, and alleged in **Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 639 N.E.2d 1282 (1994) (Illinois Graphics)** in order to find that the allegations in the Third Party Complaint sufficiently stated a claim for mistake. The Magistrate Judge's reliance on those cases was appropriate based on the allegations recited above. But that was then, and this is now.

The record evidence before the Court demonstrates that the holding in **CHA** requires the entry of judgment in favor of the Third Party Defendants. The ruling in **Illinois Graphics** is of

no assistance because the Illinois Supreme Court only addressed the voluntary payment analysis under a motion to dismiss standard, thus limited its ruling to the sufficiency of the complaint and the absence of affirmative matter barring the claim. **639 N.E.2d at 1291-93.**

In **CHA**, the court noted that "there is no bright line test between mistakes of law and mistakes of fact." **12 F.3d at 97**. Unlike in **CHA**, American General has failed to identify a single inaccurate representation of fact made by JFG, TFG or First Mid.

First Mid hereby adopts, as if fully set forth herein, the remaining Argument contained in Subparagraph A., pps. 5-7 of TFG and JFG's Reply to American General's Combined Response to Third Party Defendants' Motions for Summary Judgment on Third Party Complaint [Doc. No. 94.] Given the admitted accuracy of the documents submitted with the claims, any mistake made was a mistake of law made by American General and cannot be attributed to the Third Party Defendants. Summary judgment should be entered in favor of First Mid, TFG and JFG.

### B. American General's Potential Liability to Plaintiff Does Not Implicate Liability on Behalf of the Third Party Defendants

American General's next argument regarding TFG, JFG and First Mid appears to be an attempt to invoke a modified version of the *res ipsa loquitur* doctrine. American General suggests that if it is liable to Plaintiff, then the Third Party Defendants made a misrepresentation of material fact. American General overlooks the more reasonable explanation: when presented with all of the assignment documentation, it either erred in determining the legal import of the assignment, or it relied on a layperson's opinion regarding such legal import. Neither error is attributal to JFG, TFG or First Mid.

Although First Mid absolutely believes the assignments were legally valid, that decision is up to the Court. As set forth at length in its Motion for Summary Judgment and in TFG/JFG's Motion for Summary Judgment, and incorporated herein by reference, there is no

6

evidence in the record reflecting a misrepresentation of fact made by TFG, JFG or First Mid. (Doc. 84, pp. 18-22; also see Doc. 85, pp. 16-19) American General's failure to identify any evidence of purposeful inducement or knowingly false statement dooms its claims for fraud. See **Miner v. Fashion Enterprises, Inc.**, 342 Ill. App. 3d 405, 794 N.E.2d 902 (1st Dist. 2003) (reciting the elements of a fraud claim).

Further, American General cannot claim that First Mid was unjustly enriched simply because its claim was paid. If a judgment is entered against American General on the underlying Complaint, it does not, as American General contends, automatically entitle it to judgment against First Mid on American General's counts for constructive trust and unjust enrichment based on mistake ("mistake claims.") Rather, the record leaves no question that First Mid is entitled to summary judgment in its favor as to all of American General's third party claims, including the mistake claims. With respect to this issue, First Mid specifically refers the Court to pages 6-10 of its "Response of Third Party Defendant, First Mid-Illinois Bank & Trust to American General's Motion for Summary Judgment on its Third Party Claims" [Doc.92], which First Mid specifically incorporated above. The facts and argument as set forth therein further support that First Mid's Motion for Summary Judgment must be granted and that American General's Motion for Summary Judgment on its Third Party Claims must be denied.

### C. First Mid Submitted its Own Claim Form and the Supplemental Information Provided to American General was Provided by JFG and TFG.

Again, American General insists that a "joint claim" was made by the third party defendants when the very Exhibits it has submitted to the Court in this cause reveal that the letters dated May 12, 2003 and signed by the third party defendants attached said parties' own, independent claim forms. The fact that Tom Chamberlain delivered both letters and separate claim forms to William Lyons does not alter or change this fact.

7

There is no "mystery" as to First Mid's position in this regard. First Mid is not trying to "distance" itself from TFG and JFG, it is simply trying to protect its position based on the facts of this cause – it is simply trying to sort out for the Court from the record, the undisputed facts concerning what information was provided, when it was provided and by whom. When those facts are sorted out, it is clear that First Mid should not be a party to this cause of action, and that First Mid's Motion for Summary Judgment should be granted, and in turn American General's Motion for Summary Judgment on its Third Party Claims must be denied.

Again, the assignment at issue or in dispute is the assignment that was assigned from JFG to TFG. The correspondence and communication with American General to clarify the issues surrounding that assignment were all conducted and undertaken by Lawrence Bianchi on behalf of TFG and JFG. The funds paid to and retained by TFG constitute the "money" that is at issue in the underlying case. First Mid stands by its position that American General properly paid the Third Party Defendants' claims and that none of the Third Party Defendants made any misrepresentations of any kind or otherwise did anything that would or should subject any of said parties to liability. However, if the ultimate finder of fact disagrees, First Mid is simply attempting to extricate itself from this matter based on the fact that there is no genuine issue of material fact concerning its assignment, the representations it made that were actually relied upon by American General, and the fact that it was entitled to the funds it received. When these facts are reviewed, there is no question that First Mid's Motion for Summary Judgment must be granted, American General's Motion for Summary Judgment on its Third Party Claims must be denied, and First Mid must be excused as a Third Party Defendant in this matter.

## CONCLUSION

For the reasons stated above, First Mid-Illinois Bank & Trust requests that the Court deny the Motion for Summary Judgment on the Third-Party Claims filed by American General Life Insurance Company and requests that this Court grant First Mid's Motion for Summary Judgment on the Third-Party Complaint.

**DATED: May 10, 2007**

FIRST MID- ILLINOIS BANK & TRUST,

/s/    Julie Beyers
Julie Beyers

Julie Beyers
ARDC# 6217185
HEAVNER, SCOTT, BEYERS & MIHLAR
111 East Main Street, Suite 250
P.O. Box 740
Decatur, IL 62525
Phone: (217) 422-1719
Fax:    (217) 422-1754
juliebeyers@hsbattys.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that its Reply of First Mid Illinois Bank & Trust to American General's Combines Response to Third Party Defendants' Motions for Summary Judgment complies with the type volume limitation of Local Rule 7.1(D)(5) in that the Argument does not exceed five double-spaced pages in length.

/s/ Julie Beyers
Julie Beyers

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system and that service was made electronically to the parties as indicated on that system.

Jason Crowder
Heller Holmes & Associates PC
crowderjason@hotmail.com

Timothy J. Howard
Howard & Howard Attorneys PC
toward@howardandhoward.com

Jason M. Kuzniar
Wilson Elser Moskowitz Edelman & Dicker LLP
Jason.Kuzniar@wilsonelser.com

Daniel J. McMahon
Wilson Elser Moskowitz Edelman & Dicker LLP
Daniel.mcmahon@wilsonelser.com

Cinthia G. Motley
Wilson Elser Moskowitz Edelman & Dicker LLP
cinthia.motley@wilsonelser.com

Rebecca M. Rothmann
Wilson Elser Moskowitz Edelman & Dicker LLP
Rebecca.rothmann@wilsonelser.com


Michael S. Seneca
mseneca@howardandhoward.com
lforney@howardandhoward.com

/s/     Julie Beyers
        Julie Beyers


Julie Beyers
ARDC# 6217185
HEAVNER, SCOTT, BEYERS & MIHLAR
111 East Main Street, Suite 250
P.O. Box 740
Decatur, IL 62525
Phone: (217) 422-1719
Fax:   (217) 422-1754
juliebeyers@hsbattys.com